THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID J. CATANZARO,
286 Upper Powderly Street
Carbondale, Pennsylvania 18407

      Plaintiff,

VS.

LYKART TECHNOLOGIES LLC,
GROWKART, TRANSFORN SR
BRANDS LLC, KMART, KMART.COM,
SEARS, SEARS.COM, ALPHABET INC.,
GOOGLE LLC, YOUTUBE.COM,
POSHMARK INC., STL PRO, INC.,
TARGET CORPORATION,
TARGET.COM, TOTALHILL.COM,
MICROSOFT CORPORATION, INC.,
APPLE INC. and MOZILLA
CORPORATION

      Defendants.

Case No. 3:22-cv-1754

JUDGE MALACHY E. MANNION

FILED
SCRANTON
AUG 09 2024
PER_____
DEPUTY CLERK

JURY TRIAL DEMANDED

## PLAINTIFF'S VERIFIED THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Lykart Technologies, LLC, GrowKart, Transform SR Brands LLC, Kmart, Kmart.com, Sears, Sears.com, Alphabet Inc., Google LLC, Youtube.com, Poshmark Inc., Stl Pro, Inc., Target Corporation, Target.com, Totalhill.com, Microsoft Corporation, Inc., Apple Inc. and Mozilla Corporation as follows:

## I. JURISDICTION.

1. This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

## II. VENUE.

2. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III. PARTIES.

3. Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the original complaint was filed up to December 30, 2022 to make a valid claim. A copy of the '959 patent is attached hereto as **Exhibit A**.

4. Upon information and belief, Lykart Technologies, LLC, and GrowKart are Wyoming companies with a principle place of business at 30 N Gould St Suite 5707 Sheridan, WY 82801, US

5. Upon information and belief, Transform SR Brands LLC, Kmart, Kmart.com,

Sears, and Sears.com, are Illinois companies with a principle place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179

6.  Upon information and belief, Alphabet Inc. and Google LLC are both California companies with a principle place of business at 1600 Amphitheatre Parkway, Mountain View California, 94043

7.  Upon information and belief, Youtube.com is a California company with a principle place of business at 901 Cherry Avenue San Bruno, CA 94066

8.  Upon information and belief, Poshmark Inc. is a California company with a principle place of business at 203 Redwood Shores Pkwy 8th Floor, Redwood City, CA 94065

9.  Upon information and belief, Stl Pro, Inc. is a Missouri company with a principle place of business at 1380 S Kingshighway Blvd, St. Louis, MO 63110

10. Upon information and belief, Target Corporation & Target.com are both Minnesota Companies with a principle place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403

11. Upon information and belief, Totalhill.com is a West Virginia company with a principle place of business at 300 Waverly Rd. Williamstown, WV 26187

12. Upon information and belief, Microsoft Corporation, Inc. is a Washington company with a principle place of business at One Microsoft Way, Redmond, WA 98052

13. Upon information and belief, Apple Inc. is a California company with a principle place of business at One Apple Park Way; Cupertino, CA 95014

14. Upon information and belief, Mozilla Corporation is a California company with a principle place of business at 331 East Evelyn Avenue. Mountain View, CA 94041.

15. This court has personal jurisdiction over the named Defendants.

## IV. RELEVANT MATTER

16. The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit *(David Catanzaro v. Procter & Gamble Co. et al.)*

17. The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

18. Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date). The Assignment is attached hereto as **Exhibit B**

19. Plaintiff has full legal right to commence this matter

20. Listed on the original complaint was Defendants Walmart Stores, Inc., currently Walmart, Inc., Maya Group Inc. and Doe defendants 1 through 50.

21. Upon information and belief, Maya Group is no longer in business and was removed from the original complaint.

22. Added to the first amended complaint was Defendant Spin Master which acquired certain assets from Maya Group in 2019 including the Orbeez brand, of which certain Orbeez brand products are accused of infringing the '959 patent.

23. Upon information and belief Spin Master did not assume liability for any Maya Group products or any liabilities arising from any actions or omissions of Maya Group prior to December 2019.

24. As a result of the information contained in point 23 above, Spin Master is no longer listed as a defended in this action.

25. On August 23, 2023, upon mutual agreement, Defendants listed on Plaintiffs Second Amended Complaint were dismissed with prejudice from this current action. *(David Catanzaro v. Procter & Gamble Co. et al.)*

26. In accordance with an opinion and judgment from the United States Court of Appeals for the Third Circuit dated July 12, 2024, this honorable court issued an order on July 12, 2024 demanding that Plaintiff file an amended complaint (Third amended complaint) on or before August 12, 2024 identifying the Doe defendants 1 through 50 as denoted on the original and subsequent complaints.

27. Plaintiff has timely filed this Third Amended Complaint.

## V. CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive.

29. An actual, present and justifiable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

30. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants have infringed upon the '959 patent.

### COUNT VI – PATENT INFRINGEMENT

31. Defendants transact business in this judicial district related to the '959 patent without a license or permission from plaintiff. Defendants have infringed, induced others to infringe directly or under the doctrine of willful blindness and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, advertising, aiding in advertising, offering for sale, aiding in the sale and/or selling products that embody and/or practice the patented invention, known as Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines, throughout the enforcement term on the '959 patent.

32. Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale, aiding in the sale, advertising, aiding in advertising and selling the Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari,

6

Orbeez Crush Crushkins Farmland Animals and assorted product lines after February 2, 2010.

33. Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

34. Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, Defendants have also infringed claims 1, 4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe and/or Defendants have been willfully blind actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

35. Upon information and belief, Defendants infringement of the '959 patent has been willful and deliberate. Defendants infringement has injured plaintiff.

## VII. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

    A. Issue a declaratory judgment stating that Defendants have infringed and/or induced others to infringe the '959 patent;

B.   Order an award of reasonable royalty damages adequate to compensate Plaintiff for the infringement/inducement that has occurred, together with pre-judgment and post-judgment interest;

C.   Issue a finding that Defendants acts of infringement/inducement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D.   Order Defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,

E.   Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com