THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID J. CATANZARO,
286 Upper Powderly Street
Carbondale, Pennsylvania 18407

        Plaintiff,

VS.

LYKART TECHNOLOGIES LLC,
GROWKART, ALPHABET INC.,
GOOGLE LLC, YOUTUBE.COM,
POSHMARK INC., TARGET
CORPORATION, TARGET.COM,
MICROSOFT CORPORATION, INC.,
APPLE INC. and MOZILLA
CORPORATION

        Defendants.

Case No. 3:22-cv-1754

Judge Joseph F. Saporito, Jr.

Referred to: Phillip J. Caraballo

JURY TRIAL DEMANDED

FILED
SCRANTON

MAR 04 2025

PER _____
DEPUTY CLERK

## PLAINTIFF'S VERIFIED FORTH AMENDED COMPLAINT FOR PATENT

## INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Lykart

Technologies, LLC, GrowKart, Alphabet Inc., Google LLC, Youtube.com, Poshmark Inc.,

Target Corporation, Target.com, Microsoft Corporation, Inc., Apple Inc. and Mozilla

(collectively, "Defendants") for patent infringement, contributory infringement, and willful

blindness.

## I. JURISDICTION.

1.     This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II. VENUE.

2.     Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III. PARTIES.

3.     Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the original complaint was filed up to December 30, 2022 to make a valid claim.  A copy of the '959 patent is attached hereto as **Exhibit A.**

4.     Upon information and belief, Lykart Technologies, LLC, and GrowKart are Wyoming companies with a principle place of business at 30 N Gould St Suite 5707 Sheridan, WY 82801, US

5.     Upon information and belief, Alphabet Inc. and Google LLC are both

California companies with a principle place of business at 1600 Amphitheatre Parkway, Mountain View California, 94043

6.      Upon information and belief, Youtube.com is a California company with a principle place of business at 901 Cherry Avenue San Bruno, CA 94066

7.      Upon information and belief, Poshmark Inc. is a California company with a principle place of business at 203 Redwood Shores Pkwy 8th Floor, Redwood City, CA 94065

8.      Upon information and belief, Target Corporation & Target.com are both Minnesota Companies with a principle place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403

9.      Upon information and belief, Microsoft Corporation, Inc. is a Washington company with a principle place of business at One Microsoft Way, Redmond, WA 98052

10.     Upon information and belief, Apple Inc. is a California company with a principle place of business at One Apple Park Way; Cupertino, CA 95014

11.     Upon information and belief, Mozilla Corporation is a California company with a principle place of business at 149 New Montgomery Street, 4th Floor, San Francisco, CA 94105.

12.     This court has personal jurisdiction over the named Defendants.

## IV.  RELEVANT MATTER

13.     The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532

patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit *(David Catanzaro v. Procter & Gamble Co. et al.)*

14.     The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

15.     Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date).   The Assignment is attached hereto as **Exhibit B**

16.     Plaintiff has full legal right to commence this matter

17.     Listed on the original complaint was Defendants Walmart Stores, Inc., currently Walmart, Inc., Maya Group Inc. and Doe defendants 1 through 50.

18.     Upon information and belief, Maya Group is no longer in business and was removed from the original complaint.

19.     Added to the first amended complaint was Defendant Spin Master which acquired certain assets from Maya Group in 2019 including the Orbeez brand, of which certain Orbeez brand  products are accused of infringing the '959 patent.

20.     Upon information and belief Spin Master did not assume liability for any Maya Group products or any liabilities arising from any actions or omissions of Maya Group prior to December 2019.

21.    As a result of the information contained in point 20 above, Spin Master is no longer listed as a defended in this action.

22.    On August 23, 2023, upon mutual agreement, Defendants listed on Plaintiffs Second Amended Complaint were dismissed with prejudice from this current action.

23.    In accordance with an opinion and judgment from the United States Court of Appeals for the Third Circuit dated July 12, 2024, this honorable court issued an order on July 12, 2024 demanding that Plaintiff file an amended complaint (Third amended complaint) on or before August 12, 2024 identifying the Doe defendants 1 through 50 as denoted on the original and subsequent complaints.

24.    Plaintiff timely filed the Third Amended Complaint.

## V. CLAIMS.

25.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive.

26.    An actual, present and justifiable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

27.    Pursuant to 28 U.S.C. §§ 2201, *et seq*., Plaintiff seeks declaratory judgment from this Court that Defendants have infringed upon the '959 patent.

**Count I – Patent Infringement (35 U.S.C. § 271(a))**

28.     Defendants transact business in this judicial district related to the '959 patent without a license or permission from plaintiff. Defendants have infringed, induced others to infringe directly or under the doctrine of willful blindness and/or contributorily infringed. Defendants literally infringed or under the doctrine of equivalents infringed one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, advertising, aiding in advertising, offering for sale, aiding in the sale and/or selling products that embody and/or practice the patented invention, known as Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines, throughout the enforcement term on the '959 patent.

29.     Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale, aiding in the sale, advertising, aiding in advertising and selling or aiding in the selling of the Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines after February 2, 2010.

30.     Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a).  Upon information and belief, Defendants have also infringed claims 1, 4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe

**Count II – Contributory Infringement (35 U.S.C. § 271(c))**

31.     Defendants **Alphabet Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple Inc., and Mozilla Corporation** have further **contributed** to patent infringement by enabling users to **search, advertise, and promote the infringing products**.

6

32. **YouTube.com** has facilitated influencers in reviewing and promoting the infringing products, **driving sales** and expanding infringement.

33. **Apple Inc.** has facilitated infringement through **Safari's default search engine (Google), which promotes and lists infringing products**.

## Count III – Willful Blindness (35 U.S.C. § 271(b))

34. Despite major advancements in technology within the past 10 years including current **AI capabilities and advanced filtering**, Defendants **intentionally fail to block infringing product listings**, demonstrating an ongoing effort of **willful blindness**.

35. Upon information and belief, Defendants infringement of the '959 patent has been willful and deliberate. Defendants infringement has injured plaintiff.

## VI. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. Issue a declaratory judgment stating that Defendants have infringed and/or induced others to infringe the '959 patent;

B. Order an award of reasonable royalty damages adequate to compensate Plaintiff for the infringement/inducement that has occurred, together with pre-judgment

and post-judgment interest;

C.    Issue a finding that Defendants acts of infringement/inducement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D.    **Evoking the Courts Equitable Powers:** Order Defendants **Alphabet Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple Inc., and Mozilla Corporation** to fund the 'American Inventors Fund' with $300 million dollars to support inventors by covering patent application costs, maintenance fees, attorney support, and creating a publicly accessible website for guidance;

1.  $75 million (25%) shall be allocated to covering patent application costs and patent maintenance fees for independent inventors.

2.  $100 million (33.3%) shall be allocated to funding legal assistance and patent attorney support for independent inventors.

3.  $75 million (25%) shall be allocated to developing and maintaining a public online website resource providing free guidance on patent application procedures, infringement protection and licensing strategies.

4.  $50 million (16.7%) shall be reserved for administrative and operational costs to ensure the effective implementation of the fund.

5.  $25 million (8.3%) shall be allocated to developing AI-based patent enforcement tools.

6.  Because the defendants' business models inherently facilitate wide spread Contributory patent infringement and willful Blindness, mere monetary damages and legal remedies alone are insufficient to address the ongoing and pervasive harm directly being caused by the defendants . Therefore,

Plaintiff seeks the requested equitable relief for the Public Good.

E.      Order Defendants to pay Plaintiff's reasonable attorney fees and costs of this

        Action;

F.      Order such other relief that Plaintiff is entitled to under law and any other

        further relief that this Court or jury may deem just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on March 4, 2025 I have served a true and correct copy of Plaintiff's Verified Forth Amended Complaint to the following parties via electronic mail, where available, and otherwise by first-class mail:

Lykart Technologies, LLC, and GrowKart
30 N Gould St Suite 5707
Sheridan, WY 82801, US

John V. Gorman MORGAN,
LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
john.gorman@morganlewis.com

Bridget E. Montgomery,
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
bmontgomery@eckertseamans.com

Target Corporation & Target.com
1000 Nicollet Mall, Minneapolis,
Minnesota, 55403

Microsoft Corporation, Inc.
One Microsoft Way,
Redmond, WA 98052

Apple Inc.
One Apple Park Way
Cupertino, CA 95014

Mozilla Corporation
149 New Montgomery Street, 4th Floor,
San Francisco, CA 94105.

Date March 4, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

# EXHIBIT A

US007653959B1

(12) **United States Patent**
Catanzaro

(10) **Patent No.:** **US 7,653,959 B1**
(45) **Date of Patent:** **Feb. 2, 2010**

(54) **ARTICLE ASSEMBLY**

(76) Inventor: **David Catanzaro**, 626 Penn Ave.,
Mayfield, PA (US) 18433

( * ) Notice: Subject to any disclaimer, the term of this
patent is extended or adjusted under 35
U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/505,791**

(22) Filed: **Feb. 17, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 08/777,032, filed on
Dec. 30, 1996, now Pat. No. 6,026,532.

(51) **Int. Cl.**
*A46B 9/04* (2006.01)

(52) **U.S. Cl.** ...................... **15/167.1**; 15/184; 15/143.1;
15/257.01; D4/108; D4/107; D6/534; 248/111;
248/908; 132/308

(58) **Field of Classification Search** ................. D4/104,
D4/107, 108, 125, 126; D6/528, 534; 15/167.1,
15/143.1, 184, 257.01, 146, 246; 248/163.1,
248/188.8, 188.9, 110, 111, 915, 908; 132/308,
132/309; 206/362.3, 349, 457
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D155,668 | S | * 10/1949 | Zandberg et al. | ............. D4/107 |
| 2,539,035 | A | * 1/1951 | Scanlon et al. | ............... 248/111 |
| D197,309 | S | * 1/1964 | Feverbacher | ................. D4/107 |
| 3,138,813 | A | * 6/1964 | Kaplan | ........................ 15/22 |
| 3,140,782 | A | * 7/1964 | Schulte | .................... 248/908 |
| D209,574 | S | * 12/1967 | Zandberg et al. | ............ D4/107 |
| D279,248 | S | * 6/1985 | Oliver | ........................ D6/104 |
| 5,269,420 | A | * 12/1993 | Harrison et al. | ......... 206/362.3 |
| 5,353,464 | A | * 10/1994 | Atkins et al. | .............. 15/167.1 |
| 5,444,889 | A | * 8/1995 | Barre | ...................... 15/167.1 |
| D363,166 | S | * 10/1995 | Perrine | ....................... D4/104 |
| D369,932 | S | * 5/1996 | Petronio | .................... D6/534 |
| D370,146 | S | * 5/1996 | Petronio | .................... D6/534 |
| D370,147 | S | * 5/1996 | Petronio | .................... D6/534 |
| 5,590,436 | A | * 1/1997 | Wright | ........................ 15/105 |
| 5,675,859 | A | * 10/1997 | Barre | ...................... 15/167.1 |
| D388,254 | S | * 12/1997 | Schiffer | ...................... D4/107 |
| D392,464 | S | * 3/1998 | Jesiolowski | .................. D4/107 |
| D395,757 | S | * 7/1998 | Schiffer | ...................... D4/107 |
| 6,015,328 | A | * 1/2000 | Glaser | ...................... 15/167.1 |
| 6,026,532 | A | * 2/2000 | Catanzaro | .................. 15/167.1 |
| 6,141,815 | A | * 11/2000 | Harrison et al. | ............ 15/145 |

OTHER PUBLICATIONS

Pictures of SALTON Inc. foot stand, stand includes a copyright mark
of 1990.*
Pictures of SALTON Inc. foot stand, stand was on sale in Mar. 1999.*

* cited by examiner

*Primary Examiner*—Gary K. Graham

(57) **ABSTRACT**

An assembly comprising a toothbrush having a first and second end. A stand in the shape of a pair of feet retains the brush in a vertical position when the stand is placed on a horizontal surface. For additional support, a base may be incorporated with the stand.

**8 Claims, 2 Drawing Sheets**







US 7,653,959 B1

**1**

## ARTICLE ASSEMBLY

This application is a continuation of U.S. Utility Application 08/777,032, filed on Dec. 30, 1996, now U.S. Pat. No. 6,026,532. The earlier filing date of this application is hereby claimed under 35 U.S.C 120.

## BACKGROUND OF THE INVENTION

1. Field of the Invention

This application claim benefit to provisional Application 60/009,323 Dec. 28, 1995.

The instant invention relates generally to toothbrushes, but may also find a useful application in other types of methods differing from the type described herein. More specifically it relates to an assembly which may contain a combination of appealing qualities.

2. Description of the Prior Art

There are various advantages in storing a toothbrush in an upright position, and numerous patents have disclosed holders or stands for retaining a toothbrush in a vertical position when placed on a horizontal surface. For instance, U.S. Pat. No. 5,444,889 (Barre) discloses a toothbrush assembly including a toothbrush and a stand for holding the brush. The stand includes a cup portion having a cavity within, wherein the brush handle can be inserted. A pair of legs separate and unattached to one another support and are connected to the cup portion. Further included is a foot for each leg, each foot being connected to the lower end of the leg opposite the cup portion. The feet are also separate and unattached from one another. U.S. Pat. Des. 369,932 and U.S. Pat. Des. 370,147 (Petronio) discloses a toothbrush holder in the shape of a torso having a front and rear portion. The front portion includes a recess extending therethrough, wherein a brush handle can be inserted, Further included, extending from the front portion, is a pair of legs which are separate and unattached from one another. A tail section extends from the rear portion. While these units may be suitable for the particular purpose to which they address, they would not be suitable for the purposes of the present invention as heretofore described.

## SUMMARY OF THE INVENTION

A first object of the present invention is to provide an assembly that will overcome the shortcomings of the prior art devices.

A second object is to provide an assembly, comprising a toothbrush having a first and second end, and a stand for receiving the second end of the brush handle therein, thereby retaining the handle in a vertical position when the stand is placed on a horizontal surface.

A third object is to provide an assembly, in which the stand is releasably connected to the toothbrush handle.

A forth object is to provide an assembly, in which the stand is a pair of feet which are positioned together to form a continuous bottom supporting surface and a single heel portion, wherein the single heel portion includes a recess for selectively receiving the second end of the toothbrush handle therein.

A fifth object is to provide an article assembly, in which a base is connected to the bottom side of the foot stand for providing additional stability to the foot stand.

A sixth object is to provide an article assembly, in which the base includes a recess extending therethrough and in alignment with the recess in the foot stand for additionally receiving the receivable end of the article therein, for providing additional stability to the foot stand and article.

**2**

A seventh object is to provide an article assembly, that is simple and easy to use.

An eight object is to provide an article assembly, that is economical in cost to manufacture.

Further objects of the invention will appear as the description proceeds.

To the accomplishment of the above and related objects, this invention may be embodied in the form illustrated in the accompanying drawings, attention being called to the fact, however, that the drawings are illustrative only, and that changes may be made in the specific construction illustrated and described within the scope of the appended claims.

## BRIEF DESCRIPTION OF THE DRAWING FIGURES

FIG. **1** is a front exploded perspective view of the assembly according to the present invention.

FIG. **2** is a front exploded perspective view of the assembly according to the present invention showing a base for the stand.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

With regard to FIGS. **1** and **2**, the embodiment of the invention drawn shows an elongated handle **1** having a first end **2** a second end **3** and a first and second side. A stand **5** is in the shape of first and second feet **6a** and **6b**. Each first and second feet **6a** and **6b**, are elongated to define a toe end and together a common heel end. First and second feet **6a** and **6b** are joined together and positioned together to form a continuous bottom supporting surface. The heel end of each first and second feet **6a** and **6b**, is positioned together to form a single heel portion **7**. Single heel portion **7** includes a recess **8** extending through a top side thereof and towards a sole thereof for selectively receiving second end **3** of handle **1** therein, thereby retaining handle **1** in a vertical position when stand **5** is placed on a horizontal surface. First and second feet **6a** and **6b** each include a side surface, the side surfaces intersect one another in a common plane. The toe end of first and second feet **6a** and **6b** are at an acute angle to one another.

If desired, a base **9** could be connected to a bottom side of stand **5** as shown in FIG. **2**. Base **9** may include a recess **10** extending therethrough and in alignment with recess **8** in stand **5** for additionally receiving second end **3** of handle **1** therein, to provide additional stability to handle **1** and stand **5**.

It will be understood that each of the elements described above, or two together, may also find a useful application in other types of methods differing from the type described above.

While certain novel features of this invention have been shown and described are pointed out in the annexed claims, it is not intended to be limited to the details above, since it will be understood that various omissions, modifications, substitutions and changes in the forms and details of the device illustrated and in its operation can be made by those skilled in the art without departing in any way from the sprit of the present invention.

Without further analysis, the foregoing will so fully reveal the gist of the present invention that others can, by applying current knowledge, readily adapt it for various applications without omitting features that, from the standpoint of prior art, fairly constitute essential characteristics of the generic aspects of this invention.

US 7,653,959 B1

3

What is claimed is new and desired to be protected by Letters Patent is set forth in the appended claims:

1. An article assembly comprising:

a) an article having a receivable end, and

b) a stand in the shape of first and second feet, each of said first and second feet being elongated to define a toe end and together a common heel end, said first and second feet being joined together and positioned together to form a continuous bottom supporting surface, said heel end of each of said first and second feet being positioned together to form a single heel portion, said single heel portion including a recess extending through a topside thereof and towards a sole thereof for selectively receiving said receivable end of said article therein, thereby retaining said article when said stand is placed on a horizontal surface, said first and second feet each including a side surface, said side surfaces intersecting one another in a common plane.

2. The article assembly as claimed in claim 1, further comprising a base connected to a bottom side of said stand.

3. The article assembly as claimed in claim 2, wherein said base includes a recess extending therethrough and in alignment with said recess in said stand for additionally receiving said receivable end of said article therein.

4

4. The article assembly as claimed in claim 1, wherein said toe end of said first and second feet are at an acute angle to one another.

5. An article assembly comprising:

A stand in the shape of first and second feet, each of said first and second feet being elongated to define a toe end and together a common heel end, said first and second feet being joined together and positioned together to form a continuous bottom supporting surface, said heel end of each of said first and second feet being positioned together to form a single heel portion, said single heel portion including a recess extending through a topside thereof and towards a sole thereof, said first and second feet including a side surface, said side surfaces intersecting one another in a common plane.

6. The article assembly as claimed in claim 5, further comprising a base connected to a bottom side of said stand.

7. The article assembly as claimed in claim 6, wherein said base includes a recess extending therethrough and in alignment with said recess in said stand.

8. The article assembly as claimed in claim 5, wherein said toe end of said first and second feet are at an acute angle to one another.

*   *   *   *   *

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.         : 7,653,959 B1                                              Page 1 of 3
APPLICATION NO.  : 09/505791
DATED                 : February 2, 2010
INVENTOR(S)       : Catanzaro

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

The title page, showing an illustrative figure, should be deleted and substitute therefor the attached title page.

Delete drawing sheets 1-2 and substitute therefor the drawing sheet, consisting of figures 1-2 as shown on the attached page.

Signed and Sealed this

Eighteenth Day of May, 2010

David J. Kappos
*Director of the United States Patent and Trademark Office*

CERTIFICATE OF CORRECTION (continued)                    Page 2 of 3

(12) **United States Patent**
Catanzaro

(10) Patent No.: **US 7,653,959 B1**
(45) Date of Patent: **Feb. 2, 2010**

(54) **ARTICLE ASSEMBLY**

(76) Inventor: **David Catanzaro**, 626 Penn Ave., Mayfield, PA (US) 18433

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/505,791**

(22) Filed: **Feb. 17, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 08/777,032, filed on Dec. 30, 1996, now Pat. No. 6,026,532.

(51) Int. Cl.
*A46B 9/04* (2006.01)

(52) U.S. Cl. ..................... **15/167.1;** 15/184; 15/143.1; 15/257.01; D4/108; D4/107; D6/534; 248/111; 248/908; 132/308

(58) Field of Classification Search ................. D4/104, D4/107, 108, 125, 126; D6/528, 534; 15/167.1, 15/143.1, 184, 257.01, 146, 246; 248/163.1, 248/188.8, 188.9, 110, 111, 915, 908; 132/308, 132/309; 206/362.3, 349, 457
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D155,668 S | * | 10/1949 | Zandberg et al. | D4/107 |
| 2,539,035 A | * | 1/1951 | Scanlon et al. | 248/111 |
| D197,309 S | * | 1/1964 | Feuerbacher | D4/107 |
| 3,138,813 A | * | 6/1964 | Kaplan | 15/22 |
| 3,140,782 A | * | 7/1964 | Schulte | 248/908 |
| D209,574 S | * | 12/1967 | Zandberg et al. | D4/107 |
| D279,248 S | * | 6/1985 | Oliver | D6/104 |
| 5,269,420 A | * | 12/1993 | Harrison et al. | 206/362.3 |
| 5,353,464 A | * | 10/1994 | Atkins et al. | 15/167.1 |
| 5,444,889 A | * | 8/1995 | Barre | 15/167.1 |
| D363,166 S | * | 10/1995 | Perrine | D4/104 |
| D369,932 S | * | 5/1996 | Petronio | D6/534 |
| D370,146 S | * | 5/1996 | Petronio | D6/534 |
| D370,147 S | * | 5/1996 | Petronio | D6/534 |
| 5,590,436 A | * | 1/1997 | Wright | 15/105 |
| 5,675,859 A | * | 10/1997 | Barre | 15/167.1 |
| D388,254 S | * | 12/1997 | Schiffer | D4/107 |
| D392,464 S | * | 3/1998 | Jesiolowski | D4/107 |
| D395,757 S | * | 7/1998 | Schiffer | D4/107 |
| 6,015,328 A | * | 1/2000 | Glaser | 15/167.1 |
| 6,026,532 A | * | 2/2000 | Catanzaro | 15/167.1 |
| 6,141,815 A | * | 11/2000 | Harrison et al. | 15/145 |

OTHER PUBLICATIONS

Pictures of SALTON Inc. foot stand, stand includes a copyright mark of 1990.*
Pictures of SALTON Inc. foot stand, stand was on sale in Mar. 1999.*

* cited by examiner

*Primary Examiner*—Gary K. Graham

(57)                    **ABSTRACT**

An assembly comprising a toothbrush having a first and second end. A stand in the shape of a pair of feet retains the brush in a vertical position when the stand is placed on a horizontal surface. For additional support, a base may be incorporated with the stand.

**8 Claims, 1 Drawing Sheet**





# FIG.1

# FIG.2



# EXHIBIT B

**CONFIDENTIAL**

**APPENDIX 1**

**ASSIGNMENT**

Church & Dwight Co., Inc., a Delaware corporation with its principal place of business at 500 Charles Ewing Boulevard, Ewing, New Jersey 08628, New Jersey ("Church & Dwight") is the present owner of U.S. Patent Number 6,026,532 entitled "Toothbrush Assembly" ("the '532 Patent") and all of the inventions set forth therein.

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Church & Dwight sells and assigns to David Catanzaro all right, title, and interest in the '532 Patent.

This assignment is subject to all preexisting licenses, covenants-not-to-sue and agreements-not-to-assert concerning the '532 Patent provided that the covenants-not-to-sue or agreements-not-to-assert were disclosed or known to David Catanzaro. David Catanzaro takes right, title and interest in the '532 Patent subject to all preexisting licenses, covenants-not-to-sue and agreements not to assert.

I authorize the Commissioner of Patents and Trademarks to indicate that the entire right, title, and interest in the '532 Patent has been sold and assigned to David Catanzaro as set forth herein.

This ASSIGNMENT is effective as of _August 31_, 2016.

**CHURCH & DWIGHT CO., INC.**

By: _Ray Brown_

Name: _Ray Brown_

Title: _V.P., Global R&D_

12