THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

MAR 05 2025

PER _____
DEPUTY CLERK

| | |
|---|---|
| DAVID J. CATANZARO,<br>286 Upper Powderly Street<br>Carbondale, Pennsylvania 18407<br><br>Plaintiff,<br><br>VS.<br><br>LYKART TECHNOLOGIES LLC,<br>GROWKART, ALPHABET INC.,<br>GOOGLE LLC, YOUTUBE.COM,<br>POSHMARK INC., TARGET<br>CORPORATION, TARGET.COM,<br>MICROSOFT CORPORATION, INC.,<br>APPLE INC. and MOZILLA<br>CORPORATION<br><br>Defendants. | Case No. 3:22-cv-1754<br><br>Judge Joseph F. Saporito, Jr.<br><br>Referred to: Phillip J. Caraballo<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S VERIFIED FOURTH AMENDED COMPLAINT FOR PATENT

## INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Lykart Technologies, LLC, GrowKart, Alphabet Inc., Google LLC, Youtube.com, Poshmark Inc., Target Corporation, Target.com, Microsoft Corporation, Inc., Apple Inc. and Mozilla Corporation (collectively, "Defendants") for patent infringement, contributory infringement, and Willful blindness.

## I. JURISDICTION.

1. This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II. VENUE.

2. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III. PARTIES.

3. Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the original complaint was filed up to December 30, 2022 to make a valid claim. A copy of the '959 patent is attached hereto as **Exhibit A**.

4. Upon information and belief, Lykart Technologies, LLC, and GrowKart are Wyoming companies with a principal place of business at 30 N Gould St Suite 5707 Sheridan, WY 82801

5. Upon information and belief, Alphabet Inc. and Google LLC are both

2

California companies with a principal place of business at 1600 Amphitheatre Parkway, Mountain View California, 94043

6. Upon information and belief, Youtube.com is a California company with a principal place of business at 901 Cherry Avenue San Bruno, CA 94066

7. Upon information and belief, Poshmark Inc. is a California company with a principal place of business at 203 Redwood Shores Pkwy 8th Floor, Redwood City, CA 94065

8. Upon information and belief, Target Corporation & Target.com are both Minnesota Companies with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403

9. Upon information and belief, Microsoft Corporation, Inc. is a Washington company with a principal place of business at One Microsoft Way, Redmond, WA 98052

10. Upon information and belief, Apple Inc. is a California company with a principal place of business at One Apple Park Way; Cupertino, CA 95014

11. Upon information and belief, Mozilla Corporation is a California company with a principal place of business at 149 New Montgomery Street, 4th Floor, San Francisco, CA 94105.

12. This court has personal jurisdiction over the named Defendants.

## IV. RELEVANT MATTER

13. The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit *(David Catanzaro v. Procter & Gamble Co. et al.)*

14. The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

15. Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date). The Assignment is attached hereto as **Exhibit B.**

16. Plaintiff has full legal right to commence this matter.

17. Listed on the original complaint was Defendants Walmart Stores, Inc., currently Walmart, Inc., Maya Group Inc. and Doe defendants 1 through 50.

18. Upon information and belief, Maya Group is no longer in business and was removed from the original complaint.

19. Added to the first amended complaint was Defendant Spin Master which acquired certain assets from Maya Group in 2019 including the Orbeez brand, of which certain Orbeez brand products are accused of infringing the '959 patent.

20. Upon information and belief Spin Master did not assume liability for any Maya Group products or any liabilities arising from any actions or omissions of Maya

4

Group prior to December 2019.

21. As a result of the information contained in point 20 above, Spin Master is no longer listed as a defendant in this action.

22. On August 23, 2023, upon mutual agreement, Defendants listed on Plaintiffs Second Amended Complaint were dismissed with prejudice from this current action.

23. In accordance with an opinion and judgment from the United States Court of Appeals for the Third Circuit dated July 12, 2024, this honorable court issued an order on July 12, 2024 demanding that Plaintiff file an amended complaint (Third amended complaint) on or before August 12, 2024 identifying the Doe defendants 1 through 50 as denoted on the original and subsequent complaints.

24. Plaintiff timely filed the Third Amended Complaint.

## V. CLAIMS.

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive.

26. An actual, present and justifiable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

27. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants have infringed upon the '959 patent.

## Count I – Patent Infringement (35 U.S.C. § 271(a))

28. Defendants transact business in this judicial district related to the '959 patent without a license or permission from plaintiff. Defendants have infringed, induced others to infringe directly or under the doctrine of willful blindness and/or contributorily infringed. Defendants literally infringed or under the doctrine of equivalents infringed one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, advertising, aiding in advertising, offering for sale, aiding in the sale and/or selling products that embody and/or practice the patented invention, known as Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines, throughout the enforcement term on the '959 patent.

29. Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale, aiding in the sale, advertising, aiding in advertising and selling or aiding in the selling of the Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines after February 2, 2010.

30. Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, Defendants have also infringed claims 1, 4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe.

## Count II – Contributory Infringement (35 U.S.C. § 271(c))

31. Defendants **Alphabet Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple Inc., and Mozilla Corporation** have further contributed to patent infringement by enabling users to **search, advertise, and promote the infringing products.**

32. **YouTube.com** has facilitated influencers in reviewing and promoting the infringing products, **driving sales** and expanding infringement.

33. **Apple Inc.** has facilitated infringement through **Safari's default search engine (Google), which promotes and lists infringing products.**

**Count III – Willful Blindness (35 U.S.C. § 271(b))**

34. Despite major advancements in technology within the past 10 years including current **AI capabilities and advanced filtering**, Defendants **intentionally fail to block infringing product listings**, demonstrating an ongoing effort of **willful blindness.**

35. Upon information and belief, Defendants infringement of the '959 patent has been willful and deliberate. Defendants infringement has injured plaintiff.

## VI. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. Issue a declaratory judgment stating that Defendants have infringed and/or induced others to infringe the '959 patent;

B. Order an award of reasonable royalty damages adequate to compensate Plaintiff for the infringement/inducement that has occurred, together with pre-judgment and post-judgment interest;

C. Issue a finding that Defendants acts of infringement/inducement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D. **Evoking the Courts Equitable Powers:** Order Defendants **Alphabet Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple Inc., and Mozilla Corporation** to fund the 'American Inventors Fund' with $300 million dollars to support inventors by covering patent application costs, maintenance fees, attorney support, and creating a publicly accessible website for guidance;

  1. $75 million (25.01%) shall be allocated to covering patent application costs and patent maintenance fees for independent inventors.
  2. $100 million (33.33%) shall be allocated to funding legal assistance and patent attorney support for independent inventors.
  3. $60 million (20%) shall be allocated to developing and maintaining a public online website resource providing free guidance on patent application procedures, infringement protection and licensing strategies.
  4. $40 million (13.33%) shall be reserved for administrative and

operational costs to ensure the effective implementation of the fund.

5. $25 million (8.33%) shall be allocated to developing AI-based patent enforcement tools.

6. Because the defendants' business models inherently facilitate wide spread Contributory patent infringement and Willful Blindness, mere monetary damages and legal remedies alone are insufficient to address the ongoing and pervasive harm directly being caused by the defendants. Therefore, Plaintiff seeks the requested equitable relief for the Public Good.

E. Order Defendants to pay Plaintiff's reasonable attorney fees and costs of this Action;

F. Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on March 5, 2025 I have served a true and correct copy of Plaintiff's Verified Forth Amended Complaint to the following parties via electronic mail, where available, and otherwise by first-class mail:

Lykart Technologies, LLC, and GrowKart
30 N Gould St Suite 5707
Sheridan, WY 82801, US

John V. Gorman MORGAN,
LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
john.gorman@morganlewis.com

Bridget E. Montgomery,
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
bmontgomery@eckertseamans.com

Target Corporation & Target.com
1000 Nicollet Mall, Minneapolis,
Minnesota, 55403

Microsoft Corporation, Inc.
One Microsoft Way,
Redmond, WA 98052

Apple Inc.
One Apple Park Way
Cupertino, CA 95014

Mozilla Corporation
149 New Montgomery Street, 4th Floor,
San Francisco, CA 94105.

Date March 5, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com