## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DAVID J. CATANZARO,
286 Upper Powderly Street
Carbondale, Pennsylvania 18407

        Plaintiff,

   VS.

LYKART TECHNOLOGIES LLC,
GROWKART, ALPHABET INC.,
GOOGLE LLC, YOUTUBE.COM,
POSHMARK INC., TARGET
CORPORATION, TARGET.COM,
MICROSOFT CORPORATION, INC.,
APPLE INC. and MOZILLA
CORPORATION

        Defendants.

Case No. 3:22-cv-1754

Judge Joseph F. Saporito, Jr.

Referred to: Phillip J. Caraballo

JURY TRIAL DEMANDED

**FILED
SCRANTON**

MAR 07 2025

PER_____
       DEPUTY CLERK

## **PLAINTIFF'S VERIFIED FIFTH AMENDED COMPLAINT FOR PATENT**

## **INFRINGEMENT**

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Lykart

Technologies, LLC, GrowKart, Alphabet Inc., Google LLC, Youtube.com, Poshmark

Inc., Target Corporation, Target.com, Microsoft Corporation, Inc., Apple Inc. and

Mozilla Corporation (collectively, "Defendants") for patent infringement, contributory

infringement, and Willful blindness.

## I. JURISDICTION.

1.    This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II. VENUE.

2.    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.  Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III. PARTIES.

3.    Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the original complaint was filed up to December 30, 2022 to make a valid claim.  A copy of the '959 patent is attached hereto as **Exhibit A**.

4.    Upon information and belief, Lykart Technologies, LLC, and GrowKart are Wyoming companies with a principal place of business at 30 N Gould St Suite

5707 Sheridan, WY 82801

5.    Upon information and belief, Alphabet Inc. and Google LLC are both California companies with a principal place of business at 1600 Amphitheatre Parkway, Mountain View California, 94043

6.    Upon information and belief, Youtube.com is a California company with a principal place of business at 901 Cherry Avenue San Bruno, CA 94066

7.    Upon information and belief, Poshmark Inc. is a California company with a principal place of business at 203 Redwood Shores Pkwy 8th Floor, Redwood City, CA 94065

8.    Upon information and belief, Target Corporation & Target.com are both Minnesota Companies with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403

9.    Upon information and belief, Microsoft Corporation, Inc. is a Washington company with a principal place of business at One Microsoft Way, Redmond, WA 98052

10.    Upon information and belief, Apple Inc. is a California company with a principal place of business at One Apple Park Way; Cupertino, CA 95014

11.    Upon information and belief, Mozilla Corporation is a California

company with a principal place of business at 149 New Montgomery Street, 4th

Floor, San Francisco, CA 94105.

12.    This court has personal jurisdiction over the named Defendants.

## IV. RELEVANT MATTER

13.    The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit  *(David Catanzaro v. Procter & Gamble Co. et al.)*

14.    The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

15.    Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date). The Assignment is attached hereto as **Exhibit B.**

16.    Plaintiff has full legal right to commence this matter.

17.    Listed on the original complaint was Defendants Walmart Stores, Inc., currently Walmart, Inc., Maya Group Inc. and Doe defendants 1 through 50.

18.    Upon information and belief, Maya Group is no longer in business and was removed from the original complaint.

4

19.    Added to the first amended complaint was Defendant Spin Master which acquired certain assets from Maya Group in 2019 including the Orbeez brand, of which certain Orbeez brand products are accused of infringing the '959 patent.

20.    Upon information and belief Spin Master did not assume liability for any Maya Group products or any liabilities arising from any actions or omissions of Maya Group prior to December 2019.

21.    As a result of the information contained in point 20 above, Spin Master is no longer listed as a defendant in this action.

22.    On August 23, 2023, upon mutual agreement, Defendants listed on Plaintiffs Second Amended Complaint were dismissed with prejudice from this current action.

23.    In accordance with an opinion and judgment from the United States Court of Appeals for the Third Circuit dated July 12, 2024, this honorable court issued an order on July 12, 2024 demanding that Plaintiff file an amended complaint (Third amended complaint) on or before August 12, 2024 identifying the Doe defendants 1 through 50 as denoted on the original and subsequent complaints.

24.    Plaintiff timely filed the Third Amended Complaint.

## V. CLAIMS

25.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive.

26.    An actual, present and justifiable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

27.    Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants have infringed upon the '959 patent.

## Count I – Patent Infringement (35 U.S.C. § 271(a))

28.    Defendants transact business in this judicial district related to the '959 patent without a license or permission from plaintiff. Defendants have infringed, induced others to infringe directly or under the doctrine of willful blindness and/or contributorily infringed. Defendants literally infringed or under the doctrine of equivalents infringed one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, advertising, aiding in advertising, offering for sale, aiding in the sale and/or selling products that embody and/or practice the patented invention, known as Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines, throughout the enforcement term on the '959 patent.

29.    Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale, aiding in the sale,

advertising, aiding in advertising and selling or aiding in the selling of the Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines after February 2, 2010.

30.    Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a).  Upon information and belief, Defendants have also infringed claims 1, 4, 5 & 8  of the '959 patent by knowingly and actively inducing others to infringe.

**Count II – Contributory Infringement (35 U.S.C. § 271(c))**

31.    Defendants Alphabet Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple Inc., and Mozilla Corporation have further contributed to patent infringement, including but not limited to the infringement of the '959 patent, by enabling users to search, advertise, and promote infringing products on a systemic basis.

32.    This contributory infringement is not limited to isolated instances but is a fundamental aspect of their business model.

33.    YouTube.com has systematically facilitated influencers in reviewing and promoting infringing products, driving sales and expanding infringement across numerous patented inventions.

34.     Apple Inc. has systematically facilitated infringement through Safari's default search engine (Google), which promotes and lists infringing products across a wide range of patented technologies.

35.     The defendants actions, are systemic, and are not limited to the '959 patent.

## Count III – Willful Blindness (35 U.S.C. § 271(b))

36.     Despite major advancements in technology within the past 10 years, including current AI capabilities and advanced filtering, Defendants intentionally fail to block infringing product listings, demonstrating an ongoing effort of willful blindness. This willful blindness is a direct result of the Defendants' conscious programming choices to exclude patent infringement detection mechanisms from their platforms. These choices include:

a.     The deliberate exclusion of AI-driven tools capable of scanning the PTO patent gazettes (along with other patent sources) and identifying potential infringements.

b.     The lack of algorithms designed to flag and remove product listings that match the claims of valid patents.

c.     The failure to implement proactive monitoring systems that would detect and prevent the sale of infringing products.

d.     The refusal to adopt industry-standard practices for patent infringement monitoring, despite having the technical and financial resources to do so.

e.    The fact that the defendants do implement AI and algorithms to
protect other forms of Intellectual property, but not patents.

f.    The defendants have the ability to scan product descriptions, and
compare them to patent claims, and they choose not to do so.

g.    The defendants have the ability to create expert systems that could
be used to interpret patent claims, and they choose not to do so.

37.    Upon information and belief, Defendants' infringement of the '959 patent has
been willful and deliberate. Defendants' infringement has injured Plaintiff.

## Count IV – Inducement of Infringement (35 U.S.C. § 271(b))

38.    Defendants Alphabet Inc., Google LLC, YouTube.com, Microsoft
Corporation, Inc., Apple Inc., and Mozilla Corporation, with knowledge of patents, and
with the intent to induce infringement, actively encourage and aid others to infringe
patents on a systemic basis.

39.    These Defendants provide platforms, search engines, and advertising
services that directly facilitate the sale, promotion, and discovery of products that
infringe patents, including but not limited to, the Orbeez Crush Cruskins product lines
and the '959 patent.

40.    Specifically, on a systemic scale, these Defendants:

a.    Provide search results that prominently display infringing products.

b.    Offer advertising services that allow sellers of infringing products to

target potential customers.

c.    Host user-generated content, such as reviews and demonstrations,

that promote and encourage the use of infringing products.

d.    Fail to implement adequate measures to prevent or remove listings

for infringing products, despite having the capability to do so.

41.    By providing these services and failing to take adequate measures to prevent infringement, these Defendants intentionally induce their users and sellers to directly infringe patents on a systemic basis.

42.    Defendants have actual knowledge of patents, and their actions constitute active steps to induce infringement.

**Count V – Unjust Enrichment**

43.    Defendants Alphabet Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple Inc., and Mozilla Corporation have received and retained a benefit from the direct and induced infringement of patents on a systemic basis.

44.    This benefit includes, but is not limited to, increased advertising revenue, user engagement, and platform traffic generated by the sale and promotion of infringing products across a wide range of patented inventions.

45.    This benefit was conferred at the expense of patent holders, who have been deprived of the rightful economic benefits of their patented inventions.

46.    It would be unjust for these Defendants to retain the benefit they have received from the infringement of patents on a systemic basis, as they have profited from facilitating and encouraging such infringement.

47.    Defendants have unjustly enriched themselves by willfully ignoring the infringement of patents on a systemic scale.

## VI. GENERAL ALLEGATIONS OF SYSTEMIC CONTRIBUTORY INFRINGEMENT

48.    Plaintiff alleges that Defendants Alphabet Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple Inc., and Mozilla Corporation, through the design and operation of their search engines and related platforms, engage in systemic contributory infringement of patents on a large-scale basis.

49.    These Defendants provide essential tools and platforms that enable and facilitate widespread patent infringement by third parties.

50.    The inherent nature of their search engine technology, advertising services, and content hosting platforms creates a systemic environment where patent infringement is not only possible but also actively encouraged and facilitated.

51.    Defendants possess the technical capabilities to implement measures that would mitigate or prevent patent infringement, but they deliberately choose not to do so.

52.    This systemic contributory infringement extends beyond the specific claims related to the '959 patent and encompasses and/or has the capability to encompass, a broad range of patented inventions.

53.    Because of the programming choices made by the defendants, the defendants are willfully blind to patent infringement.

54.    The defendants business model, inherently causes patent infringement.

## VII. TECHNOLOGICAL ADVANCEMENTS AND THE LAGGING OF PATENT LAW

55.    Plaintiff asserts that the rapid advancement of technology, particularly in the areas of artificial intelligence, search engine technology, and online platforms, has outpaced the current framework of patent law.

56.    Traditional patent law principles, developed in an era of tangible products and localized commerce, are ill-equipped to address the complexities of modern digital platforms and AI-driven systems.

57.    The Defendants, as leaders in these technological advancements, have exploited the gaps and ambiguities in existing patent law to facilitate widespread patent infringement.

58.    The systemic contributory infringement and inducement of infringement facilitated by the Defendants' platforms are direct consequences of these technological advancements and the inadequacy of current legal frameworks.

59.    The courts must exercise their Equitable Powers to adapt and interpret patent law in a manner that protects the rights of patent holders in the face of these rapid technological changes.

60.    The requested Equitable Relief, including the establishment of the "American Inventors Fund," is essential to bridge the gap between technological advancement and the effective enforcement of patent rights.

61.    This court has the ability to use its Equitable Powers, to make sure the patent law is not made obsolete by technological advancements.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.    Issue a declaratory judgment stating that Defendants have infringed and/or induced others to infringe the '959 patent;

B.    Order an award of reasonable royalty damages adequate to compensate

Plaintiff  for the infringement/inducement that has occurred, together with

pre-judgment and post-judgment interest;

C.    Issue a finding that Defendants acts of infringement/inducement have been

willful and ordering an award of increased damages as provided by 35

U.S.C. § 284;

D.    **Evoking the Courts Equitable Powers:** Order Defendants **Alphabet**

**Inc., Google LLC, YouTube.com, Microsoft Corporation, Inc., Apple**

**Inc., and Mozilla Corporation** to fund the 'American Inventors Fund'

with $300 million dollars to support inventors by covering patent

application costs, maintenance fees, attorney support, creating a

publicly accessible website for guidance and developing AI-based patent

enforcement tools;

1.  $75 million (25.01%) shall be allocated to covering patent application

    costs and patent maintenance fees for independent inventors.

2.  $100 million (33.33%) shall be allocated to funding legal assistance

    and patent attorney support for independent inventors.

3.  $60 million (20%) shall be allocated to developing and maintaining a

    public online website resource providing free guidance on patent

    application procedures, infringement protection and licensing strategies.

4.  $40 million (13.33%) shall be reserved for administrative and

    operational costs to ensure the effective implementation of the fund.

5. $25 million (8.33%) shall be allocated to developing AI-based patent enforcement tools.

6. Because the defendants' business models inherently facilitate wide spread Inducement Infringement, Contributory patent Infringement, Willful Blindness, and Unjust Enrichment, mere monetary damages and legal remedies alone are insufficient to address the ongoing and pervasive harm directly being caused by the defendants. Therefore, Plaintiff seeks the requested equitable relief for the Public Good.

7. The American Inventors Fund is intended to mitigate the effects of systemic patent infringement facilitated by the defendants.

E.    Order Defendants to pay Plaintiff's reasonable attorney fees and costs of this Action;

F.    Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David J. Catanzaro, hereby certify that on March 7, 2025 I have served a true and correct copy of Plaintiff's Verified Fifth Amended Complaint to the following parties via electronic mail, where available, and otherwise by first-class mail:

Lykart Technologies, LLC, and GrowKart
30 N Gould St Suite 5707
Sheridan, WY 82801, US

John V. Gorman MORGAN,
LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
john.gorman@morganlewis.com

Bridget E. Montgomery,
ECKERT SEAMANS CHERIN & MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
bmontgomery@eckertseamans.com

Target Corporation & Target.com
1000 Nicollet Mall, Minneapolis,
Minnesota, 55403

Microsoft Corporation, Inc.
One Microsoft Way,
Redmond, WA 98052

Apple Inc.
One Apple Park Way
Cupertino, CA 95014

Mozilla Corporation
149 New Montgomery Street, 4th Floor,
San Francisco, CA 94105.

Date March 7, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com