UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. CATANZARO, | : | No. 1:22-CV-1754 |
| Plaintiff | : | |
| | : | (Saporito, J.) |
| v. | : | |
| | : | (Caraballo, M.J.) |
| LYKART TECHNOLOGIES LLC, et al., | : | |
| Defendants | : | |

## ORDER

Plaintiff David Catanzaro, proceeding *pro se*, commenced this action on November 11, 2022. Doc. 1. Since that time, he received the Court's leave to amend his complaint three times. Docs. 12, 14, 31, 33, 53, 67. The Court also granted him extensions to effect service of those amended complaints four different times. Docs. 8, 9, 31, 36, 37, 39, 40. After receiving leave of the Court, on March 17, 2025, Catanzaro filed the live fifth amended complaint. Doc. 71. The defendants have yet to file any answers or dispositive motions.

On April 1, 2025, Catanzaro moved to stay these proceedings pending the disposition of a separate action brought by him, *see* No. 22-CV-1768, that he claims "may affect the outcome" here. Doc. 89 at 2.

The motion is unopposed by all defendants who have made an appearance,[1] although those defendants also dispute whether Catanzaro's separate action can affect this litigation. Doc. 91. These defendants have likewise moved, unopposed by Catanzaro, for an extension of 60 days to respond to the complaint once the stay is denied or lifted. Doc. 92.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket....'" *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Determining whether to grant or deny a motion to stay requires a district court to "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. One of the interests a court may consider in deciding a motion to stay is its own "legitimate interest in judicial economy." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983).

---

[1] Defendants Lykart Technologies LLC and GrowKart have not noticed their appearances in this action. Catanzaro provided proof of service on those defendants, dated January 21, 2025. Docs 85, 86. Accordingly, their answers were due on February 11, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i).

This case has languished in the preliminary stages of litigation for nearly two-and-a-half years, and Catanzaro's numerous requests to amend and for extensions are a significant reason for that delay. The Court has generously entertained those requests in the interest of affording Catanzaro, a *pro se* litigant, the liberal construction and consideration his filings are due at the pleading stages of litigation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That brings us, however, to the Motion to Stay before the Court.

Catanzaro claims that a stay in this case is justified because the proceedings in a separate action brought by him, *see* No. 22-CV-1768, "may affect the outcome" here. Doc. 89 at 2. He cites no legal authority supporting this position, and he fails to explain how the entry of default judgement he seeks in the other action would impact these proceedings. *Id*. Rather, a review of Catanzaro's motion to stay and his repeated attempts in action No. 22-CV-1768 to compel expedited rulings on his pending motions show that his attempted stay here is simply his latest effort to compel the Court to address the outstanding motions in No. 22-

CV-1768 on an expedited basis.[2] But a plaintiff may not pursue or delay a litigation he commences at whim, or in an attempt to dictate the matters to which the Court affords its attention.

Having finally arrived at a live Fifth Amended Complaint that is ripe for litigation, Catanzaro's request for a stay does not comport with the Court's own "legitimate interest in judicial economy." *Gold*, 723 F.2d at 1076. Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion to Stay the Proceedings (Doc. 89) is **DENIED**.

2. Defendants' Apple Inc., Google LLC, YouTube LLC, Microsoft Corporation, Inc., Mozilla Corporation, Poshmark Inc., and Target Corporation Motion for an Extension of Time to File an Answer (Doc. 92) is **GRANTED**. These defendants shall answer or otherwise respond to plaintiff's Fifth Amended Complaint on or before May 14, 2025.

---

[2] Catanzaro also has initiated multiple, unsolicited *ex parte* communications with the Court, requesting rulings on his outstanding motions in both litigations. Catanzaro is advised that all substantive communications with the Court are to be docketed in writing and served on all defendants. No *ex parte* communications will be entertained.

4

**Dated:** April 14, 2025         *s/ Phillip J. Caraballo*
Phillip J. Caraballo
United States Magistrate Judge