THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

APR 18 2025

PER_____DJ_____

DEPUTY CLERK

DAVID J. CATANZARO,

Plaintiff,

v.

LYKART TECHNOLOGIES LLC, et al.,

Defendants.

Case No. 3:22-cv-1754

Judge Joseph F. Saporito, Jr.

Referred to: Phillip J. Caraballo

JURY TRIAL DEMANDED

## MOTION FOR RECONSIDERATION AND CLARIFICATION IN LIGHT OF PRIOR JUDICIAL DELAY AND PROCEDURAL IMPACT

Plaintiff **humbly submits** this **Motion for Reconsideration and Clarification**, with the **utmost respect** for this **Honorable Court** and full recognition of the **demands placed upon the judiciary**. Plaintiff respectfully notes that, as of the date of this filing, he has not yet received a **mailed copy** of the Court's **April 14, 2025 Order**. Due to the **urgency of pending issues**, Plaintiff has been actively monitoring the **docket through PACER** to ensure **timely awareness** of any rulings.

Plaintiff **respectfully raises** this motion in light of ongoing **procedural concerns** that have impacted his ability to **effectively litigate** before the Court. The record reflects **multiple instances of delayed rulings** and **prolonged periods without disposition**, which have contributed to **prejudicial effects** on Plaintiff's position — particularly regarding the **default status** of parties in Case No. 3:22-cv-01768, wherein one such Defendant (other than AliExpress) has already **threatened to re-enter the case** and another **defaulted Defendant has recently gone out of**

**business** — underscoring the need for **timely resolution** before **additional prejudice** arises.

Plaintiff understands and acknowledges that this Honorable Court has only recently been **assigned to these matters**; however, that transition alone does not fully explain or justify the extent of **ongoing delay** — particularly where **key motions** have been **pending for several months** and have already caused **significant implications**, with the potential for **further serious impact**. Plaintiff does not seek to criticize, but rather to express his **good-faith hope** for **timely and balanced resolution**, grounded in **respect for this Court's authority** and **trust in its discretion**.

The following **History of Procedural Activity in this instant matter** is provided to ensure that the record is clear and complete, particularly as it pertains to the Court's April 14, 2025 Order (Doc. 97), which suggests that Plaintiff bears responsibility for certain delays. **Respectfully, the procedural timeline tells the whole story.**

- **11/7/2022 (Doc. 1)** – Original Complaint filed naming Walmart Stores Inc., **The Maya Group** and Does 1-50 as defendants.
- **3/15/2023 (Doc. 10)** – Amended Complaint removed Maya Group (after learning it was defunct) and added **Spin Master**, which had taken over certain Maya products.
- At this time, Plaintiff was actively involved in multiple other patent cases before this very same District Court.
- The time between the original and amended complaint was approximately **four months**, due to the need to identify proper parties—a reasonable adjustment stemming from a defunct defendant.
- **4/5/2023 (Second Amended Complaint)** – **Spin Master** was dropped for not acquiring the products, leaving **Walmart/Walmart.com and Does 1–50** as the remaining defendants.

- **4/13/2023 to 8/2/2023 (Docs. 17–23)** – Walmart/Walmart.com were ultimately dismissed pursuant to a **mutual settlement agreement**.
  - During this time, **Defendants—not Plaintiff—requested an extension** to facilitate ongoing settlement discussions. Plaintiff stipulated to that extension in good faith.
  - At no point was Plaintiff trying to delay this litigation. The timeline was **driven by Defendants' own request**.
- **8/10/2023 (Doc. 24)** – The Court ordered Plaintiff to identify the Doe defendants within 30 days.
- **9/14/2023 (Doc. 25)** – Plaintiff filed a **Motion for Reconsideration**, within five days after the deadline, as a result of **Plaintiff never receiving notice of the order**.
- The Court then **delayed nearly four months—until 1/08/2024 (Doc. 26)—to** rule on that motion.
  - In the ruling, the Court faulted Plaintiff for not identifying Does during the delay period—**a period caused entirely by the Court's own delay**.
- On **7/12/2024 (Doc. 30)**, the **Third Circuit reversed and remanded**, finding that the Court **abused its discretion** and failed to apply proper deference to Plaintiff's pro se status.

As a result, **this Court caused 13 months of procedural delay in this case—** almost entirely outside Plaintiff's control. From 8/28/2024 to 1/23/2025, an additional five months, the case was also reassigned multiple times.

**The Same Pattern Now Appears in Case No. 3:22-cv-01768**
- Plaintiff's **Motion for Default Judgment (Doc. 93)** has now been **pending for over four months—without ruling.**
- The Court has also failed to rule on the **Motion to Expedite Ruling (Doc. 114, filed 2/19/2025)**.

3

Plaintiff **respectfully observes** that proceedings in this case appear to be moving with **greater pace and responsiveness**, while progress in Case No. 3:22-cv-01768 has either **significantly slowed** or come to a **complete halt** — prompting Plaintiff to file motions simply to **keep that matter on course**. This has, at times, created the **unintended impression** that Plaintiff is attempting to **direct the litigation**, when in reality he is merely seeking to **prevent further harm**, as explained in the **opening paragraph** of this motion. Without intervention, the case risks **drifting further off course** due to **prolonged inaction**, potentially creating a **procedural imbalance** whereby **rulings in this case** could be **invoked or leveraged** by **defaulted Defendants** in the 01768 matter as grounds to **seek reentry** — despite their **long-standing default status** and **absence from the litigation**. Plaintiff has previously attempted to make this point in his **denied Motion to Stay**, yet it appears that both the **Court and Defendants** in this case may have **misunderstood or reversed** the **intended meaning**.

**Plaintiff does not seek special treatment, but simply equal and timely consideration of motions properly before the Court.** It is not unreasonable to hope that pivotal rulings be issued within a fair timeframe—particularly where multiple filings have remained pending for months. **Plaintiff respectfully submits** that the burden of delay should not fall disproportionately on a pro se litigant who has actively engaged with the process in good faith

Plaintiff respectfully asks this Honorable Court to **reconsider the conclusion** that the Motion to Stay in this case constitutes a delay tactic. In truth, it was a **measured and good-faith effort** to protect the **integrity of parallel proceedings** and promote **fairness across both dockets**.

**Pending Rulings in This Case Are Not Isolated — They Are Legally Intertwined with Case No. 3:22-cv-01768**

The Court's continued delay in ruling on the **Motion for Default Judgment** and **Motion for Sanctions and Default Judgment** in Case No. 3:22-cv-01768 is not administrative—it has **ongoing legal consequences**.

- Remaining defendants in the 01768 case may seek to re-enter the case based on **legal theories emerging from this case**.
- Plaintiff previously informed the Court that **a defaulted defendant (other then Aliexpress) threatened to return** to the case after seeing that Alexpress was trying to reenter.
- That same defendant ultimately **exploited the delay** to pressure Plaintiff into a one-sided settlement.

This is not merely speculative—it has already occurred. The absence of timely rulings can create **procedural leverage for defaulted defendants**, which undermines both the **fairness** and **finality** typically associated with default judgment.

The Defendants (in this case) argued that rulings in the 01768 case may not affect this case. That may be true—but **rulings in this case could absolutely affect defaulted parties in the 01768 matter**. <u>And those defaulted parties remain in limbo due to the Courts inaction to rule on the motion for default Judgment, not Plaintiff misconduct.</u>

Meanwhile, in Doc. 94, the Court denied Plaintiff's motion to stay this case, stating:

"Plaintiff has failed to articulate any persuasive justification for a stay of proceedings."

**Respectfully, this overlooks the broader context of both cases and the pending default posture of defendants in Case No. 3:22-cv-01768.** Plaintiff's motion was narrowly tailored to avoid precisely this scenario—**cross-contamination between active and defaulted parties** with unresolved legal claims at stake in each proceeding.

**The effect is not neutral.** It leaves Plaintiff exposed in Case No. 3:22-cv-01768, while Case No. 3:22-cv-01754 moves forward—and may produce rulings that defaulted parties in the 01768 case could later attempt to exploit.

It remains unclear why the **door remains open** for **Defendants who have been in default for over a year**, or why **Plaintiff's motion — pending for four months —** has yet to be **resolved**.

Had the **remaining parties** in Case No. 3:22-cv-01768 not been in **default**, the **procedural landscape** would be **fundamentally different**. But the fact that **all remaining Defendants have been in default for over a year** makes it **procedurally inappropriate** for them to potentially attempt **reentry** based on **rulings in this matter** — especially while the **Court has yet to issue a ruling** that would **formally and finally exclude them**.

Plaintiff further notes that one other **remaining defaulted Defendants** in Case No. 3:22-cv-01768 — **USimprints** (USimprints, LLC) — is **no longer in business** as of **April 2025**, according to **publicly available records** [1]. The company's **last known address** was in **Franklin, Tennessee**, and there is **no indication** of any **merger, acquisition, or continued corporate activity**. This development **further reinforces Plaintiff's position** that the **continued delay** in ruling on the **Motion for Default Judgment** is causing **tangible prejudice**, **procedural confusion**, and **uncertainty** as to the **legal posture** of **inactive or defunct parties** who have made **no effort to appear**. A **timely ruling** would help **resolve these uncertainties** and preserve the **orderly administration of justice**.

[1]**Source:** *Better Business Bureau profile for US Imprints, LLC, Franklin, TN https://www.bbb.org/us/tn/franklin/profile/advertising-specialties/us-imprintscom-0573-37025722*

This situation may be most effectively resolved through a clear and final ruling—namely, by granting Plaintiff's Motion for Default Judgment in Case No. 3:22-cv-01768.

**Defendant AliExpress and all remaining defaulted Defendants** in Case No. 3:22-cv-01768 are included in **Plaintiff's Motion for Default Judgment** filed four months ago as **Doc. 93**. That motion seeks entry of **default judgment against AliExpress** based on its failure to timely respond, and against the other **defaulted Defendants** based on their longstanding failure to appear or defend.

Plaintiff's subsequent **Motion for Sanctions and Default Judgment (Doc 116)** in that same case, further supports this relief by documenting **AliExpress's continued bad faith conduct** after default was entered, reinforcing that both **sanctions and default judgment** are warranted under the circumstances.

The Court further stated in Doc. 94 that:

"No legal authority is cited to support the request."

Plaintiff wishes to now cite **controlling authority**, including **Landis v. North American Co., 299 U.S. 248, 254 (1936)**, where the Supreme Court held:

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort."

That principle applies squarely here. If the Default Judgment ruling is not going to be made, this imbalance between cases justifies a stay to preserve procedural fairness and prevent prejudice.

Moreover, courts have repeatedly reaffirmed this discretionary power to stay proceedings in related or overlapping matters. See, e.g., **Clinton v. Jones, 520 U.S. 681, 706 (1997)** ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); **CMAX, Inc. v. Hall, 300 F.2d 265,**

**268 (9th Cir. 1962)** (stay appropriate when it "appears to be the fairest course for the parties"); **Leyva v. Certified Grocers, 593 F.2d 857, 863 (9th Cir. 1979)** (affirming stay when independent proceedings may affect the case).

To characterize these requests as delay tactics **offends and belittles Plaintiff**, when in fact — as **meticulously outlined here** — they are **reasonable, measured, and good-faith efforts** to preserve the **procedural integrity** of both actions. **Plaintiff is absolutely not delaying** this action, nor is he pursuing the 01768 case on a whim. **All Defendants are in default** in that action. Once again, **Plaintiff is wrongly accused** and subjected to **mischaracterizations that distract from the core procedural issues** now requiring the Court's attention.

At a minimum, **Plaintiff is entitled to timely rulings** on **pivotal motions** that have remained pending for **four months**, during which time **Plaintiff has shown** that these unresolved matters have already caused **real and measurable harm**. Plaintiff cannot stress enough that these requests are not delay tactics, but rather measured, good-faith efforts to preserve the procedural integrity of both actions.

**Equal Treatment and Procedural Fairness**

Plaintiff **respectfully assures this Court** that he has never acted with **intent to delay**, as detailed above. He simply asks not to be placed in a position where he feels he must **struggle against both well-resourced Defendants and the weight of institutional delay** to receive a fair hearing. This request is made **not in criticism**, but in **earnest hope for evenhanded consideration**.

Plaintiff seeks only **balanced respect** as a person and under the law. He hopes to have confidence that decisions are made **on the merits** and are **unaffected by procedural backlog or inadvertent delay**. Both Plaintiff and Defendants deserve **equal treatment** with regard to **pivotal rulings** being issued in a **timely manner**.

**Request for Timely Relief and Case Resolution**

Plaintiff cannot stress enough that, as of April, one **defaulted Defendant** in Case No. **3:22-cv-01768** has **gone out of business**, and another secured a **one-sided settlement** after threatening to **re-enter the case**. This situation underscores two critical points: (1) when a **defaulted Defendant goes out of business** before **default judgment** is entered, it becomes **significantly more difficult—and potentially intrusive if not impossible—to collect any judgment**; and (2) **defaulted Defendants are not truly "closed out"** until **default judgment is formally entered**. Until that time, they retain a **doorway back into the litigation** and potential **legal options** stemming from the **proceedings in this case**.

 Again, Plaintiff has outlined that **irreparable harm** has already affected his **posture in the 01768 litigation** — and it is now **irrefutable** based on the actions of these two defaulted Defendants. Plaintiff submits this in the most respectful tone possible and simply asks that 'both' his cases be treated with the same **dignity and attention** that would be expected by any represented party, and should not be **legally punished** for asking for this **basic fundamental treatment**.

Plaintiff respectfully adds that he does not wish to burden this Court, or the appellate courts, with **unnecessary filings**. However, in light of the **irreversible harm** that has already been established, and unless **rulings are forthcoming** in both this matter and in Case No. **3:22-cv-01768** — which remains stalled despite a properly filed **motion to expedite (Doc. 114)** — Plaintiff may be left with **no reasonable option** other than to seek **mandamus relief from the Third Circuit**. That process involves a substantial **$605 filing fee**, not including **printing and mailing costs** — funds that Plaintiff would far prefer to reserve for his **children and household expenses**.

Plaintiff **prays this Honorable Court will kindly reconsider** its prior ruling on the **Motion to Stay**, or alternatively, that it may find cause to **issue rulings on the long-pending motions** in Case No. **3:22-cv-01768**. Plaintiff remains **deeply respectful of this Court's discretion** and seeks only **clarity and balanced treatment** as these two **interrelated matters** proceed.

Date April 18, 2025

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I caused a true and correct copy of the foregoing **MOTION FOR RECONSIDERATION AND CLARIFICATION IN LIGHT OF PRIOR JUDICIAL DELAY AND PROCEDURAL IMPACT** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record as listed on the docket:

**For Unrepresented Defendants:**

The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**

30 N Gould St Suite 5707

Sheridan, WY 82801, US

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date April 18, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com