THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
APR 21 2025
PER ____
DEPUTY CLERK

| | |
|---|---|
| DAVID J. CATANZARO, | Case No. 3:22-cv-1754 |
| Plaintiff, | Judge Joseph F. Saporito, Jr. |
| v. | Referred to: Phillip J. Caraballo |
| LYKART TECHNOLOGIES LLC, et al., | |
| Defendants. | JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION (DOC. 97)

### I. INTRODUCTION

Plaintiff, pro se, David J. Catanzaro, respectfully submits this brief in support of his Motion for Reconsideration and Clarification (Doc. 95), filed in response to the Court's April 14, 2025 Order (Doc. 94) denying Plaintiff's Motion to Stay. Plaintiff seeks limited relief: a reconsideration of the denial, or alternatively, timely rulings on pending motions in the related matter, Case No. 3:22-cv-01768.

Plaintiff respectfully notes that, as of the date of this filing, he has not yet received a mailed copy of the Court's April 14, 2025 Order (Doc. 94), despite residing less than 10 miles from the courthouse. This is not the first time Plaintiff has failed to receive timely mailed notice of an order in this matter, and it raises legitimate procedural concerns—particularly where deadlines or appellate rights could be affected.

## II. LEGAL STANDARD

Reconsideration is appropriate where there has been an intervening change in controlling law, new evidence, or the need to correct a clear error of law or prevent manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Additionally, courts have broad discretion to stay proceedings to ensure fairness, avoid prejudice, and promote judicial efficiency. See Landis v. North American Co., 299 U.S. 248, 254 (1936).

## III. ARGUMENT

### A. The Court Overlooked Critical Legal Authority and Procedural Context

In denying the Motion to Stay, the Court stated that "no legal authority" was cited. Plaintiff now cites Landis, 299 U.S. at 254, where the Supreme Court held that the power to stay proceedings is incidental to every court's inherent authority to control its docket "with economy of time and effort." Additional supporting authority includes Clinton v. Jones, 520 U.S. 681, 706 (1997), and CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

### B. Delay in Related Case Has Resulted in Irreparable Harm and Procedural Imbalance

Plaintiff has shown that the continued delay in 3:22-cv-01768 has caused real and measurable harm. Plaintiff recently discovered that one defaulted Defendant — **USimprints** — has gone out of business, creating substantial uncertainty as to whether any judgment could ever be enforced. In addition, two other defaulted Defendants — **Wholesale in Motion Group Inc. and Price US Wholesale**, both owned by the same individual and previously referred to as one Defendant, were dismissed with prejudice following a one-sided settlement. That resolution was reached only after the owner explicitly **threatened to seek reentry into the case**, taking advantage of the fact that no default judgment had yet been entered. These events underscore that defaulted Defendants are not truly "closed out" until default judgment is formally entered. Their continued legal limbo creates procedural imbalance, invites undue leverage, and results in tangible prejudice to Plaintiff's position.

2

Plaintiff again notes that the motion refers to these two dismissed Defendants—Wholesale in Motion Group Inc. and Price US Wholesale—as a single defaulted party due to their shared ownership; the record is now corrected to reflect this accurately.

**Plaintiff also notes that in the related case, No. 3:22-cv-01768,** the Court denied his original **Motion for Default Judgment** on **January 23, 2024 (Doc. 86),** solely due to the absence of a supporting brief. At the time, Plaintiff had informed chambers of the unfiled brief and the **Local Rule 7.5** deadline, but the motion was nonetheless denied without further consideration. In a ruling issued by the **Third Circuit** in this case **(01754)**, the appellate court specifically held: "Accordingly, it was an **abuse of discretion** for the District Court to deny Catanzaro's motion on the grounds that he **failed to include a separate brief.**" This confirms that it is improper to deny a **pro se** Plaintiff's motion solely for failure to file a brief. That finding underscores the procedural significance of what occurred in the **01768** case, where the same error led to a missed opportunity for timely judgment—further compounding the prejudice Plaintiff now faces.

### C. Rulings in This Case May Impact the Related Action

Rulings issued in this case could have a procedural ripple effect on Case No. 3:22-cv-01768. Although the defendants in that action are in default, they may still attempt to leverage substantive rulings in this case to seek relief from default or to argue for reconsideration of their status. The absence of formal default judgments leaves the door open to such procedural maneuvers. Therefore, coordinating the handling of these two related matters is critical to preserving judicial consistency and preventing tactical exploitation by previously defaulted parties.

### D. Plaintiff Has Acted in Good Faith to Preserve the Integrity of Both Actions

Plaintiff has not sought delay but has made proportionate and timely efforts to protect the procedural integrity of both cases. Motions have been filed to preserve balance, and Plaintiff has moved forward in good faith without excessive or duplicative filings.

### E. Reconsideration or Timely Rulings Are Warranted

In light of the above, Plaintiff respectfully requests that the Court either (1) reconsider its prior ruling and grant a stay, or (2) promptly rule on the long-pending motions in 3:22-cv-01768 to prevent further harm. These motions include the Motion for Default Judgment (Doc. 93), Motion to Expedite Ruling (Doc. 114), and Motion for Sanctions and Default Judgment (Doc. 116).

## IV. CONCLUSION

For the reasons set forth above and in the underlying motion, Plaintiff respectfully requests that the Court reconsider its April 14, 2025 Order or, in the alternative, issue rulings on the related and time-sensitive motions currently pending in the 3:22-cv-01768 action.

Date April 21, 2025

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, I caused a true and correct copy of the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION (DOC. 95)** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record as listed on the docket:

**For Unrepresented Defendants:**

The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**
30 N Gould St Suite 5707
Sheridan, WY 82801, US

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date April 21, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com