THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

MAY 19 2025

PER_____
DEPUTY CLERK

DAVID J. CATANZARO,

    Plaintiff,

v.

LYKART TECHNOLOGIES LLC, et al.,

    Defendants.

Case No. 3:22-cv-1754

Judge Joseph F. Saporito, Jr.

Referred to: Phillip J. Caraballo

JURY TRIAL DEMANDED

# PLAINTIFF'S NOTICE CLARIFYING FINANCIAL PARTNERSHIP REFERENCE IN OPPOSITION TO MOTION FOR COORDINATED BRIEFING (ECF 104)

Plaintiff respectfully submits this notice to clarify a factual point referenced in the Opposition to Defendants' Motion for Coordinated Briefing (ECF No. 104).

While the opposition accurately reflects **current financial partnerships** between Defendants and Google—including Google's multibillion-dollar default search arrangement with Apple and hundreds of millions paid annually to Mozilla—Plaintiff notes that during the **specific damages period of 2016**, Mozilla's default search partner in the United States was **Yahoo**, not Google. Under information and belief, Mozilla received over **$300 million annually** from Yahoo during that time pursuant to a multi-year default search agreement. See *Computerworld* (Nov. 16, 2017), "Mozilla's record 2016 revenue funded its Firefox Quantum browser," available at:

https://www.computerworld.com/article/1715018/mozillas-record-2016-revenue-funded-its-firefox-quantum-browser.html.

Also under information and belief, **Apple received approximately $1 billion from Google in 2016** in connection with its search engine placement agreement. See *Bloomberg* (Jan. 21, 2016), "Apple-Google Search Deal Revealed in Court Filing," available at:

https://www.bloomberg.com/news/articles/2016-01-21/apple-google-search-deal-revealed-in-court-filing.

This clarification does not alter the legal foundation of Plaintiff's claims. Plaintiff's assertion of **systematic inducement and contributory infringement** is grounded in Defendants' ongoing conduct—namely, their collective failure to implement available filtering or infringement safeguards across their respective platforms, despite having substantial technical capabilities and strong commercial incentives to maintain user access and engagement. Whether through Google or Yahoo, the structure of these partnerships reinforces both Mozilla's and Apple's roles in enabling infringement through **willful blindness and platform-level inaction**, influenced by the magnitude of financial compensation involved.

Plaintiff submits this notice in good faith to ensure the record remains accurate.

Date May 19, 2025                                Respectfully submitted,

                                                 David J. Catanzaro
                                                 Plaintiff *pro se*
                                                 286 Upper Powderly Street
                                                 Carbondale, PA 18407
                                                 Phone: (570) 936-9262
                                                 E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, I caused a true and correct copy of the foregoing PLAINTIFF'S NOTICE CLARIFYING FINANCIAL PARTNERSHIP REFERENCE IN OPPOSITION TO MOTION FOR COORDINATED BRIEFING (ECF 104) to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record as listed on the docket:

**For Unrepresented Defendants:**

The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**
30 N Gould St Suite 5707
Sheridan, WY 82801, US

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.


Date May 19, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com