THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JUN 11 2025
PER_____
DEPUTY CLERK

| | |
|---|---|
| DAVID J. CATANZARO, | Case No. 3:22-cv-1754 |
| Plaintiff, | Judge Joseph F. Saporito, Jr. |
| v. | Referred to: Phillip J. Caraballo |
| LYKART TECHNOLOGIES LLC, et al., | |
| Defendants. | JURY TRIAL DEMANDED |

# PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING COORDINATED BRIEFING (DOC. 110)

**TABLE OF CONTENTS**

| Section | Title |
|---|---|
| I. | Introduction |
| II. | Rebuttal to Court's Statement #1 – Factual Specificity |
| III. | Rebuttal to Court's Statement #2 – Misstated Legal Dependency |
| IV. | Rebuttal to Court's Statement #3 – Delay and Procedural History |
| V. | Prejudice to Pro Se Litigant |
| VI. | Conclusion |

## I. Introduction

1. Pursuant to **Fed. R. Civ. P. 54(b)**, Plaintiff respectfully moves for reconsideration of the Court's **June 10, 2025 Order (Doc. 110)**, which granted Defendants' Motion for Coordinated Briefing. The Order rests on a series of **mischaracterizations** regarding Plaintiff's Complaint and briefing positions. Plaintiff addresses these below in structured response.

## II. Rebuttal to Court's Statement #1 – Factual Specificity

2. "Although Catanzaro contends defendants occupy 'fundamentally distinct legal and factual positions' (Doc. 104 at 1), all his claims involve common overlapping questions of fact. For one, his first and third claims make generalized allegations against the defendants as a whole, and do not allege with any particularity what facts apply to whom." (Doc. 110)

3. This is incorrect. The **Fifth Amended Complaint (Doc. 71)** differentiates the claims by structure and content:

4. **Count I** asserts **direct patent infringement** and necessarily references all defendants who sold or facilitated sales of infringing goods. Because this is a core statutory claim under **35 U.S.C. § 271(a)**, it reflects a broad allegation of unlawful product distribution.

5. **Count III** alleges **inducement through willful blindness (35 U.S.C. § 271(b))**, with highly specific allegations against Defendants for consciously refusing to implement known technical safeguards:

    a. Excluding AI tools capable of scanning PTO data;

    b. Failing to flag infringing listings;

    c. Not applying available filtering systems already used for copyrights or counterfeit goods.

2

6. These allegations differ in scope and application depending on each Defendant's technological role. **Google** operates indexing and advertising platforms. **Apple** and **Mozilla** do not. The Court fails to distinguish these dynamics. **Microsoft** has since been dismissed from the case and is no longer subject to this motion.

7. **Count II** and **Count IV** — conspicuously omitted by the Court — are where Plaintiff pleads **indirect infringement** under 35 U.S.C. § 271(b), including both **inducement** and **contributory conduct**. These counts expressly distinguish among the Defendants and outline materially different forms of misconduct:

8. **Google and YouTube** are alleged to have **promoted and monetized infringing goods** directly, through search prioritization, advertising platforms, and influencer-driven product content.

9. **Apple and Mozilla** are identified not as content operators, but as **economic enablers** who received payments in exchange for setting default search configurations — **Apple with Google, Mozilla with Yahoo (during the relevant 2016 period)**.

10. These distinctions are central to Plaintiff's claims and fully supported by the factual pleadings in **Counts II and IV**. The Court's failure to address these distinctions — while focusing instead on **Counts I and III** — reflects a **selective reading** that mischaracterizes the nature and structure of the Complaint.

### III. Rebuttal to Court's Statement #2 – Misstated Legal Dependency

11. "Second, as Catanzaro admits in his brief opposing the motion, his claims against Apple and Mozilla are contingent on his patent infringement claims against Google, which by extension applies to Google subsidiary YouTube. (Doc. 104, pp. 3–5)."

12. **Respectfully, Plaintiff made no such admission.** The Opposition (Doc. 104) explained that Apple and Mozilla enabled infringement by forming default search partnerships—Apple with Google, Mozilla with Yahoo (as of 2016). Their liability arises from **willful blindness** and **platform-level economic enablement**, not from any direct operational role.

13. **Apple and Mozilla were paid substantial sums by search engines—regardless of which ones—to look the other way.** The identity of the search engine is irrelevant; it is **each Defendant's individual conduct** that gives rise to liability. As clarified in Plaintiff's **Filed Notice (Doc. 105 at 2)**:

14. "Whether through Google or Yahoo, the structure of these partnerships reinforces both Mozilla's and Apple's roles in enabling infringement through willful blindness and platform-level inaction, influenced by the magnitude of financial compensation involved."

15. This demonstrates **factual proximity, not legal dependency.** Mozilla's alleged liability stems from its contractual arrangement with **Yahoo**, not Google. The Complaint, Opposition, and Notice plead **distinct legal theories** and **independent factual grounds** for each Defendant.

16. **Factual overlap alone is not a legal basis for consolidation**—particularly when the underlying claims and conduct vary so significantly.

## IV. Rebuttal to Court's Statement #3 – Delay and Procedural History

17. "It is not lost on the Court that after over two and a half years of litigation, the pleadings have not yet closed..."

18. The implication that Plaintiff is responsible for procedural delay is **not accurate.** Much of the delay arose from a prior **erroneous procedural ruling**, which required appellate intervention and was **reversed by the Third Circuit.**

19. As held in **Catanzaro v. Does 1 through 50; Walmart, Inc.; Walmart.com, Third Circuit Case No. 24-1247**, on appeal from this very matter:

20. *"It was an abuse of discretion for the District Court to deny Catanzaro's motion on the grounds that he failed to include a separate brief."*

21. That ruling came from this same docket—Case No. 3:22-cv-01754—originally assigned to Judge Malachy E. Mannion. It resulted in **nearly one full year of unnecessary delay.** Although Plaintiff responded within days of learning about the

original order that led to the appeal—**filing a motion for reconsideration and explaining that the order had never been received**—the Court waited approximately **four months** to rule on that motion, ultimately denying it and forcing Plaintiff to pursue appellate relief. Once the Third Circuit reversed the denial and remanded the matter, Plaintiff was granted leave to file a **Third Amended Complaint**, which was later refined into the **operative Fifth Amended Complaint**.

22. This is not a record of excessive amendment. It is a record of a **pro se litigant navigating judicial error**, obtaining relief, and properly narrowing his claims.

23. **This context matters.** Plaintiff now perceives a repetition of the same pattern: an order lacking substantive legal basis, guided by Defendants' status, and issued **in the name of efficiency** but carrying **clear prejudicial consequences**. Plaintiff supplied the Court with a fair and balanced compromise, yet the Court denied it entirely without acknowledgment.

## V. Prejudice to Pro Se Litigant

24. **Plaintiff is a pro se litigant, the sole caregiver for a family of five, who has devoted all his time to this case and to Case No. 3:22-cv-01768, and who lacks institutional legal support.** Defendants, by contrast, are some of the most powerful corporations in the world.

25. Coordinated briefing **compresses Plaintiff's ability** to address each Defendant's distinct conduct. The result is a framework where **platform-specific arguments are merged**, and Plaintiff is forced to untangle compound defenses with limited capacity.

26. **Efficiency should not come at the expense of fairness—especially for a pro se litigant** facing coordinated opposition by multiple well-resourced entities.

## VI. Conclusion

27. The **June 10 Order (Doc. 110)** is based on **three flawed premises**:

28. That Plaintiff's claims are generalized and lack factual specificity;

29. That Apple and Mozilla's liability is legally contingent on Google;

30. That Plaintiff is responsible for undue procedural delay.

31. Each is **refuted by the record**. Plaintiff respectfully requests **reconsideration** of the Order to preserve **procedural fairness** and ensure individualized adjudication of each Defendant's conduct.

Date June 11, 2025                                  Respectfully submitted,

*[signature]*

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING COORDINATED BRIEFING (DOC. 110)** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record as listed on the docket:

**For Unrepresented Defendants:**

The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**
30 N Gould St Suite 5707
Sheridan, WY 82801, US

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date June 11, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com