THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, | Case No. 3:22-cv-1754 |
| Plaintiff, | Judge Joseph F. Saporito, Jr. |
| v. | Referred to: Phillip J. Caraballo |
| LYKART TECHNOLOGIES LLC, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

FILED SCRANTON
JUN 11 2025
PER _____
DEPUTY CLERK

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING COORDINATED BRIEFING (DOC. 110)

## I. Introduction

Pursuant to **Federal Rule of Civil Procedure 54(b)** and **M.D. Pa. L.R. 7.5**, Plaintiff David J. Catanzaro respectfully submits this brief in support of his Motion for Reconsideration of the Court's **June 10, 2025 Order (Doc. 110)**, which granted Defendants' Joint Motion for Coordinated Briefing (Doc. 98). The Order rests on material misstatements of Plaintiff's Complaint and briefing positions and imposes procedural prejudice contrary to Rule 12 fairness and individualized adjudication.

## II. Standard for Reconsideration

Under **Rule 54(b)**, a district court retains inherent authority to revise any non-final order prior to final judgment. Reconsideration is warranted where the Court has:

1. Misapprehended facts or legal arguments,

2. Overlooked dispositive factual distinctions, or

3. **Issued an order resulting in manifest injustice.**

*See* Qazizadeh v. Pinnacle Health Sys., 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). The Court's Order (Doc. 110) resulted in manifest injustice by misstating Plaintiff's filings and disregarding core factual distinctions. It misattributes a legal admission to Plaintiff that was never made, omits clear language from the Fifth Amended Complaint (Doc. 71) and related briefs, and credits only the Defendants' framing while ignoring Plaintiff's proposed compromise. Although this case has progressed slowly, much of that delay stems from prior judicial error and procedural bottlenecks already recognized by the Third Circuit. Reconsideration is warranted to correct the record and ensure fair treatment going forward.

**III. Argument**

**A. The Complaint Contains Specific, Differentiated Allegations by Defendant**

The Court concluded that Plaintiff failed to identify which facts apply to which Defendants. (Doc. 110 at 2). This is inaccurate. The Fifth Amended Complaint expressly separates:

- **Count I** (direct infringement) from
- **Count II** and **Count IV** (inducement and contributory infringement), and
- **Count III** (willful blindness).

These counts distinguish between **Google's operational role (search, indexing, monetized content)** and **Apple's and Mozilla's roles as economic enablers.** Mozilla is explicitly tied to its Yahoo partnership in 2016, while Apple is tied to its search contract with Google. The Court referenced only Counts I and III—omitting the more tailored allegations in Counts II and IV, which are central to Plaintiff's individualized pleading strategy.

**B. Plaintiff Never Admitted Legal Dependency Between Defendants**

The Court states that Plaintiff "admits" Apple and Mozilla's liability depends on that of Google. This is **plainly false.** In both the **Opposition (Doc. 104)** and the **Filed Notice (Doc. 105 at 2)**, Plaintiff made clear:

2

"Whether through Google or Yahoo, the structure of these partnerships reinforces both Mozilla's and Apple's roles in enabling infringement through willful blindness and platform-level inaction, influenced by the magnitude of financial compensation involved."

This reflects **factual proximity**, not legal dependency. Mozilla's liability arises from its contractual relationship with **Yahoo** in 2016—not from any conduct by Google. Similarly, Apple's role is based on its **own financial arrangement with Google**. The allegations against each Defendant stand independently under well-established doctrines of **inducement** and **contributory infringement**.

**Apple and Mozilla were paid substantial sums by search engines—regardless of which ones—to look the other way.** The identity of the search engine is irrelevant; it is each Defendant's **individual conduct** and **decision to ignore known infringement risks** that gives rise to liability. **This is a core issue that cannot be stated more clearly.**

## C. The Procedural Delay Was Caused by Judicial Error, Not Plaintiff

The Court's suggestion that Plaintiff caused unnecessary delay is incorrect. In fact, the delay resulted from an erroneous order later reversed by the **Third Circuit**.

In **Catanzaro v. Does 1 through 50; Walmart, Inc.; Walmart.com**,
**Third Circuit Case No. 24-1247**, on appeal from this very case (**3:22-cv-01754**), the appellate court held:

*"It was an abuse of discretion for the District Court to deny Catanzaro's motion on the grounds that he failed to include a separate brief."*

That denial—issued under Judge Mannion—delayed the case by nearly 1-year and required Plaintiff to obtain appellate relief to proceed. The Complaint was later revised into its current form only after judicial error was corrected. It is improper to fault Plaintiff for amendments made under such circumstances.

## IV. Coordinated Briefing Will Result in Prejudice

Plaintiff is a **pro se litigant**, sole caregiver for a family of five, and lacks institutional support. Defendants include some of the wealthiest corporations in the world. Coordinated

briefing **compresses Plaintiff's ability to respond meaningfully** to the distinct legal and factual positions of each party.

The platforms at issue—search engines, media hosts, browser developers—**differ materially in structure and conduct**. Grouping them for joint Rule 12 motions introduces a high risk of confusion, misattribution, and legal conflation. This is not procedural efficiency; it is procedural inequity.

### V. Additional Claims Do Not Justify Consolidation

Plaintiff's Fifth Amended Complaint includes additional counts addressing **unjust enrichment (Count V), systemic contributory infringement**, and the **legal implications of unchecked technological growth** (Counts VI and VII). These claims supplement the core patent infringement allegations and provide relevant context for the platforms' conduct, but they do not support procedural consolidation.

- **Count V** targets Defendants' retention of financial benefits—such as advertising revenue and user traffic—obtained through facilitation of infringing products. The enrichment alleged is not uniform and varies based on each Defendant's platform structure and monetization model.

- **Count VI** outlines how search engines, advertising systems, and content-hosting technologies contribute to infringement at scale. However, it still attributes specific conduct to individual Defendants and does not allege a single, uniform mechanism across platforms.

- **Count VII** explains the challenges posed by rapidly evolving digital technologies. It does not assert a new legal theory but instead underscores why traditional legal tools must be applied rigorously and specifically against each actor's role in enabling infringement.

These counts do **not transform the underlying claims into general policy assertions**, nor do they justify collapsing individualized claims into a single joint briefing. The **allegations remain materially distinct by Defendant**, and the Complaint must be evaluated accordingly.

4

## VI. Conclusion

The June 10 Order (Doc. 110) rests on three clear errors:

1. A misreading of the specificity and structure of the Fifth Amended Complaint;
2. A false attribution of dependency among claims;
3. A mischaracterization of the procedural history and responsibility for delay.

Each error independently warrants reconsideration under **Rule 54(b)**. Taken together, they demonstrate manifest injustice. Plaintiff respectfully requests that the Court vacate or modify the June 10 Order and allow Rule 12 briefing to proceed in a manner that preserves **individualized adjudication.**

Date June 11, 2025                                         Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

**CERTIFICATE OF SERVICE**

5

I hereby certify that on June 11, 2025, I caused a true and correct copy of the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING COORDINATED BRIEFING (DOC. 110)** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record as listed on the docket:

**For Unrepresented Defendants:**

The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**
30 N Gould St Suite 5707
Sheridan, WY 82801, US

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date June 11, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com