IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. CATANZARO, | : | Civil Case No. 3:22-CV-01754- |
| | : | JFS-DFB |
| Plaintiff | : | (Judge Joseph F. Saporito Jr.) |
| | : | (Referred to Judge Phillip J. |
| v. | : | Caraballo) |
| | : | |
| LYKART TECHNOLOGIES LLC, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS THE COMPLAINT UNDER
<u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(3), and 12(b)(6)</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................1

PROCEDURAL HISTORY ......................................................................2

A.     2

B.     3

C.     4

D.     5

STATEMENT OF FACTS .......................................................................6

STATEMENT OF QUESTIONS INVOLVED ..........................................8

ARGUMENT..........................................................................................9

I.     9

    A.     10

    B.     11

        1.     12

        2.     13

        3.     14

    C.     15

    D.     17

II.     19

    A.     21

    B.     22

    C.     23

III.     24

    A.     25

B.    27

IV.   31

V.   33

VI.   35

CONCLUSION..............................................................................................35

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) .......................................... 30, 32

*Allegheny Gen. Hosp. v. Philip Morris, Inc.*,
   228 F.3d 429 (3d Cir. 2000) .......................................... 34

*Anza Tech., Inc. v. Mushkin, Inc.*,
   934 F.3d 1359 (Fed. Cir. 2019) .......................................... 13, 18

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) .......................................... 26

*Arunachalam v. Apple, Inc.*,
   806 F. App'x 977 (Fed. Cir. 2020) .......................................... 27

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................... 24, 25

*AstraZeneca AB v. Apotex Corp.*,
   782 F.3d 1324 (Fed. Cir. 2015) .......................................... 10

*Averill v. Jones*,
   No. 12-599, 2019 WL 3804686 (D. Del. Aug. 13, 2019) .......................................... 14, 16

*BearBox LLC v. Lancium LLC*,
   125 F.4th 1101 (Fed. Cir. 2025) .......................................... 33

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................... 24

*Bench Walk Lighting LLC v. LG Innotek Co.*,
   530 F. Supp. 3d 468 (D. Del. 2021) .......................................... 29

*Best Med. Int'l, Inc. v. Accuray, Inc.*,
   No. 10-1043, 2010 WL 5053919 (W.D. Pa. Dec. 2, 2010) .......................................... 28, 29, 32

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141 (1989) .......................................... 33

*Bonutti Skeletal Innovations, LLC v. Globus Med. Inc.*,
    No. 14-6650, 2015 WL 3755223 (E.D. Pa. June 15, 2015)      24

*Bos. Sci. Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019)      29

*Britt v. Arvanitis*,
    590 F.2d 57 (3d Cir. 1978)      17

*Catanzaro v. Walmart, Inc.*,
    No. 24-1247, Dkt. No. 9 (3d Cir. July 12, 2024)      3

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015)      28

*CR Bard, Inc. v. Advanced Cardiovascular Sys.*,
    911 F. 2d 670 (Fed. Cir. 1990)      32

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017)      19, 20, 21, 23

*Cupp v. Cnty. of Lycoming*,
    No. 20-1784, 2021 WL 4478304 (M.D. Pa. Sep. 30, 2021)      26

*Davis v. Pennsylvania Dep't of Corr.*,
    No. 16-515, 2019 WL 6338015 (M.D. Pa. Nov. 6, 2019), *R. & R.*
    *adopted*, 2019 WL 6327813 (M.D. Pa. Nov. 26, 2019)      12, 14

*e-LYNXX Corp. v. InnerWorkings, Inc.*,
    No. 10-2535, 2011 WL 3608642 (M.D. Pa. July 26, 2011), *R. & R.*
    *adopted*, 2011 WL 3608609 (M.D. Pa. Aug. 16, 2011)      29

*In re EMC Corp.*,
    677 F.3d 1351 (Fed. Cir. 2012)      13

*Flanagan v. Martfive, LLC*,
    No. 16-1237, 2017 WL 661607 (W.D. Pa. Feb. 17, 2017)      15, 16

*Garvin v. City of Philadelphia*,
    354 F.3d 215 (3d Cir. 2003)      11, 12, 15, 17

*Golden v. Samsung Elecs. Am., Inc.*,
    No. 23-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024),
    *cert. denied*, 144 S. Ct. 1395 (2024)      25

*Golden v. United States*,
    No. 22-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022)      35

*Goldsmith Assocs., Inc. v. Del Frisco's Rest. Grp., LLC*,
    No. 09-1359, 2009 WL 3172752 (E.D. Pa. Oct. 1, 2009)      35

*Heidary v. Amazon.com, Inc.*,
    No. 24-1580, 2024 WL 4489918 (Fed. Cir. Oct. 15, 2024)      20, 27

*i4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010)      29

*Infinity Comput. Prods., Inc. v. Brother Int'l Corp.*,
    909 F. Supp. 2d 415 (E.D. Pa. 2012)      13

*InterMetro Indus. Corp. v. Capsa Sols., LLC*,
    50 F. Supp. 3d 657 (M.D. Pa. 2014)      29, 35

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
    797 F.3d 1025 (Fed. Cir. 2015)      32

*Krupski v. Costa Crociere S. p. A.*,
    560 U.S. 538 (2010)      15, 16

*Linear Tech Corp. v. Impala Linear Corp.*,
    379 F. 3d 1311 (Fed. Cir. 2004)      28

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019)      32

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
    No. CV 15-438-LPS-CJB, 2015 WL 7833206
    (D. Del. Dec. 3, 2015)      26

*Mills v. Unknown Franchisee*,
    No. 20-566, 2021 WL 5358944 (W.D. Pa. Oct. 13, 2021), *R. & R.
    adopted*, 2021 WL 5397915 (W.D. Pa. Nov. 18, 2021)      11

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
　No. 17-506, 2017 WL 5501489 (D. Del. Nov. 16, 2017), *R. & R.*
　*adopted*, 2018 WL 11182741 (D. Del. Jan. 3, 2018) ..... 27

*nCube Corp. v. Seachange Int'l, Inc.*,
　436 F.3d 1317 (Fed. Cir. 2006) ..... 32

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
　No. 18-307, 2018 WL 5630585 (D. Del. Oct. 31, 2018) ..... 26

*RAH Color Techs. LLC v. Ricoh USA Inc.*,
　194 F. Supp. 3d 346 (E.D. Pa. 2016) ..... 25

*Robocast, Inc. v. Netflix, Inc.*,
　640 F. Supp. 3d 365 (D. Del. 2022) ..... 25, 28

*Samsung Elecs. Co. v. Netlist, Inc.*,
　No. 21-1453, 2022 WL 3027312 (D. Del. Aug. 1, 2022) ..... 18

*Se. Pennsylvania Transp. Auth. v. Gilead Scis., Inc.*,
　102 F. Supp. 3d 688 (E.D. Pa. 2015) ..... 34

*Singletary v. Pennsylvania Dept. of Corr.*,
　266 F.3d 186 (3d Cir. 2001) ..... 15

*Stewart v. Boeing Co.*,
　No. 21-938, 2022 WL 4082113 (W.D. Pa. Sept. 6, 2022) ..... 21, 28

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
　581 U.S. 258 (2017) ..... 19, 20, 21

*Textile Prods., Inc. v. Mead Corp.*,
　134 F.3d 1481 (Fed. Cir. 1998) ..... 31

*Ultra Precision Mfg., Ltd. v. Ford Motor Co.*,
　411 F.3d 1369 (Fed. Cir. 2005) ..... 33

*Vita-Mix Corp. v. Basic Holding, Inc.*,
　581 F.3d 1317,1328 ..... 29, 30

*Westech Aerosol Corp. v. 3M Co., GTA-NHT, Inc.*,
　927 F.3d 1378 (Fed Cir. 2019) ..... 20

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)    19

**Statutes and Rules**

28 U.S.C. § 1400(b)    *passim*

28 U.S.C. § 1406(a)    *passim*

35 U.S.C. § 271(c)    29

35 U.S.C. § 281    31

35 U.S.C. § 286    *passim*

Fed. R. Civ. P. 4(m)    14

Fed. R. Civ. P. 12(b)(3)    2, 8, 19

Fed. R. Civ. P. 12(b)(6)    9, 21, 24

Fed. R. Civ. P. 12(b)(1)    9, 32

Fed. R. Civ. P. 15    1, 15

Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii)    16

## INTRODUCTION

The Court should dismiss Plaintiff's Fifth Amended Complaint for three independent reasons.  First, it is untimely:  even if the Moving Defendants made, used, or sold any product that plausibly infringed the '959 patent (they did not), 35 U.S.C. § 286 bars Plaintiff from recovering any damages in this case due to the six-year statutory limit on recovery under 35 U.S.C. § 286.  The sole asserted patent in this action expired in 2016.  Plaintiff filed this case against Walmart in 2022, just 57 days before the close of the six-year damages window.  But Plaintiff did not name or make any allegation against Google LLC, YouTube, LLC, Apple Inc., or Mozilla Corporation (collectively, "Moving Defendants") until the Third Amended Complaint, filed in August 2024—more than *eight years* after the patent expired.  Plaintiff did not serve the Moving Defendants with the Third Amended Complaint until 2025, and they could not have anticipated any claim against them from the original complaint.  Because Plaintiff's new claims against the Moving Defendants are time-barred, and because Plaintiff has not met any of the requirements of Rule 15, the Court should dismiss this action.

The Fifth Amended Complaint fails for a separate reason:  Plaintiff cannot proceed against the Moving Defendants in this District, as venue is improper here.  None of the Moving Defendants have a regular and established place of business in the Middle District of Pennsylvania.  Plaintiff does not allege—because he

1

cannot—that any of the Moving Defendants are residents of the District.  This

Court should therefore dismiss all claims against the Moving Defendants under

Rule 12(b)(3), 28 U.S.C. §§ 1400(b), and 1406(a).

Finally, even if Plaintiff's claims were timely and venue was proper in this

District, the Fifth Amended Complaint recites conclusory, legally deficient claims

against the Moving Defendants based on alleged "systemic patent infringement"

that Moving Defendants allegedly "facilitate" by search platforms and websites.

Plaintiff does not assert any allegations that could give rise to liability for the

Moving Defendants for alleged patent infringement of the '959 patent, let alone

unidentified other "patents" Plaintiff does not own.

Any one of these deficiencies is independent grounds for dismissal with

prejudice.  Plaintiff has now amended his complaint five times, and yet recites only

broad and conclusory allegations, which, even if true, would not give rise to any

viable claim for relief.  Thus, the Court should dismiss Plaintiff's claims against

the Moving Defendants with prejudice.

## **PROCEDURAL HISTORY**

### A.    **Plaintiff Initiates This Action Against Walmart in 2022**

Asserted U.S. Patent No. 7,653,959 (the "'959 patent") expired on

December 30, 2016.  Dkt. Nos. 2, 71.  On November 3, 2022, Plaintiff David J.

Catanzaro initiated this action by filing a complaint against Walmart Stores, Inc.,

Maya Group Inc., and Does 1 through 50, asserting infringement of his expired '959 patent.  Dkt. No. 1.  Since filing the case in 2022, Plaintiff has continued to add or change the identities of the named defendants.  On March 23, 2023, Plaintiff amended his complaint to name Walmart Stores, Inc., Spin Master, Ltd., and Does 1–50.  Dkt. No. 10.  He again amended to identify Walmart, Inc. and Walmart.com, while maintaining Does 1–50 as defendants.  Dkt. No. 16.  These Walmart Defendants were dismissed on August 2, 2023.  Dkt. No. 23.

## B.    Plaintiff Fails to Name Does 1–50, Leading to Dismissal and Appeal

On August 10, 2023, the Court ordered Plaintiff to identify Does 1–50, stating that "[f]ailure to do so will result in this matter being dismissed."  Plaintiff failed to do so, and the Court dismissed this action.  Dkt. No. 24.  Plaintiff moved for reconsideration of that order, which was denied.  Dkt. Nos. 25, 26.  Plaintiff appealed to the Third Circuit, arguing that he had not received this Court's August 10, 2023, order due to "mail delivery issues" that resulted in his failure to meet the court-imposed deadline.  Dkt. No. 28 ¶ 2.  The Third Circuit vacated and remanded for the Court to "consider, in the first instance, whether Catanzaro's motion, properly construed as a motion for an extension of time, should be granted." *Catanzaro v. Walmart, Inc*., No. 24-1247, Dkt. No. 9 at 4 (3d Cir. July 12, 2024).  On July 12, 2024, the Court granted Plaintiff's motion, construed as an

3

extension of time, ordering that he identify Does 1–50 by August 12, 2024. *Id.*, Dkt. No. 31 (M.D. Pa. July 12, 2024).

### C.  Plaintiff Files a Third Amended Complaint, Naming New, Unaffiliated Corporations as Defendants

On August 9, 2024, nearly two years after filing his original complaint, Plaintiff filed a Third Amended Complaint, for the first time naming a dozen corporations as defendants:  Transform SR Brands LLC, Kmart, kmart.com, Sears, sears.com, STL Pro, Inc., totalhill.com, Lykart Technologies LLC, GrowKart, Poshmark Inc., Target Corporation, target.com, Microsoft Corporation, Alphabet Inc., Google LLC ("Google"), YouTube, LLC ("YouTube")[1], Apple Inc. ("Apple"), and Mozilla Corporation ("Mozilla").[2]  Dkt. No. 33.  Plaintiff does not allege any relationship between the newly identified companies and any original defendant.  The Moving Defendants were not served the Third Amended

---

[1] The complaint erroneously lists "YouTube.com" as a party.  YouTube.com is an online video sharing platform owned and operated by Google; it is not a corporate entity.  Although the Court could dismiss Plaintiff's claims against YouTube.com for this additional reason, YouTube, LLC assumes for the purposes of this motion to dismiss that Plaintiff intended to name YouTube, LLC as the defendant in his Third and subsequent amendments.

[2]  Plaintiff's proposed Fourth Amended Complaint dropped Transform SR Brands LLC, Kmart, kmart.com, Sears, sears.com, STL Pro, Inc., and totalhill.com, as parties.  Dkt No. 50.  On March 17, 2025, the Court granted a joint motion to dismiss Alphabet, Inc. from this action.  Dkt. Nos. 63, 66.  On May 16, 2025, Plaintiff dismissed Poshmark Inc. and Target.com by stipulation.  Dkt. Nos. 102, 103. On June 6, 2025, Plaintiff dismissed Microsoft Corporation by stipulation.  Dkt. No. 108.

Complaint until 2025:  Apple was not served the Third Amended Complaint until February 28, 2025 (Dkt. No. 78 ¶ 1); Google and YouTube were not served the Third Amended Complaint until January 28, 2025 (Dkt. No. 41 ¶ 1); and Mozilla was not served the Third Amended Complaint until February 24, 2025 (Dkt. No. 62 ¶ 1).

**D.    Plaintiff Files a Fourth and Fifth Amended Complaint, Adding New Claims and Theories Concerning Failure to Prevent Third-Party Patent Infringement**

On March 4, 2025, before the time for the defendants to respond, Plaintiff filed motions for leave to file a Fourth Amended Complaint.  Dkt. Nos. 49, 50, 51. The proposed Fourth Amended Complaint alleged patent infringement against the Moving Defendants based on "advertising, aiding in advertising" or "aiding in the sale" of infringing products.  Dkt. No. 50 ¶¶ 28-29.  The proposed Fourth Amended Complaint added theories of infringement against the newly added defendants based on their alleged "enabling users to search, advertise, and promote the infringing products" or "intentionally fail[ing] to block infringing product listings" by "facilitat[ing] influencers in reviewing and promoting the infringing products, driving sales and expanding infringement."  Dkt. No. 52 ¶¶ 31-34. Plaintiff made none of these allegations in any prior complaints.

On March 7, 2025, two days after filing his Fourth Amended Complaint, Plaintiff filed another motion for leave, this time to file a Fifth Amended

Complaint.  Dkt. No. 53.  The Fifth Amended Complaint adds new claims for alleged "systemic" infringement based on "willful blindness" of unidentified patents not owned by Plaintiff, on the theory that certain defendants fail "to take adequate measures to prevent infringement" by third parties using platforms such as Google Search.  Dkt. No. 71 ¶ 41; *see also id.* ¶¶ 36-37.  The Fifth Amended Complaint became the operative complaint on March 17, 2024.  Dkt. No. 71 ("Fifth Amend. Compl.").[3]

## STATEMENT OF FACTS

The asserted '959 patent is generally directed towards "[a]n assembly comprising a toothbrush having a first and second end.  A stand in the shape of a pair of feet retains the brush in a vertical position when the stand is placed on a horizontal surface."  Fifth Amend. Compl., Ex. A (Abstract), Figs. 1-3.  The '959 patent issued on February 2, 2010, and expired on December 30, 2016.  *See* Fifth Amend. Compl. ¶ 3.  Plaintiff originated this action *pro se* in 2022, just barely shy of the six-year limitation on damages for patent infringement.  Dkt. No. 1.  Plaintiff summarily accuses "Orbeez Crush Cruskins Pets, Orbeez Crush Crushkins Safari, Orbeez Crush Crushkins Farmland Animals and assorted product lines" of infringing the '959 patent.  *Id.* ¶ 28.  Neither the original or Fifth Amended

---

[3] Plaintiff filed errata to the Fifth Amended Complaint on March 12 and 17. Dkt. Nos. 58 & 84.

Complaint—nor any intervening amendments—attempt to map any element of the '959 patent against any product, or identify whether or when anyone sold an accused Orbeez product during the time for which Plaintiff could recover damages, between November 3, 2016, and December 30, 2016.



The Fifth Amended Complaint alleges seven counts: direct infringement (I), contributory infringement (II), "Willful Blindness" (III), induced infringement (IV), unjust enrichment (V), "General Allegations of Systemic Contributory Infringement" (VI), and "Technological Advancements and the Lagging of Patent Law" (VII). *See generally* Fifth Amend. Compl. The Fifth Amended Complaint lacks any facts to support any allegation that the Moving Defendants make, use, offer to sell, or sell any of the accused Orbeez products. Instead, Plaintiff now seeks redress for third-party infringement of patents *in general*, based on wide-ranging allegations against Moving Defendants because they allegedly "provide essential tools and platforms that enable and facilitate widespread patent infringement by third parties," *id.* ¶ 49, including

- "systematically facilitated influencers in reviewing and promoting infringing products";
- "promotes and lists infringing products across a wide range of patented technologies";

7

- "deliberate exclusion of AI-driven tools capable of scanning the PTO patent gazettes" to "identify[] potential infringements";
- "lack of algorithms designed to flag and remove product listings that match the claims of valid patents";
- "failure to implement proactive monitoring systems that would detect and prevent the sale of infringing products";
- "enabl[e] users to search, advertise, and promote infringing products on a systemic basis";
- "intentionally fail[] to block infringing product listings"; and
- "fail[] to take adequate measures to prevent infringement."

Fifth Amend. Compl. ¶¶ 31, 33-34, 36, 41, 49, 50.  The Fifth Amended Complaint concludes, without any factual support, that the Moving Defendants benefit from "increased advertising revenue, user engagement, and platform traffic generated by the sale and promotion of infringing products across a wide range of patented inventions" other than the purported footed-toothbrush invention of Plaintiff's own expired '959 patent.  *Id*. ¶ 44.

## STATEMENT OF QUESTIONS INVOLVED

1.    Whether all claims against the Moving Defendants should be dismissed because Plaintiff is statutorily barred under 35 U.S.C. § 286 from seeking damages for patent infringement more than six years after expiration of the '959 patent.

2.    Whether all claims against Moving Defendants should be dismissed for improper venue under 28 U.S.C. §§ 1400(b), 1406(a) and Federal Rule of Civil Procedure 12(b)(3).

8

3.      Whether all claims for patent infringement, direct and indirect, against the Moving Defendants should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

4.      Whether all claims for "unjust enrichment" based on alleged "systemic contributory infringement" by the Moving Defendants should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and (6).

## ARGUMENT

### I.      The Fifth Amended Complaint is Barred by the Patent Act's Statute of Limitations

Plaintiff filed the original complaint in this action on November 3, 2022, with just shy of two months remaining in the six-year window for damages on the '959 patent, which expired on December 30, 2016.  Dkt. No. 1; *see* 35 U.S.C. § 286 ("Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.").  The original complaint named only two defendants—Walmart Stores, Inc. and Maya Group Inc.—and alleged only two claims:  declaratory judgment of patent infringement and patent infringement.  Dkt. No. 1 ¶¶ 12-19.  The original complaint contained no allegations concerning any Moving Defendant and so no Moving Defendant could have foreseen being named in this action.  Plaintiff's first and second Amended

9

Complaints, both filed in 2023, likewise contained no such allegations. *See generally* Dkt. Nos. 10, 15.

Nearly two years later, on August 9, 2024, Plaintiff filed the Third Amended Complaint, which added new infringement allegations against eighteen previously unnamed parties, including the Moving Defendants, purporting to replace "Does 1-50" with these unaffiliated companies. Dkt. No. 33. The Third Amended Complaint was the first time Plaintiff alleged infringement by the Moving Defendants, or even mentioned them. Plaintiff has since amended his complaint two additional times, each time adding new allegations against these new defendants, including Moving Defendants, to "expand the legal theories with respect to contributory infringement and willful blindness" relating specifically to newly added parties. Dkt. No. 49 at 2. Plaintiff filed the operative Fifth Amended Complaint on March 17, 2025, adding yet further claims against the newly added parties to "incorporate claims of inducement infringement and unjust enrichment" as Counts IV and V. Dkt. No. 53 at 2; *see also* Dkt. No. 53-2.

## A.     The Fifth Amended Complaint is Untimely

Because they were filed almost eight years after expiration of the '959 patent, each of Plaintiff's claims for patent infringement against each of the Moving Defendants, whether direct or indirect, willful or otherwise, is barred by the six-year limitation on damages set by 25 U.S.C. § 286. *See AstraZeneca AB v.*

*Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015) ("there can be no infringement once the patent expires" and "damages cannot include activities that do not constitute patent infringement") (citations omitted). The Fifth Amended Complaint is thus untimely against the Moving Defendants unless it relates back to the originally filed complaint against Walmart and Maya—it does not.

## B.     The Claims Against the Moving Defendants Do Not Relate Back to the Original Complaint

"Where the statute of limitations has expired, a plaintiff may only add a new claim or name a new party if the plaintiff demonstrates that the new claim or party relates back to the filing date of the original complaint." *Mills v. Unknown Franchisee*, No. 20-566, 2021 WL 5358944, at *3 (W.D. Pa. Oct. 13, 2021), *R. & R. adopted*, 2021 WL 5397915 (W.D. Pa. Nov. 18, 2021) (Ex. 1); *see also Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). For claims to relate back against a new party, a plaintiff must satisfy three conditions:

(1)    the claim against the newly named defendants arose out of the conduct, transaction, or occurrence set forth in the original complaint;

(2)    the newly named defendants received such notice of the action within 90 days after the complaint was filed that they will not be prejudiced in maintaining a defense on the merits; and

(3)    within 90 days after the complaint was filed, the newly named defendants knew, or should have known, that but for a mistake concerning their identities, the action would have been brought against them in the first place.

11

*Davis v. Pennsylvania Dep't of Corr.*, No. 16-515, 2019 WL 6338015, at *9

(M.D. Pa. Nov. 6, 2019) (citing *Garvin*, 354 F.3d at 222), *R. & R. adopted*, 2019

WL 6327813 (M.D. Pa. Nov. 26, 2019) (Ex. 2).  Plaintiff cannot meet any of these

requirements, and the Court should therefore dismiss this action.

### 1. Plaintiff's Allegations Against New Defendants Do Not Concern the "Same Conduct, Transaction, or Occurrence" as the Original Infringement Allegations Against Walmart or Maya Group

Plaintiff's original complaint alleged, in boilerplate, that Walmart and Maya

Group infringed the '959 patent by "offering for sale and selling the Orbeez Crush

Cruskins [sic] Pets product along with other similar assorted product lines after

February 2, 2010."  Dkt. No. 1 ¶ 16.  The Fifth Amended Complaint alleges direct

and indirect infringement by wholly unrelated parties, including the Moving

Defendants.  Plaintiff does not allege any relationship between Walmart and Maya

Group and any newly added defendant.  Nor does the Fifth Amended Complaint

set forth any theory of direct infringement by any Moving Defendant that involves

or relates to Walmart or Maya Group.  Instead the Fifth Amended Complaint

alleges that each of these newly added parties *also* infringe the '959 patent by

"manufacturing" or "offering for sale" the accused Orbeez Crush products or by

"advertising" or "aiding in advertising" of these products.  Fifth Amend.

Compl. ¶¶ 28-29.[4]  But alleged infringement is not enough.  Even assuming that

the original complaint set forth a viable infringement claim against Walmart or

Maya Group, "claims of infringement of the same patent by independent parties,

without more, are not part of the same transaction or occurrence."  *In re EMC*

*Corp.*, 677 F.3d 1351, 1357 (Fed. Cir. 2012); *see also Infinity Comput. Prods., Inc.*

*v. Brother Int'l Corp.*, 909 F. Supp. 2d 415, 418 (E.D. Pa. 2012).[5]

### 2. Plaintiff's Allegations Against New Defendants Do Not Arise Out Of the "Same Conduct, Transaction, or Occurrence" as the Original Infringement Allegations Against Walmart or Maya Group

The Fifth Amended Complaint also adds new claims for indirect

infringement and "unjust enrichment" premised on broad allegations concerning

Moving Defendants' "modern digital platforms" like search engines and websites.

*E.g.*, Fifth Amend. Compl. ¶¶ 38-61.  According to the Fifth Amended Complaint,

the Moving Defendants allegedly infringe not only the expired '959 patent, which

Plaintiff owns, but also other, unidentified "patents" by engaging in a wide range

of conduct, including "systematically facilitated influencers in reviewing and

---

[4] The Fifth Amended Complaint does not identify which infringement allegations apply to which of the newly added defendants; the Court can and should dismiss this action on this basis alone.  *See infra* § III.A.

[5] "The determination of whether newly alleged infringement claims relate back to the original complaint turns on 'an analysis of the accused acts of infringement'" and is accordingly "governed by Federal Circuit law."  *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1366 (Fed. Cir. 2019).

promoting infringing products," "deliberate exclusion of AI-driven tools capable of scanning the PTO patent gazettes [to] identify[] potential infringements," "lack of algorithms designed to flag and remove product listings that match the claims of valid patents," and "failure to implement proactive monitoring systems that would detect and prevent the sale of infringing products." Fifth Amend. Compl. ¶¶ 33-34, 36, 49, 50. The original complaint contained no allegations about "modern digital platforms," "influencers," "algorithms" or "AI-driven tools." *See generally* Dkt. No. 1. As with direct infringement, the Fifth Amended Complaint does not— and cannot—attempt to connect the sale of any product by Walmart or Maya Group to any of these alleged actions or inactions.

### 3. Plaintiff Cannot Establish That the Moving Defendants Received Notice of This Action Within the Period Under Rule 4(m) to Serve the Summons and Complaint

Even if the allegations against newly added defendants in the Fifth Amended Complaint arose out of the same conduct, transaction, or occurrence as the original pleading—which they do not—Plaintiff does not and cannot allege that the Moving Defendants had the requisite notice of this action to relate back to the original complaint. *Davis*, 2019 WL 6338015, at *9. "Plaintiff has the burden of showing that the [new defendants] had notice of the institution of the suit." *Averill v. Jones*, No. 12-599, 2019 WL 3804686, at *4 (D. Del. Aug. 13, 2019) (Ex. 3); *see also*

14

*Flanagan v. Martfive, LLC*, No. 16-1237, 2017 WL 661607, at *3 (W.D. Pa. Feb. 17, 2017) (Ex. 4).

None of the Moving Defendants were served with any complaint in this action until well after the required time for service. Substitution of Doe defendants requires Plaintiff to meet the notice and service requirements of Rule 15. *See Garvin*, 354 F.3d at 222; *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 203 (3d Cir. 2001). Nothing in the original complaint against Walmart and Maya could conceivably have put the unaffiliated Moving Defendants on notice of any claim (*see supra* § I.B.3); the original complaint does not mention them. And Plaintiff did not serve the Moving Defendants for more than two years after he filed the original complaint. Permitting relation back under these circumstances would prejudice the Moving Defendants in violation of Rule 15. *See Singletary*, 266 F.3d at 194 n.3, 195 ("Prejudice and notice are closely intertwined in the context of Rule 15(c)(3), as the amount of prejudice a defendant suffers under 15(c)(3) is a direct effect of the type of notice he receives.").

### C.     Plaintiff Cannot Establish That the Moving Parties Knew or Should Have Known This Action Would Have Been Brought Against Them "But for a Mistake Concerning the Identity of the Proper Party"

"[R]elation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*,

560 U.S. 538, 541 (2010).  The Moving Defendants did not know, nor should they have known, Plaintiff's allegations for infringing the '959 patent would have been brought against them "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).  The original complaint contains no allegations concerning the "Doe" defendants, let alone allegations that would or could implicate unaffiliated companies such as the Moving Defendants.  *See* Dkt. No. 1. Plaintiff does not and cannot allege that the Moving Defendants received constructive notice:  the original complaint alleges infringement of a patent concerning an article with "[a] stand in the shape of a pair of feet" ('959 patent, Abstract) against retailers on the basis of their sale of the accused Orbeez Crush products, which are manufactured by a third party.  There was no reason for the Moving Defendants to think that patent infringement allegations for the '959 patent, which describes an "assembly comprising a toothbrush," would be brought against them.  There was "nothing in the initial pleading suggesting that" the Moving Defendants were "intended part[ies]" to this action.  *Krupski*, 560 U.S. at 552.  "It defies logic that a complaint devoid of specific allegations against 'Doe' defendants could be said to put individuals on notice such that they should have known they would have been named but for a mistake."  *Averill*, 2019 WL 3804686, at *5; *see also Flanagan*, 2017 WL 661607, at *4.

16

Finally, there is no plausible basis on which the Court could conclude that Plaintiff made a mistake in failing to name the Moving Defendants in the original complaint or subsequent complaints until 2024: to the extent their alleged conduct of providing widely known search and web platforms could bear any relationship to the alleged infringement in the original complaint, Plaintiff could and should have "discovered the name of the [added parties] within the time period required." *Garvin*, 354 F.3d at 228 (upholding finding that allegations were time barred where Plaintiff could have discovered the name of the arresting officer they sought to add as a party to the case); *see also Britt v. Arvanitis*, 590 F.2d 57, 59 (3d Cir. 1978) (upholding decision that "the amendment did not relate back to the date the original complaint was filed . . . because the amendment replacing John Doe with Ethicon, Inc. effectively introduced a new party to the action and the notice provisions of Fed. R. Civ. P. 15(c) which allow relation back of an amendment in such circumstances were not met").

### D.    New Claims Concerning "Systemic" Infringement of Unidentified Patents Cannot Relate Back to the Original Complaint

The original complaint asserted infringement of the '959 patent alone. Dkt. No. 1. The Fifth Amended Complaint adds unrelated allegations of "widespread patent infringement" on a "systemic" and "large-scale basis." *Id*. ¶¶ 48-49. It asserts unjust enrichment and contributory infringement claims that "are not limited to the '959 patent" but rather extend "beyond the specific

17

claims related to the '959 patent and encompasses and/or has the capability to encompass, a broad range of patented inventions." *Id.* ¶¶ 35, 52; *see also id.* ¶ 41 ("these Defendants intentionally induce their users and sellers to directly infringe patents on a systemic basis.").

Even if Plaintiff had identified what additional patents he believes the Moving Defendants infringe, these newly alleged claims are not "part and parcel of the original controversy" and there is no "logical relationship" between the alleged "design and operation of their search engines and related platforms" and Plaintiff's original claims concerning retail sale of the accused Orbeez Crush products. *See Anza Tech.*, 934 F.3d at 1369. Having failed to identify any other patents, Plaintiff cannot establish any overlap between parties, products, technology, or anything else that might "suggest a commonality or lack of commonality between the two sets of claims.'" *Samsung Elecs. Co. v. Netlist, Inc.*, No. 21-1453, 2022 WL 3027312, at *4 (D. Del. Aug. 1, 2022) (quoting *Anza Tech.*, 934 F.3d at 1369) (Ex. 5). "[I]t is improbable that allegations regarding different products, involving different patents, would have a common core of operative facts." *Anza Tech.*, 934 F.3d at 1372-73.

Because Plaintiff is precluded from recovering damages for patent infringement under 35 U.S.C. § 286, and because no amendment can cure this deficiency, the Court should dismiss the Fifth Amended Complaint with prejudice.

## II.    Venue is Improper in this District

Should the Court find that any claim in this action is not barred under 35 U.S.C. § 286, it should nevertheless dismiss the complaint in its entirety, as venue is improper in this District as to any Moving Defendant.  "[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue."  *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013-14 (Fed. Cir. 2018).  Plaintiff cannot meet that burden here, because none of the Moving Defendants reside or have a regular and established business in the Middle District of Pennsylvania under 28 U.S.C. § 1400(b).  This District is therefore an improper venue for all Moving Defendants, and the Court should dismiss the Fifth Amended Complaint under 28 U.S.C. §§ 1400(b), 1406(a), and Federal Rule of Civil Procedure 12(b)(3).

A district court must dismiss "a case laying venue in the wrong division or district."  28 U.S.C. § 1406(a).  Venue in patent cases is governed by 28 U.S.C. § 1400(b), which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in

patent infringement actions" (quotation omitted)).  For purposes of § 1400(b), a defendant corporation "'resides' only in its State of incorporation." *TC Heartland*, 581 U.S. at 262.  It is undisputed that none of the Moving Defendants reside in the Middle District of Pennsylvania.  *See* Fifth Amend. Compl. ¶¶ 5, 6, 10-11.

Nor do any of the Moving Defendants have a regular and established place of business in the Middle District of Pennsylvania.  To have a regular and established place of business in a particular district sufficient for venue purposes, the defendant must (1) have "a physical place in the district" "from which the business of the defendant is carried out," (2) the business must be "for a meaningful time period be stable, established," and (3) the place must be "the place of the defendant," rather than, for example, "solely a place of the defendant's employee." *Cray*, 871 F.3d at 1362-63.  To establish venue under the second prong of 1400(b), Plaintiff has the "burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district." *Westech Aerosol Corp. v. 3M Co., GTA-NHT, Inc.*, 927 F.3d 1378, 1382 (Fed Cir. 2019).

Because Plaintiff cannot establish that any of the Moving Defendants reside or have a "regular and established place of business" in this District, the Court must dismiss this action for improper venue. *See Heidary v. Amazon.com, Inc.*, No. 24-1580, 2024 WL 4489918, at *2 (Fed. Cir. Oct. 15, 2024) (affirming

dismissal of *pro se* complaint for improper venue where "the district court correctly determined that [*pro se* plaintiff] pleaded no facts and otherwise made no showing that [defendant] has a physical place of business in" the district) (Ex. 6); *Stewart v. Boeing Co.*, No. 21-938, 2022 WL 4082113, at *3 (W.D. Pa. Sept. 6, 2022) (dismissing *pro se* complaint for improper venue under § 1400(b)) (Ex. 7). No amendment of the complaint can establish venue, so the Court should dismiss Plaintiff's claims against the Moving Defendants with prejudice.[6]

### A.    Google and YouTube Must Be Dismissed for Improper Venue

Both Google and YouTube are, and have always been, organized in Delaware.[7]  Cotto Decl. ¶¶ 5-6.[8]  Both Google and YouTube are headquartered in California.  *Id.* ¶¶ 3-4.  Plaintiff cannot establish venue based on Google or YouTube residing in this District.

The Fifth Amended Complaint includes no allegations that Google or YouTube have any place of business or any physical location in this District.  *See*

---

[6] The Court has discretion to transfer, in the alternative to dismissal, "if it be in the interest of justice." *Cray*, 871 F.3d at 1357.  Here, justice requires dismissal, not transfer:  even if it had been brought in a proper venue, this action is time-barred (see *supra* § I) and fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Rather than require another court or courts to make parallel rulings on inviable claims, the Court should dismiss this action.

[7] Plaintiff incorrectly alleges that both Google and YouTube are organized in California.  Fifth Amend. Compl. ¶¶ 5-6.  The *TC Heartland* analysis would be unchanged even if Plaintiff were correct.

[8] Declaration of Millicent Cotto ("Cotto Decl."), filed contemporaneously herewith.

Fifth Amend. Compl. ¶ 2.  And Plaintiff could not plead the necessary facts, because they do not exist.  Google and YouTube's headquarters and principal places of business are located in the Northern District of California.  Cotto Decl. ¶¶ 3-4.  When the Fifth Amended Complaint was filed, Google and YouTube did not own or lease any office space, retail space, or other real property in the Middle District of Pennsylvania, and they still do not.  Cotto Decl. ¶¶ 7-9.  As a result, Google and YouTube also have no employees who work at any Google offices in this District.  The only office space that Google or YouTube own or lease in Pennsylvania is Google office space in Pittsburgh, Pennsylvania, located in the Western District.  Cotto Decl. ¶ 10.  Because Plaintiff cannot establish any "regular and established place of business" in this District, Google and YouTube respectfully request that the Court dismiss this action for improper venue.

## B.    Apple Must Be Dismissed for Improper Venue

The Fifth Amended Complaint fails to allege either that Apple is a resident of Pennsylvania or that Apple has a regular and established place of business in this District (much less that Apple has committed acts of infringement in this District (*infra* §§ III-IV)).

As an initial matter, the Fifth Amended Complaint alleges that Apple is a resident of California.  Fifth Amend. Compl. ¶ 10.  It recites:  "Upon information and belief, Apple Inc. is a California company with a principal place of business at

One Apple Park Way; Cupertino, CA 95014." *Id.*; *see also* Currie Decl. ¶¶ 3-4.[9] These allegations do not establish or allege that Apple is a resident of this District as of the filing of the Fifth Amended Complaint or now.

Moreover, the Fifth Amended Complaint does not allege that Apple has a regular and established place of business in the Middle District of Pennsylvania. In fact, Apple does not. *See* Currie Decl. ¶ 7. While Apple has retail stores in Pennsylvania, none are located in this District. *Id.* ¶ 5. Moreover, there is only one corporate Apple office in Pennsylvania, located in Pittsburgh, which is outside of this jurisdiction. *See id.* ¶ 6.

Apple is not a resident of this District and does not have a "physical place in the district" to support venue under § 1400(b). *Cray*, 871 F.3d at 1362. The Fifth Amended Complaint against Apple should therefore be dismissed. *See* 28 U.S.C. § 1406(a).

### C.    Mozilla Must Be Dismissed for Improper Venue

The Fifth Amended Complaint fails to allege either that Mozilla is a resident of Pennsylvania or that Mozilla has a regular and established place of business in this District. The Fifth Amended Complaint alleges that Mozilla is a California Corporation with a principal place of business in San Francisco, California. Fifth

---

[9] Declaration of Matt Currie ("Currie Decl."), filed contemporaneously herewith.

Amend. Compl. ¶ 11.  These allegations do not establish or allege that Mozilla is a resident of this District, nor could they.  Mozilla was incorporated in California in 2005.  Nazer Decl. ¶ 3.[10]  Mozilla has been headquartered in the Northern District of California since its establishment in 2005.  It has been headquartered in Mountain View, California, from 2005 to 2020, and in San Francisco, California, since 2020, both in the Northern District of California.  *Id.* ¶ 4.  Mozilla does not have a presence in this District.  Mozilla does not own or lease any office space, retail space, or other real property in the Middle District of Pennsylvania, and has no offices here.  *Id.* ¶ 6.  The Fifth Amended Complaint against Mozilla should therefore be dismissed.  *See* 28 U.S.C. § 1406(a).

## III.    The Complaint Fails to State a Claim for Direct or Indirect Infringement of the '959 Patent

If the Court concludes that the Fifth Amended Complaint relates back to the original complaint, and that venue is proper in this District, the Court should nevertheless dismiss this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bonutti Skeletal Innovations,*

---

[10] Declaration of Daniel Nazer ("Nazer Decl."), filed contemporaneously herewith.

*LLC v. Globus Med. Inc.*, No. 14-6650, 2015 WL 3755223 (E.D. Pa. June 15,

2015) (Ex. 8).  The complaint must "assert more than 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action.'"  *RAH Color Techs. LLC

v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016) (quoting *Iqbal*, 556

U.S. at 678).  A complaint alleging patent infringement must give "the defendant

fair notice of what the infringement claim is and the ground upon which it rests."

*Robocast, Inc. v. Netflix, Inc.*, 640 F. Supp. 3d 365, 368 (D. Del. 2022) (internal

citations and quotations omitted).  Although *pro se* complaints are "held to 'less

stringent standards than formal pleadings drafted by lawyers,'" even "a *pro se*

plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6),"

including the *Twombly*/*Iqbal* standard.  *Golden v. Samsung Elecs. Am., Inc.*, No.

23-2120, 2024 WL 539973, at *2 (Fed. Cir. Feb. 12, 2024), *cert. denied*, 144 S. Ct.

1395 (2024) (Ex. 9) (quotations omitted).

### A.    Plaintiff Fails to Allege Direct Infringement of the '959 Patent

The Fifth Amended Complaint alleges that all defendants infringe the '959

patent

> by manufacturing, having manufactured, importing, using, advertising,
> aiding in advertising, offering for sale, aiding in the sale and/or selling
> products that embody and/or practice the patented invention, known as
> Orbeez Crush Cruskins [sic] Pets, Orbeez Crush Crushkins Safari, Orbeez
> Crush Crushkins Farmland Animals and assorted product lines after
> February 2, 2010 throughout the enforcement term of the '959 patent.

Fifth Amend. Compl. ¶ 28; *see also id*. ¶¶ 29-30.  As the Court has observed,

Plaintiff's direct infringement claim contains only "generalized allegations against

the defendants as a whole, and do not allege with any particularity what facts apply

to whom."  Dkt. No. 110 at 2.  "Group pleading such as this, lumping [seven]

defendants together without setting forth what each particular defendant is alleged

to have done, is impermissibly vague."  *Cupp v. Cnty. of Lycoming*, No. 20-1784,

2021 WL 4478304, at *5 (M.D. Pa. Sep. 30, 2021) (Ex. 10); *see also Promos*

*Techs., Inc. v. Samsung Elecs. Co.*, No. 18-307, 2018 WL 5630585, at *3 (D. Del.

Oct. 31, 2018) (Ex. 11) ("Rule 12(b)(6) requires a complaint alleging infringement

against multiple defendants to 'adequately identif[y] specific infringing acts' of

each defendant.") (quoting *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. 15-

438, 2015 WL 7833206, at *3-4 (D. Del. Dec. 3, 2015) (Ex. 12)).  Allegations that

fail to establish "which Defendant took which infringing action to make a plausible

claim," are insufficient.  *Promos Techs.*, 2018 WL 5630585 at *3; *see also Artrip*

*v. Ball Corp.*, 735 F. App'x 708, 714 n.4 (Fed. Cir. 2018) (the "plausibility

standard applies to direct infringement claims.").

  Here, Plaintiff fails to identify which, if any, defendants allegedly sold any

accused Orbeez Crush products, whether any of those sales allegedly occurred

within the brief damages window, or how any accused Orbeez Crush products

allegedly meet any element of any claim of the '959 patent.  Where a complaint

includes "overly broad allegations" or fails to "specifically allege how [the accused products] (or platform) actually infringes" the asserted patent, the Court should dismiss it. *Arunachalam v. Apple, Inc.*, 806 F. App'x 977, 981 (Fed. Cir. 2020); *see also N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) ("There needs to be *some facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so.") (emphasis in original), *R. & R. adopted*, 2018 WL 11182741 (D. Del. Jan. 3, 2018) (Ex. 13).  Because Plaintiff fails to "articulate *why* it is plausible that the accused product infringes the patent claim," let alone who sold any accused product, or when, he has failed to set forth a viable direct infringement claim against anyone. *Heidary*, 2024 WL 4489918, *4 (emphasis in original) (affirming dismissal of *pro se* infringement complaint).

### B.    Plaintiff Fails to Allege Indirect or Willful Infringement of the '959 Patent

For Counts II-IV and VI-VII, Plaintiff accuses the Moving Defendants of indirect and willful infringement based on a wide range of conduct, such as "enabling users to search, advertise, and promote infringing products on a systemic basis."  Fifth Amend. Compl. ¶ 31.  Plaintiff generally alleges that the Moving Defendants "provide platforms, search engines, and advertising services that directly facilitate the sale, promotion, and discovery of products that infringe

patents, including but not limited to, the Orbeez Crush Cruskins product lines and the '959 patent." *Id.* ¶ 39.

Because Plaintiff has not alleged whether or how any party directly infringes the '959 patent, or facts to support any theory of direct infringement by anyone, *see supra* § III.A, his indirect infringement claims also fail as a matter of law. "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Stewart*, 2022 WL 4082113, at *4 (citing *Linear Tech Corp. v. Impala Linear Corp.*, 379 F. 3d 1311, 1326 (Fed. Cir. 2004)); *see also Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 10-1043, 2010 WL 5053919, at *9 (W.D. Pa. Dec. 2, 2010) ("It is well-established that claims for inducing infringement and contributory infringement pursuant to §§ 271(b) and (c) are dependent upon an underlying direct infringement.") (Ex. 14). The Court should dismiss Plaintiff's indirect infringement claims, Counts II-IV and VI-VII, for this reason alone.

Even had Plaintiff adequately pled direct infringement by anyone, the Fifth Amended Complaint does not allege that the Moving Defendants had knowledge, actual or otherwise, of the '959 patent before this action was filed, let alone before its expiration in 2016. "Indirect infringement 'requires knowledge of the patent in suit and knowledge of patent infringement." *Robocast*, 640 F. Supp. 3d at 370-71 (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015)). In particular, contributory infringement requires "a showing that the accused infringer

28

"offers to sell or sells . . . a component of a patented [invention], . . . knowing the same to be especially made or especially adapted for use in an infringement of such patent." *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 491 (D. Del. 2019) (quoting 35 U.S.C. § 271(c)) (alterations in original); *see also Best Med. Int'l*, 2010 WL 5053919, at *6.[11] "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317,1328; *see also Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 490 (D. Del. 2021). "Infringement is willful when the infringer was aware of the asserted patent, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'" *InterMetro Indus. Corp. v. Capsa Sols., LLC*, 50 F. Supp. 3d 657, 665 (M.D. Pa. 2014) (quoting *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010)).

The complaint not only fails to allege knowledge of the '959 patent—the only patent in suit—it further fails to allege that the Moving Defendants had

---

[11] The Fifth Amended Complaint further does not identify any allegedly infringing component, let alone one "especially made or especially adapted for use in an infringement." 35 U.S.C. § 271(c). This Court has rejected such vague and unsupported allegations of contributory infringement. *e-LYNXX Corp. v. InnerWorkings, Inc.*, No. 10-2535, 2011 WL 3608642, at *7-8 (M.D. Pa. July 26, 2011), *R. & R. adopted*, 2011 WL 3608609 (M.D. Pa. Aug. 16, 2011) (Ex. 15).

knowledge, actual or otherwise, of any infringement of the '959 patent, or even whose infringement is alleged to form the basis of indirect claims. *See generally* Fifth Amend. Compl.   Even if true, that the Moving Defendants "[p]rovide search results," "[o]ffer advertising services" or "[h]ost user-generated content, such as reviews and demonstrations that promote and encourage … use" (Fifth Amend. Compl. ¶¶ 39-41), such allegations cannot support a claim for indirect or willful infringement without specific facts to support the requisite knowledge.

Plaintiff likewise cannot establish constructive knowledge of the '959 patent based on an alleged failure to hunt it down.  The Moving Defendants have no obligation under the patent laws to "scan[] the PTO patent gazettes (along with other patent sources" to "identify[] potential infringements," let alone implement "AI-driven tools" to perform this scanning, use "algorithms designed to flag and remove product listings that match the claims of valid patents," or "proactive monitoring systems that would detect and prevent the sale of infringing products." Fifth Amend. Compl. ¶ 36 (a)-(g).

Because knowledge of the asserted patent is a basic prerequisite to any claim for indirect or willful infringement, Counts II-IV and VI-VII fail to state a claim as a matter of law, and the Court should dismiss them under long-settled precedent. *E.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015); *Vita-Mix*, 581 F.3d at 1328.

**IV.    The Complaint Fails to Allege—and Plaintiff Cannot Allege—Indirect
or Willful Infringement of Unidentified Other Patents Plaintiff Does
Not Own**

The Fifth Amended Complaint devotes significant space to Plaintiff's

allegation that the Moving Defendants somehow participate in third parties'

infringement—not of the patent he owns, but of innumerable, unspecified patents

he does not.  For example, Plaintiff alleges that the Moving Defendants "with

knowledge of patents, and with the intent to induce infringement, actively

encourage and aid others to infringe patents on a systemic basis" (Fifth Amend.

Compl. ¶ 38), "[p]rovide search results that prominently display infringing

products" (*id.* ¶ 40(a)), "[o]ffer advertising services that allow sellers of infringing

products to target potential customers" with "reviews and demonstrations" (*id.*

¶¶ 40(b)-(c)), "[provide] essential tools and platforms that enable and facilitate

widespread patent infringement by third parties." *Id.* ¶¶ 49, 52.  Plaintiff

specifically confirms his theory of recovery "extends beyond the specific claims

related to the '959 patent and encompasses and/or has the capability to encompass,

a broad range of patented inventions." *Id.* ¶ 52.

As a threshold matter, Plaintiff lacks standing to assert any claims based on

alleged infringement, "systemic" or otherwise, of patents in which he has no legal

interest. *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1483 (Fed. Cir. 1998)

(quoting 35 U.S.C. § 281) ("[o]nly a patentee may bring an action for patent

31

infringement."); *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019). The Court must accordingly dismiss any claim for patent infringement relating to any patent in which Plaintiff does not maintain any right, title or interest under Federal Rule of Civil Procedure 12(b)(1). *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1030-31 (Fed. Cir. 2015).

Even had Plaintiff identified another patent or patents in which he claims title, the Fifth Amended Complaint fails to identify how any party or non-party infringes any such patent, or any basis on which the Court could infer that the Moving Defendants had the requisite intent to cause that infringement. *See CR Bard, Inc. v. Advanced Cardiovascular Sys.,* 911 F. 2d 670, 675 (Fed. Cir. 1990) (contributory infringement requires "actively and knowingly aiding and abetting another's direct infringement."); *nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1324 (Fed. Cir. 2006) ("[P]roof of actual intent to cause the acts which constitute the infringement is a necessary prerequisite to finding active inducement."); *Addiction*, 620 F. App'x at 938. "[A]iding and abetting infringement," systemically or otherwise, is not a cognizable claim for relief. *Best Med. Int'l*, 2010 WL 5053919, at *7. Broad allegations that the Moving Defendants "systemically facilitate" infringement of unnamed patents cannot

32

support any claim for relief, and thus the Court should dismiss Counts VI and VII for failure to state a claim.

## V.  The Complaint Fails to State a Claim for "Unjust Enrichment"

The Fifth Amended Complaint includes a count for "unjust enrichment," premised on allegations that the Moving Defendants "have received and retained a benefit from the direct and induced infringement of patents on a systemic basis" and "profited from facilitating and encouraging such infringement" including "increased advertising, user engagement, and platform traffic" at the "expense of patent holders."  Fifth Amend. Compl. ¶¶ 43-46.  As set forth above, Plaintiff has not alleged any viable claim of infringement of his own '959 patent and lacks standing to assert any claim for infringement of unnamed "patents" beyond it. Having failed to allege a claim for patent infringement, Plaintiff cannot fashion a new claim for the same alleged injuries under state law.  "Federal law preempts state law that offers 'patent-like protection' to discoveries unprotected under federal patent law."  *BearBox LLC v. Lancium LLC*, 125 F.4th 1101, 1111 (Fed. Cir. 2025) (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 168 (1989)); *see also Ultra Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005) (If Plaintiff's "unjust enrichment claim were available, a would-be inventor need not satisfy any of the rigorous standards of patentability to secure a perpetual patent-like royalty under state law based on the use of an

33

unpatented idea.").[12]  Plaintiff's claims for unjust enrichment are preempted by

federal law.  *See, e.g.*, *Se. Pennsylvania Transp.*, 102 F. Supp. 3d at 703 ("To the

extent that plaintiffs seek to use state law to challenge Gilead's exercise of its

exclusive patent rights to make pricing decisions, plaintiffs' claims are

preempted.").  The Court should dismiss Count V.

Even if it were not preempted, Count V fails to state a claim.  "Under

Pennsylvania law, unjust enrichment is an equitable doctrine providing a remedy

when (1) one party confers a benefit on the recipient, (2) the recipient appreciates

that benefit, and (3) the recipient accepts and retains the benefit under such

circumstances that it would be inequitable or unjust for the recipient to retain the

benefit without payment."[13]  *Se. Pennsylvania Transp.*, 102 F. Supp. 3d at 702

(citing *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir.

2000)).  The Fifth Amended Complaint fails to identify any facts to support a claim

that he "conferred a benefit" on the Moving Defendants whatsoever, much less as

to the '959 patent.  Instead the complaint admits that Plaintiff seeks redress on

---

[12] "Federal Circuit law governs whether federal patent protections preempt a state law claim." *Se. Pennsylvania Transp. Auth. v. Gilead Scis., Inc.*, 102 F. Supp. 3d 688, 702 (E.D. Pa. 2015).

[13] The complaint "does not state under what law" Plaintiff brings a claim for unjust enrichment, and "[o]n this basis alone," this claim "fails, as unjust enrichment 'is not a catch-all claim existing within the narrow scope of federal common law.'"  *Se. Pennsylvania Transp.*, 102 F. Supp. 3d at 703.  The Court can and should dismiss Count V for this reason alone.

behalf of "patent holders" in general. Fifth Amend. Compl. ¶ 45. Because the complaint is devoid of any allegation that the Moving Defendants "specifically requested benefits or misled [plaintiff]," the Court should dismiss Count V. *Goldsmith Assocs., Inc. v. Del Frisco's Rest. Grp., LLC*, No. 09-1359, 2009 WL 3172752, at *5 (E.D. Pa. Oct. 1, 2009) (Ex. 16).

## VI.    Further Amendment Would Be Futile

The Fifth Amended Complaint fails on every front: it is barred by the statute of limitations, is brought in an improper venue, and fails to set forth any facts that could give rise to any relief Plaintiff has standing to pursue. Plaintiff has amended his complaint five times, and has had ample opportunity to develop a cognizable theory of relief. Because there are no facts which could cure these deficiencies, amendment would be futile, and thus the Moving Defendants respectfully request the Court grant this motion to dismiss with prejudice. *See InterMetro*, 50 F. Supp. 3d at 667; *Golden v. United States*, No. 22-1196, 2022 WL 4103287, at *2 (Fed. Cir. Sept. 8, 2022) (Ex. 17).

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court dismiss all claims in the Fifth Amended Complaint against them with prejudice.

Date:  June 13, 2025

Respectfully submitted,

s/ Stephen H. Barrett
Stephen H. Barrett
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania, 19103
+1 (215) 656-3300
stephen.barrett@us.dlapiper.com

*Counsel for Defendant Apple Inc.*

s/ Rachael Lamkin
Jennifer Berger (PA ID 327364)
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, New York, 10112
+1 (212) 408-2592
Jennifer.berger@bakerbotts.com

Rachael Lamkin (*pro hac vice*)
Baker Botts L.L.P.
101 California Street, Suite 3200
San Francisco, California, 94111
+1 (415) 291-6264
+1 (415) 291-6300 facsimile
Rachael.lamkin@bakerbotts.com

*Counsel for Defendant Mozilla
Corporation*

s/ John V. Gorman
John V. Gorman (PA ID 80631)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, Pennsylvania, 19103
+1 (215) 963-5157
+1 (215) 963-5001 facsimile
john.gorman@morganlewis.com

Erika H. Warren (*pro hac vice*)
Madeline A. Woodall (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-1754@cases.warrenlex.com

*Counsel for Defendants Google LLC
and YouTube, LLC*

36

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 13th day of June 2025, a copy of the foregoing Motion to Dismiss was served on all counsel of record by ECF and served on plaintiff by email.

s/ John V. Gorman
John V. Gorman