# EXHIBIT 1

2021 WL 5358944
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Justyna MILLS, Plaintiff,
v.
UNKNOWN FRANCHISEE and
Marriott International, Inc., Defendants.

Civil Action No. 2:20-cv-566
|
Signed 10/13/2021

**Attorneys and Law Firms**

Aurelius P. Robleto, Robleto Kuruce, PLLC, Pittsburgh, PA, for Plaintiff.

Emily E. Mahler, Margolis Edelstein, Pittsburgh, PA, for Defendants.

ECF No. 45

**REPORT AND RECOMMENDATION**

LISA PUPO LENIHAN, United States Magistrate Judge

I. RECOMMENDATION

 **\*1** It is respectfully recommended that the Motion to Dismiss the Amended Complaint for Failure to State a Claim filed by Unknown Franchisee, identified as Moody National SHS Pittsburgh MT, LLC, (ECF No. 45) be granted in part and denied in part. The Motion should be granted as it relates to the issue of negligent interference with contract. The Motion should be denied in all other respects.

II. REPORT

 A. Relevant Factual Allegations
Plaintiff Justyna Mills ("Plaintiff"), filed the above captioned civil action against Defendants Marriot International and an unknown franchisee of a Marriott-related hotel in Pittsburgh, Pennsylvania ("Hotel Defendants"). In Counts I through IV of the Amended Complaint (ECF No. 24), Plaintiff attempts to state claims against the Unknown Franchisee for intentional interference with contractual relations, negligent interference with contractual relations, fraudulent misrepresentation,

and negligent misrepresentation, respectively. The Moving Defendant, Unknown Franchisee, has been identified as Moody National SHS Pittsburgh MT, LLC ("Moody").

Plaintiff was an air flight attendant previously employed by Endeavor Air, Inc. ("Endeavor"). Amended Complaint, ECF No. 24 ¶ 7. On April 19, 2018, Endeavor arranged for Plaintiff to stay at a hotel owned by Hotel Defendants pursuant to her Collective Bargaining Agreement ("CBA"). *Id.* ¶¶ 8-10. During her stay, the sprinklers in Plaintiff's hotel room activated when Plaintiff was attempting to close the hotel room door. *Id.* ¶¶ 21-22. Plaintiff subsequently notified Hotel Defendants and Plaintiff was given a replacement room. *Id.* ¶¶ 23, 30. After the incident, Hotel Defendants submitted a claim to Endeavor, falsely alleging that Plaintiff caused the sprinkler in the room to activate and claimed $11,455.15 in property damage. *Id.* ¶ 39. Plaintiff further avers that "[n]one of the Hotel Defendants nor any of their employees, independent contractors, police or fire safety personnel nor any other person at the hotel on the Incident Date suggested to Plaintiff that she could have been responsible for activating the sprinkler in her room." *Id.* ¶ 38.

On April 22, 2018, Plaintiff spoke with Endeavor's regional manager about the hotel incident. *Id.* ¶ 42. The regional manager determined that no disciplinary action was required, closed the inquiry, and forwarded the inquiry information to Endeavor Base Manager, Katherine Roth ("Roth"). *Id.* ¶¶43-44. On April 23, 2018, Endeavor announced by email to its employees that it would no longer be doing business with the Hotel Defendants. *Id.* ¶ 40.

Roth scheduled a follow up meeting for April 27, 2018 wherein Roth stated that two unnamed witnesses attested that they saw Plaintiff wrap a plastic bag around the sprinkler. *Id.* ¶¶ 45-48. Roth stated, however, that no discipline was appropriate and that Plaintiff would not require a union representative. *Id.* ¶ 52. On June 15, 2018, Plaintiff met with Roth to discuss the alleged incident, as well as a claim that Plaintiff had been tardy for work on May 24, 2018. *Id.* ¶ 53. At the meeting, Roth claimed to have received information from the Hotel Defendants, which supplemented the Incident Report. Similar to the Incident Report, Plaintiff has never received a copy of this additional information from the Hotel Defendants, despite demand for the same. *Id.* ¶¶ 54-55. An Endeavor human resource representative and representative from the Plaintiff's union participated telephonically. *Id.* ¶ 56. According to Endeavor, it is in possession of a photograph showing a garbage bag affixed to the sprinkler, which it

claimed Plaintiff had placed there. *Id.* ¶ 58. After answering Endeavor's questions, Roth issued Plaintiff a Written Warning Strike One letter, despite Plaintiff's assertion that she was not at fault for the Hotel Incident and was not late for work. *Id.* ¶¶ 67, 69; *see also* ECF No. 24-2 at 161. In response, Plaintiff notified Endeavor's senior corporate leadership. The Endeavor President responded stating that the matter would be investigated. *Id.* ¶¶ 71-72.

**\*2** On July 16, 2018, Plaintiff was told by Roth that Plaintiff had to appear at a telephone meeting at 4:00 p.m. the same day. *Id.* ¶¶ 75, 77. At the meeting, Plaintiff was told that her employment with Endeavor was terminated. *Id.* ¶ 78. A termination letter stated that Endeavor terminated Plaintiff's employment because she allegedly failed to admit that she willfully damaged Hotel Defendants' property and allegedly refused to cooperate with an investigation into the incident. ECF No. 24 ¶ 85.

### B. Legal Standard

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under

Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d*, § 1357; *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Golden v. Cook*, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publicly available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.' ") (citations omitted).

### C. Analysis

#### 1. Statute of Limitations

In support of its Motion to Dismiss, Moody first argues that Plaintiff's claims are barred by the statute of limitations for the following reasons: 1) Moving Defendant, Unknown Franchisee, who has now been identified as Moody National SHS Pittsburgh MT, LLC, is not named in the caption of the Amended Complaint (ECF No. 24) in violation of Federal Rule of Civil Procedure 10(a), which requires that the title of the complaint name all parties; and 2) that any further amendment of the Amended Complaint will not relate back to the filing date of the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1) because Moody did not receive notice of the action within the period provided by Rule 4(m).

**\*3** Plaintiff filed her original complaint on April 17, 2020, naming, among others, Marriott International, Inc., and an "Unknown Franchisee." ECF No. 1. With leave of Court, Plaintiff filed her Amended Complaint on September 16, 2020; the Amended Complaint also listed Moody as "Unknown Franchisee." ECF No. 24. The parties appear to agree that Plaintiff's claims against Moody are governed by the two-year statute of limitations at 42 Pa. Cons. Stat. § 5524 and that the statute of limitations began to run on July 16, 2018, the date of Plaintiff's termination from Endeavor.

Where the statute of limitations has expired, a plaintiff may only add a new claim or name a new party if the plaintiff demonstrates that the new claim or party relates back to the

filing date of the original complaint. *Estate of Grier v. Univ. of Pa. Health Sys.*, No. 07-4224, 2009 WL 1652168, at *3-4 (E.D. Pa. June 11, 2009). "If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time." *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003) (citing *Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 189 (3d Cir. 2001)). Pursuant to Federal Rule of Civil Procedure 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). In other words, to add or substitute a new party, including replacing a "John Doe" defendant with a named defendant, a plaintiff must:

establish that the amended pleading relates to the same conduct or transaction or occurrence set forth in the original complaint; that within the [ ] time period prescribed by Rule 4(m), the proposed new defendant had notice of the action; and that the proposed new defendant knew or should have known that but for a mistake of identity, he or she would have been named in the initial complaint.

*Estate of Grier*, 2009 WL 1652168, at *3. A plaintiff seeking leave to amend a pleading has the burden of demonstrating that each element has been satisfied. *Muhammed v. Pawlowski*, No. 11-5004, 2012 WL 748411, at *2 n.3 (E.D. Pa. Mar. 7, 2012). In the Motion to Dismiss at bar, Moody disputes whether Plaintiff has met her burden with respect to the second element—that within the time period prescribed by Rule 4(m) for serving the summons and complaint, Moody had notice of the action.

Here, Plaintiff directs the Court to the record and the precise language of Federal Rule of Civil Procedure 4(m). Rule 4(m) provides in relevant part:

**(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**\*4** Fed. R. Civ. P. 4(m). The record reflects that on January 27, 2021, this Court granted additional time for Plaintiff to effect service until March 26, 2021. ECF No. 35. The record further reflects that service was made on Moody on March 17, 2021 (ECF No. 43), well before the expiration of the additional time granted by this Court pursuant to Rule 4(m). Therefore, Plaintiff has complied with the requirements of Rule 15(c) and the claims against Moody relate back to the filing of the original Complaint. Plaintiff's causes of action are not time barred. The Motion to Dismiss should be denied as to Moody's argument relating to the statute of limitations.

2. Intentional Interference with Contractual Relations

In order to make out a claim for intentional interference with contractual relations under Pennsylvania law, a plaintiff must allege the following:

Case 3:22-cv-01754-JFS-PJC    Document 115-1    Filed 06/13/25    Page 5 of 8

Mills v. Unknown Franchisee, Not Reported in Fed. Supp. (2021)

(1) the existence of a contractual or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.

*Crivelli v. Gen. Motors Corp.*, 215 F.3d 386, 394 (3d Cir. 2000) (citing *Strickland v. University of Scranton*, 700 A.2d 979, 985 (Pa. Super. Ct. 1997)). The Restatement (Second) of Torts, expressly adopted in Pennsylvania, states that improper conduct by the alleged tortfeasor is a necessary element of this tort. Restatement (Second) of Torts §§ 766-67. Factors to consider when evaluating whether the interference is improper are as follows:

(a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interest sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference and (g) the relations between the parties.

*Id.* § 767. The "nature of the actor's conduct is a chief factor" in determining whether the conduct is improper. *Id.* § 767 cmt. c. Examples of improper conduct include fraudulent misrepresentations, threats of unmerited civil or criminal litigation, and economic pressure. *See id.*

Moody argues that its actions were privileged and justified in that its intent in reporting the hotel damage to Plaintiff's employer, Endeavor, was to recover for damages to its property, "a legally protected interest." Plaintiff's Brief in Support of Motion to Dismiss. ECF No. 46 at 8 (citing *Pecha v. Botta*, No. 2:13cv1666, 2014 WL 4925152, at *4 (W.D. Pa. Sept. 30, 2014)). It further contends that Plaintiff has alleged no facts to suggest a malicious intent on the part of Moody, only that it " 'intended to harm' the employment relationship between Endeavor and Plaintiff," a conclusory allegation at best. *Id.* at 10. [1]

Plaintiff, however, directs the Court to her allegations that Moody cannot assert a privilege or justification for its actions because it *knew* that the information it conveyed to Endeavor was false. *See* Amended Complaint, ECF No. 24 ¶¶ 38, 39, 46, 48-49, 97-98, 100, 120-22. These allegations suggest that Moody's motive was to recover its losses from a party that was not responsible for those losses. If Plaintiff proves these allegations, Moody's actions cannot be considered privileged or justified. *See Pecha*, 2014 WL 4925152, at *4 (citing *Adler, Barish, Daniels, Levin & Creskoff v. Epstein*, 393 A.2d 1175, 1184 (Pa. 1978)) (listing factors to consider in determining whether a defendant's actions are privileged or justified). In addition, as to Moody's intent to harm Plaintiff's employment relationship with Endeavor, the facts alleged are sufficient to show intent. The burden will be on Plaintiff to prove this element; however, at this stage of the litigation, the Court should allow this claim to move forward so that the issue of Moody's intent may be more appropriately addressed on summary judgment.

**\*5** Therefore, it is recommended that the Motion to Dismiss Plaintiff's claim for intentional interference with contract be denied.

### 3. Negligent Interference with Contractual Relations

Pennsylvania law does not recognize the tort of negligent interference with contractual relations. *Valley Forge Convention & Visitor's Bureau v. Visitor's Services, Inc.*, 28 F. Supp. 2d 947, 953 (E.D. Pa. 1998) (citations omitted); *Aikens v. Baltimore & Ohio R.R.*, 501 A.2d 277, 278-79 (Pa. Super. Ct. 1985). The only exception to this rule is where a special relationship exists between the parties. *Valley Forge*, 28 F. Supp. 2d at 953; *Aikens*, 501 A.2d at 278-79. "A 'special relationship' is one involving confidentiality, the repose of special trust or fiduciary responsibilities." *Valley Forge*, 28 F. Supp. 2d at 952 (citing *Commw. of Pa., Dep't of Transp. v. E-Z Parks, Inc.*, 620 A.2d 712, 717 (Pa. Commw. Ct. 1993)); *Etoll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 22-23 (Pa. Super. Ct. 2002) (citing with approval *Valley Forge*,

Case 3:22-cv-01754-JFS-PJC    Document 115-1    Filed 06/13/25    Page 6 of 8

Mills v. Unknown Franchisee, Not Reported in Fed. Supp. (2021)

28 F. Supp. 2d at 952-53). A special relationship "generally involves a situation where by virtue of the respective strength and weakness of the parties, one has the power to take advantage or exercise undue influence over the other." *Valley Forge*, 28 F. Supp. 2d at 952 (citations omitted).

Although Plaintiff argues to the contrary, it is clear from the allegations in the Amended Complaint that no such "special relationship" exists here. Plaintiff states that Moody "entered into an agreement [with Endeavor] to provide Plaintiff and other flight attendants lodging." Plaintiff's Responsive Brief, ECF No. 53 at 8 (citing Amended Complaint, ECF No. 24 ¶¶ 102-03). A special or "confidential relationship does not generally arise between two parties to an arm's-length business contract." *My Space Preschool & Nursery, Inc. v. Capitol Indem. Corp.*, Civil Action No. 14-2826, 2015 WL 1185959, at *10 (E.D. Pa. March 13, 2015) (citing *Valley Forge*, 28 F. Supp. 2d at 952-53). To determine if such a duty does arise in this context, the issue is "whether the relationship goes beyond mere reliance on superior skill, and into a relationship characterized by overmastering influence on one side or weakness, dependence, or trust, justifiably reposed on the other side." *Etoll, Inc.*, 811 A.2d at 23 (internal quotations omitted); *see also Valley Forge*, 28 F. Supp. 2d at 953 (noting the "crucial distinction between surrendering control of one's affairs to a fiduciary or confidant ... and entering an arm's length commercial agreement...."). Plaintiff has alleged no facts to suggest this type of relationship between Moody and Endeavor. In addition, in light of these facts, any attempt to amend her Complaint as to this claim would be futile. Therefore, it is recommended that the Motion to Dismiss Plaintiff's Negligent Interference with Contract claim be granted.

4. Fraudulent Misrepresentation

In order to make out a claim for fraudulent misrepresentation, Plaintiff must allege the following:

> (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6)

the resulting injury was proximately caused by the reliance.

**\*6** *Weston v. Northampton Personal Care, Inc.*, 62 A.3d 947, 960 (Pa. Super. Ct. 2013) (quoting *Heritage Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank*, 801 A.2d 1248, 1250-51 (Pa. Super. Ct. 2002)). "Scienter, or the maker's knowledge of the untrue character of his representation, is a key element in finding fraudulent misrepresentation." *Id.* (citing Restatement (Second) of Torts § 526, cmt. a).

In support of its Motion to Dismiss, Moody argues that Plaintiff has failed to plausibly allege proximate cause in that it had no responsibility or control over Plaintiff's employment with Endeavor. ECF No. 46 at 12-13.

As noted by Moody, Pennsylvania courts apply the factors listed in Restatement (Second) of Torts § 433 [2] in evaluating proximate cause:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
>
> (c) lapse of time.

Restatement (Second) of Torts § 433, *quoted in, Bouriez v. Carnegie Mellon University*, 585 F.3d 765, 771-72 (3d Cir. 2009). Considering these Restatement factors, Plaintiff's allegations must set out plausible facts to suggest that Moody's "acts or omissions were a 'substantial factor' in bringing about the plaintiff's harm." *See Bouriez*, 585 F.3d at 771 (citing *First v. Zem Zem Temple*, 686 A.2d 18, 21 n.2 (1996)). The *Bouriez* court emphasized that a " 'substantial factor need not be ... the only factor' in bringing about the relevant harm." *Id.* at 772 (quoting *Jefferson Bank v. Progressive Cas. Ins. Co.*, 965 F.2d 1274, 1284 (3d Cir. 1992)).

Here, Plaintiff alleges that Moody's knowingly false statements to Endeavor that she was responsible for the sprinkler malfunction in an effort to recover its losses from Endeavor, was a substantial factor leading to her termination.

Although the allegations suggest that there may have been other factors considered in the termination decision, such as her late arrival for a flight, Plaintiff has sufficiently alleged that Moody's knowingly false statements to her employer was a substantial factor in its decision to terminate her employment. That is, Plaintiff alleges that Endeavor accepted Moody's representations as true, that Moody knew that Plaintiff was not responsible for any property damage, and that she was terminated by Endeavor because she failed to admit that she willfully damaged Moody's property. *See* Amended Complaint, ECF No. 24 ¶¶ 85, 98-99, 125-26.

Therefore, Moody's Motion to Dismiss Plaintiff's claim for fraudulent misrepresentation should be denied.

### 5. Negligent Misrepresentation

In order to state a claim for negligent misrepresentation under Pennsylvania law, plaintiff must allege the following:

> (1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation.

**\*7**  *Gibbs v. Ernst*, 647 A.2d 882, 890 (Pa. 1994), *quoted in, Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, 700 F. Supp. 2d 720, 732-33 (W.D. Pa. 2010). The *Gibbs* court further noted that "negligent misrepresentation differs from intentional misrepresentation in that to commit the former, the speaker need not know his or her words are untrue, but must have failed to make reasonable investigation of the truth of those words." *Gibbs*, 647 A.2d at 890 (citing Restatement (Second) of Torts § 552).

Moody's first argument concerns one of the essential elements of a negligent misrepresentation claim – that the " 'injury

must result to the party acting in justifiable reliance on the misrepresentation.' " ECF No. 46 at 13 (citing *Bouriez v. Carnegie Mellon University*, 430 F. App'x 182, 187 (3d Cir. 2011)). But Plaintiff has alleged that Endeavor, in reliance on Moody's misrepresentations, paid Moody's property damage claim, and terminated Plaintiff because she would not willfully admit to the content of Moody's alleged misrepresentations. ECF No. 24 ¶¶ 133-34.

Moody next argues that it cannot be liable for negligent misrepresentation because it owed no duty to the Plaintiff. Moody is correct that a claim of negligent misrepresentation presumes a duty owed by one party to another. *See e.g., Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999) (citing *Gibbs*, 647 A.2d at 890). That duty, recognized by law, requires an "actor to conform to a certain standard of conduct for protection of others against unreasonable risks." *Bouriez*, 585 F.3d at 771. Plaintiff, however, has alleged that Moody agreed to provide Endeavor's flight attendants with specific lodging requirements related to their protection and safety:

> 8. Endeavor regularly purchased overnight accommodations from the Hotel Defendants for members of its flight crews laid over at Pittsburgh International Airport.

> 9. Under the terms of the Collective Bargaining Agreement between Endeavor and its Flight attendants (the "CBA") Endeavor selected hotel accommodations for flight attendants based upon certain criteria, including "safety, cleanliness, reasonable cost, eating facilities, proximity to the airport, non-smoking rooms and the ability of the Flight Attendant to obtain rest (quiet)."

Amended Complaint, ECF No. 24 ¶¶ 8-9. *See also* ECF No. 24 ¶¶ 102-03 ("Hotel Defendants had agreements with Endeavor regarding the provision of lodging for Endeavor's flight crews."). Plaintiff alleges that Moody owed her and Endeavor a duty to provide hotel rooms with specific requirements pursuant to Endeavor's contract with the Hotel Defendants.

Therefore, Defendant Moody's Motion to Dismiss Plaintiff's claim for negligent misrepresentation should be denied.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss the Amended Complaint for Failure to State a Claim filed by Unknown Franchisee, identified as Moody National SHS

**Mills v. Unknown Franchisee, Not Reported in Fed. Supp. (2021)**

Case 3:22-cv-01754-JFS-PJC    Document 115-1    Filed 06/13/25    Page 8 of 8

Pittsburgh MT, LLC, (ECF No. 45) be granted in part and denied in part. The Motion should be granted as it relates to the issue of negligent interference with contract. The Motion should be denied in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 5358944

---

### Footnotes

1    Moody does not argue that Plaintiff has failed to satisfy the first and fourth elements of the claim.

2    Moody mistakenly cites to § 443. *See* ECF No. 46 at 12.

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.