# EXHIBIT 3

Case 3:22-cv-01754-JFS-PJC    Document 115-3    Filed 06/13/25    Page 2 of 7

Averill v. Jones, Not Reported in Fed. Supp. (2019)

2019 WL 3804686
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.

Wayne R AVERILL, Plaintiff,
v.
JONES, et al., Defendants.

C.A. No. 12-599 (MN)
|
Signed 08/13/2019

**Attorneys and Law Firms**

Stephen B. Brauerman, Sara E. Bussiere, Bayard, P.A., Wilmington, DE – attorneys for Plaintiff.

Daniel A. Griffith, Scott G. Wilcox, Whiteford Taylor & Preston LLC, Wilmington, DE – attorneys for Defendants.

## MEMORANDUM OPINION

NOREIKA, U.S. DISTRICT JUDGE

 **\*1**  Before the Court is a motion for summary judgment (D.I. 199) by Defendants Ihouma Chuks, Olatokunbo Gbadebo, Dr. Linda Galef-Surdo and Ema Ndi (collectively, "the Medical Defendants"), seeking summary judgment that Plaintiff Wayne R. Averill's ("Plaintiff" or "Averill") claims against them are barred by the applicable statute of limitations. For the reasons discussed below, the Court will GRANT the Medical Defendants' motion for summary judgment.

### I. BACKGROUND

On May 14, 2012, Averill, a former inmate at James T. Vaughn Correction Center, filed a *pro se* complaint asserting violations of his civil rights pursuant to Section 1983, as well as claims of medical negligence, medical malpractice, and negligence. (D.I. 3). Plaintiff's complaint named a series of medical professionals and medical providers as defendants. (*Id.*). On January 2, 2013, Plaintiff filed the First Amended Complaint, (D.I. 19), adding additional defendants – including Correct Care Solutions, LLC ("CCS") (the prison medical provider from July 2010 through June 2014) – and extending the period of alleged violations into 2013. On September 19, 2013, Plaintiff filed a Second Amended Complaint, including twenty additional defendants and extending the alleged conduct through the summer of 2013. (D.I. 24). A month later, on November 21, 2013, Plaintiff moved to amend the Second Amended Complaint. (D.I. 25). After reviewing and screening the Second Amended Complaint pursuant to 28 U.S.C. § 1915 and § 1915A, the Court dismissed all defendants except for four individually named defendants, two medical providers, and a number of Jane/John Does who were employed by the medical providers. (D.I. 26). In the accompanying order, the Court stated "[w]hen plaintiff learns the identity of the [Correctional Medical Services, Inc ("CMS")] and CCS Doe Defendants, he shall *immediately* move the court for an order directing amendment of the caption and service upon them." (D.I. 27 at 1) (emphasis added). The parties engaged in discovery in 2014 and 2015. On March 12, 2015, Plaintiff submitted interrogatory responses identifying each of the Medical Defendants as participants in his care during the time at issue, but did not seek to amend the Second Amended Complaint or the caption to add them. (D.I. 90 at 8, 10, 20, 21, 24, 30).

On June 23, 2015, the Court entered a scheduling order that allowed amendment of the pleadings until August 24, 2015. (D.I. 98 at 1). No amended pleadings were filed before that deadline. On October 13, 2015, Plaintiff sought leave to file an 83-page amended complaint with additional claims and defendants. (D.I. 101, Ex. 1). The court denied the motion, as a failure to comply with the Scheduling Order, a failure to comply with the Local Rules, and an improper attempt to add "new defendants for acts unrelated to the original complaint." (D.I. 125).

Plaintiff was assigned counsel on May 9, 2016. (D.I. 139). Thereafter, the Court entered an amended scheduling order that set a March 29, 2017 deadline for amendment of pleadings. (D.I. 151). On March 29, 2017, Plaintiff moved for leave to file a Third Amended Complaint, which included claims against the Medical Defendants in place of previously listed "CCS Jane/John Doe" defendants. (D.I. 153). On October 16, 2017, the Court granted the motion in part and denied it in part. (D.I. 170). On November 3, 2017, Plaintiff filed the Third Amended Complaint. (D.I. 174).

 **\*2**  The Medical Defendants filed a motion to dismiss on December 13, 2017. (D.I. 182). The Court denied that motion, allowing the parties to engage in a short period of expedited discovery on the issues of application of the statute of limitations to the claims against the Medical Defendants. (D.I. 198). Plaintiff conducted no additional discovery with respect to the statute of limitations and potential relation back. (D.I. 200 at 7). On November 16, 2018, the Medical Defendants

filed the pending motion for summary judgment. (D.I. 199). Plaintiff opposes the motion. (D.I. 202).

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An assertion that a fact is not genuinely disputed must be supported by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

The Medical Defendants argue that summary judgment is appropriate because Plaintiff's § 1983 claims are barred by the two-year statute of limitations and do not relate back to the original pleading. (D.I. 200). As an affirmative defense, the burden of proving that the statute of limitations bars the action falls upon the Medical Defendants. *See Richard B. Roush, Inc. Profit Sharing Plan v. New England Mut. Life Ins. Co.*, 311 F.3d 581, 585 (3d Cir. 2002) ("Because the statute of limitations is an affirmative defense and because [the defendant] is the movant for summary judgment, the burden of proof that the statute of limitations bars [the plaintiff's] action rests on [the defendant]."). Plaintiff does not, however, dispute that the amendment naming the Medical Defendants was outside of the two-year statute of limitations. (D.I. 202 at 4 ("Plaintiff does not dispute that the amendment naming the Individual CCS Defendants was outside the two-year statute of limitations.")). Thus, the Court finds that the Medical Defendants have met their burden in showing that the two-year statute of limitations ran before the action was amended to supplement in their names in place of a "Doe" designation. Now, the Court need only consider whether the amendment "relates back" to the Second Amended Complaint.

**\*3** Rule 15(c) allows for the "relation back" of certain amendments to pleadings that were filed during the statutory limitation period. As an initial matter, courts have consistently held that the burden of proof for relation back falls upon Plaintiff. *See Markhorst v. Ridgid, Inc.*, 480 F. Supp. 2d 813, 815 (E.D. Pa. 2007) ("Plaintiff bears the burden of establishing the requirements of 15(c)."); *Dodson v. Hillcrest Sec. Corp.*, 95 F.3d 52 (5th Cir. 1996) ("While [the defendant] had the burden on summary judgment of presenting evidence sufficient to prove its statute of limitations defense, [the plaintiff] had the burden of proof to rebut the statute of limitations grounds by relation back under Rule 15(c)."); *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 38 (E.D. Pa. 1996) ("The plaintiff carries the burden to prove both the notice and 'mistake' requirements.").

Under Rule 15(c)(1)(C), an amendment that changes the party or the naming of the party in an action relates back to the original pleading only if a plaintiff can show: (1) the claim set forth in the amended pleading arose out of the conduct, transaction, or occurrence in the original pleading; (2) within 120 days of the filing of the complaint, the Medical

Case 3:22-cv-01754-JFS-PJC   Document 115-3   Filed 06/13/25   Page 4 of 7

Averill v. Jones, Not Reported in Fed. Supp. (2019)

Defendants received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the Medical Defendants knew that, but for a mistake concerning their identities, they would have been made a party to the action. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003) (citing *Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001)). Because this rule is conjunctive, Plaintiff must prove each of the three factors. *Singletary*, 266 F.3d at 194. The Medical Defendants argue that Plaintiff's claims to not relate back under Rule 15 "because they did not receive notice of this action nor is there any evidence that they should have known that they would be added to the Complaint within 120 days of the filing of the original Complaint (or any of the amended pleadings)." (D.I. 200 at 13). Though the arguments presented by the Medical Defendants in their motion for summary judgment are directed at the second factor, the Court will review each of the three factors for completeness.

### A. The Claims Against The Medical Defendants Arise Out of the Conduct, Transaction, or Occurrence Set Forth in the Original Pleading

As noted above, the first factor in evaluating whether a subsequent pleading relates back to an earlier one is whether the claim in the later pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading. There is no dispute that this factor is met. As Plaintiff asserted in the briefing on the motion to dismiss, the "Third Amended complaint simply identifies those individuals, who already were party to the action, by name and clarifies the factual allegations against them." (D.I. 185 at 5). The Medical Defendants do not contest this, and the Court finds the first factor is satisfied.

### B. The Medical Defendants Did Not Receive Notice of the Institution of the SuitWithin Statutory Period

"The parties to be brought in by amendment must have received notice of the institution of the action within 120 days following the filing of the action, the period provided for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure."[1] *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). The Third Circuit has recognized that notice can be actual, constructive, or imputed." *In re Color Tile Inc.*, 475 F.3d 508, 512 (3d Circ. 2007) (citing *Singletary*, 266 F.3d at 195). As stated above, the Plaintiff has the burden of showing that the Medical Defendants had notice of the institution of the suit. Plaintiff has failed to show that the Medical Defendants had notice of Plaintiff's suit within 120 days of its institution, *i.e.,* by April 10, 2014.[2]

#### 1. Actual Notice

**\*4** Plaintiff fails to show that any of the Medical Defendants had actual notice of the institution of this suit. Instead, Plaintiff argues that "[t]he evidence does not establish that the Individual CCS Defendants did not hear of the commencement of litigation against CCS." (D.I. 202 at 6). As explained *supra*, this is not the standard. It is the plaintiff, not the defendant, who must set forth evidence proving notice for relation back. Plaintiff has not done so. Moreover, the Medical Defendants went beyond what was required by supplying affidavits from Ihouma Chuks, Ema Ndi, and Olatokunbo Gbadebo stating that they were "unaware of the claims asserted by Plaintiff in this case or that [they] would be named as a defendant until [they] were served with the Third Amended Complaint." (*Id.*, Exs. A-C ¶ 3). The Court granted leave to perform limited discovery on this issue, during which time Plaintiff could have sought documentary evidence or oral testimony relating to whether the Medical Defendants were put on notice of the action within the required time period. Plaintiff elected not to take such discovery or obtain any evidence as to actual notice. Thus, there is no genuine dispute as to any material fact with respect to actual notice.

#### 2. Constructive or Imputed Notice

As to constructive or imputed notice, the Third Circuit has recognized two methods by which a court can impute notice under Rule 15(c)(3): the "shared attorney" method and the "identity of interest" method.[3] *Garvin*, 354 F.3d at 222. "[T]he 'shared attorney' method, ... is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, 'the attorney is likely to have communicated to the latter party that he may very well be joined in the action.' " *Id.* at 222-23 (citing *Singletary*, 266 F.3d at 196) (internal quotations omitted). "[T]he identity of interest method ... generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 223 (citing *Singletary*, 266 F.3d at 197) (internal quotations omitted). Plaintiff has not offered evidence sufficient to establish notice under either method.

#### a. Shared attorney

The Third Circuit has noted that "[t]he relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the newly named defendant] within the relevant 120 day period ..., by virtue of representation [the newly named defendant] shared with a defendant originally named in the lawsuit." *Singletary*, 266 F.3d at 196. The key to this inquiry is whether the Medical Defendants were "represented at any time during the relevant 120-day period." *Wallace v. Houston*, No. 12-820-GMS, 2015 WL 877887 (D. Del. Feb. 26, 2015). The entirety of Plaintiff's argument on this issue contends that "[t]he Court should find that the Individual CCS Defendants had imputed or constructive notice of the Second Amended Complaint through ... their now-shared counsel." (D.I. 202). This is insufficient. Plaintiff has offered no evidence that the Medical Defendants were represented by the now-shared counsel during the relevant period between December 11, 2013 and April 10, 2014. To the contrary, the affidavits provided by several of the Medical Defendants attest that they had not spoken with counsel for CCS about this case prior to being served in 2017. (D.I. 200, Ex. A-C ¶5). It was Plaintiff's burden to offer evidence giving rise to an inference of notice via shared counsel. *See Wallace*, 2015 WL 877887, at *4. In the absence of facts showing that the Medical Defendants were represented by the now-shared counsel during the relevant time period, the Court will decline "to pile assumption on top of assumption to reach a conclusion" that the Medical Defendants had received "some type of notice" through a communication or relationship with a later-mutual attorney. *See Garvin*, 354 F.3d at 227.

#### b. Identity of interest

**\*5** Identity of interest occurs where "parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197 (citing 6A Charles Alan Wright et al., Federal Practice & Procedure § 1499, at 146 (2d ed. 1990)). Courts have routinely held that non-management-level employees do not share a sufficient nexus of interest with their employer to allow for imputed notice absent some other circumstances that permit such an inference. *See id.* at 199 (finding a staff psychologist employed by the Department of Corrections with no administrative or supervisory duties could not be considered to have an identity of interest with his employer); *Ballard v. Williams*, No. 10-1456, 2012 WL 4435118, at *5 (M.D. Pa. Sept. 24, 2012); *Graves v. Lanigan*, No. 13-7591(ES), 2016 WL 4435673, at *5 (D.N.J. Aug. 17, 2016). Here, Plaintiff has not offered any evidence that the Medical Defendants have any supervisory or administrative responsibilities, or are otherwise sufficiently high in the CCS's hierarchy to suggest that their interests are identical to that of their employer. Instead, Plaintiff argues that "the Individual CCS Defendants had reason to expect their potential involvement when it is their conduct that forms the basis for some of the claims against CCS" and "CCS and Dr. Reiger knew of the claims against the Individual CCS Defendants before they answered the Second Amended Complaint" so "[i]t is reasonable to infer that the individual CCS Defendants heard of the commencement of litigation against their employer that was based on their conduct." (D.I. 202 at 6). This conjecture is insufficient to meet the burden necessary to impute notice through the identity of interest method. The record indicates that Defendant Chuks was a nurse, Defendant Gbadebo was a nurse practitioner, Defendant Ndi was a nurse practitioner, and Defendant Galef-Surdo was a doctor. (D.I. 200 at 14 n.3; Ex. A ¶ 1; Ex. B ¶ 1; Ex. C ¶ 1). Without more, the Court cannot find these to be managerial roles, administrative roles, or otherwise subject to circumstances that might permit an inference that notice was received. For this reason, the Court rejects Plaintiff's identity of interest argument.

Because the Plaintiff has failed to offer evidence that would allow the Court to find that the Medical Defendants had a "shared-attorney" or "identity of interest" with their employer, the original Defendant, CCS, the Court cannot find that the Medical Defendants had constructive notice of the Second Amended Complaint before April 10, 2014. Plaintiff's failure to carry his burden with respect to notice is fatal to his assertion that his amendment naming the Medical Defendants relates back to the Second Amended Complaint. Notice is a necessary element to Rule 15(c) and the failure to adduce evidence of its existence, either actually or constructively, requires the Court to find that summary judgment is proper with respect to the Medical Defendants. *See Contini v. Cranmer*, 117 F. App'x 186, 189 (3d Cir. 2004) ("The District Court was therefore correct in entering summary judgment in favor of the defendants based upon the failure of Contini and Patterson to demonstrate a necessary element of their prima facie case.").

Averill v. Jones, Not Reported in Fed. Supp. (2019)

Case 3:22-cv-01754-JFS-PJC   Document 115-3   Filed 06/13/25   Page 6 of 7

### C. There is No Evidence The Medical Defendants Knew That, But For a Mistake Concerning Their Identities, They Would Have Been Made Party To The Action

The third factor for relation back requires Plaintiff to establish that "the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action." *Garvin*, 354 F.3d at 222. The question of what constitutes a "mistake" under the third prong is an issue of contention amongst the circuits. A number of circuits – including the First, Second, Fourth, Fifth, Sixth, Seventh, and Eleventh Circuits – have found that "lack of knowledge of a defendant's identity is not a 'mistake' concerning that identity." *Singletary*, 266 F.3d at 201. The Third Circuit, however, has found that "[a] 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description ... both errors render the plaintiff unable to identify the potentially liable party and unable to name that party in the original complaint." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208 (3d Cir. 2006). Here, under *Arthur*, Plaintiff is correct that his lack of knowledge of the actual names of the individual Medical Defendants is sufficient to constitute a "mistake" under Rule 15. *See also Wallace*, 2015 WL 877887 at *3. *Arthur*, however, makes clear that amendments only "will relate back to the original complaint if the party *had adequate notice of the action and should have known that it would have been named in the complaint* but for a mistake." 434 F.3d at 209 (emphasis added). This indicates that even where a mistake is found, the mistake must be made in conjunction with notice to the putative defendants, such that they "should have known" they would have been named. Plaintiff argues that the Medical Defendants should have known because "CCS had notice of the litigation based on the conduct of the Individual CCS Defendants, who were named from the onset as 'Doe defendants,' and CCS *should* have investigated Plaintiff's claims or instituted some form of litigation hold that would have alerted the Individual CCS Defendants to their potential liability." (D.I. 202 at 8). This argument is unavailing. The Second Amended Complaint provides no specific allegations against the CCS Jane/John Does, but instead merely lists them as defendants.[4] It defies logic that a complaint devoid of specific allegations against "Doe" defendants could be said to put individuals on notice such that they should have known they would have been named but for a mistake. Additionally, there is no evidence that the putative defendants had actual knowledge of this action or that notice could be imputed through the shared attorney or identity of interest method. Plaintiff cannot rely on conjecture that Defendant CCS should have informed the Medical Defendants that they might be later-named in this litigation. Plaintiff had leave to conduct discovery and could have sought out evidence to show that CCS began its investigation or instituted a litigation hold after the filing of the Second Amended Complaint. Plaintiff, for whatever reason, elected not to do so, and the Court cannot accept mere speculation to show that the Medical Defendants should have known about the litigation. Plaintiff has failed to carry his burden to present evidence showing the Medical Defendants should have known they would be named in this litigation but for his failure to know their names at the time of the Second Amended Complaint.

**\*6** Since Plaintiff has failed to carry his burden with respect to the second and third factors of the Rule 15(c)(3) test, he cannot establish that his claims against the Medical Defendants relate back to the Second Amended Complaint. There is no genuine dispute that Plaintiff's claims against the Medical Defendants are barred by the relevant statute of limitations and do not relate back to the Second Amended Complaint. For this reason, the Medical Defendants are entitled to judgment as a matter of law and their motion for summary judgment is granted.

### IV. CONCLUSION

For the forgoing reasons, the Medical Defendants' motion for summary judgment (D.I. 199) is GRANTED. An appropriate order will follow.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 3804686

---

**Footnotes**

Case 3:22-cv-01754-JFS-PJC   Document 115-3   Filed 06/13/25   Page 7 of 7

Averill v. Jones, Not Reported in Fed. Supp. (2019)

| | |
|---|---|
| 1 | Rule 4(m) was amended on December 1, 2015 to reduce the service period from 120 days to 90 days. Fed. R. Civ. P. 15 at n.2015 Amendment. This amendment occurred after the filing of the Second Amended Complaint, and the Court will apply Rule 4(m) as it existed at the time of filing. |
| 2 | Where the Defendant proceeds *pro se* and *in forma pauperis*, the 120-day period does not begin until the Court has completed its review and screening pursuant to 28 U.S.C. § 1915 and § 1915A. *See Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 453-54 (3d Cir. 1996). Here, the Court concluded its review and screening on December 11, 2013, setting the end of the 120-day notice period at April 10, 2014. (D.I. 185 at 9). |
| 3 | "[I]mputed notice falls under the doctrine of constructive notice ..., so that imputed notice under Rule 15(c)(3) requires either a shared attorney or an identity of interests." *In re Color Tile Inc.*, 475 F.3d 508, 512 (3d Cir. 2007) (citing *Garvin*, 354 F.3d 215). |
| 4 | The Second Amended Complaint's "Statement of Claim" never refers to "CCS Jane/John Doe(s)" as listed in the caption. Instead, the Second Amended Complaint references "CCS staff" in two paragraphs, simply stating, "Plaintiff ... was told by CCS staff that def. Shanne meant for plaintiff to be seen by and [sic] ENT since it is a throat issue," and "[a]pprox. 6/2012 (plaintiff believes) CCS through a throat swab determined that the plaintiff had MERSA in his throat, however; plaintiff was not told by CCS staff but by def. Shanne during later consult." (D.I. 24 ¶¶ 81-82). |

**End of Document**                                         © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.                                         6