# EXHIBIT 4

Case 3:22-cv-01754-JFS-PJC   Document 115-4   Filed 06/13/25   Page 2 of 5

Flanagan v. Martfive, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 661607

2017 WL 661607
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Michael FLANAGAN an individual, Plaintiff,
v.
MARTFIVE, LLC a Minnesota Limited
Liability Corporation doing business
as Hurrycane, LLC, et al., Defendants.

16cv1237
|
Filed 02/17/2017

**Attorneys and Law Firms**

Ashley M. Cagle, Monte J. Rabner, Fred G. Rabner, Rabner Law Offices, P.C., Pittsburgh, PA, for Plaintiff.

Ernest F. Koschineg, Michael R. Abbott, Cipriani & Werner, P.C., Blue Bell, PA, for Defendants.

### MEMORANDUM OPINION

Arthur J. Schwab, United States District Judge

 **\*1** The Court has diversity jurisdiction over this product liability case. Presently before the Court is a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Minnesota Mold and Engineering a/k/a MME Group, Inc. ("MME"). Doc. no. 65. MME's Motion and accompanying supportive Brief (doc. no. 66) contend that the claim asserted against it by Plaintiff was not brought within the two-year statute of limitations.

Plaintiff filed a Response and a Brief in Opposition to MME's Motion to Dismiss the Amended Complaint. See doc. nos. 68 and 69, respectively. Plaintiff contends, *inter alia*, that although the Amended Complaint, naming MME for the first time as a defendant in this lawsuit, was filed after the two-year statute of limitations had expired, the Plaintiff had other venue options, including Minnesota, which carries a four-year statute of limitations for product liability claims.

MME filed a Reply to Plaintiff's Brief in Opposition (doc. no. 70) reasserting that this Court is bound by Pennsylvania's two-year statute of limitations. This Court concurs with MME for the reasons set forth below in greater detail.

**I. Standard of Review—Rule 12(b)(6)**
Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required—Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there

Case 3:22-cv-01754-JFS-PJC   Document 115-4   Filed 06/13/25   Page 3 of 5

Flanagan v. Martive, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 661607

are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

 **\*2** When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 Fed.Appx. 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Factual and Procedural Background**
All factual allegations set forth in Plaintiff's Amended Complaint are accepted as true solely for the purposes of determining MME's Motion to Dismiss.

MME was the "designer and/or primary manufacturer" of a foldable walking cane, known as the Hurrycane. Doc. no. 46, ¶¶ 1-4. MME conducted business and marketed the Hurrycane in the Commonwealth of Pennsylvania. Id. at ¶ 4.

On August 23, 2014, Plaintiff purchased a Hurrycane from another Defendant ("Bed Bath & Beyond") and assembled it per the manufacturer's instructions upon returning to his home. Id. ¶¶ 10, 12. Plaintiff, upon leaving his home later that day, began to use the Hurrycane, but fell down some steps when the Hurrycane collapsed, causing Plaintiff to sustain injuries. Id., ¶ 13.

Plaintiff filed his initial product liability Complaint with this Court on August 16, 2016 against several defendants, one of which was Consumer Sales Network, Inc. ("CSN"). See doc. no. 1, ¶ 4. In his original Complaint, Plaintiff identified CSN as "the designer and primary manufacturer of the Hurrycane," who also "conducted business and marketed and advertised said foldable walking cane in the state of Pennsylvania." Id.

On December 23, 2016, Plaintiff and CSN filed a Stipulation whereby Plaintiff discontinued this lawsuit without prejudice as to CSN. Doc. no. 42. On December 27, 2016, Plaintiff filed a Consent Motion to Amend the Caption and add MME as a named Defendant to this lawsuit. Doc. no. 44. This Court granted the Consent Motion on December 28, 2016. Doc. no. 45. On January 6, 2017, Plaintiff filed his Amended Complaint adding MME as a new Defendant to this action, and identified MME as the "designer and/or primary manufacturer" of the Hurrycane.

**III. Discussion**
If federal jurisdiction in a civil action is based on diversity of citizenship, then the Court must apply the substantive law of the forum state. *Erie Railroad Company v. Tompkins*, 304 U.S. 64, (1938); *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 378 (3d Cir. 1990). Statutes of limitations are substantive for *Erie* purposes. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110, (1945) ("[A] statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery, a federal court in a diversity case should follow State law").

 **\*3** Products liability cases in Pennsylvania are controlled by the personal injury statute of limitations. *Hahn v. Atlantic Richfield Co.* (3d Cir. 1980), 625 F.2d 1095, 1104, *cert. den.* 101 S. Ct. 1516 (1981). Thus, the applicable Pennsylvania statute of limitations for a product liability case is two years. 42 Pa. C. S. A. § 5524(2).

Here, per Plaintiff's Amended Complaint, filed on January 6, 2017, MME was the "designer and/or primary manufacturer" of the Hurrycane. Doc. no. 46, ¶¶ 1-4. As noted above, Plaintiff was injured on August 23, 2014, while using

Case 3:22-cv-01754-JFS-PJC   Document 115-4   Filed 06/13/25   Page 4 of 5

Flanagan v. Martive, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 661607

his Hurrycane. Thus, Plaintiff's Amended Complaint was filed more than two years after the statute of limitations expired. Accordingly, MME filed its Motion to Dismiss the Amended Complaint predicated upon the fact that the statute of limitations expired before it was added as a defendant to this lawsuit.

Plaintiff argues that this case should be permitted to proceed against MME for two reasons: First, Plaintiff could have filed his lawsuit in Minnesota, where the statute of limitations is four years for a product liability claim and thus, because the claim is less than four years old, MME could remain a named defendant. Second, Plaintiff relies on Fed. R. Civ. P. 15 (a) which allows for a Complaint to be amended in certain situations.

As to Plaintiff's first argument, the Court concurs with MME that it is of no moment where Plaintiff "could have filed" his lawsuit. Simply put, Plaintiff chose to file his lawsuit in the United States District Court for the Western District of Pennsylvania—not Minnesota or anywhere else. Because jurisdiction here is predicated upon diversity, the substantive law of the Commonwealth of Pennsylvania controls, because Pennsylvania is the forum state. Pennsylvania state law unequivocally indicates that a product liability claim must be brought within two years from the date of the injury. MME was brought into this product liability lawsuit after two years from the date of the injury had passed.

As to Plaintiff's second argument—that the Amended Complaint "relates back" to the Original Complaint—the Court also disagrees. Under Fed. R. Civ. P. 15(c):

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

As applied here, under Fed. R. Civ. P. 15(c), Plaintiff must establish: (1) his Amended Complaint relates to the same conduct set forth in the Original Complaint; (2) MME had notice of the action within the 90-day time frame required by Rule 4(m) [1]; and (3) MME knew or should have known that but for a mistake in identity, it would have been named in Plaintiff's Original Complaint. The Court concludes that: (1) Plaintiff's Amended Complaint against MME relates to the same conduct set forth in the Original Complaint, and (2) that MME had notice of this lawsuit within the 90-day time frame required by Rule 4(m). However, it is the third prong that prevents this case from proceeding against MME at this juncture.

**\*4** In *Krupski v. Costa Crociere S. p. A.*, 560 U.S 538 (2010), the plaintiff, a passenger on cruise ship brought an action against the carrier to recover for injuries sustained while aboard a cruise ship. The district court granted summary judgment in the carrier's favor finding that the plaintiff-passenger's amendment of her complaint to correctly identify carrier did not relate back to her original complaint.

In *Krupski*, the plaintiff sued "Costa Cruise" and on three occasions (after limitations period had expired) Costa Cruise brought Costa Crociere's existence to the plaintiff-passenger's attention. The District Court granted the plaintiff's motion for leave to amend her complaint to properly identify Costa Crociere, but Costa Crociere filed a motion to dismiss the amended complaint, contending that the amended complaint did not relate back under Fed. R. Civ. P. 15(c) and was therefore untimely. The District Court and Court of Appeals agreed with Costa Crociere.

Upon review by the United States Supreme Court, the Court began by noting that whether Plaintiff either knew or should have known of the proper party's identity was "the wrong starting point." *Id.*, 560 U.S. at 548. The Supreme Court emphasized that "Rule 15(c)(1)(C)(ii) asks what the

prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." Id. (emphasis in original) (footnote omitted). The Supreme Court further explained:

> Rule 15(c)(1)(C) does permit a court to examine a plaintiff's conduct during the Rule 4(m) period.... As we have explained, the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant. To the extent the plaintiff's postfiling conduct informs the prospective defendant's understanding of whether the plaintiff initially made a "mistake concerning the proper party's identity," a court may consider the conduct. *Cf. Leonard v. Parry*, 219 F.3d 25, 29 (1st Cir. 2000) ("[P]ost-filing events occasionally can shed light on the plaintiff's state of mind at an earlier time" and "can inform a defendant's reasonable beliefs concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice)"). The plaintiff's postfiling conduct is otherwise immaterial to the question whether an amended complaint relates back.

*Id.,* at 553-54.

Using these guidelines from *Krupski*, this Court notes that Plaintiff's Brief in Opposition fails to point this Court to any evidence that would support a finding that MME had notice of this lawsuit at an earlier date, or that MME knew about this lawsuit. In the *Krupski* case, one company (Costa Cruise, the original defendant) was an agent for the other company (Costa Crociere, the additional defendant). However, in the instant mattter, there is no indication that CSN and MME are related companies. Plaintiff asserts that "the only reason MME was added to the subject litigation is because the previous manufacturer, CSN, provided information [to plaintiff] that MME was the rightful party." This statement, however, does not indicate that CSN placed MME on notice of this lawsuit and could be sued by Plaintiff. Plaintiff offers no other information to support a finding that MME had notice of this lawsuit prior to service of the Amended Complaint.

### IV. Conclusion

*5 Based on the foregoing law and authority, this Court finds that Defendant MME was joined after the two-year of limitations had run. Accordingly, Defendant's Motion to Dismiss the Amended Complaint will be granted. The case will proceed against all remaining Defendants.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 661607

---

### Footnotes

1   The relevant portion of Fed. R.Civ. P. 4(m) reads:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

**End of Document**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.