# EXHIBIT 7

Case 3:22-cv-01754-JFS-PJC    Document 115-7    Filed 06/13/25    Page 2 of 6

Stewart v. Boeing Company, Not Reported in Fed. Supp. (2022)
2022 WL 4082113

2022 WL 4082113
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Charles STEWART, Plaintiff,
v.
The BOEING COMPANY,[1] Defendant.

Civil Action No. 21-938
|
Signed September 6, 2022

**Attorneys and Law Firms**

Charles Stewart, Corona, NY, Pro Se.

Michael S. Connor, Pro Hac Vice, Lauren Nicole Griffin, Pro Hac Vice, Alston & Bird LLP, Charlotte, NC, for Defendant.

### MEMORANDUM OPINION

W. Scott Hardy, United States District Judge

### I. INTRODUCTION

*1 Presently before the Court is Defendant The Boeing Company's ("Boeing") Motion to Dismiss the Complaint (Docket No. 13), along with the briefs and other materials filed in support of and in opposition thereto by Boeing and *pro se* Plaintiff Charles Stewart ("Stewart"). After careful consideration of the parties' arguments in light of the prevailing legal standards, Boeing's Motion will be granted, and Stewart's claim against Boeing will be dismissed without prejudice.

### II. BACKGROUND

Stewart's Complaint purports to assert a patent infringement claim alleging that Boeing "enacted the theft" of his "Air Traffic Control Fuel Warning System." (Docket No. 1 at 4). Stewart contends that Boeing was first introduced to his fuel warning system technology during legal proceedings in 1999, and that Boeing subsequently used this technology in its 737 Max 8 aircraft after Stewart testified at Congressional hearings in 2019-20 that this technology could prevent further air disasters. (*Id.*). Boeing seeks to dismiss the Complaint pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, contending that Stewart has failed to plead facts sufficient to show that the Court has personal jurisdiction or that venue in this district is proper, and that he also fails to state a plausible claim for patent infringement.

### III. DISCUSSION

#### A. Personal Jurisdiction

A defendant may move to dismiss a complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Decisional law from the United States Court of Appeals for the Federal Circuit applies to "claims 'intimately involved with the substance of the patent laws,' " and the law of the regional circuit applies to state law claims. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003)). As Stewart purports to assert a patent infringement claim, the Court will apply decisional law from the Federal Circuit as appropriate. *See id.*

Here, where Boeing raises the defense of the Court's lack of personal jurisdiction, and when the parties have not conducted jurisdictional discovery, Stewart has the burden of making a *prima facie* showing that Boeing is subject to personal jurisdiction. *See Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328-29 (Fed. Cir. 2008), *cert. denied*, 557 U.S. 904 (2009). Therefore, pleadings and affidavits are to be construed in the light most favorable to Stewart. *See id.* at 1329.

The evaluation of whether personal jurisdiction exists starts with an inquiry into whether the forum state's long-arm statute permits service of process and whether the assertion of personal jurisdiction violates due process. *See NexLearn, LLC*, 859 F.3d at 1375. Under Pennsylvania law, personal jurisdiction over a nonresident defendant is permitted "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution." 42 Pa. C.S. § 5322(b); *see O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting 42 Pa. C.S. § 5322(b)). Accordingly, Stewart must establish that Boeing has "certain minimum contacts with ... [the Commonwealth of Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

Case 3:22-cv-01754-JFS-PJC   Document 115-7   Filed 06/13/25   Page 3 of 6

Stewart v. Boeing Company, Not Reported in Fed. Supp. (2022)
2022 WL 4082113

(1945) (internal citation and quotation marks omitted)). In determining whether there are sufficient minimum contacts, the Court must determine whether there was " 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The Court can exercise personal jurisdiction over an out-of-state defendant pursuant to either general or specific jurisdiction. *See NexLearn, LLC*, 859 F.3d at 1375. Here, Stewart fails to establish either general or specific personal jurisdiction.

### 1. General Jurisdiction

**\*2** General personal jurisdiction applies to a defendant only when " 'instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.' " *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 318). The proper test for general jurisdiction is "whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.' " *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quoting *Goodyear*, 564 U.S. at 919).

Stewart asserts no allegations nor otherwise proffers any evidence that Boeing's affiliations with Pennsylvania are continuous and systematic. Stewarts's Complaint is devoid of any averments regarding Boeing's place of incorporation or principal place of business, but he does aver that Boeing is located in Illinois and thus by implication not in Pennsylvania. (Docket No. 1, ¶ I.B). There is simply no basis on the present record to establish general jurisdiction over Boeing.

### 2. Specific Jurisdiction

Specific personal jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal citation and quotations marks omitted). The following three-prong test is applied to determine whether the exercise of specific personal jurisdiction in a particular case comports with due process: "(1) whether the defendant purposefully directed its activities at residents of the forum state, (2) whether the claim arises out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015). "The first two factors correspond with the 'minimum contacts' prong" of *International Shoe*, "and the third factor corresponds with the 'fair play and substantial justice' prong." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Stewart bears the burden of affirmatively establishing the first two prongs, and if he satisfies this burden, then the burden shifts to Boeing to establish that personal jurisdiction is unreasonable. *See id.* at 1363. Here, Stewart fails to satisfy his burden to show that Boeing purposefully directed its activities at residents of Pennsylvania and that his patent infringement claim arises out of or relates to Boeing's activities with Pennsylvania. First, the Complaint is completely devoid of any averments relating to jurisdiction. The "Basis for Jurisdiction" section of the Complaint is left blank. (Docket No. 1, ¶ II). The only reference to Pennsylvania in the entire Complaint is that Boeing was allegedly "introduced" to Stewart's technology "during the proceedings of U.S. Air Flight 427 in the U.S. District Court in Pittsburg[h], PA in Sep[tember], 1999." (Docket No. 1, ¶ III.C). This threadbare averment does not prove that Boeing purposefully or deliberately directed its activities, related to Stewart or otherwise, toward the forum state. *See Celgard, LLC*, 792 F.3d at 1378-80. This averment is also too attenuated to the infringement that allegedly occurred approximately twenty (20) years later. Additionally, the Complaint does aver that Boeing "enacted the theft of [Stewart's] technology" during Congressional hearings at which Stewart testified. (Docket No. 1, ¶ III.C). While the Complaint does not aver where these hearings took place, the only reasonable inference to be drawn therefrom is that any such Congressional hearings would have occurred in Washington, D.C., and not in Pennsylvania. Accordingly, Stewart also fails to establish that his patent infringement claim arises out of or relates to Boeing's activities with Pennsylvania. *See NexLearn, LLC*, 859 F.3d at 1376-81.

**\*3** For the foregoing reasons, Stewart simply fails to satisfy his burden of establishing this Court's personal jurisdiction over Boeing in this case. Accordingly, the Court grants Boeing's Motion to Dismiss Stewart's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## B. Venue

A civil action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). When a defendant challenges venue in a patent case, "the [p]laintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Stewart has failed to satisfy his burden of establishing venue here.

For venue, a domestic corporation "resides only in its State of incorporation." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Yet, the Complaint is devoid of any allegations that Boeing is incorporated in Pennsylvania or otherwise resides here. Rather, the Complaint specifically avers that Boeing is in Chicago, Illinois. (Docket No. 1, ¶ I.B).

Moreover, to establish that a defendant has a "regular and established place of business" within a district, the following three requirements must be met: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Again, the Complaint is devoid of any averments to establish any of these elements, though it does contain an averment that the alleged infringing theft of technology seemingly occurred in Washington, D.C. (Docket No. 1, ¶ III). Accordingly, Stewart has failed to aver or otherwise proffer any evidence that the Western District of Pennsylvania is where Boeing "committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Stewart simply fails to satisfy his burden of establishing venue in this judicial district. Accordingly, the Court grants Boeing's Motion to Dismiss Stewart's Complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## C. Failure to State a Claim

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must also " 'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.' " *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,' " Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

**\*4** "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

There are three variant causes of action for patent infringement: direct, induced, and contributory. *See* 35 U.S.C. § 271(a), (b), (c). Stewart's Complaint fails to allege a plausible infringement claim under any of these variants.

Liability for direct infringement arises under 35 U.S.C. § 271(a) when a party, without authorization, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." These acts do not constitute infringement unless the

Case 3:22-cv-01754-JFS-PJC   Document 115-7   Filed 06/13/25   Page 5 of 6
**Stewart v. Boeing Company, Not Reported in Fed. Supp. (2022)**
2022 WL 4082113

accused product embodies the complete patented invention. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 & n. 2 (Fed. Cir. 2000).

Stewart's Complaint, however, is glaringly deficient in that it fails to identify any patent and also fails to aver how Boeing purportedly infringed upon such unidentified patent. Stewart's threadbare pleading is simply insufficient to satisfy the pleadings standard required by *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see, e.g., Panduit Corp. v. Corning Inc.,* No. 5:18-CV-229-FL, 2019 WL 189817, at *3-6 (E.D.N.C. Jan. 14, 2019) (granting a motion to dismiss direct infringement claims). Moreover, Stewart's other filings seemingly represent that his technology is not patented, and thus suggest that any future amendment to cure this pleading deficiency would be futile. (Docket No. 6-1 at 1 (stating, "It was during the years from 1999 to 2002 when I submitted Testimony including *my unpatented Technology* named the A.T.C. Fuel Warning System, is when the Boeing Corporation received this Technology from my representative who was the former International Patent and Design Co." (emphasis added))).

Liability for an inducement claim pursuant to 35 U.S.C. § 271(b) requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Liability for contributory infringement pursuant to 35 U.S.C. § 271(c) requires proof that the infringer provided a component, material, or apparatus "constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." In either event, there can be no inducement or contributory infringement without an underlying act of direct infringement. *See Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004). Consequently, Stewart's Complaint fails to plead an underlying direct infringement and thus fails to plead plausible claims for induced or contributory infringement.

**\*5** For the foregoing reasons, Stewart's Complaint fails to state a plausible patent infringement claim. Accordingly, the Court grants Boeing's Motion to Dismiss Stewart's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For reasons set forth herein, the Court finds that Stewart has failed to allege facts to establish that the Court has personal jurisdiction over Boeing, nor has he alleged facts to show that venue is proper in this judicial district. Moreover, the Court finds that Stewart's Complaint fails to state a claim upon which relief can be granted. Accordingly, Boeing's Motion to Dismiss the Complaint (Docket No. 13) is granted pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, and Stewart's claim against Boeing is dismissed without prejudice to amendment of the Complaint.

An appropriate Order follows.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 4082113

---

### Footnotes

1   Boeing indicates that the Complaint incorrectly names it "Boeing Corporation." (Docket No. 14 at 6 n.1). Stewart agrees in his "Motion to Deny The Boeing Company's Request for Dismissal of Complaint" (hereinafter, "Stewart's Motion"), and requests that "the name of the Defendant Boeing Corporation be renamed The Boeing Company within [his] Complaint." (Docket No. 32 at 1). The Court will construe Stewart's Motion, in part, as a motion to amend the caption and will grant the requested relief and amend the caption. To the extent Stewart's Motion can be construed as a motion to strike or otherwise deny Boeing's Motion to Dismiss the Complaint, Stewart's Motion shall be denied for the reasons set forth herein.

**Stewart v. Boeing Company, Not Reported in Fed. Supp. (2022)**
2022 WL 4082113

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.