# EXHIBIT 9

Case 3:22-cv-01754-JFS-PJC   Document 115-9   Filed 06/13/25   Page 2 of 5

Golden v. Samsung Electronics America, Inc., Not Reported in Fed. Rptr. (2024)

2024 WL 539973
Only the Westlaw citation is currently available.
United States Court of Appeals, Federal Circuit.

Larry GOLDEN, Plaintiff-Appellant
v.
SAMSUNG ELECTRONICS AMERICA, INC., Defendant-Appellee

2023-2120
|
Decided: February 12, 2024

Appeal from the United States District Court for the Northern District of California in No. 3:23-cv-00048-WHO, Judge William H. Orrick, III.

**Attorneys and Law Firms**

Larry Golden, Greenville, SC, pro se.

Richard L. Rainey, Covington & Burling LLP, Washington, DC, for defendant-appellee. Also represented by Jay I. Alexander, Brian Gerard Bieluch; Hyun Sik Byun, Redwood Shores, CA; Robert Haslam, Michael Morey, Palo Alto, CA.

Before Prost, Taranto, and Chen, Circuit Judges.

**Opinion**

Per Curiam.

 **\*1**  Larry Golden filed a complaint against Samsung Electronics America, Inc. in the U.S. District Court for the Northern District of California alleging infringement by Samsung of U.S. Patent Nos. 10,163,287, 9,589,439, and 9,096,189. Samsung moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); Mr. Golden opposed Samsung's motion and cross-moved for summary judgment of infringement. The district court granted Samsung's motion, dismissed the complaint with prejudice, and denied Mr. Golden's motion for summary judgment. *Golden v. Samsung Electronics America, Inc.*, No. 23-cv-00048, 2023 WL 3919466 (N.D. Cal. June 8, 2023). Mr. Golden filed a timely appeal, which we have jurisdiction to decide under 28 U.S.C. § 1295(a)(1). We affirm.

I

Mr. Golden owns a family of patents that describe and claim systems for locking, unlocking, or disabling a lock when a detector or sensor in the system detects a chemical, biological, radiological, or explosive agent. *See generally*, *e.g.*, Appx13–96.[1] Mr. Golden has previously asserted his patents in a variety of suits and venues against other defendants. *See Golden v. Apple Inc.*, No. 2023-1161, 2023 WL 3400595, at *1 (Fed. Cir. May 12, 2023) (detailing the history of Mr. Golden's patent-infringement filings); *Golden v. United States*, 955 F.3d 981, 983–86 (Fed. Cir. 2020) (same).

Mr. Golden filed the present action in January 2023, alleging infringement of the '287, '439, and '189 patents based on several of Samsung's smartphone products. Appx97–129. Those patents have materially identical specifications and describe "a chemical/biological/radiological detector unit with a disabling locking system for protecting products ... and also for preventing unauthorized access to and tampering with the storage and transport of ordnance and weapons." *See*, *e.g.*, '287 patent, col. 3, lines 36–41. The patents explain that the claimed "multi sensor and lock disabling system" may "include[ ] a plurality of detectors" where each detector may be "adapted for and set up to sample for a specific agent or compound (biological, chemical, or radiological)." *Id.*, col. 8, lines 31–35; *see also*, *e.g.*, *id.*, col. 18, lines 56–58 (claim 5 reciting the limitation "one or more detectors ... for detecting at least one of chemical, biological, radiological, or explosive agents").

Mr. Golden's complaint alleged, in part, that Samsung's smartphones possess that claimed detector/sensor functionality on three alternative bases: (1) through the "*Android Team Awareness Kit, ATAK*," which is "[b]uilt on the Android operating system," involves "plug-ins" and "app specific software," was "[i]nitially created" by the "Air Force Research Laboratory" together with the "Defense Threat Reduction Agency," and is "available to warfighters throughout the DoD," Appx112 ¶ 55; Appx119, 127; (2) through add-on devices or modifications that utilize the smartphone's built-in camera, Appx111 ¶ 54, Appx124–25; and (3) through nine "standard sensors" which "can be used as 'biosensors,' " Appx126.

 **\*2**  Samsung moved to dismiss Mr. Golden's complaint, arguing that, among other things, Mr. Golden's complaint failed to plausibly state a patent-infringement claim. Appx146–48. More specifically, Samsung argued that Mr. Golden's complaint stated no alleged facts that went beyond allegations that Samsung was making and selling

smartphones that could be modified post-sale by others to perform the accused detector/sensor functionality. On that basis, Samsung said, there are no plausible allegations Samsung was engaged in directly infringing activities. Appx146–47. Nor, said Samsung, did Mr. Golden plausibly allege that Samsung committed inducement or contributory infringement, even if its smartphones were in fact modified by others post-sale to have the accused functionality. Appx147–48.

The district court agreed and dismissed Mr. Golden's complaint with prejudice, concluding, in part, that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." *Golden*, 2023 WL 3919466, at *2. Mr. Golden filed a motion for reconsideration, which was denied. Appx10. Mr. Golden then timely appealed. Appx10.

II

We apply regional circuit law on the standard for review of a Rule 12(b)(6) dismissal, *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012), and that standard is review without deference under Ninth Circuit law, *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595–96 (9th Cir. 2004). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state "well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.' " *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted) (first citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "[A] pro se complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "However, a *pro se* plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6)." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). We reject Mr. Golden's appeal arguments and therefore affirm the district court's dismissal of his complaint.

Mr. Golden argues that this court's prior holding that a different complaint of his—filed in a separate proceeding against Google in the District of South Carolina but alleging infringement of the same patents—was "not facially frivolous," *Golden v. Apple Inc.*, No. 2022-1229, 2022 WL 4103285, at *2 (Fed. Cir. Sept. 8, 2022), precluded the district court's dismissal of his complaint for failure to state a claim in this proceeding, Golden Informal Opening Br. at 14–22. We disagree.

Although we previously held that Mr. Golden's complaint against Google in a separate proceeding was "not facially frivolous," *Golden*, 2022 WL 4103285, at *2, we also stated that "[o]ur decision does not preclude subsequent motions to dismiss by the defendant for failure to state a claim," and we "express[ed] no opinion as to the adequacy of the complaint." *Id.* Our prior holding that Mr. Golden's complaint—alleging patent-infringement claims against Google, not Samsung, based on Google's products, not Samsung's—was not facially frivolous does not answer the question of the sufficiency of Mr. Golden's complaint against Samsung in this proceeding. The district court did not err by so determining. *Golden*, 2023 WL 3919466, at *2 n.6. *See also Golden v. Qualcomm Inc.*, No. 2023-1818, 2023 WL 6561044, at *2 (Fed. Cir. Oct. 10, 2023) (rejecting a similar contention by Mr. Golden).

**\*3** On the merits of the district court's infringement-allegation analysis, also challenged by Mr. Golden, *see* Golden Informal Opening Br. at 27; Golden Informal Reply Br. at 9, we also see no reversible error. Mr. Golden's complaint does not plausibly allege that Samsung itself has committed any of the acts specified in 35 U.S.C. § 271(a), as the factual allegations plausibly show, at the most, only that Samsung-made-and-sold smartphones could be modified post-sale by others. There is no plausible allegation that Samsung itself is making, selling (or offering to sell), using, or importing smartphones that have the claimed detector/sensor functionality, either literally or by equivalents. And without such a plausible allegation, Mr. Golden has presented no basis for survival of the complaint.

Mr. Golden's complaint may be understood to allege three ways the accused products practice the detector/sensor functionality, but each is deficient for infringement even at the pleading stage. Regarding ATAK, the complaint itself indicates that plugins and app-specific software, not developed by Samsung and only available "throughout the DoD," are required for the accused detector/sensor functionality. Appx112 ¶ 55; Appx119, 127. Regarding Samsung's built-in cameras, the complaint relies on proof-of-concept articles that support nothing more than that, through post-sale add-on devices or modifications, commercially available smartphones could one day conceivably perform the

accused detector/sensor functionality. Appx124–25, 1716–21.

Finally, regarding the complaint's statement, without elaboration, that "standard sensors" "*can be* used as 'biosensors' ": That statement on its face does not assert that "standard sensors" can be so used without add-ons; it is not included in Mr. Golden's claim charts; and in any event it is wholly conclusory. Appx126 (emphasis added); *see* Appx119, 124. This lone statement, lacking any concrete specifics, fails to satisfy basic pleading standards for, as relevant here, plausibly alleging that any of Samsung's smartphones, as made and sold by Samsung, *i.e.*, without any addition of hardware or software, contain "biosensors" that perform the claimed sensing/detecting of hazardous agents. *See Bot M8 LLC v. Sony Corp. of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement ... by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."). The failure is particularly apparent in light of the articles that Mr. Golden's complaint cites for the proposition that cell phone cameras might, one day, be modified to perform the accused detector/sensor functionality, Appx1716–21. *Cf. Bot M8*, 4 F.4th at 1354 ("Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim.").

In short, Mr. Golden's allegations, even if true, at best establish that Samsung's smartphones might be modified post-sale to perform the accused detector/sensor functionality, which is not enough for direct infringement on the claims here. *See High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 49 F.3d 1551, 1555 (Fed. Cir. 1995) ("[A] device does not infringe simply because it is possible to alter it in a way that would satisfy all the limitations of a patent claim."). And Mr. Golden's complaint does not allege facts plausibly showing that Samsung had the knowledge and intent regarding its customers' activities for Samsung to be liable for inducement under 35 U.S.C. § 271(b). *See Bill of Lading*, 681 F.3d at 1339; Appx108–129. Likewise missing are allegations of facts plausibly showing (contrary to the complaint's own allegations) that Samsung's smartphones have "no substantial noninfringing uses," as required to establish contributory infringement under 35 U.S.C. § 271(c). *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

**\*4** Mr. Golden argues, in his reply brief, that the district court, in conducting its analysis of the complaint, improperly reduced the scope of his inventions to a single, generalized claim limitation. Golden Informal Reply Br. at 13. But this allegation about the district court's analysis is no substitute for Mr. Golden's task on appeal—to focus directly on the complaint and demonstrate its sufficiency, a matter we decide de novo on appeal. In any event, we disagree with Mr. Golden's allegation about what the district court did.

In the district court's statement that Mr. Golden appears to challenge, the court merely summarized, at a high level, the subject matter of Mr. Golden's patents. *Golden*, 2023 WL 3919466, at \*1 & n.2. The court then went on to analyze the legal sufficiency of Mr. Golden's specific infringement allegations as stated in his complaint. It was on that basis that the court concluded that "[t]he allegations that his patents cover the identified functionalities included in Samsung's products are wholly unsupported and implausible on their face." *Id.* at \*2. There was no improper narrowing.

For the foregoing reasons, we conclude that Mr. Golden has shown no error in the district court's determination that his complaint insufficiently alleged infringement. That conclusion suffices to affirm the dismissal of the complaint. We need not address the district court's alternative ground for dismissal—that Mr. Golden's suit against Samsung was precluded because Mr. Golden had already unsuccessfully asserted the same patent-infringement claims against the United States based on materially the same Samsung products. *See Golden*, 2023 WL 3919466, at \*2 & n.7 (discussing *Golden v. United States*, 156 Fed. Cl. 623 (2021), *aff'd*, No. 2022-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022)).

III

The dismissal of Mr. Golden's complaint is affirmed.

The parties shall bear their own costs.

**AFFIRMED.**

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 539973

Golden v. Samsung Electronics America, Inc., Not Reported in Fed. Rptr. (2024)

Case 3:22-cv-01754-JFS-PJC    Document 115-9    Filed 06/13/25    Page 5 of 5

**Footnotes**

1   "Appx" refers to the appendix that Samsung filed in this court with its brief as appellee.

---

End of Document    © 2025 Thomson Reuters. No claim to original U.S. Government Works.