# EXHIBIT 6

2024 WL 4489918
Only the Westlaw citation is currently available.
United States Court of Appeals, Federal Circuit.

Massoud HEIDARY, Plaintiff-Appellant
v.
AMAZON.COM, INC., Ring, LLC, Defendants-Appellees

2024-1580
|
Decided: October 15, 2024

Appeal from the United States District Court for the District of Maryland in No. 8:22-cv-02319-TDC, Judge Theodore D. Chuang.

**Attorneys and Law Firms**

Massoud Heidary, Gaithersburg, MD, pro se.

Jennifer Librach Nall, DLA Piper LLP (US), Austin, TX, for defendants-appellees. Also represented by Ankur Vijay Desai, Washington, DC; Stanley Joseph Panikowski, III, San Diego, CA.

Before Lourie, Prost, and Stark, Circuit Judges.

**Opinion**

Lourie, Circuit Judge.

***1** Massoud Heidary appeals from a decision of the U.S. District Court for the District of Maryland dismissing Heidary's patent infringement claims for improper venue and failure to state a claim. *Heidary v. Amazon.com, Inc.*, 706 F. Supp. 3d 525 (D. Md. 2023) (“*Decision*”). For the following reasons, we *affirm.*

BACKGROUND

Heidary owns U.S. Patent 10,380,862 (“the ’862 patent”), which issued on August 13, 2019. The ’862 patent is directed to a “fire protection system” for suppressing fire spread by shutting off the fan in an HVAC system when a fire is detected by a smoke detector. ’862 patent col. 1 ll. 9–18. Claim 1 of the ’862 patent reads as follows:

> 1. A system for suppressing fire in a building, the system comprising:
>
> a plurality of smoke detector units,
>
> each smoke detector unit comprising:
>
> a smoke detector,
>
> a power supply,
>
> an auxiliary power supply,
>
> a camera connected to the smoke detector, and
>
> a wireless transmission unit connected to the camera,
>
> a normally closed relay,
>
> a fan controller connected to an HVAC unit,
>
> a thermostat,
>
> a display unit,
>
> a micro-controller for the display unit,
>
> a wireless receiver for the micro-controller,
>
> a telephone system,
>
> wherein upon detection of a smoke by any one of the smoke detectors, the respective smoke detector passes a signal to a normally closed relay to open and to cut-off the power supply to the thermostat as well as fan controller thereby shutting off the fan unit; and activates the respective camera and the wireless transmission unit to transmit a signal to a wireless receiver connected to the micro-controller so as to display the location of the fire on the display unit connected to the micro-controller.

’862 patent col. 3 ll. 6–31.

Heidary filed the present suit against Amazon.com, Inc. (“Amazon”) and Ring, LLC (“Ring”) (collectively “Appellees”) on September 13, 2022, alleging patent infringement. *Decision*, 706 F. Supp. 3d at 528–29. According to Heidary's complaint, Amazon sells two specific products —the X-SENSE Wi-Fi Smoke Alarm and the Aegislink Wi-Fi Smoke Alarm (collectively the “accused products”)—that meet each and every limitation of claim 1 of the ’862 patent. S.A. 30–31, ¶¶ 12–13. [1]

Ring moved to dismiss Heidary's complaint for improper venue under Rule 12(b)(3) and Appellees jointly moved to dismiss for failure to state a claim of patent infringement under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Decision*, 706 F. Supp. 3d at 529–30. Specifically, Ring contended that Heidary failed to show that Ring resides in or has a regular and established place of business in the District of Maryland. *Id.* Appellees further contended that Heidary did not plead facts sufficient to show that either of the accused products plausibly contains each and every limitation of claim 1 of the ’862 patent and thus there can be no direct infringement. *Id.* at 533–34. Given their contention that the predicate act of direct infringement failed, Appellees argued Heidary's inducement infringement claim necessarily failed as well. *Id.* at 534–35.

***2** The district court granted Appellees’ motions and dismissed the complaint without prejudice. *Decision*, 706 F. Supp. 3d at 535.

* * *

Heidary initially appealed his case to the U.S. Court of Appeals for the Fourth Circuit, and the Fourth Circuit subsequently transferred the case to this court. *Heidary v. Amazon.com, Inc.*, No. 24-1012 (4th Cir. Mar. 12, 2024), ECF No. 11 (order transferring appeal to this court). We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Heidary challenges the district court's decision to dismiss the complaint for each of (1) improper venue as to Ring and (2) failure to adequately plead patent infringement. We discuss each issue in turn.

### I

We first address whether the district court erred in determining that the claims against Ring must be dismissed due to improper venue. We apply our own law when reviewing a motion to dismiss under Rule 12(b)(3) regarding improper venue pursuant to 28 U.S.C. § 1400(b) because “[§ 1400(b) venue] is an issue unique to patent law and is therefore governed by Federal Circuit precedent.” *Valeant Pharms. N. Am. LLC v. Mylan Pharms. Inc.*, 978 F.3d 1374, 1381 (Fed. Cir. 2020). We review whether venue is proper under § 1400(b) *de novo. Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1381 (Fed. Cir. 2019).

Under § 1400(b), “[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business.” 28 U.S.C. § 1400(b). It is the plaintiff's burden to establish proper venue. *Westech*, 927 F.3d at 1382.

A “domestic corporation ‘resides’ only in its State of incorporation for purposes of the patent venue statute.” *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). If the defendant does not reside in the relevant district, then venue is only proper if each of the following requirements are met: “(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.” *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

The district court concluded that Heidary failed to establish that venue is proper for Ring. *Decision*, 706 F. Supp. 3d at 530. We agree.

Heidary's complaint alleged that “Ring, LLC (‘Ring’) is [a] Limited Liability company and exists under the laws of the State of Delaware.” S.A. 29, ¶ 5. As a Delaware entity, and not a Maryland corporation, Ring does not reside in the District of Maryland for patent venue purposes. [2] Accordingly, Heidary could only establish that venue is proper as to Ring if he alleged or established that Ring has committed infringing acts in Maryland *and* that it has a regular and established place of business in that state. *See* 28 U.S.C. § 1400(b). In that regard, the district court correctly determined that Heidary pleaded no facts and otherwise made no showing that Ring has a physical place of business in the District of Maryland. *See* S.A. 29, ¶¶ 5–9 (failing to make allegations regarding Ring's physical presence in the District of Maryland). Absent such plausible allegations, the district court correctly ordered the dismissal of the claims against Ring due to improper venue.

### II

***3** We next turn to whether the district court erred in dismissing Heidary's claims of direct infringement. Appellees jointly moved to dismiss Heidary's direct infringement claims, and the district court granted this motion. *Decision*,

706 F. Supp. 3d at 535. Therefore, we will consider the correctness of the district court's decision on infringement with respect to both parties.

This court applies the law of the regional circuit, which here is the Fourth Circuit, when reviewing a motion to dismiss under Rule 12(b)(6). *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). The Fourth Circuit reviews challenges to a dismissal for failure to state a claim under Rule 12(b)(6) *de novo. E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). To survive a motion to dismiss in the Fourth Circuit, "a plaintiff must plead enough factual allegations to state a claim to relief that is plausible on its face." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, "[w]e apply our own law to the specific question of whether a complaint states a claim of patent infringement on which relief may be granted." *AlexSam, Inc. v. Aetna, Inc.*, No. 2022-2036, 2024 WL 4439292, at *4 (Fed. Cir. Oct. 8, 2024).

Pleadings must be "construe[d] ... liberally" for *pro se* litigants. *Bing*, 959 F.3d at 618. However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Id.* (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Thus, a *pro se* litigant still must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

On appeal, Heidary contends that the district court erred by prematurely dismissing the patent infringement claim on the basis that the district court did not consider the "totality" of the '862 patent in its infringement analysis. Appellant's Br. 2. Appellees respond that the accused products cannot plausibly constitute the "complete" invention of the '862 patent based on the pleadings, and thus Heidary failed to state a claim under Rule 12(b)(6). Appellees' Br. 6.

While it is not required that a plaintiff detail how each limitation of a claim is infringed, the plaintiff cannot list the claim limitations in his complaint and "merely conclud[e] that the accused product has those [limitations]." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021). Rather, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

Direct infringement arises under 35 U.S.C. § 271(a), which specifies that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... infringes the patent." For direct infringement, "one or more claims of the patent [must] read on the accused device ...." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). A claim reads on the accused device only if "each and every limitation set forth in a claim appear[s] in an accused product." *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005).

***4** Heidary's complaint does nothing more than list what Heidary contends are the limitations of his claim 1 and assert that Amazon "make[s], sell[s], use[s], offer[s] to sell, or import[s] in the United States products ... that meet each and every limitation of claim 1." S.A. 30, ¶¶ 12–13. This is insufficient to state a plausible claim of patent infringement.

More particularly, as the district court explained, "there is a facially apparent disconnect between the '862 patent and the [accused products]." *Decision*, 706 F. Supp. 3d at 533. The '862 patent claims a system with multiple components. Specifically, claim 1 of the '862 patent recites a complete "system for suppressing fire" that includes "a plurality of smoke detectors" where each smoke detector comprises, among other components, "a fan controller connected to an HVAC unit, a thermostat, a display unit, a micro-controller for the display unit, a wireless receiver for the micro-controller, [and] a telephone system." *Decision*, 706 F. Supp. 3d at 534; *see also* '862 patent col. 3 ll. 6–31 (independent claim 1). Meanwhile, as the district court stated, the accused products "appear to consist of *only* smoke detector devices, not a complete 'fire protection system with fan shut off, including a camera and a display unit.' " *Decision*, 706 F. Supp. 3d at 534 (emphasis added). Therein lies the facially apparent disconnect. The '862 patent claims a fire protection system, but the accused devices are merely a single component of that system.

Moreover, because "a patent on a combination is a patent on the assembled or functioning whole, not on the separate parts," *Mercoid Corp. v. Minneapolis-Honeywell Regulator Co.*, 320 U.S. 680, 684 (1944), without additional factual allegations, the district court determined it was left with no choice but to conclude that the accused products did not plausibly consist of the complete invention of the asserted claims of the '862 patent, and it therefore granted the motion

to dismiss as to the direct infringement claim. *Decision*, 706 F. Supp. 3d at 534.

We agree. Heidary's complaint fails to sufficiently plead a claim for direct infringement. With his complaint, Heidary submitted a screenshot depicting one of the accused products, which appears to be a Wi-Fi enabled smoke detector, and summarily concluded the accused products infringe claim 1 without more. S.A. 34. Although Heidary is not required to attach claim charts or allege how each limitation of a claim is infringed, Heidary must still "articulate *why* it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1352–53 (emphasis added). Neither the screenshot nor Heidary's complaint provides any reason to plausibly conclude that the accused products are a complete fire protection system as claimed by the '862 patent. In fact, the screenshot merely appears to show that one of the accused products is a standalone smoke detector device, which accounts for just one of the 13 limitations recited by claim 1 of the '862 patent. S.A. 30, ¶ 13. He provides no allegations that the accused products include anything further.

Nor do the complaint and screenshot indicate that the other components of claim 1, *e.g.*, '862 patent col. 3 ll. 16–21 ("a fan controller connected to an HVAC unit, a thermostat, a display unit, a micro-controller for display unit, a wireless receiver for the micro-controller, [and] a telephone system"), are present in the accused products. These materials also do not plausibly convey that the accused products possess the functionality of the component limitations of claim 1, *e.g.*, *id.* at col. 3 ll. 22–26 ("wherein upon detection of a smoke ... the respective smoke detector passes a signal to a normally closed relay to open and to cut-off the power supply to the thermostat as well as fan controller thereby shutting off the fan unit").

***5** Indeed, even on appeal, Heidary appears to concede that the accused products do not plausibly infringe claim 1 of the '862 patent because the Appellees used only "part" of his invention. *See* Appellant's Reply Br. 2 ("[Appellees] used *part* of my invention (residential smoke detector and camera and display unit) to sell and promote smoke detector and camera and display unit." (emphasis added)).

We therefore agree with the district court that Heidary failed to state a claim of direct infringement and as such the claim must be dismissed. [3]

III

Without a predicate finding of direct infringement, there can be no finding of induced infringement. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014). Because Heidary failed to adequately plead direct infringement, we agree with the district court that Heidary's "induced infringement claim necessarily fails." *Decision*, 706 F. Supp. 3d at 535.

CONCLUSION

We have considered Heidary's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm.*

**AFFIRMED**

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 4489918

## Footnotes

1 "S.A." refers to the supplemental appendix included with Appellees' informal brief.

2 We have applied *TC Heartland*'s holding to venue issues relating to LLCs, like Ring. *See In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020) (applying, without discussion, *TC Heartland*'s "corporation" standard to an LLC). The parties neither dispute nor address this potential issue, so neither do we.

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Heidary v. Amazon.com, Inc., Not Reported in Fed. Rptr. (2024)
2024 WL 4489918

3 Even though the dismissal was without prejudice, the docket shows no effort by Heidary to file an amended complaint. Instead, he chose to appeal within three weeks of when the district court issued its dismissal order. S.A. 27.

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works. 5