# EXHIBIT 8

Case 3:22-cv-01754-JFS-PJC   Document 119-8   Filed 06/13/25   Page 2 of 11

Bonutti Skeletal Innovations, LLC v. Globus Medical Inc., Not Reported in F.Supp.3d...

2015 WL 3755223
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

BONUTTI SKELETAL INNOVATIONS, LLC, Plaintiff,
v.
GLOBUS MEDICAL INC., Defendant.

Civil Action No. 14–6650.
|
Signed June 15, 2015.

**Attorneys and Law Firms**

Brian E. Farnan, Joseph J. Farnan, III, Farnan LLP, Philadelphia, PA, John M. Desmarais, Kevin K. McNish, Laurie Stempler, Desmarais LLP, New York, NY, for Plaintiff.

Arun Subramanian, Jacob W. Buchdahl, Seth D. Ard, Susman Godfrey, L.L.P., New York, NY, Jeffrey S. Cianciulli, Susan M. Verbonitz, Weir & Partners, LLP, Philadelphia, PA, for Defendant.

*OPINION*

WENDY BEETLESTONE, District Judge.

**I. INTRODUCTION**

 *1  In this intellectual property dispute, Plaintiff Bonutti Skeletal Innovations, LLC ("Bonutti"), the owner of numerous patents relating to orthopedic implants, alleges that defendant Globus Medical Inc. ("Globus"), a maker of spinal implants, has infringed six of its patents. Specifically, Bonutti asserts patent infringement claims under a variety of rubrics with respect to Patent Nos. 6,099,531 (the " ′531 patent"), 6,423,063 (the " ′063 patent"), 7,001,385 (the " ′385 patent"), 8,486,066 (the " ′066 patent"), 8,690,944 (the " ′944 patent"), and 8,795,363 (the " ′363 patent") (collectively, "the Asserted Patents"). Now before the Court is Globus' Motion to Dismiss Claims of Joint, Indirect, and Willful Infringement. The Court held oral argument on the motion on May 12, 2015.

**II. BACKGROUND**

Plaintiff Bonutti is the assigned owner of the six Asserted Patents: the ′531 patent, titled "Changing Relationship Between Bones"; the ′063 patent, titled "Changing Relationship Between Bones"; the ′385 patent, titled "Joint Spacer With Compartment For Orthobiological Material"; the ′066 patent, titled "Spacer"; the ′944 patent, titled "Wedge Apparatus for Use in Operating on a Bone"; and the ′363 patent, titled "Wedge Apparatus for Use in Operating on a Bone." Compl. ¶¶ 6–11; *id*. Exs. A–F. Dr. Peter M. Bonutti, an orthopedic surgeon, is the named inventor for all six patents, which disclose claims "relate[d] to novel bone spacers and related novel surgical methods that Dr. Bonutti invented." Compl. ¶ 15.

Defendant Globus is a maker of spinal implants. Mot. at 1. According to the First Amended Complaint (the "Complaint"), [1] Globus manufactures, sells, and distributes instructional materials for spinal spacers that infringe one or more of Bonutti's patents. These products include the Globus Medical CALIBER, CALIBER–L, COALITION, COLONIAL, CONTINENTAL, FORGE, FORTIFY, FORTIFY I PEEK, FORTIFY I–R, INDEPENDENCE, INTERCONTINENTAL, MONUMENT, NIKO, RISE, SIGNATURE, SUSTAIN ARCH, SUSTAIN LARGE, SUSTAIN MEDIUM, SUSTAIN–O, SUSTAIN SMALL, and TRANSCONTINENTAL spinal spacers and related instruments. *See* Compl. ¶¶ 19, 36, 49, 60, 74, 88. Bonutti alleges that Globus: (1) directly infringed, on a theory of joint liability, unspecified method claims in the ′531 and ′063 patents (Counts I and II); and (2) indirectly infringed unspecified claims in all six patents on both an induced infringement and contributory infringement theory (Counts I–VI). Finally, Bonutti alleges that Globus' infringement was willful (Counts I–VI). [2] Globus moves to dismiss these claims.

**III. LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "In light of *Twombly,* 'it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed conduct].' " *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 177 (3d Cir.2010) (quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008)). Consistent with the Supreme Court's rulings in *Twombly* and *Iqbal,* the Third Circuit requires a two-step analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.,* 610 F.3d 217, 219 (3d Cir.2010).

First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210–11 (3d Cir.2009). Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679).

**\*2** "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Great W. Mining,* 615 F.3d at 177 (quoting *Twombly,* 550 U.S. at 556–57 (internal quotation marks omitted)). At bottom, the question is not whether the claimant "will ultimately prevail ... but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, ––––, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011).

**IV. DISCUSSION**

Globus moves to dismiss Bonutti's direct method claims, which Bonutti has alleged under 35 U.S.C. § 271(a) only with respect to the ′531 and ′063 patents (Counts I and II). Globus also moves to dismiss Bonutti's indirect infringement claims, which were brought with respect to all six Asserted Patents (Counts I–VI). With respect to these claims, Bonutti alleges that Globus is indirectly liable for both: (1) induced infringement, codified under 35 U.S.C. § 271(b); and, (2) contributory infringement, codified under 35 U.S.C. § 271(c). Finally, Globus moves to dismiss Bonutti's claim for willful infringement. For the reasons set forth below, the Court will grant Globus' motion.

**A. *Direct Infringement of Method Claims (Counts I and II)***

Section 271 of the Patent Act codifies the elements of patent infringement. 35 U.S.C. § 271. Subsection (a) governs direct infringement and provides:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a). Direct infringement does not require a mental state; it is a strict liability tort. *Commil USA, LLC v. Cisco Sys., Inc.,* –––U.S. ––––, ––––, 135 S.Ct. 1920, 1926, ––– L.Ed.2d ––––, ––––(2015). Bonutti alleges a direct method infringement claim with respect to the ′531 and ′063 patents. The Complaint does not allege that Globus itself performed the steps of the claimed patented methods. Rather, for both patents, Bonutti's claim is based on a theory of joint infringement, alleging "on information and belief" that Globus has "infringe[d] one or more of the method claims" by "employing, contracting with, or otherwise entering into an agency relationship with medical practitioners to perform [the infringing] procedures." Compl. ¶¶ 19, 33.

It is "axiomatic that a method claim is directly infringed only if each step of the claimed method is performed." *Muniauction, Inc. v. Thomson Corp.,* 532 F.3d 1318, 1328 (Fed.Cir.2008) (citing *BMC Res., Inc. v. Paymentech, L.P.,* 498 F.3d 1373, 1378–79 (Fed.Cir.2007)). While direct infringement requires that a single party perform every step of the claimed method, "a defendant cannot ... avoid liability for direct infringement by having someone else carry out one or more of the claimed steps on its behalf." *Id.* at 1329 (quoting *BMC Resources,* 498 F.3d at 1379) (internal quotation marks omitted). Accordingly, where one party can be deemed to have exercised " 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e.,* the 'mastermind,' " *id.* (quoting *BMC Resources,* 498 F.3d at 138081), a single party can be found liable for direct infringement even where the actions of multiple parties combine to perform every step of the claimed method. In a direct infringement case brought under a theory of joint liability, then, the issue of infringement turns on whether the defendant "sufficiently controls or directs the other parties ... such that [the defendant] itself can be said to have performed every step of the asserted claims." *Id.* The "control or direction" standard is "satisfied in situations where the law would traditionally hold the accused infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Id.* at 1330.

Case 3:22-cv-01754-JFS-PJC   Document 119-8   Filed 06/13/25   Page 4 of 11

Bonutti Skeletal Innovations, LLC v. Globus Medical Inc., Not Reported in F.Supp.3d...

**\*3** Here, Globus argues, and the Court agrees, that Bonutti's direct method infringement claims fail because it did not allege any facts from which the Court could reasonably infer that Globus exercised the requisite "direction or control" over the medical practitioners who allegedly performed the infringing procedures. Bonutti does not set forth any factual allegations from which the Court could infer a relationship between Globus and medical practitioners that would require the medical practitioners to infringe the Asserted Patents. In its responsive brief, Bonutti argues that it has adequately alleged that "medical practitioners practice the claimed methods of the ′531 and ′063 patents by implanting the accused products on Globus' behalf [,] ... either [because] Globus employs those medical practitioners to perform infringing medical procedures on behalf of Globus, or Globus has contracted with them to do so." Opp'n at 11. But the only factual allegation in the Complaint to support this claim is Bonutti's bald assertion, quoted *supra,* that Globus "employ[ed], contract[ed] with, *or* otherwise enter[ed] into an agency relationship with medical practitioners to perform [the infringing] procedures." Compl. ¶¶ 19, 33 (emphasis added). Apart from identifying the third-party infringers as "medical professionals," Bonutti's allegations are legal rubric; they contain no factual content to support a reasonable inference that any third party medical practitioner was obligated to perform the infringing procedures through a relationship with Globus. *See Global Patent Holdings, LLC v. Panthers BRHC LLC,* 586 F.Supp.2d 1331, 1335 (S.D.Fla.2008) (dismissing joint infringement claim where Plaintiff had adequately alleged a contract between defendant website and third party remote users because the "[Plaintiff] has not alleged that the remote users are Defendant's agents who visit the website within the scope of their agency relationship ... [or] any facts which would render Defendant otherwise vicariously liable for the acts of the remote user."), *aff'd,* 318 F. App'x 908 (Fed.Cir.2009); *Grecia v. VUDU, Inc.,* No. 14–1220, 2015 WL 538486, at \*4 (N.D.Cal. Feb.9, 2015) ("To be sure, the mere existence of some contractual relationship is not enough. The contract must impose an obligation on the alleged 'controlled' party to perform the infringing steps.").

Bonutti has not identified a specific contract or arrangement between Globus and any medical practitioner that explains why that relationship requires the medical practitioner's infringement. The facts here are not like those in *Grecia,* where the plaintiff alleged that pursuant to a licensing agreement between the defendant and a third party, the third party was required to infringe the plaintiff's patents in order to fulfil its obligations to the defendant under the agreement. 2015 WL 538486, at \*4–6. To support its claim, the plaintiff included the licensing agreement as an exhibit to its complaint, and the court noted that the language of the agreement was "generally consistent with an agency relationship ." *Id.* at \*5. Here, Bonutti alleges only on "information and belief" that Globus employs, contracts, or has some other agency relationship with medical practitioners. During oral argument, counsel for Bonutti conceded that presently her client does not know any specific terms of any contract between Globus and third party medical practitioners. Hr'g Tr. at 21:20–24. While it is *possible* that medical professionals act as Globus' agents while performing allegedly infringing procedures (though unlikely given that medical professionals are generally required to exercise their own judgment in treating patients), Bonutti has not alleged facts from which the Court could find that such a relationship is *plausible. See Twombly,* 550 U.S. at 570.

**\*4** Bonutti argues that joint infringement can nevertheless be inferred from its allegation that Globus has "provided and continues to provide" to medical professionals "surgical technique guides and instruments for implanting spinal spacers in infringing procedures." Compl. ¶ 22. As an initial matter, Bonutti does not quote any of this alleged material, or provide any facts from which the Court could infer that Globus' instructions actually direct third parties to perform the infringing methods. More fundamentally, even if Bonutti *had* alleged facts to support its conclusory allegation, "the fact that an accused infringer ... instructs [others] on [use of its products] is not sufficient to incur liability for direct infringement." *Voter Verified, Inc. v. Premier Election Solutions, Inc.,* 698 F.3d 1374, 1384 (Fed.Cir.2012) (quoting *Muniauction,* 532 F.3d at 1330) (internal quotation marks omitted). "Controlling access to a system and providing instructions on using that system—'teaching, instructing or facilitating of the other party's participation' in the patented system—as in *Muniauction,* does not show adequate 'direction or control.' " *Emtel, Inc. v. Lipidlabs, Inc.,* 583 F.Supp.2d 811, 831 (S.D.Tex.2008) (quoting *Muniauction,* 532 F.3d at 1329). Rather, the plaintiff must allege that the third party is *obligated* to infringe the patents-at-issue because of its relationship with the defendant. The allegations of the Complaint do not so state. Accordingly, the Court finds that Bonutti has failed to adequately plead joint infringement of the ′531 and ′063 patents and will grant Globus' motion to dismiss those claims.

**B.** *Induced Infringement (Counts I–VI)*

Case 3:22-cv-01754-JFS-PJC   Document 119-8   Filed 06/13/25   Page 5 of 11

Bonutti Skeletal Innovations, LLC v. Globus Medical Inc., Not Reported in F.Supp.3d...

In addition to its direct infringement claims, Bonutti alleges that Globus is liable for induced infringement. Under Section 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Given such bare-bones language, it is unsurprising that courts have found the elements of an induced infringement claim elusive. In *Global–Tech Appliances, Inc. v. SEB S.A.,* –––– U.S. ––––, 131 S.Ct. 2060, 179 L.Ed.2d 1167 (2011), the Supreme Court held that while the plain text of Section 271(b) does not specifically include either a knowledge or intent requirement, these elements can be inferred from the phrase "actively induced." *Id.* at 2065. As the Court explained, the term "induce" means "to lead on; to influence; to prevail on; to move by persuasion or influence." *Id.* "The addition of the adverb 'actively' suggests that the inducement must involve the taking of affirmative steps to bring about the desired result." *Id.* In other words, a person who "actively" persuades, influences, or leads someone to take a certain action acts with the *intent* to cause that action. The Court further reasoned that a person who "actively induces" an act "obviously knows" the act that he or she wishes to bring about. *Id.* Thus, Section 271(b) may be said to prohibit "knowingly inducing infringement." The *Global–Tech* Court noted, however, that "knowingly inducing infringement" is ambiguous as to whether the defendant must simply know that it is inducing an act that *happens* to constitute infringement, or whether the defendant must know that the act it is inducing constitutes infringement. Using a used car salesman as an analogy, the Court stated that to "knowingly sell a damaged car" could mean either that the salesman knowingly sells a car that happens to be damaged (a fact of which the salesman may be unaware), or that the salesman sells a car he knows to be damaged. After analyzing the legislative history of the Patent Act and prior Supreme Court case law, the Court concluded that to be liable for induced infringement, the defendant must have: (1) knowledge of the patent-at-issue; and, (2) knowledge that the induced acts constitute patent infringement. 131 S.Ct. at 2068. The Court further held that the knowledge requirement could be shown either through actual knowledge or willful blindness. *Id.* at 2069. In *Commil USA, LLC v. Cisco Systems, Inc.,* the Supreme Court very recently affirmed the knowledge requirement it set forth in *Global–Tech,* and clarified that it is not enough to show that a defendant "might have known" or "should have known" that the acts it induced constituted infringement. 135 S.Ct. at 1925, 1928. Rather, the Court explained, *Global–Tech* "requires proof the defendant *knew* the acts were infringing." *Id.* (emphasis added).

**\*5** Thus, the Court concludes, given the Supreme Court's opinions in *Global–Tech* and *Commil,* that to state a claim for induced infringement, a plaintiff must show that: (1) with knowledge of or willful blindness to the existence of the patent-in-suit; (2) the defendant engaged in affirmative acts to induce (*e.g.,* by persuading, leading, or influencing) a third party to perform acts that; (3) the defendant knew constituted infringement of the patent-in-suit (or was willfully blind to that fact); (4) with the specific intent to cause such infringement; and which (5) resulted in the third party directly infringing the patent-at-issue. *See Commil,* 135 S.Ct. at 1928; *Global–Tech,* 131 S.Ct. at 2065–68.

Here, Bonutti alleges that "[w]ith actual or constructive knowledge of the [Asserted Patents] and with the specific intent to cause infringement of the [Asserted Patents], Globus Medical encouraged and intended and continues to encourage and intend medical practitioners to perform surgical techniques using Globus Medical products in a manner that directly infringes" the Asserted Patents. Compl. ¶¶ 22, 36, 49, 63, 77, 91. For clarity, the "induced act" in Bonutti's Complaint is "medical practitioners ... perform[ing] surgical techniques using Globus Medical products in a manner that directly infringes" the Asserted Patents. In its motion to dismiss, Globus does not argue that Bonutti has failed to allege the first, second, or fifth elements of an induced infringement claim. In other words, Globus does not dispute, for purposes of its motion to dismiss, that it induced medical practitioners to perform surgical techniques using Globus Medical products in a manner that directly infringes Bonutti's patents. Nor does Globus dispute, for purposes of its motion to dismiss, that it had pre-suit knowledge of the ′531 patent, or that Bonutti's original complaint put it on notice of the remaining Asserted Patents.[3] Globus does argue, however, that the Complaint does not contain factual allegations from which the Court could infer the third or fourth elements—*i.e.,* that it *knew* it was inducing medical practitioners to use its products in a manner that would constitute infringement of the Asserted Patents and that it *specifically intended* to induce such infringement. To survive this motion to dismiss, therefore, Bonutti must have pled factual content that allows the Court to reasonably infer that: (1) Globus knew or was willfully blind to the fact that medical practitioners' use of its products constituted infringement of Bonutti's patents; and (2) Globus specifically intended to encourage that infringement. The Court finds Bonutti's allegations are deficient with regard to both elements.

### 1. Knowledge of Infringement

Globus contends that Bonutti has conflated the first element of an induced infringement claim, *i.e.,* knowledge of the patents-at-issue, with the third element of an induced infringement claim, *i.e.,* knowledge that the induced act constituted infringement of the patents-at-issue. Reply at 7. As a result, Globus argues, Bonutti improperly relies on its allegations with respect to Globus' knowledge of the Asserted Patents and the allegedly infringing nature of Globus' products and instructions to provide a basis for the Court to infer that Globus knew that medical professionals' use of its products constituted infringement of the Asserted Patents. Mot. at 15; Reply at 7. While Bonutti now concedes that it is required to allege knowledge of infringement in addition to knowledge of the patent, Bonutti argues that that it has sufficiently alleged facts to support knowledge of infringement. *See* Hr'g Tr. at 39:2–24. For the reasons described below, the Court finds otherwise.

**\*6** *The '531 Patent:* To reiterate, the Supreme Court made clear in *Global–Tech* and Commil that it is insufficient to allege that a defendant *might have* known or *should have* known, based upon its knowledge of the existence of the patents-at-issue, that it was inducing conduct that constituted infringement of those patents. Rather, Bonutti must allege facts from which the Court could reasonably infer that Globus *actually knew* that it was inducing acts that would constitute direct infringement of the Asserted Patents or was willfully blind to that fact. Generally, a plaintiff adequately pleads that the defendant actually knew it was inducing acts that constitute infringement through specific allegations that the plaintiff: (a) alerted the defendant, either orally or in writing, to the fact that it was inducing a third party to infringe the plaintiff's patent, *and* (b) the plaintiff explained to the defendant *how* the induced acts constituted infringement. *See Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.,* No. 13–2052, 2014 WL 4675316, at \*3–4 (D.Del. Sept.19, 2014) (granting motion to dismiss induced infringement claim where plaintiff had alleged that it informed defendant "as to the general subject of alleged infringement" but did not include any "factual specificity as to *how* it was said that [defendant's] technology infringed the Asserted Patents, or could be used by customers to infringe [plaintiff's] intellectual property"); *Pragmatus AV, LLC v. Yahoo! Inc.,* No. 11–902, 2013 WL 2295344, at \*1 (D.Del. May 23, 2013) (same). Here, the Complaint includes no allegations that Bonutti made any effort to inform Globus that it was infringing the ′531 patent or explain how its customers use of Globus' products constituted infringement.

Alternatively, a plaintiff could allege circumstantial evidence from which the Court could infer that the defendant had actual knowledge or was willfully blind to the fact that third parties' use of its products constituted infringement of the plaintiff's patent. For example, in *Global–Tech,* the plaintiff, a patented inventor of an innovative deep fryer, alleged that the defendant supplier bought one of plaintiff's deep fryers and copied all of its parts except for its cosmetic features to fulfill its contract with the plaintiff's competitor.[4] 131 S.Ct. at 2064. The defendant admitted it copied the plaintiff's fryer but argued that it did not know the fryer was patented. The Supreme Court found that there was circumstantial evidence of the defendant's willful blindness to the fact that it was causing the plaintiff's competitor to sell a product that infringed plaintiff's patent, including: (1) the defendant's decision to purchase an overseas model of the plaintiff's deep fryer, which it knew would not bear U.S. patent markings; (2) the defendant's decision to copy "all but the cosmetic features" of the plaintiff's deep fryer; and (3) the defendant's failure to tell the lawyer who it had hired to run a patent search that it had copied the plaintiff's fryer. *Id.* at 2071.

**\*7** With respect to the ′531 patent, Bonutti alleges that Globus' knowledge that it was inducing the medical practitioners to infringe the ′ 531 patent can be inferred from the fact that the ′531 patent was listed as prior art on one of Globus' patent applications. Bonutti argues that because the ′531 patent was "in the same technical field" as Globus' patent, Globus should have known that its own products and methods infringed Bonutti's patent. Opp'n at 14. Listing a plaintiff's patent as prior art on one's own patent application is insufficient for the Court to infer that Globus knew that its customers' use of its products and instructions constituted *infringement of that patent.* If Bonutti's view were correct, patent applicants could risk liability for indirect infringement of any patent listed as prior art, even if their products or methods *inadvertently* overlapped with a listed patent. *See Commil,* 135 S.Ct. at 1928. While Bonutti's allegation that Globus included the ′531 patent on its own patent application could potentially serve as a basis for the Court to infer that Globus "might have known" that its own products and methods enabled third parties to infringe the ′531 patent, it does not serve as a basis for the Court to infer that Globus *actually* possessed such knowledge. For the Court to make such a logical leap, Bonutti must allege facts that make such an inference plausible. It has not done so.

Case 3:22-cv-01754-JFS-PJC   Document 119-8   Filed 06/13/25   Page 7 of 11

Bonutti Skeletal Innovations, LLC v. Globus Medical Inc., Not Reported in F.Supp.3d...

Bonutti also argues that its allegation that Globus provides instructions to medical professionals to implant the accused products in an allegedly infringing way constitutes circumstantial evidence that Globus had knowledge that it was inducing infringement. Hr'g. Tr. at 39:8–24. Allegations of a defendant's marketing activities do not, on their own, demonstrate that the defendant knew it was inducing acts that constituted infringement or that the defendant possessed the specific intent to encourage another's infringement. *See Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1330 (Fed.Cir.2010). However, in *Bill of Lading,* the Federal Circuit found that knowledge that the induced acts constitute infringement could be inferred from the defendant's knowledge of the patent and the fact that the defendants provided instructions to its clients that enabled them to perform acts that infringed the patents-at-issue. *R +L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.),* 681 F.3d 1323, 1340 (Fed.Cir.2012). The plaintiff in that case alleged in detail the structure and function of its patented method for controlling truck deliveries. It then alleged specific statements taken from the defendants' instructional material as well as testimonials from the defendants' customers that they used the defendants' products to perform the described patented methods. *See id.* at 1341. The Court found, on a motion to dismiss, that the detailed instructions matched the steps of the patented method and concluded that the plaintiff had alleged sufficient facts from which it could infer knowledge that the induced acts constituted infringement. The court further noted that this conclusion made sense "in the context of the technology disclosed in the [patents-at-issue] and the industry to which [the defendants] sell and tout their products." *Id.* at 1340.

**\*8** The Complaint here is devoid of any allegations that explain precisely what Bonutti's spacers do, how they are used, or why the products or methods are unique within the medical industry. Nor does the Complaint contain specific allegations concerning the statements made in the alleged instructional materials that could be tied to the patented methods. Bonutti, in essence, asks the Court to "take its word for it" and infer that Globus' instructional materials betray its knowledge that it was inducing acts that constitute infringement. While the Court is obligated at the motion to dismiss stage to view the facts in the light most favorable to Bonutti, *see Phillips,* 515 F.3d at 233, once again, Bonutti must allege some facts that can form the basis for this inference. *See Twombly,* 550 U.S. at 570. Bonutti has failed to do so with respect to the ′531 patent.

Finally, Bonutti's claim that Globus was willfully blind to the fact that it was causing third parties to infringe the ′531 patent fails for the same reason. Bonutti alleges that "at a minimum, Globus Medical [took] deliberate actions to avoid confirming the high probability that medical practitioners have performed and continue to perform medical procedures ... which ... constitute infringement of the ′531 patent." *Id.* ¶ 27. However, to state a claim for willful blindness, a plaintiff must plead facts demonstrating that the defendant: (1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact. *Global–Tech,* 131 S.Ct. at 2070. To do so, "a plaintiff must identify affirmative actions taken by the defendant to avoid gaining knowledge of the patents-in-suit or of acts that constituted patent infringement." *Neology,* 23 N.Y.3d 1067, 994 N.Y.S.2d 326, 2014 WL 4675416, at \*5 (citing *MONEC Holding AG v. Motorola Mobility, Inc.,* 897 F.Supp.2d 225, 230 (D.Del.2012)); *see also Global–Tech,* 131 S.Ct. at 2071 (holding that a standard of "deliberate indifference" is insufficient to allege willful blindness because that test "does not require active efforts by an inducer to avoid knowing about the infringing nature of the activities."). Unlike the plaintiff in *Global–Tech,* who alleged that the defendant took specific affirmative actions such as obtaining a copy of the plaintiff's product in Hong Kong so as to avoid receiving a model imprinted with a U.S. Patent identification and failing to inform its patent attorney that it had copied the plaintiff's product, Bonutti has not alleged any facts showing affirmative acts to avoid knowing that it was inducing infringement of Plaintiff's patents. Accordingly, the Court finds that Bonutti's willful blindness claim must fail with respect to the ′531 patent.

***The '063, '385, '066, '944, and '363 Patents:*** As for the remaining patents, Bonutti alleges that Globus had knowledge of the infringing nature of its products and methods at least as of the filing of the Complaint. Am. Compl. ¶¶ 35, 48, 62, 76, 90; Opp'n at 13. From this, Bonutti extrapolates that Globus obtained knowledge as of December 19, 2014 (the date it filed its amended complaint), that it was inducing medical practitioners to infringe the Asserted Patents. *See* Opp'n at 14. While it is possible for a complaint to put a defendant on notice of both the patents and the way in which its products and/or methods are alleged to infringe those patents such that the defendant could be deemed to have knowledge that it was inducing acts that constitute direct infringement, *see Laser Dynamics, Inc. v. Quanta Computer, Inc.,* 694 F.3d 51, 60 (Fed.Cir.2012), that is not the case here,

where, as discussed throughout, the Complaint contains only conclusory allegations that do not explain to Globus how its products and methods infringe the Asserted Patents, or how it is inducing third parties to use those products and methods in an infringing manner. *See Neology,* 2014 WL 4675316, at *5 ("Although the Accused Products were identified in the Complaint and in the FAC [First Amended Complaint], neither document sets out factual allegations regarding how these products are said to infringe the Asserted Patents when utilized by the respective alleged direct infringers. If there are insufficient allegations in the FAC of pre-suit knowledge of infringement, nothing in the pleadings gave [defendant] any additional post-suit notice as to this element."); *MONEC,* 897 F.Supp.2d at 235 (granting motion to dismiss claims of induced infringement based on post-suit knowledge "because the first amended complaint fails to supply any factual allegations that would convert the post-suit knowledge into a plausible allegation of knowledge of the infringing use"). While the Complaint identifies the six Asserted Patents and names a number of Globus' products that allegedly infringe these patents, it contains no explanation as to how Globus' products infringe Bonutti's patents or how medical professionals' use of those products constitute infringement.

**\*9** Bonutti's allegations of willful blindness with respect to the ′063, ′ 385, ′066, ′944, and ′363 patents also fail. *See* Compl. ¶¶ 37, 50, 64, 78, 92. While Bonutti's allegations with respect to these patents are limited to post-Complaint conduct, Bonutti could have alleged facts (at least with respect to all but the ′385 patent, which was included for the first time in the Amended Complaint) in its Amended Complaint, filed on December 19, 2014, that would allow the Court to infer that Globus took "affirmative actions" following the initial complaint, filed one month earlier on November 19, 2014, "to avoid gaining knowledge of the patents-in-suit or of acts that constituted patent infringement." *Neology,* 2014 WL 4675316, at *5 (citing *MONEC,* 897 F.Supp.2d at 230). However, Bonutti did not do so. Thus, the Court finds that Bonutti has failed to allege post-suit knowledge of infringement of the ′063, ′385, ′066, ′ 944, and ′363 patents.

### 2. Specific Intent

Because Bonutti has failed to allege the element of knowledge of infringement, the Court need not address the specific intent element of its induced infringement claim. However, even if that were not the case, Bonutti's Complaint does not adequately allege that Globus had the specific intent to infringe. To show specific intent, Bonutti alleges that Globus "encouraged and intended and continues to encourage and intend medical practitioners to perform surgical techniques using Globus Medical products in a manner that directly infringes" the Asserted Patents. Compl. ¶ 22, 36, 49, 63, 77, 91. Bonutti further alleges that "Globus Medical's acts of encouragement include, among other acts, providing surgical technique guides and instruments for implanting spinal spacers in a patient" or "assembling and using" spinal spacers in a manner that infringes the Asserted Patents. *Id.*

While "[p]roviding instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement," *Microsoft Corp. v. DataTern, Inc.,* 755 F.3d 899, 905 (Fed.Cir.2014), as discussed above in subsection IV.B .1, *supra,* Bonutti has not pled any facts from which the Court could infer that Globus actually provided such instructions. In *Hand Held Products,* for example, the court concluded that the plaintiff had adequately pled specific intent based on factual allegations demonstrating that defendants had prior knowledge of the patents-in-suit, including specific statements quoted from the defendant's advertisements and press releases. *Hand Held Prods., Inc. v. Amazon.com, Inc.,* No. 12–00768, 2013 WL 507149, at *5 (D.Del. Feb.6, 2013). Here, as explained above, Bonutti has pled only boilerplate allegations that merely state the legal conclusion. It has not pled any facts that would entitle it to a reasonable inference that its conclusory allegations with respect to specific intent are true. *See Fowler,* 578 F.3d at 211. Thus, even if Bonutti had adequately alleged knowledge of infringement, which it has not, its claim for induced infringement would still fail under *Twombly* and *Iqbal* because Bonutti has not adequately pled facts from which the Court could reasonably infer specific intent.

### C. *Contributory Infringement (Counts I–VI)*

**\*10** Bonutti's contributory infringement allegations also fail to satisfy the pleading standards set forth in *Twombly* and *Iqbal.* 35 U.S.C. § 271(c) provides:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be

Case 3:22-cv-01754-JFS-PJC   Document 119-8   Filed 06/13/25   Page 9 of 11

Bonutti Skeletal Innovations, LLC v. Globus Medical Inc., Not Reported in F.Supp.3d...

> especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer.

As with induced infringement, "[i]t is axiomatic that [t]here can be no ... contributory infringement without an underlying act of direct infringement." *Bill of Lading,* 681 F.3d at 1333 (citation and internal quotation marks omitted). Similarly, as the Supreme Court reiterated in *Commil,* "like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." 135 S.Ct. at 1926; *see also Fujitsu,* 620 F.3d at 1326 ("Our case law is clear that [plaintiff] must show that [defendant] 'knew that the combination for which its components were especially made was both patented and infringing.' " (quoting *Golden Blount, Inc. v. Robert H. Peterson Co.,* 365 F.3d 1054, 1061 (Fed.Cir.2004))). Finally, to state a claim for contributory infringement, a plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading,* 681 F.3d at 1337.

Here, again, Globus does not challenge whether or not Bonutti has adequately alleged that direct infringement has taken place. Globus argues that Bonutti has failed to allege facts from which the Court could draw an inference that Globus knew its products would cause third parties to infringe. Mot. at 18–19. Globus further argues that the Complaint lacks factual allegations to support an inference that Globus' products "have no substantial non-infringing uses." *Id.*

As explained in subsection IV.B.1 above, the Court has concluded that Bonutti has failed to allege facts that could support an inference that Globus had knowledge that its customers' acts constituted infringement of any of the Asserted Patents. Accordingly, Bonutti's contributory infringement claims also fail. Further, even if Bonutti had adequately pled knowledge of infringement, its claim for contributory infringement would still fail because Bonutti has alleged no facts to support an inference that Globus' products are "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). The Complaint alleges that Globus sold its spinal spacers with knowledge that they are "especially made and/or especially adapted for performing medical procedures that infringe" Bonutti's patents and that Globus' products "are not staple articles of commerce suitable for a substantial non-infringing use, at least because they have no use other than in medical procedures that infringe at least one claim of the [patent-at-issue]." Compl. ¶¶ 27–28. These allegations, again, are legal conclusions that merely recite the necessary elements of the cause of action. Such statements are insufficient to meet the requirements set forth in *Twombly* and *Iqbal. See Ziemba v. Incipio Techs., Inc.,* No. 13–5590, 2014 WL 7051782 (D.N.J. Dec.12, 2014) (dismissing contributory infringement claims when complaint included only conclusory allegations that restated the elements of the cause of action). Accordingly, the Court will grant Globus' motion to dismiss the contributory infringement claims.

D. *Willful Infringement (Counts I–VI)*

**\*11** To establish willful infringement, a plaintiff must prove two elements. First, it must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement." *In re Seagate Tech., LLC,* 497 F.3d 1360, 1371 (Fed.Cir.2007). "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* Second, if the "threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." *Id.* At the pleading stage, a plaintiff must plead facts giving rise to at least a showing of objective recklessness regarding the infringement risk. *MONEC,* 897 F.Supp.2d at 236. Moreover, "[t]he complaint must demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *Id.* (citation and internal punctuation omitted).

As a preliminary matter, Bonutti stated in its opposition papers that it does not oppose Globus' motion to dismiss the willful infringement claims for all the Asserted Patents other than the ′531 patent. Opp'n at 3 n. 1. Accordingly, the Court will dismiss Bonutti's claims for willful infringement of the ′063, ′385, ′066, ′944, and the ′363 patents.

With respect to the ′531 patent, Globus argues that Bonutti's willfulness claim fails because "the burden to prove willful infringement includes more than mere knowledge of the patent" and, again, Bonutti has failed to plead facts from which the Court could infer that Globus had knowledge of the risk of infringement of the Asserted Patents. *See* Reply at

Case 3:22-cv-01754-JFS-PJC  Document 119-8  Filed 06/13/25  Page 10 of 11

Bonutti Skeletal Innovations, LLC v. Globus Medical Inc., Not Reported in F.Supp.3d...

10. Bonutti has alleged that "the objectively high likelihood that Globus Medical's actions constituted infringement of the ′531 patent was either actually known by Globus Medical or so obvious that Globus Medical should have known prior to the filing date of this Complaint." Compl. ¶ 30. In support of this conclusion, Bonutti alleges only that "Globus Medical's recognition that the ′531 patent was close enough to Globus Medical's U.S. Patent App. No. 12,579,833 as to merit disclosure to the United States Patent and Trademark Office indicates that Globus Medical actually knew it infringed the ′531 patent as of July 27, 2011 or should have known it infringed the ′531 patent as of July 27, 2011 because of the objectively high risk of infringement." *Id.* In summary, the only fact Bonutti has alleged to show "objective recklessness" is Globus' inclusion of the ′531 patent as prior art on its patent application.

It is not reasonable to infer objective recklessness from that fact alone. Although "actual knowledge of infringement or the infringement risk" need not be pled, the complaint "must adequately allege factual circumstances in which the patents-in-suit [are] called to the attention of the defendants." *MONEC,* 897 F.Supp.2d at 236 (citation and internal quotation marks omitted). The fact that Globus listed Bonutti's patent in connection with the prosecution of its own patent does not indicate that those patents were "called to the attention" of the defendant as a potential infringement risk. *See Spherix Inc. v. Cisco Systems, Inc.,* No. 14–393, 2015 WL 1517435, at *2 (D.Del. Mar.31, 2015) (dismissing willfulness claim even where the defendant "knew of some of the [patents-in-suit] from the prosecution of its own patent applications" because the complaint "contains no facts establishing 'objective recklessness of the infringement risk' " (citing *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.,* No. 13–2012, 2014 WL 5780877, at *5 (D.Del. Nov.5, 2014)). Moreover, Bonutti has not alleged that it ever entered into discussions with Globus that could have alerted it to the infringing nature of its products. Such discussions are particularly necessary where, as here, "it is a matter of public knowledge that [the] plaintiff[ ] own[s] hundreds of patents."

*Intellectual Ventures I LLC v. Toshiba Corp.,* —— F.Supp.3d ——, 2014 WL 4365235, at *4 (D.Del. Sept.3, 2014).

**\*12** The Court concludes that Bonutti has failed to adequately plead that Globus willfully sold products to its customers that infringed the ′531 patent and accordingly shall grant Defendant's motion with respect to that issue.

### V. CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss is granted. An order shall follow consistent with this Opinion.[5]

### *ORDER*

**AND NOW,** this 15th day of June, 2015, upon consideration of Defendant Globus Medical Inc.'s Motion to Dismiss Claims of Joint, Indirect, and Willful Infringement, Plaintiff Bonutti Skeletal Innovations, LLC's Opposition, and the reply thereto, **IT IS ORDERED** that:

1. Defendant's Motion is **GRANTED;**

2. Plaintiff's claims for direct method infringement in Counts I and II are **DISMISSED WITHOUT PREJUDICE;**

3. Plaintiff's claims for induced infringement and contributory infringement in Counts I–VI are **DISMISSED WITHOUT PREJUDICE;**

4. Plaintiff's claims for willful infringement in Counts I–VI are **DISMISSED WITHOUT PREJUDICE;** and

5. Plaintiff shall be granted leave to file a second amended complaint, which shall be filed no later than fourteen (14) days from the date of this Order.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 3755223

---

**Footnotes**

1   The First Amended Complaint is in all respects identical to the original complaint except for the addition of claims relating to the #385 patent (Count III).

2   The Complaint also alleges direct apparatus infringement claims for the #531, #385, #066, #944, and #363 patents (Counts I, III–VI). Globus has not moved to dismiss those claims.

3   Bonutti concedes that it alleges pre-suit knowledge only with respect to the #531 patent. Hr'g Tr. at 5:13–19. For the remaining five Asserted Patents, Bonutti alleges that Globus obtained knowledge of the patents at least as of the time of the Complaint. Opp'n at 13. Bonutti may rely on the filing and service of the complaint to establish the defendant's knowledge of Asserted Patents. *Walker Digital LLC v. Facebook Inc.,* 852 F.Supp.2d 559, 565 (D.Del.2012). However, Bonutti's damages for indirect infringement of these patents will be limited to the period following the filing of the Complaint. *Id.* In other words, Bonutti has sufficiently pled knowledge of the #063, #385, #066, #944, and #363 patents for purposes of post-complaint relief. Bonutti alleged claims concerning the #385 patent for the first time in its First Amended Complaint. In all other respects, the original Complaint and the First Amended Complaint are identical.

   Thus, the dates by which Bonutti has alleged knowledge of the Asserted Patents are as follows: (1) for #531 patent, July 27, 2011 (the date Globus filed a patent application listing the #531 patent as prior art); (2) for the #063, #066, #944, and #363 patents, November 19, 2014 (the date Bonutti filed its original complaint); and (3) for the #385 patent, Dec. 19, 2014 (the date Bonutti filed its Amended Complaint).

4   While *Global–Tech* was decided following a motion for judgment as a matter of law, not on a motion to dismiss, it is instructive in identifying the type of factual allegations other than a demand letter that could form the basis to infer a defendant's knowledge of infringement.

5   The claims remain as follows:

| Patent | Direct | Joint | Induced | Contributory | Willful |
|---|---|---|---|---|---|
| #531 | Yes | No | No | No | No |
| #063 | N/A | No | No | No | No |
| #385 | Yes | N/A | No | No | No |
| #066 | Yes | N/A | No | No | No |
| #944 | Yes | N/A | No | No | No |
| #363 | Yes | N/A | No | No | No |

**End of Document**                                                                 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2025 Thomson Reuters. No claim to original U.S. Government Works.                             10