# EXHIBIT 15

2011 WL 3608609
Only the Westlaw citation is currently available.
United States District Court,
M.D. Pennsylvania.

E–LYNXX CORPORATION, Plaintiff

v.

INNERWORKINGS, INC., et al., Defendants.

Civil Action No. 1:10–CV–2535.
|
Aug. 16, 2011.

**Attorneys and Law Firms**

Brett M. Pinkus, Jonathan T. Suder, Friedman Suder & Cooke, Fort Worth, TX, Darren P. Nicholson, Mark D. Strachan, Sayles Werbner P.C., Dallas, TX, Scott Thomas Wyland, Hawke McKeon Sniscak & Kennard LLP, Harrisburg, PA, for Plaintiff.

J. Scott Andrews, Jennifer H. Doan, Joshua R. Thane, Halton & Doan, Texarhana, TX, Robert J. Tribeck, Amanda J. Lavis, Rhoads & Sinon LLP, Joseph U. Metz, Dilworth Paxson LLP, Bridget E. Montgomery, Eckert Seamans Cherin & Mellott, LLC, Thomas B. Schmidt, III, Pepper Hamilton, LLP, Harrisburg, PA, Jan M. Conlin, Lauren J. Galgano, Tara D. Falsani, Thomas C. Mahlum, Robins, Kaplan, Miller & Ciresi LLP, Minneapolis, MN, Donald E. Burton, Ronald I. Raether, Jr., Faruki Ireland & Cox P.L.L., Dayton, OH, James R. Nuttall, McAndrews, Held & Malloy, Ltd., Chicago, IL, John D. Luken, Rebecca A. Brown, Dinsmore & Shohl LLP, Cincinnati, OH, Martin J. Cerullo, Paul J. Datte, Cerullo, Datte & Wallbillich, P.C., Pottsville, PA, Alan W. Harris, Dallas, TX, Amy K. Van Zant, Covington & Burling LLP, Redwood Shores, CA, Anne M. Shyjan, Courtney M. Quish, Michael T. Renaud, Pepper Hamilton LLP, Boston, MA, for Defendants.

*ORDER*

CHRISTOPHER C. CONNER, District Judge.

 *1 AND NOW, this 16th day of August, 2011, upon consideration of the Report and Recommendation of United States Magistrate Judge Mildred E. Methvin (Doc. 93), recommending that defendants' motion to dismiss (Doc. 54) be denied as to plaintiff's direct-infringement claims, and granted as to plaintiff's indirect-infringement claims, and that plaintiff be granted leave to amend its complaint, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the record,[1] see *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir.2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Methvin (Doc. 93) are ADOPTED.

2. Defendants' motion to dismiss (Doc. 54) is DENIED as to plaintiff's direct-infringement claims and GRANTED as to plaintiff's indirect-infringement claims.

3. Plaintiff is GRANTED leave to AMEND its complaint.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 3608609

---

**Footnotes**

1   When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir.1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b),

Case 3:22-cv-01754-JFS-PJC    Document 119-15    Filed 06/13/25    Page 3 of 3
e-LYNXX Corp. v. Innerworkings, Inc., Not Reported in F.Supp.2d (2011)
2011 WL 3608609

advisory committee notes; *see also Henderson,* 812 F.2d at 878–79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F.Supp.2d 676, 680 (W.D.Pa.2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater,* 990 F.Supp. 375–78 (M.D.Pa.1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel,* 33 F.Supp.2d 397, 399 (E.D.Pa.1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

**End of Document**         © 2025 Thomson Reuters. No claim to original U.S. Government Works.