# EXHIBIT 17

Case 3:22-cv-01754-JFS-PJC   Document 119-17   Filed 06/13/25   Page 2 of 3

Golden v. United States, Not Reported in Fed. Rptr. (2022)

2022 WL 4103287
Only the Westlaw citation is currently available.
United States Court of Appeals, Federal Circuit.

Larry GOLDEN, dba ATPG Technology, LLC, Plaintiff-Appellant
v.
UNITED STATES, Defendant-Appellee

2022-1196
|
Decided: September 8, 2022

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00307-EGB, Senior Judge Eric G. Bruggink.

**Attorneys and Law Firms**

Larry Golden, Greenville, SC, pro se.

Grant Drews Johnson, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by Brian M. Boynton, Gary Lee Hausken.

Before Dyk, Taranto, and Stoll, Circuit Judges.

**Opinion**

Per Curiam

**\*1** Larry Golden appeals an order of the United States Court of Federal Claims ("Claims Court") dismissing his patent infringement claims against the United States ("government"). We *affirm*.

BACKGROUND

Mr. Golden owns a family of patents concerning a system for locking, unlocking, or disabling a lock upon the detection of chemical, radiological, and biological hazards.[1] In May 2013, Mr. Golden brought suit against the government under 28 U.S.C. § 1498(a), alleging that the Department of Homeland Security infringed his patents by soliciting proposals for the development of cellular devices through its "Cell-All" initiative. Mr. Golden claims that he responded to the solicitation along with cell phone manufacturers such as Apple and Samsung. The Claims Court interpreted Mr. Golden's complaint to allege that the government "continues to fund development of these devices to this day," and that through its efforts, it has "caused other manufacturers to develop, produce, and commercialize devices, such as cell phones, that infringe on [Mr. Golden's] patents." *Golden v. United States*, No. 13-307C, at 2 (Fed. Cl. Nov. 10, 2021). Over the next eight years, Mr. Golden repeatedly amended his complaint to include additional patent claims and to accuse additional devices manufactured by third parties, allegedly at the government's behest.

On March 29, 2021, the Claims Court issued a scheduling order directing the parties to proceed with claim construction based on Mr. Goldin's sixth amended complaint. The scheduling order directed Mr. Golden to "file [his] preliminary disclosure of infringement contentions (via e-mail, not by filing with the court) (Patent Rule 4) on or before May 7, 2021." Supp. App'x 1181. The Claims Court's rules require:

> (c) <u>a chart identifying where each element of each asserted claim is found within each accused product, process, or method</u>, including the name and model number, if known;

Fed. Cl. Pat. R. 4 (emphasis added).

Mr. Golden timely filed his preliminary infringement contentions. The government moved to strike these contentions as deficient and to dismiss the case in its entirety, arguing that Mr. Golden failed to identify where at least two claimed elements were found in the accused devices as required under the Claims Court's patent rules: sensors for hazardous materials and locking mechanisms. The Claims Court agreed with the government that Mr. Golden's contentions failed to identify where these claim limitations were found in the accused products. The Claims Court granted the government's motion to strike but gave Mr. Golden an opportunity to resubmit infringement contentions that would comply with the court's rules.

Mr. Golden filed revised contentions in August 2021. The government again moved to strike and dismiss, arguing that Mr. Golden failed to correct the previously-identified deficiencies. The Claims Court agreed and dismissed the complaint pursuant to Rule 41(b) of the Rules of the Claims Court ("RCFC") for failure to comply with a court order.

Mr. Golden appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

**\*2** We review the Claims Court's dismissal of a case pursuant to RCFC 41(b) for an abuse of discretion. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). "[T]he trial court's exercise of discretion will not be disturbed on appeal unless upon a weighing of relevant factors we are left with a definite and firm conviction that the court below committed a clear error of judgment." *Id.* (internal quotations and citations omitted).

The court's scheduling order required Mr. Golden to file his preliminary disclosure of infringement contentions in compliance with Patent Rule 4 of the Claims Court. In turn, Patent Rule 4 required Mr. Golden to prepare "a chart identifying where each element of each asserted claim is found within each accused product, process, or method." Supp. App'x 1004. Despite having eight years to develop his case and two chances to provide infringement contentions compliant with Patent Rule 4, Mr. Golden failed to identify in the accused products at least two key elements claimed in his patents: the sensor and locking limitations.[2]

On appeal, Mr. Golden does not argue that the accused Apple and Google devices themselves include the sensor and locking limitations. Instead, he argues that the Claims Court overlooked other devices—"the sensors and detectors of the Cell-All third-party contractors (NASA, Qualcomm, Seacoast, Rhevision, and Synkera)"—and that the Claims Court erred in "[f]ail[ing] to consider sensors and detectors that are not 'native' to the manufacture of Apple and Samsung products." Appellant's Br. 2. Mr. Golden failed to even mention some of these other devices in his infringement contentions, and more importantly, he does not allege that these devices have actually been combined by the government (or contractors acting on its behalf) with the accused devices into a device or system that would infringe his asserted patent claims. Thus, Mr. Golden has not shown that the Claims Court erred in its decision. We have considered Mr. Golden's remaining arguments and find them unpersuasive.

**AFFIRMED.**

**All Citations**

Not Reported in Fed. Rptr., 2022 WL 4103287

---

**Footnotes**

| | |
|---|---|
| 1 | The patents and claims now at issue in this case are U.S. Patent Nos. 7,385,497 (claim 1); 8,106,752 (claim 10); 9,096,189 (claim 1); 9,589,439 (claim 23); and 10,163,287 (claim 5). |
| 2 | The Claims Court expressly identified deficiencies regarding both the sensor and locking limitations in Mr. Golden's contentions for claim 1 of the '497 patent, claim 10 of the '752 patent, claim 23 of the '439 patent, and claim 5 of the '287 patent. *Golden v. United States*, No. 13-307C, at 7-11 (Fed. Cl. Nov. 10, 2021). The only other asserted claim remaining in the case is claim 1 of the '189 patent. While the Claims Court did not address that claim expressly, the Claims Court identified deficiencies in the infringement contentions with respect to the locking limitation for claim 2 of the '189 patent, *id.* at 9–10, and Mr. Golden has not argued to us that claim 1 is materially different from claim 2 regarding those deficiencies. |

---

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.