# EXHIBIT 1

*Plaintiff's Rebuttal to Defendants' Exhibits 119-1 through 119-17*

**Case: Mills v. Unknown Franchisee, No. 20-CV-00354, 2021 WL 5358944 (E.D. Cal. Nov. 17, 2021)**

- **Cited in**: Defendants' Exhibit 119-1

- **Legal Principle:**

  The court **granted in part and denied in part** the motion to dismiss. While certain claims were dismissed, the court held that the **patent infringement claim survived under Rule 12(b)(6)** because the complaint included sufficient factual allegations. The court emphasized that, under *Twombly* and *Iqbal*, plaintiffs must provide factual content showing the accused product's features and how they relate to the patent—mere legal conclusions are not enough.

- **Use in Plaintiff's Case:**

  *Mills* reinforces that even partial dismissal does not undermine a well-pled infringement theory. The surviving claims in *Mills* were allowed to proceed because the complaint identified the accused product and linked it to the patent's claims. Likewise, Plaintiff here:

  - Identifies specific infringing products;
  - Details how those products are promoted and monetized by Defendants' platforms;
  - Aligns claims under 35 U.S.C. § 271(b) and (c), organized by Defendant;
  - Reinforces the factual basis through Plaintiff's Opposition (Doc. 104), including structural incentives like default search payments.

The court in *Mills* found the allegations "thin but plausible." In contrast, Plaintiff's claims are **substantive, supported by exhibits and economic context**, and exceed the plausibility threshold under Rule 12(b)(6).

**Case: Davis v. Pennsylvania Department of Corrections, No. 1:19-cv-00985, 2019 WL 6338015 (M.D. Pa. Nov. 26, 2019)**

- **Cited in**: Defendants' Exhibit 119-2

- **Legal Principle:**

  The court **dismissed the complaint without prejudice**, emphasizing that although **pro se complaints must be construed liberally**, they must still satisfy the pleading standards established in *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly*. Specifically, a complaint must allege sufficient facts to state a claim that is plausible on its face. Threadbare recitals of legal elements or conclusory statements are not enough.

- **Use in Plaintiff's Case:**

  The ruling in *Davis* underscores that **factual specificity**, even from a pro se litigant, is essential—but not impossible to meet. Unlike *Davis*, where the complaint was dismissed due to vague and unsupported assertions, Plaintiff here:

  - Provides specific allegations tied to infringing product listings;

  - Identifies conduct by each named Defendant, including search and monetization practices;

  - Organizes factual claims under 35 U.S.C. § 271(b) and (c); and

  - Supplements the complaint with a detailed Opposition (Doc. 104) explaining structural relationships and economic incentives.

In *Davis*, the court gave the plaintiff leave to amend—recognizing that a better-pled complaint could proceed. Here, Plaintiff's Fifth Amended Complaint already surpasses that threshold, offering **concrete, individualized allegations** that meet both the **liberal standard for pro se litigants** and the **Iqbal/Twombly plausibility requirement**.

## Case: Averill v. Jones, No. 12-599 (MN), 2019 WL 3804686 (D. Del. Aug. 13, 2019)

- **Cited in**: Defendants' Exhibit 119-3

- **Legal Principle:**

  The court held that under Rule 15(c)(1)(C), a plaintiff seeking to amend a complaint to replace "Doe" defendants must show: (1) the new claims arise from the same conduct, transaction, or occurrence as the original pleading; (2) the newly named defendants received notice within the Rule 4(m) window (120 days at the time); and (3) those parties knew or should have known they would have been named but for a mistake. The burden rests on the plaintiff, and relation back under Rule 15 requires evidentiary support—constructive notice cannot be assumed based on shared counsel or organizational hierarchy without factual proof.

- **Use in Plaintiff's Case:**

  Plaintiff's approach aligns with the standard emphasized in *Averill*. While the original complaint did not name all current defendants, Plaintiff used "Doe" placeholders strategically and in good faith to preserve claims against unknown parties involved in **search engine indexing and product monetization**, including through browser-level partnerships and default search arrangements. As facts developed, Plaintiff identified these roles and relationships with greater specificity.

Unlike the plaintiff in *Averill*, who failed to show that the newly named defendants had notice or a close relationship with the original party, Plaintiff here has since provided detailed allegations tying each defendant—including platforms like **Apple and Mozilla**—to the conduct originally alleged. The claims arise from the same core set of facts: **induced and/or contributory infringement**. **Public search results still retrieve infringing product listings from 2016**, reinforcing the continuity and visibility of the underlying conduct.

**Case: *Flanagan v. Martfive, LLC*, No. 16-cv-1237, 2017 WL 661607 (W.D. Pa. Feb. 17, 2017)**

• **Cited in:** Defendants Exhibit 119-4

• **Legal Principle:**

The court dismissed a newly added defendant (MME) because the two-year Pennsylvania statute of limitations for product liability claims had expired. Plaintiff's attempt to invoke Rule 15(c) was rejected, as there was no indication that MME received notice of the suit within the 90-day service window under Rule 4(m), or that MME should have known it was the intended target. The court emphasized that relation back under Rule 15(c)(1)(C) requires timely notice, the absence of prejudice, and a clear mistake in identity—not merely strategic substitution.

• **Use in Plaintiff's Case:**

*Flanagan* is distinguishable on every material point. There, the plaintiff added a previously uninvolved manufacturer with no prior link to the litigation and failed to show any notice or mistaken identity. In contrast, Plaintiff's allegations in this case have consistently centered on a shared set of infringing products and marketplace behaviors. The current Defendants—though named at different procedural stages—were connected to that underlying conduct, and their roles

have become more clearly articulated as the case has evolved. **From the first complaint filed, Plaintiff pleaded claims for inducement under 35 U.S.C. § 271(b) and contributory infringement under § 271(c).** All current Defendants had **actual or constructive notice within the Rule 4(m) timeframe**, based on their **extremely advanced technology**, **operational access to infringing listings**, and their **capacity to detect and respond**. For those denying timely awareness, the record supports a finding of **willful blindness**, where **financial incentives** outweighed any duty to investigate or prevent ongoing infringement. Unlike in *Flanagan*, where the added party had no connection to the original claims, the Defendants here were never strangers to the underlying conduct. The continuity of allegations, timely notice, and economic motivation to ignore infringement all support relation back under Rule 15(c).

**Case**: ***Samsung Electronics Co., Ltd. v. Netlist, Inc.***, **No. 3:21-CV-01478-X, 2022 WL 2204104 (N.D. Tex. June 17, 2022)**

• **Cited in:** Defendants Exhibit 119-5

• **Legal Principle:**

The court ruled on a motion to dismiss under Rule 12(b)(6), applying the *Twombly/Iqbal* plausibility standard. It dismissed two of the plaintiff's claims—breach of contract and declaratory judgment of unenforceability—**without prejudice**, but allowed the claim for **declaratory judgment of noninfringement** to proceed. The decision reflects the principle that even under Rule 12 scrutiny, factual plausibility and proper framing of relief can allow some claims to survive initial challenge.

• **Use in Plaintiff's Case:**

Unlike many of the cases cited by Defendants that resulted in full dismissals, *Samsung v. Netlist*

was a **mixed ruling**. The court explicitly **denied the motion to dismiss** as to Samsung's

noninfringement claim, holding that it was adequately pleaded. **Like the surviving claim in**

***Samsung*, Plaintiff's causes of action here are backed by clear, fact-based assertions tied to**

**specific conduct and statutory grounds, warranting adjudication—not dismissal.** The Fifth

Amended Complaint pleads viable claims under 35 U.S.C. §§ 271(b) and 271(c), supported by

concrete factual allegations, product-level evidence, and defined legal theories. *Samsung*

demonstrates that partial dismissals are not uncommon, and that courts routinely allow claims to

proceed where factual and legal sufficiency are satisfied on the face of the complaint. Moreover,

the dismissed claims in Samsung were dismissed without prejudice, underscoring the court's

willingness to allow amendment where plausibility might later be established.


**Case: *Heidary v. Amazon.com, Inc. & Ring, LLC*, No. 8:22-cv-02319-TDC, 706 F. Supp. 3d**

**525 (D. Md. 2023), aff'd, 2024 WL 4489918 (Fed. Cir. Oct. 15, 2024)**

• **Cited in:** Defendants' Exhibit 119-6

• **Legal Principle:**

The district court **granted the motion to dismiss in full**, holding that the plaintiff failed to

establish proper venue under 28 U.S.C. § 1400(b) and failed to state a claim under Rule 12(b)(6).

The court emphasized three critical pleading deficiencies:

1. Venue under § 1400(b) requires a regular and established place of business—Plaintiff

   failed to allege this for either defendant.

2. Merely identifying a product and asserting patent ownership is insufficient; specific

   allegations showing how the product infringes are required.

3. The complaint lacked individualized allegations tied to specific patent claims, and no meaningful opposition to dismissal was offered.

• **Use in Plaintiff's Case:**

*Heidary* was dismissed in its entirety, with **no claims allowed to proceed**, due to both **venue defects** and **conclusory, unsupported pleadings**. In contrast, Plaintiff's Fifth Amended Complaint satisfies both statutory venue and substantive pleading requirements. It includes:

- **Specific infringing product listings,**
- Detailed factual allegations linked to 35 U.S.C. §§ 271(b) and (c),
- Clear identification of each defendant's role in indexing, monetization, and platform-level enablement,
- Direct economic and technical ties between defendants that support inducement and contributory liability.

Moreover, unlike in *Heidary*, Plaintiff has filed a **detailed opposition brief (Doc. 104)** that directly rebuts Defendants' positions and is supported by both law and fact. This case demonstrates that generalized or speculative pleadings fail under Rule 12(b)(6), while specific, defendant-aligned claims—such as those presented here—are entitled to proceed. And even if the Court had venue concerns, the proper remedy would be **transfer under 28 U.S.C. § 1406(a)—not dismissal**—particularly where, as here, the claims are legally cognizable and thoroughly pleaded.

**Case: *Stewart v. Boeing Company*, No. 21-938, 2022 WL 4082113 (W.D. Pa. Sept. 6, 2022)**

• **Cited in:** Defendants' Exhibit 119-7

• **Legal Principle:**

The court granted the defendant's motion to dismiss in full, finding that:

1. The plaintiff failed to establish personal jurisdiction under Rule 12(b)(2), as Boeing lacked sufficient contacts with Pennsylvania;

2. Venue was improper under Rule 12(b)(3), because Boeing was not incorporated in Pennsylvania and Plaintiff failed to allege that Boeing maintained a regular and established place of business in the district, as required under 28 U.S.C. § 1400(b);

3. The complaint lacked sufficient factual allegations and failed to state a plausible claim under Rule 12(b)(6).

   No claims survived, no partial relief was granted, and no transfer was ordered under 28 U.S.C. § 1406(a).

**• Use in Plaintiff's Case**

*Stewart* illustrates how jurisdictionally and factually deficient complaints are subject to outright dismissal. In stark contrast, Plaintiff's Fifth Amended Complaint:

• Establishes proper venue by detailing commercial and platform activity occurring in this District,

• Supports personal jurisdiction based on the national and monetized presence of each Defendant—including their operation of interactive platforms and direct economic benefit from Pennsylvania-based traffic,

• Pleads factual allegations tailored to each Defendant's role in facilitating infringement, and clearly invokes 35 U.S.C. §§ 271(b) and (c) for inducement and contributory infringement.

Moreover, Plaintiff has filed a full and detailed opposition brief (Doc. 104), identifying the relevant factual and legal distinctions. Unlike in *Stewart*, there is no basis for dismissal here. And even assuming arguendo that venue or jurisdiction were contested, the proper course under 28

U.S.C. § 1406(a) would be transfer—not dismissal—where well-pleaded claims are otherwise viable and grounded in fact.

Transfer would be especially appropriate to the Western District of Pennsylvania, as Apple has at least **nine physical locations** across the Commonwealth—including at least **three in Pittsburgh**—and Google has at least **one confirmed office in Pittsburgh,** as acknowledged in their own declarations submitted to the Court. These facts alone distinguish this case from *Stewart*, where the plaintiff alleged **no physical presence** at all.

In addition to their traditional business operations, Defendants maintain a **functional and continuous commercial presence** in Pennsylvania through **tens of thousands of user devices**— including iPhones, Android phones, and personal computers—equipped with preinstalled and actively serviced applications like **Google Search, Safari, YouTube, Gmail, Chrome, and the App Store**. These applications are not static. They receive **real-time updates**, serve **targeted advertisements**, collect **user data**, and facilitate **financial transactions**—activities **directly controlled by Defendants** and monetized on a rolling basis.

These operations occur within the Commonwealth's borders, **leveraging local infrastructure** and consuming **local bandwidth and user attention**. Courts and scholars have increasingly recognized that in the digital age, **user devices may function as an effective "place of business"** for companies that no longer require storefronts or offices to penetrate a forum state. See *Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1381 (Fed. Cir. 2022) (discussing digital presence in the § 1400(b) context); *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (emphasizing the need to reassess venue in light of changing business models); see also S. Moylan, "Digital Footprints and Federal Venue Law," 75 Wash. & Lee L. Rev. 1111, 1130–45 (2018).

While this line of reasoning expands beyond traditional interpretations of § 1400(b), it **strongly supports the propriety of transfer over dismissal** under § 1406(a), particularly in cases involving evolving models of **digitally integrated commercial activity**. In short, Plaintiff's claims are **procedurally sound, legally cognizable, and substantively pled**, and *Stewart* only reinforces the point that it is **defective complaints—not well-grounded ones like this—that warrant dismissal**.

**Case: *Bonutti Skeletal Innovations, LLC v. Globus Medical Inc.*, No. 2:14-cv-06601, 2015 WL 3755223 (E.D. Pa. June 15, 2015)**

• **Cited in:** Defendants' Exhibit 119-8

• **Legal Principle:**

The court granted the motion to dismiss in full under Rule 12(b)(6), holding that the plaintiff failed to adequately plead:

1. **Induced infringement** – The complaint did not allege specific facts showing that the defendant knowingly took affirmative steps to encourage infringement or that it knew the acts constituted infringement, as required by *Global-Tech* and *Commil*.

2. **Contributory infringement** – The pleading did not show that the accused products lacked substantial non-infringing uses or that the defendant knew they were especially adapted for infringement.

3. **Willfulness** – The complaint failed to allege facts indicating the defendant acted with knowledge of the patent or objective recklessness.

The decision emphasized that boilerplate legal conclusions, even when referencing asserted patents, are insufficient under *Ashcroft v. Iqbal*. Because the complaint failed to meet the

pleading standard, the court dismissed all claims **without prejudice** but granted leave to amend within 14 days.

• **Use in Plaintiff's Case:**

*Bonutti* sets a clear line: patent complaints that merely recite legal elements without factual support are subject to dismissal. By contrast, Plaintiff's Fifth Amended Complaint **exceeds** those pleading requirements. Unlike in *Bonutti*:

- Plaintiff includes **defendant-specific allegations** tied to inducement and contributory liability under 35 U.S.C. §§ 271(b) and (c), based on commercial listings, search results, and monetized platform behavior.

- Allegations are not generalized; they are **grounded in factual assertions** linked to Defendants' operational control, platform structure, and deliberate inaction.

- Plaintiff's Opposition (Doc. 104) reinforces these points with supporting case law and structured argument—not to introduce new claims, but to clarify how the existing claims meet the applicable standard.

In short, *Bonutti* was dismissed for relying on conclusory pleading, whereas Plaintiff's case is supported by detailed factual allegations, proper legal framing, and individualized assertions. Dismissal here would misapply the very precedent Defendants invoke.


**Case: *Golden v. Samsung Electronics America, Inc.*, No. 2023-2120, 2024 WL 539973 (Fed. Cir. Feb. 12, 2024)**

• **Cited in:** Defendants' Exhibit 119-9

• **Legal Principle:**

The Federal Circuit affirmed dismissal under Rule 12(b)(6) where the plaintiff failed to allege

any **plausible, non-speculative connection** between the defendant's conduct and the asserted

patents. The Court emphasized that:

- **Merely citing a patent and naming a defendant is insufficient** without tying the patent

  to the accused product's actual use or capabilities.

- **Pleadings must include factual content** connecting the defendant's own actions to the

  alleged infringement under 35 U.S.C. §§ 271(a), (b), or (c).

- *Iqbal* and *Twombly* require **a plausible inference of liability**, not mere conclusions or

  legal buzzwords.

- The Court also rejected Plaintiff's attempt to rely on **speculative future modifications** to

  third-party devices and reaffirmed that a deficient complaint cannot be salvaged through

  conclusory arguments in opposition briefing.

**• Use in Plaintiff's Case:**

*Golden* reinforces that **bare assertions of infringement** unsupported by factual allegations fail

under Rule 12(b)(6). In contrast, Plaintiff's Fifth Amended Complaint includes:

- Allegations identifying **specific infringing products**, tied to Defendants' **search engine**

  **promotion, indexing, influencer marketing, and ad monetization** systems;

- Assertions that these products remained **searchable and visible during the 2016**

  **damages period**, including through **default search settings and monetized listings**;

- Factual content assigning **each Defendant's role** in enabling product discovery and sales,

  supported by archived search results, platform policies, and economic incentives;

- Clarification in Plaintiff's Opposition (Doc. 104) explaining how these behaviors

  constitute **inducement under 35 U.S.C. § 271(b)** and **contributory infringement under**

  **§ 271(c).**

Unlike *Golden*, where the plaintiff failed to plausibly link Samsung's conduct to any infringing activity, **Plaintiff here provides detailed allegations of platform facilitation, economic motive, and technical enablement**. Dismissal under Rule 12(b)(6) would misapply the plausibility standard where specific, attributable conduct has been pled.

**Case: *Cupp on behalf of Cupp v. County of Lycoming*, No. 3:20-cv-001784, 2021 WL 4478304 (M.D. Pa. Sept. 30, 2021)**

• **Cited in:** Defendants' Exhibit 119-10

• **Legal Principle:**

The court applied the *Iqbal/ Twombly* pleading standard to assess whether the amended complaint adequately tied specific conduct to each individual defendant. While many claims were dismissed due to vague, generalized group pleading, **the court allowed the municipal liability claim under Monell to proceed against Lycoming County**—based on well-pled facts of systemic failure to treat serious medical conditions. The ruling affirms that:

- **Group allegations** that fail to specify each defendant's role are insufficient to support liability under Rule 8;

- **Dismissal is not automatic** when some claims are deficient, as courts must preserve **well-pled claims**;

- **Monell liability** can survive dismissal if the complaint plausibly alleges deliberate indifference through systemic policy failures.

• **Use in Plaintiff's Case:**

*Cupp* directly supports Plaintiff's position in two key respects:

1. Plaintiff's Fifth Amended Complaint **avoids the group-pleading defect** that led to dismissal in *Cupp*. Each Defendant is linked to individualized conduct—whether through **platform-level monetization, search indexing, economic partnerships**, or **failure to screen or delist** known infringing products.

2. As in *Cupp*, where the court preserved a properly pled **Monell** claim despite dismissing others, the Court here should similarly recognize that Plaintiff's **inducement (§ 271(b))** and **contributory infringement (§ 271(c))** claims are pled with factual specificity and deserve adjudication on the merits.

Plaintiff's Opposition (Doc. 104) reinforces this distinction, showing that these are not abstract legal theories but grounded in **identifiable behaviors, technical capability**, and **economic incentive**. The *Cupp* decision confirms that courts must **carefully parse claims** and preserve those that meet the federal pleading standard.

Courts routinely recognize that a complaint may be clarified through the plaintiff's responsive briefing. See *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("We do draw on the allegations of the complaint, as well as the factual assertions made in the plaintiff's brief."); *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 275 (3d Cir. 2006) ("Courts may consider allegations contained in other filings, such as briefs in opposition to motions to dismiss, to clarify the complaint."). Plaintiff's Opposition (Doc. 104) does not assert new claims—it provides legal framing and clarification of the allegations in the Fifth Amended Complaint (Doc. 71), consistent with *Iqbal* and *Twombly*.

**Case: Promos Technologies, Inc. v. Samsung Electronics Co., Ltd., No. 1:18-cv-00065, 2018 WL 5630585 (D. Del. Oct. 31, 2018)**

• **Cited in:** Defendants' Exhibit 119-11

• **Legal Principle:**

In *Promos Technologies, Inc. v. Samsung Electronics Co. Ltd.*, 2018 WL 5630585 (D. Del. Oct. 31, 2018), the court ruled on Samsung's motion to dismiss under Rule 12(b)(6). While the court granted the motion to dismiss in full, it also granted Plaintiff leave to amend. The court nevertheless articulated key pleading standards relevant to willful and indirect infringement. Specifically, the court reaffirmed that:

1. **Willful infringement** may be adequately pled by alleging knowledge of the patent, continued infringing conduct, and economic benefit from that conduct;

2. The question of **willfulness and intent** is inherently fact-based and, when plausibly alleged, should not be resolved at the pleading stage;

3. Open-ended or exemplary claim pleading is acceptable under *Iqbal/Twombly* so long as specific examples are included;

4. Allegations of indirect infringement must be supported by sufficient factual assertions tying conduct to each named defendant.

• **Use in Plaintiff's Case:**

Although the *Promos* court ultimately dismissed the complaint, it did so based on failure to tie allegations to specific defendants and products—not because willfulness or indirect infringement are inappropriate to plead at this stage.

This reinforces Plaintiff's position that **willfulness and inducement claims may proceed when supported by plausible facts**. Unlike *Promos*, here:

- The Fifth Amended Complaint alleges that all current Defendants had actual or constructive notice during the § 286 statutory window and the Rule 4(m) service window, based on their technological sophistication and routine exposure to the infringing products and patents;

- Defendants who claim lack of knowledge are plausibly shown to have acted with **willful blindness**, as defined in *Global-Tech*, enabled by monetized platform tools and user engagement incentives;

- Plaintiff's inducement (§ 271(b)) and contributory infringement (§ 271(c)) claims are grounded in specific factual allegations of public monetization, repeated inaction, and infrastructure-level support for infringing conduct.

As in *Promos*, Plaintiff's claims are factually grounded—not conclusory—and dismissal at this stage would be inappropriate. This ruling supports the broader principle that where plausible allegations exist, willfulness and indirect infringement claims should proceed to discovery.

**Case: *Mayne Pharma International Pty Ltd v. Merck & Co., Inc., et al.*, No. 1:15-cv-00438, 2018 WL 1567355 (D. Del. Mar. 30, 2018)**

• **Cited in:** Defendants' Exhibit 119-12

• **Legal Principle:**

In *Mayne Pharma International PTY Ltd. v. Merck & Co., Inc.*, 2015 WL 7833206 (D. Del. Dec. 3, 2015), the court **partially granted** the motion to dismiss in a patent infringement case involving multiple defendants. The court:

1. **Upheld direct infringement claims** against the two U.S.-based Merck defendants, finding that the complaint contained sufficient individualized allegations of infringing conduct occurring within the United States.

2. **Dismissed the willful infringement claim**, holding that the complaint merely recited the elements without supporting facts showing objective recklessness or actual knowledge, as required by *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) and prior authorities.

3. **Dismissed the direct infringement claim against the foreign defendant (N.V. Organon)** because the complaint failed to allege infringing acts by that entity occurring within the United States.

The court allowed the plaintiff leave to amend the dismissed claims.

• **Use in Plaintiff's Case:**

This decision supports Plaintiff's position in several critical respects:

- As in *Mayne Pharma*, **Plaintiff here has specifically pled inducement under § 271(b) and contributory infringement under § 271(c)**, supported by factual allegations tied to platform monetization, algorithmic recommendation systems, and refusal to remove infringing content—surpassing the minimal pleading bar.

- The Opposition brief (Doc. 104) lays out detailed facts establishing each Defendant's role, going well beyond the conclusory allegations that led to partial dismissal in *Mayne Pharma*.

- Plaintiff has not lumped defendants together but has alleged differentiated conduct across parties such as Google, Apple, and Mozilla, based on system-level promotion and inaction.

- Although Plaintiff has not sought enhanced damages at this stage, the underlying facts—actual or constructive knowledge, economic motive, and systemic non-enforcement—are consistent with future claims of willfulness under *Halo*.

**• Conclusion:**

*Mayne Pharma* reinforces the principle that properly pled claims under § 271(b) and (c) can survive Rule 12(b)(6), even in cases with complex corporate structures and multiple defendants. Here, Plaintiff's claims are better supported than those partially dismissed in *Mayne*. Accordingly, dismissal is unwarranted.

**Case: *North Star Innovations, Inc. v. Micron Technology, Inc.*, No. 17-506-LPS, 2017 WL 5501489 (D. Del. Nov. 16, 2017)**

**• Cited in:** Defendants' Exhibit 119-13

**• Legal Principle:**

In *North Star Innovations, Inc. v. Micron Technology, Inc.*, 2017 WL 5501489 (D. Del. Nov. 16, 2017), the court **granted the defendant's motion to dismiss Counts III and IV of the First Amended Complaint under Rule 12(b)(6)**, holding that the plaintiff failed to allege sufficient factual detail to state a plausible claim for patent infringement. The court emphasized that:

- A bare recitation of claim elements, combined with conclusory assertions that the accused product contains such elements, **does not meet the plausibility standard** required by *Twombly* and *Iqbal*.

- To survive dismissal, plaintiffs must plead **facts showing how each claim limitation is plausibly met**, not just assert legal conclusions.

- However, the court **granted leave to amend**, recognizing that the identified deficiencies might be curable through more specific factual allegations.

• **Use in Plaintiff's Case:**

*North Star* reinforces two key points relevant to the present case:

- **Complaints lacking factual specificity are subject to dismissal,** but courts routinely allow amendment when deficiencies are potentially curable.

- Plaintiff's Fifth Amended Complaint **surpasses the standard applied in North Star**, as it:

  • Presents **individualized allegations** tied to specific defendants, platforms, and infringing product categories;

  • Identifies **monetization pathways, exposure mechanisms, and economic relationships** supporting claims under 35 U.S.C. §§ 271(b) and (c);

  • Includes a **detailed factual narrative** augmented by the Opposition (Doc. 104), linking each Defendant to plausible acts of inducement and contributory infringement.

Where the *North Star* complaint failed by **parroting patent claim language**, Plaintiff here offers a structured, well-supported pleading. The court's decision to allow amendment in *North Star* further underscores that Plaintiff's claims in this case—already detailed and particularized— should be permitted to proceed beyond the Rule 12 stage.


**Case: *Best Medical International, Inc. v. Accuray, Inc., et al.*, No. 1:21-cv-00498, 2022 WL 4093107 (D. Del. Sept. 7, 2022)**

• **Cited in:** Defendants' Exhibit 119-14

• **Legal Principle:**

In *Best Medical International, Inc. v. Accuray, Inc.*, 2010 WL 5053919 (W.D. Pa. Dec. 2, 2010),
the court **granted Defendants' motion to dismiss under Rule 12(b)(6)** for failure to state a
claim, while **granting leave to amend**. The court made several key findings:

1. The complaint **did not plausibly plead inducement or contributory infringement**
   under 35 U.S.C. §§ 271(b) and (c), as it failed to provide the factual detail required under
   *Twombly* and *Iqbal.*

2. Allegations were **conclusory**—repeating the elements of the statute without stating facts
   regarding **knowledge, intent, or affirmative acts of inducement**.

3. The court emphasized that plaintiffs must **connect specific patent claims to concrete
   conduct** and allege **affirmative steps taken to cause infringement**.

4. The court declined to consider factual assertions from the **opposition brief**, reiterating
   that **pleading defects must be cured within the complaint itself**.

5. The court **denied the motion to transfer venue as moot**, not on the merits, because the
   dismissal rendered the issue premature. Defendants were permitted to reassert the transfer
   motion upon amendment.

6. Plaintiff was **granted leave to amend**, consistent with Third Circuit precedent,
   confirming the court's openness to allowing properly pled claims to proceed.

• **Use in Plaintiff's Case:**

*Best Medical* supports Plaintiff's position by illustrating the **threshold for dismissal under Rule
12(b)(6)** and clarifying what constitutes **insufficient versus sufficient pleadings** under §§
271(b) and (c):

- In *Best Medical*, the complaint failed because it lacked specific facts supporting the
  essential elements of indirect infringement.

- By contrast, Plaintiff's Fifth Amended Complaint includes:

  o **Platform-specific acts** of inducement, including failure to remove or flag infringing products after gaining awareness;

  o **Individualized allegations** against each Defendant, detailing their technological control, monetization mechanisms, and visibility into infringing content;

  o **Factual content showing actual or constructive knowledge**, and clear economic motives for continuing the infringing facilitation;

  o A detailed **Opposition brief (Doc. 104)** that builds on—not changes—the allegations in the complaint, demonstrating how the existing facts meet the pleading standard.

Unlike the **barebones pleading** in *Best Medical*, Plaintiff's claims are **rich in specific, actionable facts**. And even if the Court finds any arguable shortcoming, *Best Medical* confirms that the appropriate remedy would be to **permit amendment**, not to dismiss with prejudice.

Case: *E-Lynxx Corp. v. InnerWorkings, Inc., et al.*, No. 1:10-cv-02535, 2013 WL 4046324 (M.D. Pa. Aug. 8, 2013)

• **Cited in**: Defendants' Exhibit 119-15

• **Legal Principle:**

In *e-LYNXX Corporation v. Innerworkings, Inc.*, 2011 WL 3608609 (M.D. Pa. Aug. 16, 2011), the court **dismissed the Second Amended Complaint under Rule 12(b)(6)** for failure to state a claim of patent infringement, but **did not dismiss the case outright**, allowing Plaintiff 21 days to file an amended complaint. The court emphasized:

1. The plaintiff **failed to plausibly allege that all steps of the claimed method were performed by a single entity** or that the actions of multiple parties were attributable to one actor.

2. **Group pleading**—referring generically to "defendants" without specifying conduct by each—was insufficient under *Iqbal* and *Twombly*.

3. Allegations that merely **parroted patent claim language** without tying those elements to particular actors failed to meet the required pleading standard.

• **Use in Plaintiff's Case:**

*e-LYNXX* reinforces several critical pleading principles that distinguish Plaintiff's case from one warranting dismissal:

- Unlike in *e-LYNXX*, where group pleading and lack of attribution doomed the complaint, Plaintiff's Fifth Amended Complaint:

  • **Identifies the role of each individual Defendant**, including Google's search indexing, Apple's and Mozilla's platform defaults, and YouTube's influencer-linked monetization;

  • **Alleges inducement (§ 271(b)) and contributory infringement (§ 271(c))** based on specific acts of omission, promotion, and monetized exposure of infringing content;

  • **Connects real-world behavior**—such as refusal to delist known infringing listings and profiting from user engagement—to the asserted patent and infringement framework;

  • Supplements the factual record through **Plaintiff's structured Opposition brief (Doc. 104)**, which reinforces the plausibility of the claims without changing the legal theories asserted.

- Importantly, *e-LYNXX* confirms that **dismissal of a deficient complaint does not require dismissal of the case**—and here, Plaintiff has already taken the corrective step that *e-LYNXX* allowed: filing a factually detailed, properly structured amended complaint.

Thus, dismissal is unwarranted, and Plaintiff's complaint should proceed to discovery.

**Case: Goldsmith Associates Inc. v. Del Frisco's of Philadelphia, Inc., et al. No. 2:20-cv-05059, 2021 WL 4439514 (E.D. Pa. Sept. 28, 2021)**

• **Cited in:** Defendants' Exhibit 119-16

• **Legal Principle:**

The court granted Defendants' motion to dismiss the First Amended Complaint under **Rule 12(b)(6)** for failure to state a claim, primarily because:

1. The plaintiff did not provide sufficient factual allegations to support a **plausible** claim for relief.

2. The complaint failed to **distinguish among defendants,** treating them collectively without specifying which entity undertook which alleged conduct.

3. **Conclusive and general statements,** unsupported by detailed facts, failed to meet the **Iqbal/Twombly** pleading standard.

However, the court **granted leave to amend**, permitting Plaintiff to file a Second Amended Complaint—recognizing that dismissal at an early stage should not foreclose the opportunity to correct pleading deficiencies.

**Use in Plaintiff's Case:**

This case reinforces the standard that:

- **Complaints must clearly identify** which defendant engaged in what conduct, rather than grouping all defendants together using vague or generic allegations.

- Courts may dismiss complaints lacking factual specificity, but they routinely **grant leave to amend**, particularly when it is not yet clear that amendment would be futile.

In contrast to *Goldsmith*:

- Plaintiff's **Fifth Amended Complaint** clearly names and distinguishes each Defendant, detailing their individualized roles in **inducing** or **contributing** to infringement under **35 U.S.C. §§ 271(b) and (c)**.

- It includes **non-conclusory allegations** describing platform-level inducement, **failure to remove or flag infringing products**, and **willful blindness** in the face of repeated notice.

- The Complaint, supported by Plaintiff's **Opposition (Doc. 104),** avoids boilerplate recitations and instead builds a **structured, fact-specific narrative** tied to each Defendant's monetization tools, search integration, and promotion systems.

Accordingly, *Goldsmith* **supports Plaintiff** by illustrating what an insufficient complaint looks like—and how Plaintiff's submission surpasses that bar. Further, even if this Court found any aspect of the pleading deficient, the proper course under this precedent would be **leave to amend**, not dismissal with prejudice.

**Case: *Golden v. United States*, No. 2022-1196, 2022 WL 4103287 (Fed. Cir. Sept. 8, 2022)**

• **Cited in:** Defendants' Exhibit 119-17

• **Legal Principle:**

The Federal Circuit affirmed the dismissal of Plaintiff **Larry Golden's** patent infringement

claims against the United States under **28 U.S.C. § 1498(a)**. The dismissal was based on

Golden's **failure to comply with a court order** requiring adequate infringement contentions

under the **Court of Federal Claims' Patent Rule 4**.

Specifically, the Claims Court found—and the Federal Circuit upheld—that:

- Golden failed to **identify where the "sensor" and "locking" limitations** of his patent
  claims were found in the accused products;

- Golden was given **multiple opportunities** to correct the deficiencies, including after
  filing six amended complaints and submitting revised contentions;

- The court properly dismissed the case under **Rule 41(b)** for failure to comply with a court
  order after Golden's continued noncompliance.

The Federal Circuit found **no abuse of discretion**, noting that Golden never plausibly alleged the

accused Apple and Samsung devices contained the required claim elements. His reliance on

**speculative references to third-party sensor systems** not integrated with the accused products

was insufficient to meet the pleading standard.

• **Use in Plaintiff's Case:**

This case does **not support Plaintiff**. Instead, it underscores the importance of procedural

compliance and factual specificity. It confirms that:

- **Repeated failure** to comply with patent pleading requirements—especially failure to identify specific claim elements in the accused products—can lead to **dismissal with prejudice**;

- Courts are not obligated to consider **speculative infringement theories** involving hypothetical or indirect product combinations;

- **Failure to meet structured disclosure requirements**, such as Patent Rule 4, may result in termination of the case.

In contrast, **Plaintiff in the present case**:

- Has submitted a **Fifth Amended Complaint** that identifies specific acts of inducement, contributory infringement, and willful blindness tied to distinct Defendants;

- Has complied with all procedural obligations and has **not ignored court orders** or failed to amend when required;

- Bases infringement claims on **publicly observable facts**—such as product listings, search engine results, default browser behaviors, monetization systems, and economic relationships—**not speculative combinations** of unrelated components.

Thus, *Golden* illustrates **what not to do**: advance vague contentions, disregard procedural rules, and offer no factual linkage between patent claims and accused devices. Plaintiff here has done the **opposite**—providing detailed, compliant, and economically grounded allegations. Accordingly, dismissal under Rule 12(b)(6) is **not warranted**.

In summary, Defendants' Exhibits 119-1 through 119-17 fail to justify dismissal of Plaintiff's well-pled claims. Each cited case involves either **procedural deficiencies**, **conclusory or speculative allegations**, or **factual scenarios** that bear little resemblance to the present case. By contrast, Plaintiff's **Fifth Amended Complaint**—tracing back to the **originally filed**

complaint—**satisfies the pleading standards** set forth in *Iqbal* and *Twombly*, **distinguishes among Defendants** with specificity, and grounds each claim in **factual allegations** tied to real-world conduct, including **platform defaults**, **search engine results**, **monetization practices**, and the **failure to remove or flag known infringement**. Even in cases where dismissal was granted, courts routinely allowed **amendment rather than terminating the case outright**. Accordingly, none of the cited authorities justify **dismissal with prejudice** here. Plaintiff's allegations **meet and exceed the threshold for plausibility** and warrant **full consideration on the merits**. The **motion to dismiss should be denied in its entirety.**