IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. CATANZARO, | : | Civil Case No. 3:22-CV-01754- |
| | : | JFS-DFB |
| Plaintiff | : | (Judge Joseph F. Saporito Jr.) |
| | : | (Referred to Judge Phillip J. |
| v. | : | Caraballo) |
| | : | |
| LYKART TECHNOLOGIES LLC, | : | |
| ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS THE COMPLAINT UNDER
<u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(3), and 12(b)(6)</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 1

I.    The FAC is Time-Barred .................................................................... 1

    A.    Plaintiff's Allegations Against Moving Defendants Do Not Arise Out of the "Same Conduct, Transaction, or Occurrence" as the Original Allegations .................................... 2

    B.    Plaintiff Cannot Establish That Moving Defendants Received Notice Within the Time Set By Rule 4(m) ................ 3

    C.    Plaintiff Cannot Show That Moving Defendants Knew or Should Have Known This Action Would Have Been Brought Against Them But For a Mistake .................................. 3

II.    Venue is Improper in This District and No Discovery is Necessary ............................................................................................ 6

III.    The Complaint Fails to State a Claim for Direct or Indirect Infringement of the '959 Patent ........................................................ 11

    A.    The Complaint Fails to Plausibly Allege Direct Infringement ............................................................................ 11

    B.    Plaintiff Fails to Allege Indirect or Willful Infringement ....... 13

IV.    The Complaint Fails to State a Claim for "Unjust Enrichment" ....... 14

V.    Further Amendment Would Be Futile ............................................... 15

CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anza Tech., Inc. v. Mushkin, Inc.*,
　934 F.3d 1359 (Fed. Cir. 2019) ............................................................................2

*Arunachalam v. Int'l Bus. Machs. Corp.*,
　2021 WL 7209362 (D. Del. Dec. 29, 2021) ......................................................11

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ...........................................................................................12

*AstraZeneca AB v. Apotex Corp.*,
　782 F.3d 1324 (Fed. Cir. 2015) ...........................................................................1

*Averill v. Jones*,
　2019 WL 3804686 (D. Del. Aug. 13, 2019) .........................................................5

*Bos. Sci. Corp. v. Nevro Corp.*,
　415 F. Supp. 3d 482 (D. Del. 2019) ....................................................................14

*Burkhart v. Berryhill*,
　2018 WL 6499689 (M.D. Pa. Dec. 11, 2018) ....................................................15

*Carlough v. Amchem Prods., Inc.*,
　834 F. Supp. 1437 (E.D. Pa. 1993) ......................................................................5

*Celgene Corp. v. Mylan Pharms. Inc.*,
　17 F.4th 1111 (Fed. Cir. 2021) .......................................................................8, 9

*In re Cray, Inc.*,
　871 F.3d 1355 (Fed. Cir. 2017) ...................................................................6, 7, 8

*Davis v. Pennsylvania Dep't of Corr.*,
　2019 WL 6338015 (M.D. Pa. Nov. 6, 2019), *R. & R. adopted*,
　2019 WL 6327813 (M.D. Pa. Nov. 26, 2019) .....................................................4

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
　888 F.3d 1256 (Fed. Cir. 2018) ........................................................................12

*In re EMC Cor*p.,
  677 F.3d 1351 (Fed. Cir. 2012) ........................................................................2

*Garvin v. City of Philadelphia*,
  354 F.3d 215 (3d Cir. 2003) ...........................................................................4

*Global-Tech Appliances, Inc. v. SEB S.A.*
  563 U.S. 754 (2011) ......................................................................................13

*In re Google*,
  949 F.3d 1338 (Fed. Cir. 2020) ........................................................................7

*Heidary v. Amazon.com, Inc.*,
  No. 24-1580, 2024 WL 4489918 (Fed. Cir. Oct. 15, 2024) ..........................8, 9

*Int'l Bus. Machs. Corp. v. Expedia, Inc.*,
  2019 WL 3322542 (D. Del. July 24, 2019), *R. & R. adopted*, 2019
  WL 4635137 (D. Del. Sept. 24, 2019) ..............................................................9

*Krupski v. Costa Crociere S. p. A.*,
  560 U.S. 538 (2010) .........................................................................................1

*Mala v. Crown Bay Marina, Inc.*,
  704 F.3d 239 (3d Cir. 2013) .............................................................................11

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
  2017 WL 5501489 (D. Del. Nov. 16, 2017) .......................................................12

*Nelson v. Int'l Paint Co.*,
  716 F.2d 640 (9th Cir. 1983) ...........................................................................10

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018) .........................................................................11

*Personal Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017) ...............................................................8

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
  2018 WL 5630585 (D. Del. Oct. 31, 2018) ........................................................11

*RegenLab USA LLC v. Estar Techs. Ltd.*,
  335 F. Supp. 3d 526 (S.D.N.Y. 2018) ...............................................................8

*Rocke v. Pebble Beach Co.*,
   541 F. App'x 208 (3d Cir. 2013)......................................................................9

*S. Annville Twp. v. Kovarik*,
   2013 WL 5306679 (M.D. Pa. Sept. 20, 2013).................................................9

*Samiam Grp., LLC v. Coopersburg Assocs., Inc.*,
   650 F. Supp. 3d 295 (E.D. Pa. 2023) ...........................................................14

*Seven Networks, LLC v. Google LLC*,
   315 F. Supp. 3d 933 (E.D. Tex. 2018) .............................................................7

*Shimon v. Equifax Info. Servs. LLC*,
   2018 WL 4906245 (E.D.N.Y. Oct. 9, 2018), *aff'd*, 994 F.3d 88
   (2d Cir. 2021) .................................................................................................5

*Singletary v. Pennsylvania Dept. of Corr.*,
   266 F.3d 186 (3d Cir. 2001) ...........................................................................3

*Staley v. Gilead Scis., Inc.*,
   2021 WL 4972628 (N.D. Cal. Mar. 12, 2021) ................................................3

*Stewart v. Boeing Co.*,
   2022 WL 4082113 (W.D. Pa. Sept. 6, 2022) ................................................10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017) .......................................................................................6

*Talsk Rsch. Inc. v. Evernote Corp.*,
   2017 WL 4269004 (N.D. Ill. Sept. 26, 2017)..............................................7, 8

*Westech Aerosol Corp. v. 3M Co.*,
   927 F.3d 1378 (Fed. Cir. 2019) ......................................................................9

*Zamber v. Am. Airlines, Inc.*,
   282 F. Supp. 3d 1289 (S.D. Fla. 2017).........................................................15

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018) ......................................................................6

**Statutes and Rules**

28 U.S.C. § 1400 ...................................................................................................7

iv

28 U.S.C. § 1400(b) ........................................................................................6, 8

28 U.S.C. § 1406(a) ...........................................................................................10

35 U.S.C. § 271 ..................................................................................................13

35 U.S.C. § 271(a) ...............................................................................................6

35 U.S.C. § 271(b) ...............................................................................................6

35 U.S.C. § 271(c) ...............................................................................................6

35 U.S.C. § 286 ....................................................................................................1

Fed. R. Civ. P. 4(m) ............................................................................................3

Fed. R. Civ. P. 15(c) .......................................................................................2, 5

Fed. R. Civ. P. 15(c)(1)(B) ..................................................................................2

Fed. R. Civ. P. 20 ................................................................................................2

Fed. R. Civ. P. 20(a) ...........................................................................................2

Fed. R. Evid. 408 ................................................................................................5

**INTRODUCTION**

Plaintiff's Opposition only confirms his claims must be dismissed as statutorily barred under 35 U.S.C. § 286, brought in an improper venue, and for failure to set forth facts on which relief could be granted. The Court can and should dismiss the Fifth Amended Complaint ("FAC") with prejudice based on any of these grounds.[1]

**ARGUMENT**

**I.    The FAC is Time-Barred**

The FAC is untimely. Plaintiff argues that 35 U.S.C. § 286 "limits only damages—not the right to sue." Opp. at 8. But where the right to damages is time- barred, there is no injury on which Plaintiff could recover and thus no claim he can bring. *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015). Plaintiff first named the Moving Defendants nearly two years after the damages window closed, rendering his complaint time-barred unless it "relates back" to the original, which it does not. Plaintiff does not dispute that he knew of the Moving Defendants and their "role in the events giving rise to the claim at issue" when he filed suit without naming them. *Krupski v. Costa Crociere S. p. A.*,

---

[1] The Opposition provides several incorrect citations or cases that do not exist, identified below where relevant. Plaintiff also submitted more than 28 pages of additional argument as an "Exhibit." Plaintiff's additional arguments provide only boilerplate, conclusory statements. Dkt. No. 120-1.

560 U.S. 538, 549 (2010).  Nor does Plaintiff dispute that he failed to notify any

Moving Defendant within the time set by Rule 15(c); their only purported "notice"

of the action is "publicly available search results" (Opp. at 15), which cannot

suffice.

>   **A.    Plaintiff's Allegations Against Moving Defendants Do Not Arise Out of the "Same Conduct, Transaction, or Occurrence" as the Original Allegations**

Plaintiff argues that "[a]ll claims arise from a common nucleus of operative

fact: the same product line first identified in 2022."  *Id*. at 15.  But "claims of

infringement of the same patent by independent parties, without more, are not part

of the same transaction or occurrence."  Mot. at 13 (quoting *In re EMC Cor*p., 677

F.3d 1351, 1357 (Fed. Cir. 2012)).[2]  The FAC fails to provide "more":  Plaintiff

broadly alleges Moving Defendants provide search or media platforms to

"facilitate" sales of Orbeez by others, but lacks any connection between them and

any sale of any product by Walmart or Maya.  Plaintiff thus cannot establish the

first requirement of Rule 15(c) that "Rule 15(c)(1)(B) is satisfied."

---

[2] Plaintiff claims Moving Defendants "misapply" *EMC* because it "addressed Rule 20 joinder," Opp. at 11.  But Rule 20(a) "share[s] the 'same transaction or occurrence' standard," and cases applying Rule 20 "are particularly instructive in applying the relation back doctrine."  *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1368-69 (Fed. Cir. 2019) (citing *EMC*, 677 F.3d at 1357-60).

**B.     Plaintiff Cannot Establish That Moving Defendants Received Notice Within the Time Set By Rule 4(m)**

Plaintiff does not assert that he served any Moving Defendant within the time set by Rule 4(m), instead arguing for constructive notice because "[a]ll current Defendants had access to both the '959 patent and this litigation, as confirmed by publicly available search results and Plaintiff's exhibits," Opp. at 15, as "search engines returned the patent," and "indexed results" and that "litigation results appeared with a basic name query." *Id.* at 9, 12; *see also id.* at 11. Plaintiff's case law is unhelpful, as *Singletary v. Pennsylvania Department of Corrections* only found that constructive notice could not be imputed from an employer to an employee. 266 F.3d 186, 200 (3d Cir. 2001). Plaintiff cites no authority holding that public availability of a patent—true of any patent—is constructive notice, because it is not. *See, e.g.*, *Staley v. Gilead Scis., Inc.*, 2021 WL 4972628, at *18 (N.D. Cal. Mar. 12, 2021) ("[T]he fact that information was public does not automatically mean that a plaintiff should be deemed to have constructive knowledge.") (Ex. 1).

**C.     Plaintiff Cannot Show That Moving Defendants Knew or Should Have Known This Action Would Have Been Brought Against Them But For a Mistake**

Plaintiff confirms he made no mistake in choosing not to name the Moving Defendants. Plaintiff confirms he "conducted searches in 2016 and earlier using Google, Firefox, and Internet Explorer (with Yahoo default), which returned

3

listings for infringing Orbeez Crush products." Opp. at 7, 9-10. Where there is an "absence of any 'mistake concerning the identity of the proper party' to sue, there can be no relation back under Rule 15(c)[(1)(C)]." *Davis v. Pennsylvania Dep't of Corr.*, 2019 WL 6338015, at *10 (M.D. Pa. Nov. 6, 2019) (alteration in original), *R. &. R. adopted*, 2019 WL 6327813 (M.D. Pa. Nov. 26, 2019) (Dkt. No. 119-2); *see also Garvin v. City of Philadelphia*, 354 F.3d 215, 221-22 (3d Cir. 2003) ("[A]n amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time.").

Plaintiff also argues that his identification of Does 1-50 "clearly signaled Plaintiff's intent to later name upstream digital facilitators in the same infringing chain once discovery and investigation revealed their roles," (Opp. at 13), but admits that the "roles of the later-named Defendants were **not** concealed—they were publicly visible through search engines, browser platforms, and video tools used in 2016." *Id.* at 13-14 (emphasis added).

Plaintiff again argues the Moving Defendants "should have known" of this action because the patent and this litigation are public. *Id*. at 13; *see id*. at 10. Plaintiff's theory has no basis in law. Before a Court can find that a Doe party "should have known" of a complaint, the complaint must contain "specific allegations" against the Doe defendant that could "impute" notice such as through

4

a "shared attorney" or a party with an "identity of interest" with the Doe defendant. *Averill v. Jones*, 2019 WL 3804686, at *5 (D. Del. Aug. 13, 2019) (Dkt. No. 119-3).  Absent "specific allegations," courts "cannot accept mere speculation to show that the [] Defendants should have known about the litigation." *Id*.  Plaintiff's original complaint contains no allegation regarding any Doe defendant, and mentions no Moving Defendant, search engine, or media platform. *See* Mot. at 17-18.  Instead, Plaintiff's original complaint alleges infringement of a patented "stand in the shape of a pair of feet" ('959 patent, Abstract) by retailers for their sale of Orbeez Crush products, manufactured by a third party.  Even if the Moving Defendants had an obligation to search the Internet for patents or lawsuits, which they do not, Plaintiff's original complaint accuses unrelated parties of selling a patented article Moving Defendants are undisputedly not in the business of making or selling.[3]  Mot. at 17-18; s*ee Averill*, 2019 WL 3804686, at *5.  Because Plaintiff cannot meet any of the requirements of Rule 15(c), the Court should dismiss this

---

[3] Fed. R. Evid. 408 prohibits using settlements to "either to prove or disprove the validity or amount of a disputed claim[.]" But Plaintiff argues his prior settlements have involved "this product line and others beyond oral care, confirming the patent's broader commercial scope and enforceability in non-toothbrush contexts." Opp. at 14.  Plaintiff's non-public settlements have no bearing on whether the Moving Defendants should have known of this lawsuit. *Carlough v. Amchem Prods., Inc.*, 834 F. Supp. 1437, 1450 n.6 (E.D. Pa. 1993). "[C]ases often settle for nominal amounts far below the likely cost of continued litigation and therefore one can draw no inference from such settlements." *Cf. Shimon v. Equifax Info. Servs. LLC*, 2018 WL 4906245, at *5 (E.D.N.Y. Oct. 9, 2018), *aff'd*, 994 F.3d 88 (2d Cir. 2021)) (Ex. 2).

action as time-barred.

## II.    Venue is Improper in This District and No Discovery is Necessary

None of the Moving Defendants are incorporated in or have a physical place

of business in this District.  *See* 28 U.S.C. § 1400(b); *In re Cray, Inc.*, 871 F.3d

1355, 1362-63 (Fed. Cir. 2017) (a regular and established place of business

requires "a physical place in the district" of the defendant, from which defendant's

business is carried out for a meaningful time period).  Despite Plaintiff's assertions

(Opp. at 2), the Supreme Court has ruled that 28 U.S.C. § 1400(b) governs all

actions for patent infringement, regardless of whether the plaintiff asserts a cause

of action under § 271(a), (b), or (c).  *TC Heartland LLC v. Kraft Foods Grp.*

*Brands LLC*, 581 U.S. 258, 265-70 (2017) (amendment to § 1391 did not change

the meaning of § 1400(b), which "is the sole and exclusive provision controlling

venue in patent infringement actions, and . . . is not to be supplemented by . . .

§ 1391(c).").

Under Federal Circuit precedent, a "regular and established place of

business" under § 1400(b) must be a *physical* place of the defendant within the

district.  *Cray*, 871 F. 3d at 1360.[4]  There is no dispute that no Moving Defendant

has a physical place of business in this District, and Plaintiff has not alleged any

---

[4] "Whether venue is proper under § 1400(b) is an issue unique to patent law
and is governed by Federal Circuit law."  *In re ZTE (USA) Inc.*, 890 F.3d 1008,
1012 (Fed. Cir. 2018).

facts otherwise. *See* Dkt. Nos. 116-118 (Nazer, Currie, and Cotto Declarations). Plaintiff's theory of a "commercial gateway" of "persistent, monetized digital infrastructure" connected with "search results, browser suggestions, and YouTube videos promoting infringing Orbeez []product" fails under well-established and controlling precedent. *See* Opp. at 14-16; *see also id*. at 2.

None of Plaintiff's cited authorities overrule the "physical presence" requirement of § 1400. The district court in *Seven Networks, LLC v. Google LLC*, found venue based in part on the physical presence of servers in the district, finding "it would run counter to the statutory requirements to find proper venue in a district where there was no physical presence of a given defendant." 315 F. Supp. 3d 933, 951, 956 (E.D. Tex. 2018). Even had Plaintiff identified physical infrastructure, the Federal Circuit has clearly established that physical infrastructure further requires an "employee or agent regularly conducting" the defendant's business. *In re Google*, 949 F.3d 1338, 1343-47 (Fed. Cir. 2020) (noting that *Seven* shared "identical facts"). Plaintiff cites *In re Google* for the proposition that "software infrastructure may establish venue when continuously used to facilitate commercial activity." Opp. at 16. But *Google* held the opposite: a place of business "needs to be a 'physical, geographical location in the district from which the business of the defendant is carried out." 949 F.3d at 1347 (quoting *Cray*, 871 F.3d at 1362). And *Talsk Research Inc. v. Evernote Corp.*

7

rejected Plaintiff's argument here, finding no venue where defendant sold products "over the Internet through virtual 'stores,' such as Google Play or the Apple App store," since it did "not sell its product using any physical retail stores in this District."  2017 WL 4269004 at *2 (N.D. Ill. Sept. 26, 2017).  Finally, Plaintiff cites *Celgene Corp. v. Mylan Pharmaceuticals Inc.* for the proposition that "persistent digital infrastructure paired with continuous commercial use can satisfy the 'regular and established place of business' requirement."  Opp. at 18 (citing 17 F.4th 1111, 1125 (Fed. Cir. 2021)).  But again, *Celgene* held the opposite:  venue requires a physical place, and the physical place must be the defendant's.  17 F.4th at 1122-27.  Plaintiff cannot rely on "digital infrastructure," as § 1400(b) "cannot be read to refer merely to a virtual space or to electronic communications from one person to another."  *Cray*, 871 F.3d at 1362.

Plaintiff also argues that "consumer residences may support venue when the defendant persistently uses such environments for business purposes," citing cases that hold no such thing.  Opp. at 18; *see RegenLab USA LLC v. Estar Techs. Ltd.*, 335 F. Supp. 3d 526, 552-53 (S.D.N.Y. 2018); *Talsk*, 2017 WL 4269004, at *4; *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 935-36 (E.D. Tex. 2017).  Plaintiff cannot establish that any Moving Defendant resides or has a "regular and established place of business" in this District, and the Court should dismiss this action for improper venue.  *See Heidary v. Amazon.com, Inc.*, No. 24-

8

1580, 2024 WL 4489918, at *2 (Fed. Cir. Oct. 15, 2024) (Dkt. No. 119-6).

Although Plaintiff argues that "jurisdictional discovery is warranted" (Opp. at 17), it would only waste resources. Plaintiff has not put forth a single piece of evidence that could support venue. The "essential jurisdictional facts" are thus not in dispute, and so the Court should not provide "even limited discovery." *S. Annville Twp. v. Kovarik*, 2013 WL 5306679, at *2 (M.D. Pa. Sept. 20, 2013) (quotation omitted)) (Ex. 3); *Int'l Bus. Machines Corp. v. Expedia, Inc.*, 2019 WL 3322542, at *3 (D. Del. July 24, 2019), *R. & R. adopted*, 2019 WL 4635137 (D. Del. Sept. 24, 2019) (Ex. 4); *see also Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212 (3d Cir. 2013) (venue discovery is not appropriate where a plaintiff's claim is "clearly frivolous.").[5]

Plaintiff also requests that the Court transfer this action to the Western District of Pennsylvania in lieu of dismissal.[6] Opp. at 15-17. Dismissal is appropriate in this case for the reasons set forth in Moving Defendants' motion. Courts routinely dismiss complaints that plead no facts supporting venue. *See Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019); *Heidary*,

---

[5] Plaintiff solely relies on *Celgene* (Opp. at 17), but *Celgene* does not address the standard for granting venue discovery. 17 F.4th at 1119.

[6] In support of this argument, Plaintiff argues that the Court in *CIBC Bank* "favored transfer over dismissal," Opp. at 17 (citing 2022 WL 4091256, at 4), but the Moving Defendants are unable to identify any case associated with this Westlaw citation or parties.

2024 WL 4489918, at *2 (affirming dismissal where "[*pro se* plaintiff] pleaded no facts and otherwise made no showing that [defendant] has a physical place of business in" the district); *Stewart v. Boeing Co.*, 2022 WL 4082113, at *3 (W.D. Pa. Sept. 6, 2022) (same) (Dkt. No. 119-7).  Plaintiff's authorities confirm dismissal is appropriate.  For example, in *Nelson v. International Paint Co.*, the court affirmed dismissal of an action for improper venue where the claims would be barred in either jurisdiction.  716 F.2d 640, 643 (9th Cir. 1983).

Plaintiff provides no reason why transfer of this action would better serve the interests of justice, and indeed it would not.  Mot. at 21, n.6.  This case could not "have been brought" in the Western District of Pennsylvania—neither YouTube nor Mozilla has any physical place of business in the Western District.  Mot. at 23-26; *see* 28 U.S.C. § 1406(a) (allowing transfer "to any district . . . in which [the case] could have been brought"); Dkt. No. 116.  Transfer of some, but not all, claims to the Western District would result in piecemeal litigation, risking duplicative and inconsistent rulings over the same or similar claims.

### III.    The Complaint Fails to State a Claim for Direct or Indirect Infringement of the '959 Patent

#### A.    The Complaint Fails to Plausibly Allege Direct Infringement

The Opposition and FAC contain only vague and conclusory allegations, and Plaintiff fails to rebut any of the arguments in Moving Defendants' motion.[7]  First, Plaintiff argues that the FAC "describes how third-party sellers and marketplaces imported, distributed, and sold [Orbeez products]" and that paragraphs 28 to 30 "cite manufacturers, retailers, and related actors responsible for distributing them." Opp. at 26; *id*. at 23.  But these paragraphs do not name a manufacturer or retailer, and do not connect any sale to the actions of Moving Defendants.

"Rule 12(b)(6) requires a complaint alleging infringement against multiple defendants to 'adequately identif[y] specific infringing acts' of each defendant." *Promos Techs., Inc. v. Samsung Elecs. Co.*, 2018 WL 5630585, at *3 (D. Del. Oct. 31, 2018) (Dkt. No. 119-11).  Despite filing five complaints, Plaintiff has not described any act of infringement by any party or even a non-party.  Instead, the FAC lumps all defendants together and makes bare, conclusory assertions that they somehow infringe the '959 patent.  Plaintiff's allegations cannot survive a motion to dismiss.  *Id.*; *see also Arunachalam v. Int'l Bus. Machs. Corp.*, 2021 WL

---

[7] Plaintiff suggests that his *pro se* status excuses any allegation deficiencies. "[A] *pro se* plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6)."  *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1142 (Fed. Cir. 2018); *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013).

11

7209362, at *8 (D. Del. Dec. 29, 2021) (dismissing patent claims where "it is impossible to discern which Defendants allegedly did what, where, or when") (Ex. 5).

Plaintiff relies on *Disc Disease Solutions. Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), to argue that identifying an allegedly infringing "product line" is sufficient to state a claim. Opp. at 23. *Disc Disease* does not hold that a plaintiff can simply name an accused product without alleging how that product infringes. A complaint must still plead "factual content that allows the court to draw the reasonable inference" of infringement. *Disc Disease*, 888 F.3d at 1260 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, Plaintiff provides no facts to support infringement allegations, and has failed to identify which party, including Moving Defendants, allegedly sold any accused Orbeez Crush products.

Plaintiff also argues that he need not provide an element-by-element mapping of any claim because "Rule 12(b)(6) does not require claim construction before discovery." Opp. at 23. But even where simple articles are concerned, a complaint must contain "*some facts* alleged that articulate *why it is plausible*" defendants infringe. Mot. at 27-29 (quoting *N. Star Innovations, Inc. v. Micron Tech., Inc.*, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (emphasis in original)) (Dkt. No. 119-13).

12

**B.      Plaintiff Fails to Allege Indirect or Willful Infringement**

Plaintiff confirms that the FAC fails to allege pre-suit knowledge of the '959 patent, foreclosing any claim for indirect or willful infringement.  Plaintiff attempts to inject new facts, which, even if true, cannot support a claim of pre-suit knowledge.  For example, Plaintiff's Opposition contends that Moving Defendants' platforms returned "infringing Orbeez Crush listings during the damages period" and that "[w]hen Plaintiff searched for the '959 patent number or title using Google Patents, the full patent record was returned, proving constructive knowledge."  Opp. at 7, 22, 28, 29.  But Moving Defendants had no obligation to search for Plaintiff's patent, despite Plaintiff's suggestion otherwise.  In *Global-Tech Appliances, Inc. v. SEB S.A.*, the Supreme Court reaffirmed that "deliberate indifference to a known risk that a patent exists"—as Plaintiff claims—"is not the appropriate standard under § 271(b)."  563 U.S. 754, 766 (2011).  Plaintiff's "search" arguments defy common sense:  every defendant in every case would have pre-suit knowledge of every patent.  This is not the standard, and Plaintiff cites no authority making it so.[8]

---

[8] Plaintiff devotes substantial argument to the fact that Moving Defendants are technology companies, suggesting that the ability to "develop[] advanced tools" means they have constructive pre-suit knowledge of any patent searchable in "public patent data" or "keyword search results."  Opp at 25, 28.  But Plaintiff cannot avoid the requirements of 35 U.S.C. § 271 by inventing a new standard.

13

Plaintiff also argues that "Defendants wrongly claim no 'specially made or adapted' components" because their "platforms were not neutral." Opp. at 28. Even if these allegations appeared in the FAC, which they do not, Plaintiff fails to explain how platforms "purpose-built to rank, recommend, and route traffic to commercial listings" *id.*, are especially made or especially adapted for use in infringing the '959 patent, which concerns a particular footed article assembly. *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 491 (D. Del. 2019)).

Finally, Plaintiff's Opposition largely abandons the FAC's allegations of "systemic infringement," for which Plaintiff lacks standing but seeks recovery to include $300 million to compensate for "widespread" infringement of "inventions." *See* Opp. at 5, 14-15. Plaintiff now argues that the FAC "asserts no claims based on patents he does not own," and that "Counts VI and VII do not assert separate causes of action." *Id*. at 3, 32. The Court should dismiss Counts VI and VII, and any other claim for "systemic" infringement, with prejudice.

## IV.    The Complaint Fails to State a Claim for "Unjust Enrichment"

"If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Samiam Grp., LLC v. Coopersburg Assocs., Inc.*, 650 F. Supp. 3d 295, 318 (E.D. Pa. 2023) (quotation omitted). Plaintiff argues that this claim is "viable where legal remedies are

uncertain," Opp. at 8 (citing *Abbott Labs.*, 836 F. Supp. 2d at 252; *Zamber*, 282 F. Supp. 3d at 1301),[9] but confirms that his unjust enrichment claim "arises directly from infringement of U.S. Patent No. 7,653,959." Opp. at 33 ("Plaintiff alleges infringement of a valid federal patent and seeks unjust enrichment based on the same conduct."). The Court can dismiss Count V as preempted. *See* Mot. at 34-36.

## V.    Further Amendment Would Be Futile

Plaintiff "requests the opportunity to clarify any ambiguity through discovery." Opp. at 24. Even if Plaintiff could conjure new facts not alleged in five prior attempts, the FAC comes too late, and in the wrong venue, against the Moving Defendants. There are no facts that could cure these deficiencies, making discovery and further amendment futile. Mot. at 35, 37-38.

## <u>CONCLUSION</u>

For the foregoing reasons and those in its motion, the Moving Defendants respectfully request the Court dismiss the FAC with prejudice.

---

[9] Moving Defendants have identified Plaintiff's partial citation to *Zamber* as *Zamber v. Am. Airlines, Inc.*, 282 F. Supp. 3d 1289 (S.D. Fla. 2017), but are unable to identify "*Abbott Labs.*, 836 F. Supp. 2d at 252" as there is no such reported case. "The Court need not address arguments made without specificity." *Burkhart v. Berryhill*, 2018 WL 6499689, at *1 n.2 (M.D. Pa. Dec. 11, 2018) (Ex. 6).

Date:  July 10, 2025

 s/ Stephen H. Barrett
Stephen H. Barrett
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania, 19103
+1 (215) 656-3300
stephen.barrett@us.dlapiper.com

*Counsel for Defendant Apple Inc.*

 s/ Jennifer Berger
Jennifer Berger (PA ID 327364)
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, New York, 10112
+1 (212) 408-2592
Jennifer.berger@bakerbotts.com

Rachael Lamkin (*pro hac vice*)
Baker Botts L.L.P.
101 California Street, Suite 3200
San Francisco, California, 94111
+1 (415) 291-6264
+1 (415) 291-6300 facsimile
Rachael.lamkin@bakerbotts.com

*Counsel for Defendant Mozilla
Corporation*

Respectfully submitted,

s/ John V. Gorman
John V. Gorman
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, Pennsylvania, 19103
+1 (215) 963-5157
+1 (215) 963-5001 facsimile
john.gorman@morganlewis.com

Erika H. Warren (*pro hac vice*)
Madeline A. Woodall (*pro hac vice*)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-1754@cases.warrenlex.com

*Counsel for Defendants Google LLC
and YouTube, LLC*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 10th day of July 2025, a copy of the foregoing

Reply in Support of Defendants' Motion to Dismiss the Complaint was served on

all counsel of record by ECF and served on plaintiff by email.

s/ John V. Gorman
John V. Gorman
