THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO,<br>　　　　Plaintiff,<br>v.<br>LYKART TECHNOLOGIES LLC, ET AL.,<br>　　　　Defendants. | Case No. 3:22-cv-1754-JFS-PJC<br>Judge Joseph F. Saporito, Jr.<br>Referred to: Phillip J. Caraballo<br><br>JURY TRIAL DEMANDED |

FILED SCRANTON
JUL 17 2025
PER _____
DEPUTY CLERK

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF AND SUPPLEMENTAL EXHIBIT

Plaintiff respectfully moves for leave to file a Sur-Reply Brief and accompanying Exhibit A (Claim Chart) in further opposition to Defendants' Motion to Dismiss the Fifth Amended Complaint under Rules 12(b)(1), 12(b)(3), and 12(b)(6).

This request is made in good faith and is necessary to ensure a full and fair presentation of the issues. Specifically:

**Defendants' Reply Brief raises new arguments and interpretations concerning the meaning of actual and constructive notice under 35 U.S.C. §§ 271(b) and (c).**

Defendants include positions that misconstrue Plaintiff's references to platform indexing, search results, and product visibility during the statutory damages period. The proposed Sur-Reply squarely addresses these issues and confirms that Plaintiff does not seek pre-suit damages or rely on § 287, but instead asserts notice for purposes of inducement and contributory infringement under *Global-Tech* and related authority.

1

**Defendants rely on the absence of a claim chart to suggest that the infringement allegations are speculative or conclusory.**

The Sur-Reply clarifies this by referencing a claim chart, now submitted as Exhibit A, along with photographs of one of the accused products previously purchased by Plaintiff. The product packaging clearly displays a 2015 copyright date. This real-world evidence—together with the claim chart—confirms the factual plausibility of Plaintiff's allegations and directly rebuts Defendants' claim that no party is identified as selling or offering the infringing products for sale. Plaintiff's exhibits in his Opposition Brief, combined with the newly attached Exhibit A, establish with certainty that the accused products were manufactured, sold, and publicly offered during the 2016 statutory damages period identified in the Fifth Amended Complaint.

**Plaintiff previously objected to Defendants' request for coordinated briefing.**

This Sur-Reply is further justified in light of the Court's order granting that request over Plaintiff's objection. Plaintiff seeks equal opportunity to be heard on the full scope of issues presented, including clarification of constructive notice, procedural fairness, venue transfer considerations, and other important points further defined within the Sur-Reply.

**Defendants' Reply Brief contains multiple factual misstatements.**

The Sur-Reply directly corrects these and other misrepresentations, ensuring the record is factually accurate and consistent with Plaintiff's prior filings and supporting exhibits. Plaintiff is a pro se litigant who has diligently pursued this case and deserves equal footing. The proposed Sur-Reply introduces no new claims and does not make improper arguments. Rather, it responds to important clarifications and factual characterizations raised in Defendants' Reply Brief, ensuring that key legal and evidentiary points are fairly addressed.

**The Sur-Reply further addresses Defendants' mischaracterization of Plaintiff's systemic infringement claims and reinforces that these claims are properly pled and should not be dismissed.**

These are not vague or free-floating theories, but fact-based allegations describing how Defendants' platforms, algorithms, and monetized infrastructure promoted and profited from the same infringing products. This was not passive indexing. The conduct alleged supports a plausible inference of willful blindness and liability under 35 U.S.C. §§ 271(b) and (c), and highlights the broader risk posed by unchecked platform-level facilitation of infringement. Plaintiff respectfully submits that these issues warrant careful judicial consideration and a fair opportunity to proceed.

Accordingly, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply Brief and Exhibit A.

Date July 17, 2025                                              Respectfully submitted,

                                                                David J. Catanzaro
                                                                Plaintiff pro se
                                                                286 Upper Powderly Street
                                                                Carbondale, PA 18407
                                                                Phone: (570) 936-9262
                                                                E-Mail: davidjosephus@aol.com

## Certificate of Use of Generative AI

I voluntarily certify the following: (1) I utilized OpenAI's ChatGPT to assist in the preparation of the accompanying filing; (2) portions of the entire filing—such as formatting, organizational structure, and language refinement—were prepared or edited using ChatGPT; and (3) I personally reviewed all AI-assisted content and confirm that all facts, citations, legal authorities, and representations are accurate and supported to the best of my ability.

Date July 17, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF AND SUPPLEMENTAL EXHIBIT** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

**For Unrepresented Defendants:** The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities: **Lykart Technologies, LLC. and GrowKart** These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date July 17, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com