THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, | Case No. 3:22-cv-1754-JFS-PJC |
| Plaintiff, | Judge Joseph F. Saporito, Jr. |
| v. | Referred to: Phillip J. Caraballo |
| LYKART TECHNOLOGIES LLC, ET AL., | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

**Supplement to Brief in Opposition (Doc. 120): Submission of Table of Authorities and Table of Statutes and Rules Pursuant to Local Rule 7.8(a), and Addition of Supporting Case Law for Claims Under 35 U.S.C. §§ 271(b) and (c)**

Plaintiff respectfully submits this Supplement to the previously filed Brief in Opposition (Doc. 120) to provide the accompanying Table of Authorities and Table of Statutes and Rules, as required by Local Rule 7.8(a). These tables were inadvertently omitted from the original filing. Plaintiff also includes the following two citations, which were inadvertently omitted from the original brief. Federal Circuit authority confirms that claims under 35 U.S.C. §§ 271(b) and (c) do not require the direct infringer to be named. *See* Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("There is no requirement that the direct infringer be a party to the suit."); *In re* Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1336 (Fed. Cir. 2012) (factual allegations of direct infringement are sufficient even if the direct infringer is not named). This addition introduces no new arguments and does not alter any positions previously presented.

1

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Allegheny Gen. Hosp. v. Philip Morris Inc.,*
228 F.3d 429 (3d Cir. 2000) .................................................................................... 35

*Anza Tech., Inc. v. Mushkin, Inc.,*
934 F.3d 1359 (Fed. Cir. 2019) ............................................................................... 15

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................ 3, 5, 6, 8, 25, 32

*Authors Guild v. Google, Inc.,*
804 F.3d 202 (2d Cir. 2015) .................................................................................... 40

*BearBox LLC v. Lancium LLC,*
No. 23-1922 (Fed. Cir. Jan. 13, 2025) ..................................................................... 33

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................ 3, 5, 6, 8, 25, 32

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,*
489 U.S. 141 (1989) ................................................................................................ 33

*Bonutti Skeletal Innovations LLC v. Wright Med. Grp., Inc.,*
No. 6:13-cv-00620, slip op. (M.D. Fla. Aug. 14, 2013) .......................................... 23

*Carteret Sav. Bank v. Shushan,*
919 F.2d 225, 232 (3d Cir. 1990) ............................................................................ 17

*Catanzaro v. Does 1–50 & Walmart, Inc.,*
No. 24-1247 (3d Cir. July 12, 2024) ............................................................. 4, 12, 37

*Celgene Corp. v. Mylan Pharms. Inc.,*
17 F.4th 1111, 1127 (Fed. Cir. 2021) ................................................................ 17, 18

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,*
888 F.3d 1256 (Fed. Cir. 2018) ............................................................................... 23

*Garvin v. City of Philadelphia,*
354 F.3d 215, 222 (3d Cir. 2003) ................................................................. 9, 10, 13

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) .................................................................. 5, 8, 22, 24–33, 37, 40

*Goldlawr v. Heiman*,
  369 U.S. 463, 466 (1962) ......................................................................... 17, 19, 21

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016) .................................................................................................. 25

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ............................................................................. 37

*In re Cray, Inc.*,
  871 F.3d 1355, 1360 (Fed. Cir. 2017) ......................................................... 16, 18, 20

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) ............................................................................. 11

*In re Google LLC*,
  949 F.3d 1338, 1345 (Fed. Cir. 2020) ........................................................ 7, 16, 19

*Krupski v. Costa Crociere S.p.A.*,
  560 U.S. 538, 548 (2010) .................................................................... 9, 10, 13, 14

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
  658 F.3d 936 (9th Cir. 2011) ................................................................................ 37

*Markman v. Westview Instruments*,
  517 U.S. 370 (1996) ................................................................................................ 5

*MGM Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ................................................................................... 31, 32, 37

*Nelson v. Int'l Paint Co.*,
  716 F.2d 640, 643 (9th Cir. 1983) ........................................................................ 21

*Personal Audio, LLC v. Google Inc.*,
  280 F. Supp. 3d 922, 933 (E.D. Tex. 2017) .......................................................... 19

*Perfect 10, Inc. v. Google, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) .............................................................................. 40

*Realtime Data LLC v. Barracuda Networks, Inc.*,
  No. 2:17-cv-00495, 2017 WL 4791970, at *4 (E.D. Tex. Oct. 24, 2017) ............. 20

*RegenLab USA LLC v. Estar Techs. Ltd.*,
335 F. Supp. 3d 526, 552–53 (S.D.N.Y. 2018) .................................................................. 18

*\*Robocast, Inc. v. Apple Inc.*,
No. 11-cv-235, slip op. at * (D. Del. Feb. 24, 2012) ......................................................... 23

*Samsung Electronics Co., Ltd. v. Netlist, Inc.*,
No. 1:21-cv-01453 (D. Del. Aug. 1, 2022) ....................................................................... 15

*Seven Networks, LLC v. Google LLC*,
315 F. Supp. 3d 933, 956 (E.D. Tex. 2018) .................................................................. 7, 16

*Singletary v. Pa. Dep't of Corr.*,
266 F.3d 186, 194 (3d Cir. 2001) .................................................................................. 9, 11

*\*Talsk Research Inc. v. Evernote Corp.*,
2017 WL 4269004, at *4 (N.D. Tex. Sept. 26, 2017) ................................................... 3, 18

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
581 U.S. 258 (2017) ...................................................................................................... 7, 15

*Tegal Corp. v. Tokyo Electron Am., Inc.*,
257 F.3d 1331 (Fed. Cir. 2001) ........................................................................................ 37

*Ultra Precision Mfg. Ltd. v. Ford Motor Co.*,
338 F.3d 1353 (Fed. Cir. 2003) ........................................................................................ 33

## STATUES AND RULES

28 U.S.C. § 1391(c) ............................................................................................................ 2

28 U.S.C. § 1400(a) ....................................................................................................... 7, 18

28 U.S.C. § 1400(b) ................................................................... 2, 7, 15, 16, 18, 19, 20

28 U.S.C. § 1406(a) .................................................................................... 2, 17, 20, 21

35 U.S.C. § 271 ................................................................................................ 31, 35, 36

35 U.S.C. § 271(a) ...................................................................................... 7, 22, 26, 37, 39

35 U.S.C. § 271(b) ............................................... 2, 3, 5, 6, 7, 22, 24–27, 29, 32, 37, 39, 40

35 U.S.C. § 271(c) ............................................... 2, 3, 5, 6, 7, 22, 24–29, 32, 37, 39, 40

35 U.S.C. § 286 ............................................................ 1, 2, 4, 5, 6, 8, 10, 18, 36

Fed. R. Civ. P. 12 ............................................................................................. 8, 23

Fed. R. Civ. P. 12(b)(1) ................................................................................... 8, 32

Fed. R. Civ. P. 12(b)(3) ......................................................................................... 7

Fed. R. Civ. P. 12(b)(6) ................................................ 7, 8, 21, 23, 25, 31, 33, 34, 35

Fed. R. Civ. P. 15(a)(2) ....................................................................................... 36

Fed. R. Civ. P. 15(c) ................................................................... 1, 6, 9–15, 24, 27

Fed. R. Civ. P. 15(c)(1)(B) .............................................................................. 9, 11

Fed. R. Civ. P. 15(c)(1)(C) ......................................................................... 1, 12, 35

Fed. R. Civ. P. 15(c)(1)(C)(ii) ............................................................................... 9

Fed. R. Civ. P. 26 ................................................................................................ 11

Date July 22, 2025

Respectfully submitted,

David J. Catanzaro
Plaintiff pro se
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-Mail: davidjosephus@aol.com

## Certificate of Use of Generative AI

I certify that portions of this filing, including formatting, structure, and language refinement, were prepared with the assistance of OpenAI's ChatGPT. I personally reviewed the content to ensure its accuracy to the best of my ability.

Date July 22, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I caused a true and correct copy of the foregoing **Supplement to Brief in Opposition (Doc. 120): Submission of Table of Authorities and Table of Statutes and Rules Pursuant to Local Rule 7.8(a), and Addition of Supporting Case Law for Claims Under 35 U.S.C. §§ 271(b) and (c)** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

**For Unrepresented Defendants:** The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities: **Lykart Technologies, LLC. and GrowKart** These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date July 22, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com