IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. CATANZARO, | : | Civil Case No. 3:22-CV-01754-JFS-DFB |
| Plaintiff | : | (Judge Joseph F. Saporito Jr.) |
| v. | : | (Referred to Judge Phillip J. Caraballo) |
| LYKART TECHNOLOGIES LLC, ET AL., | : | |
| Defendants. | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPELLATE REVIEW**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS ....................................................................................1

ARGUMENT .........................................................................................................3

      I.     The Petition for Writ of Mandamus is Unlikely to Succeed on the Merits..................................................................................4

      II.    Plaintiff Will Not Suffer Irreparable Harm Without a Stay..................6

      III.   Defendants Will Suffer Significant Harm From a Stay of This Action ....................................................................................................7

      IV.   A Stay Will Not Serve the Public Interest ............................................7

CONCLUSION......................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.*,
  449 U.S. 33 (1980)..................................................................................................5

*Brown v. Beard*,
  No. 10-1129, 2011 WL 830382 (M.D. Pa. Mar. 3, 2011), *aff'd*,
  445 F. App'x 453 (3d Cir. 2011) ............................................................................6

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004)................................................................................................4

*Chinniah v. E. Pennsboro Twp.*,
  No. 15-2240, 2016 WL 11849016 (M.D. Pa. Oct. 18, 2016)...............................6

*Doe 1438 v. Pennsylvania State Univ.*,
  No. 19-1438, 2021 WL 12151513 (M.D. Pa. Mar. 22, 2021).........................3, 7

*Drone Techs., Inc. v. Parrot S.A.*,
  No. 14-111, 2014 WL 6607484 (W.D. Pa. Nov. 19, 2014) .................................7

*In re FedEx Corp. Servs., Inc.*,
  No. 22-156, 2022 WL 10887770 (Fed. Cir. Oct. 19, 2022) .................................4

*In re Fine Paper Antitrust Litig.*,
  685 F.2d 810 (3d Cir. 1982) ...................................................................................5

*Hollingsworth v. Perry*,
  558 U.S. 183 (2010)................................................................................................4

*In re Hubbard*,
  No. 25-1666, 2025 WL 1554934 (3d Cir. June 2, 2025).....................................5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................................3

*In re Lei Ke*,
  516 F. App'x 141 (3d Cir. 2013) ...........................................................................5

*In re Lewis*,
   706 F. App'x 100 (3d Cir. 2017) ...........................................................................4

*In re Martinez*,
   779 F. App'x 150 (3d Cir. 2019) ...........................................................................5

*In re Micron Tech. Inc.*,
   No. 25-135, 2025 WL 2016630 (Fed. Cir. July 18, 2025) ...................................4

*In re Princo Corp.*,
   478 F.3d 1345 (Fed. Cir. 2007) ............................................................................4

*Rescigno v. Statoil USA Onshore Props. Inc.*,
   No. 16-85, 2020 WL 4473004 (M.D. Pa. Aug. 4, 2020) ......................................6

*In re Robinson*,
   336 F. App'x 171 (3d Cir. 2009) ...........................................................................5

*State Farm Mut. Auto. Ins. Co. v. Lincow*,
   No. 05-5368, 2007 WL 614103 (E.D. Pa. Feb. 22, 2007) ....................................3

*Wallace v. Powell*,
   No. 09-cv-286, 2013 WL 119659 (M.D. Pa. Jan. 9, 2013) ..................................7

**Statutes and Rules**

28 U.S.C. § 1295(a)(1) ..................................................................................................4

28 U.S.C. § 1406(a) ......................................................................................................5

35 U.S.C. § 286 .............................................................................................................2

Fed. R. Civ. P. 1 ............................................................................................................7

Fed. R. Civ. P. 15(c) .....................................................................................................2

# INTRODUCTION

The Court should deny Plaintiff's motion to stay. Plaintiff seeks to dictate the manner and time in which this Court manages its docket, now asking the wrong appellate court to mandamus this action. Even if the Third Circuit had jurisdiction over a patent case (it does not), Plaintiff's mandamus petition is meritless. Nonetheless, Plaintiff fails to identify any reason why this Court should delay consideration of Defendants' fully briefed motion to dismiss.

# STATEMENT OF FACTS

On November 3, 2022, Plaintiff David J. Catanzaro initiated this action against Walmart Stores, Inc., Maya Group Inc., and Does 1 through 50, asserting infringement of expired U.S. Patent No. 7,653,959 (the "'959 patent"). Dkt. No. 1. On August 9, 2024, nearly two years after filing his original complaint, Plaintiff filed a Third Amended Complaint, for the first time naming Google LLC ("Google"), YouTube, LLC ("YouTube"),[1] Apple Inc. ("Apple"), and Mozilla Corporation ("Mozilla") (collectively, "Defendants"). Dkt. No. 33. Plaintiff amended his complaint twice more before Defendants could respond, adding new

---

[1] The complaint erroneously lists "YouTube.com" as a party. YouTube.com is an online video sharing platform owned and operated by Google; it is not a corporate entity. YouTube, LLC assumes for the purposes of this opposition that Plaintiff intended to name YouTube, LLC as the defendant in his Third and subsequent amendments.

– 1 –

theories of infringement unsupported by law, and naming new defendants unrelated to those named in the original complaint.

Plaintiff previously sought to stay this action in view of unrelated procedural motions pending in a different case before the Court, *Catanzaro v. Walmart Stores, Inc.*, No. 22-1768 (the "1768 case"). Dkt. No. 89. Although that motion was similarly frivolous, Defendants did not oppose; at that time, Defendants had not yet responded to the Fifth Amended Complaint, and no motions were pending for this Court to decide. Dkt. No. 91. On April 14, 2025, the Court denied Plaintiff's first motion to stay, stating that "a plaintiff may not pursue or delay a litigation he commences at whim, or in an attempt to dictate the matters to which the Court affords its attention." Dkt. No. 94 at 3-4.

On June 13, 2025, Defendants moved to dismiss the Fifth Amended Complaint on three independent grounds: (1) Plaintiff's claims of infringement are statutorily time-barred under 35 U.S.C. § 286 because they do not relate back to the original pleading under Federal Rule of Civil Procedure 15(c); (2) Plaintiff brought suit in an improper venue; and (3) Plaintiff's Fifth Amended Complaint fails to state a claim for relief. Dkt. Nos. 114, 115. The motion is fully briefed, including a surreply from Plaintiff. Dkt. Nos. 120, 121, 123, 131.

On July 31, Plaintiff filed another motion to stay based on his petition for writ of mandamus to the Court of Appeals for the Third Circuit. Dkt. Nos. 128,

130; *see In re David Catanzaro*, No. 25-2512 (3d Cir.). Plaintiff's mandamus petition asks the Third Circuit to transfer this action and the 1768 case to the Western District of Pennsylvania "on the grounds that the current venue has proven structurally incapable of providing timely or impartial adjudication." *In re David Catanzaro*, No. 25-2512, Dkt. No. 1 at 1 (3d Cir.). On the same day Plaintiff's petition was docketed, the Third Circuit ordered Plaintiff to "file a written response addressing whether the petition should be dismissed or transferred to the U.S. Court of Appeals for the Federal Circuit." *Id.* at Dkt. No. 3.

## ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Doe 1438 v. Pennsylvania State Univ.*, No. 19-1438, 2021 WL 12151513, at *1 (M.D. Pa. Mar. 22, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Federal courts within the Third Circuit generally evaluate four factors in determining whether to grant a stay of proceedings at the trial court level while a petition for a writ of mandamus is pending: '(1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the request is denied; (3) whether other parties will be harmed by the stay; and (4) whether granting the stay will serve the public interest.'" *Id.* (quoting *State Farm Mut. Auto. Ins. Co. v. Lincow*, No. 05-

5368, 2007 WL 614103, at *1 (E.D. Pa. Feb. 22, 2007) (internal citation omitted)). Plaintiff cannot meet his burden of showing that any of these factors favor a stay in this case. Each of the stay factors instead weighs strongly against a stay and the Court should deny Plaintiff's motion.

**I.   The Petition for Writ of Mandamus is Unlikely to Succeed on the Merits**

In addition to being filed in the wrong Circuit,[2] Plaintiff's petition for a writ of mandamus is highly unlikely to succeed. "To obtain a writ of mandamus, a petitioner must show: (1) there is 'no other adequate means to attain the relief' requested; (2) 'issuance of the writ is clear and indisputable;' and (3) 'the writ is appropriate under the circumstances.'" *In re Micron Tech. Inc.*, No. 25-135, 2025 WL 2016630, at *1 (Fed. Cir. July 18, 2025) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004)); *see also In re Lewis*, 706 F. App'x 100, 101 (3d Cir. 2017) (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010)).

First, Plaintiff does not and cannot present the Third Circuit with any reason why Plaintiff lacks other adequate means to attain the relief requested. Should the Court grant Defendants' motion to dismiss, Plaintiff can appeal that decision. This factor weighs against a stay.

---

[2] The Federal Circuit has exclusive jurisdiction over appeals involving allegations of patent infringement. *See In re FedEx Corp. Servs., Inc.*, No. 22-156, 2022 WL 10887770, at *1 (Fed. Cir. Oct. 19, 2022) (quoting *In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007)); *see also* 28 U.S.C. § 1295(a)(1).

– 4 –

Second, Plaintiff fails to show any basis for the Third Circuit to issue a writ. Despite Plaintiff's arguments to the contrary, "there is no clear and indisputable right to have a district court handle a case in a certain manner." *In re Martinez*, 779 F. App'x 150, 151 (3d Cir. 2019) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) & *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)); *see also In re Hubbard*, No. 25-1666, 2025 WL 1554934, at *2 (3d Cir. June 2, 2025) ("courts generally enjoy discretion in managing their own dockets").[3] Plaintiff's numerous filings contribute to any "delay" he seeks to blame on the Court. *See In re Lei Ke*, 516 F. App'x 141, 141-42 (3d Cir. 2013); *In re Robinson*, 336 F. App'x 171, 172 (3d Cir. 2009).

Third, mandamus is not appropriate under the circumstances here. Among other problems, Plaintiff seeks a writ transferring this case and the 1768 case to the Western District of Pennsylvania, notwithstanding the undisputed fact that neither Mozilla or YouTube has any place of business there, preventing the Western District from being a "district . . . where [this action] might have been brought." Dkt. No. 115 at 21-22, 23-24; *see also* 28 U.S.C. § 1406(a). Plaintiff cannot meet

---

[3] It is unclear whether Plaintiff also seeks mandamus on the ground that the Court has not yet ruled on his Motion for Reconsideration of the Court's order granting coordinated briefing on the motion to dismiss. Dkt. No. 111. To the extent that Plaintiff makes this argument, it too is frivolous, as the Motion for Reconsideration is moot, since the briefing it sought to preclude is now complete.

his burden of showing any right to extraordinary relief. This factor weighs against a stay.

## II.     Plaintiff Will Not Suffer Irreparable Harm Without a Stay

Plaintiff generally argues that he will suffer irreparable harm while the appeal is pending. *See* Dkt. No. 130 at 2. But Plaintiff does not identify *any* harm in his motion, let alone why that harm would be irreparable. Unspecific, conclusory argument cannot demonstrate irreparable harm. *See Rescigno v. Statoil USA Onshore Props. Inc.*, No. 16-85, 2020 WL 4473004, at *2-3 (M.D. Pa. Aug. 4, 2020) (finding party did "not sufficiently demonstrate[] irreparable harm" where they did "not develop this argument by explaining how precisely this will irreparably harm them"); *Brown v. Beard*, No. 10-1129, 2011 WL 830382, at *8 (M.D. Pa. Mar. 3, 2011), *aff'd*, 445 F. App'x 453 (3d Cir. 2011) (same); *see also Chinniah v. E. Pennsboro Twp.*, No. 15-2240, 2016 WL 11849016, at *1 (M.D. Pa. Oct. 18, 2016). Here, there is no risk of continuing infringement because the '959 patent expired in 2016.[4] Any arguable harm from this Court issuing rulings in this

---

[4] Plaintiff similarly fails to identify any harm in his mandamus petition that could weigh in favor of a stay. Plaintiff argues that defaulted defendants in the 1768 case could potentially go out of business before this Court addresses Plaintiff's default motions, or the threat of "one-sided settlement" by defendants in the 1768 case. *In re David Catanzaro*, No. 25-2512, Dkt. No. 1 at 5. But any alleged harm stemming from defendants' collectability or conduct in a different case does not impact the Court's consideration of a stay in this action.

action can be remedied by an appeal in the ordinary course. This factor weighs against a stay.

### III. Defendants Will Suffer Significant Harm From a Stay of This Action

Any stay of this action would prejudice Defendants, which have now spent substantial effort to defend against Plaintiff's flawed claims, repeated amendments, and meritless motions. Defendants have devoted substantial effort to present a joint motion to dismiss Plaintiff's Fifth Amended Complaint, which will resolve all of Plaintiff's claims against them for the reasons set forth in those papers. At minimum, a stay would delay resolution of Defendants' motion to dismiss and final resolution of this action. *See Doe 1438*, 2021 WL 12151513, at *2; *Wallace v. Powell*, No. 09-cv-286, 2013 WL 119659, at *1 (M.D. Pa. Jan. 9, 2013) (finding this factor weighs heavily in favor of denying stay because action had been ongoing for almost four years). This factor weighs heavily against a stay.

### IV. A Stay Will Not Serve the Public Interest

The public interest would be served by speedy resolution of this case. *Drone Techs., Inc. v. Parrot S.A.*, No. 14-111, 2014 WL 6607484, at *4 (W.D. Pa. Nov. 19, 2014) (denying motion to stay and finding that "public interest favors the 'just, speedy, and inexpensive determination' of the Parties' dispute.") (quoting Fed. R. Civ. P. 1); *Wallace*, 2013 WL 119659, at *1. Plaintiff cites a single case from 1936 for the proposition that a "stay is appropriate where appellate review may narrow

or moot pending issues," (Mot. at 2), but does not explain how his petition would narrow or moot any pending issue; Plaintiff simply seeks to have a different court decide the *same* issues. Plaintiff's mandamus petition and motion to stay are misguided attempts to seek a more favorable outcome from a different court, and represent yet further waste of judicial and party resources.

## CONCLUSION

Plaintiff has not shown that any of the factors favor a stay. Defendants respectfully request that the Court deny Plaintiff's motion to stay proceedings pending resolution of his mandamus petition.

Date: August 18, 2025                                  Respectfully submitted,

| | |
|---|---|
|   /s/ Stephen H. Barrett   <br> Stephen H. Barrett <br> DLA PIPER LLP (US) <br> One Liberty Place <br> 1650 Market Street, Suite 5000 <br> Philadelphia, Pennsylvania, 19103 <br> +1 (215) 656-3300 <br> stephen.barrett@us.dlapiper.com <br><br> *Counsel for Defendant Apple Inc.* <br><br>   /s/ Jennifer Berger   <br> Jennifer Berger (PA ID 327364) <br> Baker Botts L.L.P. <br> 30 Rockefeller Plaza <br> New York, New York, 10112 <br> +1 (212) 408-2592 <br> Jennifer.berger@bakerbotts.com <br><br> Rachael Lamkin (*pro hac vice*) <br> Baker Botts L.L.P. <br> 101 California Street, Suite 3200 <br> San Francisco, California, 94111 <br> +1 (415) 291-6264 <br> +1 (415) 291-6300 facsimile <br> Rachael.lamkin@bakerbotts.com <br><br> *Counsel for Defendant Mozilla Corporation* |   /s/ John V. Gorman   <br> John V. Gorman <br> MORGAN, LEWIS & BOCKIUS LLP <br> 2222 Market Street <br> Philadelphia, Pennsylvania, 19103 <br> +1 (215) 963-5157 <br> +1 (215) 963-5001 facsimile <br> john.gorman@morganlewis.com <br><br> Erika H. Warren (*pro hac vice*) <br> Madeline A. Woodall (*pro hac vice*) <br> WARREN KASH WARREN LLP <br> 2261 Market Street, No. 606 <br> San Francisco, California, 94114 <br> +1 (415) 895-2940 <br> +1 (415) 895-2964 facsimile <br> 22-1754@cases.warrenlex.com <br><br> *Counsel for Defendants Google LLC and YouTube, LLC* |