THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, | Case No. 3:22-cv-1754-JFS-PJC |
| Plaintiff, | Judge Joseph F. Saporito, Jr. |
| v. | Referred to: Phillip J. Caraballo |
| LYKART TECHNOLOGIES LLC, ET AL., | |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

**AND RESPONSE TO THEIR OPPOSITION BRIEF**

FILED
SCRANTON

AUG 20 2025

PER _____
DEPUTY CLERK

**Table of Contents**

Introduction ............................................................................. 1

I.  Defendants' Bad Faith Gamesmanship ................................................. 1

II. Defendants' Authorities Do Not Alter the Analysis ............................ 4

III. Counsel for Apple Has Driven the Misconduct ................................. 4

Conclusion ............................................................................. 5

i

## Introduction

Defendants were always entitled to file an opposition brief to Plaintiff's Motion to Stay. What they were not entitled to do was remain silent until after the Court had already ruled, and then attempt to rewrite the record by claiming they had always "intended" to oppose. That is precisely what Defendants did, and the timeline of events confirms this opportunistic tactic. The limited stay imposes no harm on Defendants, preserves the integrity of these proceedings, respects the authority above this Court, and permits appellate review to proceed in an orderly fashion.

## I. Defendants' Bad Faith Gamesmanship

This opposition begins where Defendants' Motion for Reconsideration (Doc. 133) itself begins—with a misrepresentation to the Court. Defendants invoke Local Rule 7.1 by filing a "certificate of non-concurrence," but the record shows their claim of attempted contact was manufactured to create a false appearance of compliance, undermining the intended spirit of Local Rule 7.1.

On August 18, 2025, defense counsel initiated a 6:07 p.m. phone call, followed minutes later by a 6:11 p.m. email claiming "I tried to reach you by phone today." Then counsel placed an 8:16 p.m. follow-up call demanding a same-night response, before filing their motion near midnight. No reasonable pro se litigant could be expected to meaningfully confer under such contrived and coercive circumstances.

This pattern is not an oversight—it is deliberate gamesmanship. By compressing all outreach into the late evening hours of the very same day they filed, Defendants undercut the intended spirit of Rule 7.1 and revealed a larger falsehood before this Court: that they would not have filed the opposition at all but for the Court's one-day early stay order (according to their filings). That

conduct not only abuses Local Rule 7.1, but misleads the Court and demonstrates the sharp practice that has now become the hallmark of Defendants' litigation strategy. Defendants' Motion should be denied because it was procured through bad faith tactics inconsistent with their obligations as **officers of the Court:**

1. **Last-Minute, Misleading Communications**

   - On August 18, 2025, Apple's lead counsel Anna Phillips sent an email at 6:11 p.m. stating she had "tried to reach" Plaintiff earlier in the day to obtain his concurrence.
   - In reality, Plaintiffs phone records show the only call from Ms. Phillips came at 6:07 p.m.—just four minutes before her email.
   - No voicemail was left, and no meaningful opportunity was provided to respond.

2. **Unreasonable Evening Demands**

   - Later that same evening, at approximately 8:16 p.m., Apple's counsel of record Stephen H. Barrett placed a call with voice message, demanding a response that same night.
   - By 10:00 p.m., Defendants had filed their Motion for Reconsideration.
   - This sequence demonstrates not a genuine attempt to secure concurrence, but an eleventh-hour maneuver to create only the appearance of compliance with Rule 7.1—rushing in a motion that was never intended to involve meaningful conferral in the first place.
   - Defendants never intended to file a genuine opposition; this was last-minute gamesmanship aimed at exploiting the Court's one-day early ruling and the documented extreme rush for plaintiffs reply confirms it.

2

3. **Pattern of Bad Faith Conduct**

- Apple's lead counsel Anna Phillips has previously refused to return Plaintiffs calls or emails regarding potential resolution, despite initially representing that Apple was interested in amicable discussions. Ms. Phillips has been Plaintiff's only point of contact for Apple since it was added as a Defendant.

- Ms. Phillips also threatened Plaintiff with attorneys' fees if he did not dismiss the case, and later improperly contacted dismissed defendant Target in an attempt to obtain confidential settlement information.

- These actions collectively underscore a pattern of bad faith conduct that weighs strongly against granting reconsideration.

4. **Afterthought Filing for Procedural Leverage**

- Taken together, these facts show that Defendants' midnight filing was not a considered opposition at all, but an afterthought designed to exploit the Court's one-day early ruling for procedural advantage

- **If Defendants had genuinely intended to file a proper opposition, they would have—consistent with all prior communications in this case—provided Plaintiff with at least 24 hours' notice giving him timely opportunity to respond and/or engage in direct communication prior to filing.**

- Their failure to do so underscores that the Motion was not pursued in good faith but merely to create procedural leverage based on the court's ruling.

Extraordinary relief cannot be granted on the basis of tactics that reflect bad faith rather than genuine grounds for reconsideration.

3

Having demonstrated that Defendants' Motion itself was procured through sharp practice, Plaintiff turns to the substance of their filings. Defendants' arguments in their Brief in Support (Doc. 133-1) and their Opposition to the Stay (Doc. 133-2) fail on the merits and provide no basis for reconsideration.

## II. Defendants' Authorities Do Not Alter the Analysis

Defendants' filings reflect the same "steamroller" approach they used to procure compliance to Rule 7.1 and to rush their filing—overwhelm first, explain never. Their brief is little more than a string of generic mandamus and stay cases, none of which grapple with the facts here: that the **Third Circuit has already found abuse of discretion in this very litigation.** In addition, specific prejudice has materialized in the form of procedural imbalance, vanished recovery, and coerced settlements—harms that Defendants' current conduct only continues to exacerbate.

For a pro se plaintiff, citations without substance serve the same function as late-night phone calls and midnight filings: **intimidation rather than genuine engagement.** The Court should give no weight to Defendants' boilerplate authorities, which do not alter the reality that their motion was procured in bad faith and fails on its own terms, and improperly seeks to persuade this Court to obstruct the appellate court from proceeding as it should.

## III. Counsel for Apple Has Driven the Misconduct

It is also important to note that not all Defendants' counsel have engaged in this conduct. Lead Counsel for Google (including YouTube) and Mozilla—particularly Ms. Erica Warren and Ms. Rachael Lamkin—have consistently been courteous, professional, and respectful in their dealings with Plaintiff.

By contrast, Apple's lead counsel, Ms. Anna Phillips, has repeatedly taken the opposite approach. Her conduct, as denoted in this filing has been disrespectful, underhanded, and manipulative,

4

including the very tactics used by Ms. Phillips and Mr. Barrett to procure the Motion for Reconsideration now before the Court: Underhanded, rushed, misleading, and inconsistent with the obligations of candor owed to the Court.

Because this filing reflects Apple's bad-faith strategy rather than a legitimate effort to engage the merits, the Motion should be denied.

## CONCLUSION

Defendants' Motion for Reconsideration is not the product of genuine advocacy but of tactical bad faith that aimed at persuading this Court to obstruct the appellate court from proceeding as it should. The Court should not reward such conduct.

Their arguments add nothing of substance. The cited authorities are generic, their assertions ignore the Third Circuit's prior recognition of judicial abuse in this very matter, and their claim of prejudice is hollow. As stated in the Introduction, the limited stay imposes no harm on Defendants, preserves the integrity of these proceedings, respects the authority above this Court, and permits appellate review to proceed in an orderly fashion. Bad Faith conduct should not be reworded.

For these reasons, Plaintiff respectfully submits that Defendants' Motion should be denied in its entirety.

Date August 20, 2025                                    Respectfully submitted,

                                                        David J. Catanzaro
                                                        Plaintiff pro se
                                                        286 Upper Powderly Street
                                                        Carbondale, PA 18407
                                                        Phone: (570) 936-9262
                                                        E-Mail: davidjosephus@aol.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND RESPONSE TO THEIR OPPOSITION BRIEF** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

**For Unrepresented Defendants:** The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date August 20, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com