THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, | Case No. 3:22-cv-1754-JFS-PJC |
| Plaintiff, | Judge Joseph F. Saporito, Jr. |
| v. | Referred to: Phillip J. Caraballo |
| LYKART TECHNOLOGIES LLC, ET AL., | |
| Defendants. | JURY TRIAL DEMANDED |

FILED
SCRANTON
AUG 21 2025
PER _____ CP
DEPUTY CLERK

**NOTICE OF SUPPLEMENTAL AUTHORITY**

**IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff respectfully submits this Notice of Supplemental Authority to highlight additional precedent addressing litigation misconduct and procedural abuse.

Plaintiff submits that Defendants' filing conduct—specifically, the delayed and incomplete effort to initiate a Rule 7.1 conference at 6:07 p.m., followed by an 8:16 p.m. demand and a same-day near midnight filing—reflects a procedural ambush inconsistent with prior practice in this case, clearly showing the Defendants never intended to file an opposition to Plaintiff's motion to stay. Only after this Court ruled in favor of the stay did they inform the Court of their intent to oppose it—**a calculated misrepresentation made in bad faith.** Although it may not rise to sanctionable bad faith, it should not be rewarded. Such tactics, even if they fall short of sanctionable misconduct, nonetheless raise concerns addressed by *Chambers* and *Goodyear*: namely, the use of procedure not to advance resolution, but to obstruct or distort it.

1

In **Chambers v. NASCO, Inc.**, 501 U.S. 32, 44–45 (1991), the Supreme Court held:

*"A court must exercise its inherent powers to protect the integrity of the judicial process... particularly when confronted with bad-faith conduct designed to obstruct the administration of justice."*

The Court reaffirmed these principles in **Goodyear Tire & Rubber Co. v. Haeger**, 581 U.S. 101, 107 (2017), emphasizing:

*"Federal courts possess certain inherent powers... to fashion appropriate sanction for conduct which abuses the judicial process."*

Other courts have similarly recognized that procedural manipulation and strategic misconduct warrant close judicial scrutiny. In **Roadway Express, Inc. v. Piper**, 447 U.S. 752, 764–65 (1980), the Court upheld the imposition of sanctions for attorney conduct that abused the judicial process, including tactics that delayed or obstructed proceedings. Likewise, in **Enmon v. Prospect Capital Corp.**, 675 F.3d 138, 145 (2d Cir. 2012), the Second Circuit held that sanctions may be imposed where a party acts with the intent to disrupt or manipulate the process—even if no actual disruption occurs.

These decisions reinforce that federal courts retain broad authority to identify and reject tactics that distort fair litigation. Plaintiff respectfully submits that the conduct at issue here fits squarely within that pattern and should be expressly called out.

Date August 21, 2025                                       Respectfully submitted,

David J. Catanzaro
Plaintiff pro se
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-Mail: davidjosephus@aol.com

2

## Certificate of Use of Generative AI

I voluntarily certify the following: (1) I utilized OpenAI's ChatGPT to assist in the preparation of the accompanying filing; (2) I personally reviewed all AI-assisted content and confirm that all facts, citations, legal authorities, and representations are accurate and supported to the best of my ability.

Date June 26, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, I caused a true and correct copy of the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

**For Unrepresented Defendants:** The following two defendants have not appeared in this case and are not represented by counsel. Copies of the foregoing document were served via First Class **U.S. Mail** to the last known business address shared by both entities:

**Lykart Technologies, LLC. and GrowKart**

These defendants are currently in procedural **default**, and Plaintiff reserves the right to move for entry of default as appropriate.

Date August 21, 2025

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com