UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID J. CATANZARO,** | : | No. 3:22-CV-1754 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Saporito, J.) |
| v. | : | |
| | : | (Caraballo, M.J.) |
| | : | |
| **LYKART TECHNOLOGIES LLC, et al.,** | : | |
| | : | |
| **Defendants** | : | |

# ORDER

Plaintiff David Catanzaro, proceeding pro se, commenced this action on November 11, 2022, alleging intellectual property infringement associated with two patents. Doc. 1. With the Court's leave, Catanzaro filed the operative fifth amended complaint on March 17, 2025. Docs. 67, 71.

On August 15, 2025, the Court granted Catanzaro's motion to stay the proceedings pending the resolution of a mandamus petition before the Court of Appeals. Doc. 132.[1] One of the Court's reasons for granting

---

[1] On July 31, 2025, Catanzaro petitioned the Third Circuit Court of Appeals for a writ of mandamus premised on alleged undue delay and prejudice. Doc. 128. The Court of Appeals found on October 17, 2025, that it lacked "jurisdiction to entertain the mandamus petition[]" on account of the action's patent subject matter, so it transferred Catanzaro's petition to the Court of Appeals for the Federal Circuit.

the motion was because, based on its calculations the 14-day period for the Defendants to oppose the motion had elapsed. *Id.* at 1. The Court now addresses the Defendants' August 18, 2025, motion for reconsideration of the Court's order staying the case. Doc. 133.

### A.    Motion for Reconsideration

The Defendants contend that the Court miscalculated the date on which their brief in opposition to Catanzaro's motion to stay was due, which warrants reconsideration of the Court's Order of August 15, 2025,. Doc. 134 at 1–2. The Court agrees.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [adjudicated] the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, the Defendants

---

Doc. 137-1 at 1–2. Catanzaro's petition was officially filed on the Court of Appeals for the Federal Circuit's docket on October 20, 2025, and remains pending. Doc. 137 at 1. The Federal Circuit denied the petition on November 24, 2025. *See In re Catanzaro*, No. 2026-102, Doc. 21 (Fed. Cir.). Catanzaro now avers that he intends to seek en banc rehearing before the Federal Circuit. Doc. 138.

2

contend that reconsideration is warranted because, under Local Rule 7.6, they had 14 days from the date Catanzaro filed his brief in support of his motion to file their own brief in opposition to the motion. Doc. 134 at 1–2. Although Catanzaro filed his motion for a stay on July 31, 2025, his brief in support was filed on August 4, 2025, giving Defendants until August 18, 2025, to file their brief. *Id.*

The Court granted the motion for a stay on August 15, 2025; three days before the Defendants' period to file an opposition elapsed. *See* M.D. Pa. L. R. 7.6 ("Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . ."). That action nonetheless fell squarely within the Court's discretionary authority to "control the disposition of the cases on its docket[,]" *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). As the decision was, however, premised in part on the Court's determination that the period to oppose had elapsed, and the Defendants have requested an opportunity to be heard, the Court will grant the

3

Defendants' motion and reconsider its stay order with the benefit of their opposition.

## B.     Brief in Opposition to the Motion to Stay

Having considered the Defendants' brief in opposition to Catanzaro's motion to stay, the Court declines to set aside its Order staying the case. The Defendants contend that the balance of the interests at stake in staying the case weigh in favor of denial. Doc. 133-1 at 3–8. More precisely, they argue that Catanzaro's premise for requesting the stay—his pending petition for a writ of mandamus—is unlikely to succeed; that he will not suffer irreparable harm from denying the stay; that Defendants will suffer prejudice from a stay; and that a stay will not serve the public interest. *Id.* The Defendants do not, however, persuasively claim that the stay will cause them to suffer undue prejudice.

"The court has wide latitude in deciding whether to . . . stay proceedings by weighing the competing interests of the parties and attempting to maintain a fair balance." *Griffith v. Allstate Ins. Co.*, 90 F. Supp. 3d 344, 346 (M.D. Pa. 2014). Under this highly discretionary standard, "if there is 'even a fair possibility' that the stay would work

damage on another party[,]" "the petitioner must demonstrate 'a clear case of hardship or inequity[]' " "before a stay may be issued[.]" *Tyler v. Diamond State Port Corp.*, 816 F. App'x 729, 731 (3d Cir. 2020) (quoting *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983)). Once it is established that the other parties in a litigation may be harmed through the entry of a stay, the Court is required to consider the following four factors before acting on the stay request: "(1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015). Having considered those factors here, the Court finds that a stay is nonetheless warranted.

In particular, the Defendants' claimed harm and prejudice arises out of their efforts and costs in defending this litigation, and their interest in obtaining a final resolution via dispositive motion. Doc. 133-2 at 11. Although the Defendants' interest in receiving a decision on their pending motion to dismiss is understandable, it does not establish that they may be harmed through entry of a stay, demonstrate any

5

undue prejudice, or alter the Court's prior decision to grant the stay. Moreover, the Defendants previously did not oppose a request by Catanzaro, on April 1, 2025, to stay this matter, *see* Doc. 91 at 2, which the Court denied. That history detracts from any claim that the current stay will harm Defendants. As the Defendants have since moved to dismiss the complaint (Doc. 114) and briefing is complete, the current status of this litigation—a pending decision on that motion—remains unchanged regardless of whether a stay is granted while Catanzaro's mandamus petition is fully addressed by the appellate court.

Accordingly, it is **ORDERED** that the Defendants' motion for reconsideration (Doc. 133) is **GRANTED**, and their request to vacate the Courts stay order (Doc. 132) is **DENIED**.

Date:  December 2, 2025            *s/ Phillip J. Caraballo*
                                   Phillip J. Caraballo
                                   United States Magistrate Judge