THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO,<br><br>       Plaintiff,<br><br>v.<br><br>LYKART TECHNOLOGIES LLC, ET AL.,<br><br>       Defendants. | Case No. 3:22-cv-1754-JFS-PJC<br><br>Judge Joseph F. Saporito, Jr.<br><br>Referred to: Phillip J. Caraballo<br><br>JURY TRIAL DEMANDED |

FILED
SCRANTON

JAN 23 2026

PER   JKC
DEPUTY CLERK

## BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE

### I.   PROCEDURAL HISTORY

Plaintiff filed this action in the Middle District of Pennsylvania. Following the voluntary dismissal of Lykart Technologies LLC and GrowKart **(ECF No. 142)** and Plaintiff's pending Motion to Dismiss Mozilla Corporation by agreement **(ECF No. 143)**, the sole remaining defendants are Apple Inc., Google LLC, and YouTube, LLC.

### II.   STATEMENT OF FACTS

The remaining defendants have challenged venue in this District in their Memorandum of Law **(ECF No. 119)**. However, through their own sworn declarations, they admit to maintaining regular and established places of business in the Western District of Pennsylvania here in the Commonwealth:

- Apple Inc. maintains a corporate office and multiple retail locations in Pittsburgh **(ECF No. 117)**.

• Google LLC and YouTube, LLC maintain an engineering hub in Pittsburgh **(ECF No. 118)**.

### III. STATEMENT OF QUESTIONS INVOLVED

Whether this Court should transfer this action to the Western District of Pennsylvania under 28 U.S.C. § 1406(a) and § 1404(a) in the interest of justice.

### IV. ARGUMENT

"When a case is filed in an improper venue, the Court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" 28 U.S.C. § 1406(a).

Transfer is also supported by the factors set forth in **Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)**. Specifically, the 'public interest' in judicial economy and the 'private interest' of the parties are best served by transferring this case to the Western District, where the Defendants maintain a regular and established place of business, rather than dismissing the action entirely.

Furthermore, because the patent has expired, dismissal would severely prejudice Plaintiff and may foreclose meaningful relief; therefore, transfer is necessary to ensure this case is resolved on its merits in the interest of justice. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). Transferring the case to the Western District, where the remaining defendants admit they have established businesses, serves both judicial economy and the interests of justice.

### V. CONCLUSION

Plaintiff respectfully requests that the Court transfer this matter to the Western District of the Commonwealth of Pennsylvania.

Date January 23, 2026                                    Respectfully submitted,

*[signature]*

David J. Catanzaro  
Plaintiff pro se  
286 Upper Powderly Street  
Carbondale, PA 18407  
Phone: (570) 936-9262  
E-Mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, I caused a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE** to be served via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

Date January 23, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com