IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. CATANZARO, | : | Civil Case No. 3:22-CV-01754-JFS-DFB |
| | : | |
| Plaintiff | : | (Judge Joseph F. Saporito Jr.) |
| | : | (Referred to Judge Phillip J. Caraballo) |
| v. | : | |
| | : | |
| LYKART TECHNOLOGIES LLC, ET AL., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO TRANSFER VENUE TO THE WESTERN DISTRICT OF
PENNSYLVANIA PURSUANT TO 28 U.S.C. § 1406(a) AND § 1404(a)
<u>IF VENUE IS FOUND IMPROPER IN THE MIDDLE DISTRICT</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

       A.     Plaintiff Repeatedly Adds and Drops Parties By Amendment . . . . . . .2

       B.     Apple, Google, YouTube, and Mozilla Move to Dismiss . . . . . . . . . . 3

       C.     Plaintiff Seeks Transfer Via Mandamus . . . . . . . . . . . . . . . . . . . . . . . .4

       D.     Plaintiff Seeks to Dismiss Defendants That Lack
            Any Presence in the Western District of Pennsylvania . . . . . . . . . . . . 5

STATEMENT OF QUESTIONS INVOLVED . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.     There is No Dispute That the Court Need Not Consider This
      Motion Until After its Resolution of Defendants' Motion to Dismiss . . . . . 5

II.    The Court Should Deny Plaintiff's Motion to Transfer Under § 1406(a) . . . 7

       A.     This Action Could Not Have Been Brought in
            the Western District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.     The Court Should Dismiss This Action Rather
            Than Permit Further Waste of Judicial Resources . . . . . . . . . . . . . . . 9

III.   Section 1404 Does Not Apply Where, As Here, Venue is Improper
      in the Transferor Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# **TABLE OF AUTHORITIES**

|  |  |
|---|---|
| *Cases* | **Pages** |

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Econ. Rsch. Servs., Inc. v. N.W. Corp.*,
    No. 07-4175, 2007 WL 4557785 (N.D. Cal. Dec. 21, 2007) . . . . . . . . . . . . . . 10

*FG SRC LLC v. Xilinx, Inc.*,
    No. 20-601, 2021 WL 495614 (D. Del. Feb. 10, 2021) . . . . . . . . . . . . . . . . . .7-8

*Graphics Props. Holdings Inc. v. Asus Comp. Int'l, Inc.*,
    964 F. Supp. 2d 320 (D. Del. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*HollyAnne Corp. v. TFT, Inc.*,
    199 F.3d 1304 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Junara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Koninklijke KPN N.V. v. Kyocera Corp.*,
    No. 17-87, 2017 WL 6447873 (D. Del. Dec. 18, 2017) . . . . . . . . . . . . . . . . . . 9

*Magnacoustics Inc. v. Resonance Tech Co.*,
    No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) . . . . . . . . . . . . . .  7-8

*Marshall v. GEO Rivers Corr. Instit.*,
    No. 22-227 2024 WL 5431987 (W. D. Pa. Mar. 13, 2024),
    *R. & R. adopted as modified*, 2025 WL 1017773 (W.D. Pa. Apr. 4, 2025). .10-11

*McCain v. Bank of Am.*,
    13 F. Supp. 3d 45 (D.D.C. 2014),
    *aff'd* 602 F. App'x 836 (D.C. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*MOV-ology LLC v. BigCommerce Holdings, Inc.*,
    No. 22-84, 2022 WL 4286497 (W.D. Tex. Sept. 16, 2022) . . . . . . . . . . . . . . . . 7

*Muhammad v. Weis*,
    No. 08-3616, 2009 WL 2525454 (E.D. Pa. Aug. 17, 2009) . . . . . . . . . . . . . . .10

# TABLE OF AUTHORITIES
*(continued)*

*Cases* **Pages**

*In re Samsung Elecs. Co.*,
  No. 25-129, 2025 WL 1892833 (Fed. Cir. July 9, 2025) . . . . . . . . . . . . . . . . 12

*SigmaPharm, Inc. v. Mut. Pharm. Co.*,
  772 F. Supp. 2d 660 (E.D. Pa.),
  *aff'd* 454 F. App'x 64 (3d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Simpkins v. District of Columbia Gov't*,
  108 F.3d 366 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Stewart v. Boeing Co.*,
  No. 21-938, 2022 WL 4082113 (W.D. Pa. Sept. 6, 2022) . . . . . . . . . . . . . . .11

*Spiderplow, Inc. v. Energy*,
  No. 16-2318, 2016 WL 3869851 (D.N.J. July 14, 2016) . . . . . . . . . . . . . . . 12

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. 262 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Statutes & Rules*

35 U.S.C. § 286 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6, 11-12

28 U.S.C. § 1406 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5-8, 10, 12

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Other Proceedings*

*In re: Catanzaro*,
  No. 25-2512, Dkt. No. 2 (3d Cir. Aug. 11, 2025) . . . . . . . . . . . . . . . . . . . . . . 4

# **TABLE OF AUTHORITIES**
*(continued)*

*Other Proceedings* **Pages**

*In re: Catanzaro*,
   No. 25-2512, Dkt. No. 21 (3d Cir. Oct. 17, 2025) . . . . . . . . . . . . . . . . . . . . . . . 4

*In re: Catanzaro*,
   No. 26-102, Dkt. No. 21 (Fed. Cir. Nov. 24, 2025) . . . . . . . . . . . . . . . . . . . . . . .4

*In re: Catanzaro*,
   No. 26-102, Dkt. No. 22 (Fed. Cir. Dec. 15, 2025) . . . . . . . . . . . . . . . . . . . . . . .4

*In re: Catanzaro*,
   No. 26-102, Dkt. No. 23 (Fed. Cir. Jan. 22, 2026) . . . . . . . . . . . . . . . . . . . . . . . 4

*Other Authorities*

15 Charles A. Wright & Arthur R. Miller,
   Fed. Prac. & Proc. Juris. § 3845 (4th ed. May 2025 Update) . . . . . . . . . . . 11, 12

Vol. 17 Moore's Fed. Prac. 3d § 111.12[4][b] . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **INTRODUCTION**

This time-barred patent infringement action has been pending for over three years and has yet to emerge from the pleading stage. Plaintiff has at every turn sought a redo of his case—replacing parties, "refining" his theories, and ultimately seeking to revoke his decision to file in this District.

Plaintiff added Apple, Google, and YouTube to this case almost two years after he filed it. In July 2025, these and other newly added tech-company defendants, including Mozilla, moved to dismiss this action as untimely, improperly venued, and for failure to state a claim. Plaintiff submitted over 80 pages of briefing and other material in response to that motion, insisting that venue is proper (it is not), and alternatively asking the Court to transfer his case to the Western District of Pennsylvania in lieu of dismissal.

Plaintiff then unsuccessfully sought mandamus relief to compel transfer to the Western District in two appellate courts, and now returns to this Court to redo his venue allegations in an attempt to defer dismissal of his untimely case. Plaintiff now appears to admit that venue is not proper in this Court, and submits this additional motion to present duplicative arguments for transfer in lieu of dismissal. The Court need not address this redundant motion until it has resolved the many

– 1 –

reasons for dismissal presented five months ago in Defendants' motion, after which Defendants respectfully request the Court deny this motion as moot.

## PROCEDURAL BACKGROUND

Plaintiff David J. Catanzaro filed this action on November 3, 2022, asserting U.S. Patent No. 7,653,959 against Walmart Stores, Inc., Maya Group Inc., and Does 1 through 50. Dkt. No. 1. The '959 patent expired almost six years before, on December 30, 2016, so Plaintiff could assert at most two months of damages. *See* 35 U.S.C. § 286. On December 30, 2022, the time for Plaintiff to recover for any infringement of the '959 patent expired. *See id.*

### A.    **Plaintiff Repeatedly Adds and Drops Parties By Amendment**

Since filing his original complaint in this action, Plaintiff has repeatedly sought to redraft and redirect his claims. Plaintiff's original complaint named only Maya Group Inc. and Walmart Stores, Inc. Dkt. No. 1.[1] On August 9, 2024, nearly two years after filing his original complaint, Plaintiff filed a Third Amended Complaint, naming defendants Google, YouTube, and Apple along with more than

---

[1] In March 2023, Plaintiff filed his First Amended Complaint, dropping Maya Group, Inc. and adding Spin Master, Ltd. Dkt. No. 10. In April 2023, Plaintiff filed a Second Amended Complaint, this time dropping Spin Master, Ltd. Dkt. No. 15. In August 2023, Plaintiff stipulated to dismiss Walmart, Inc. Dkt. No. 23. On May 16, 2025, Plaintiff dismissed Poshmark Inc. and Target Corporation. Dkt. Nos. 102, 103. On June 6, 2025, Plaintiff dismissed Microsoft Corporation. Dkt. No. 108.

a dozen other corporate defendants: Transform SR Brands LLC, Kmart, kmart.com, Sears, sears.com, STL Pro, Inc., totalhill.com, Lykart Technologies LLC, GrowKart, Poshmark Inc., Target Corporation, target.com, Microsoft Corporation, Alphabet Inc., and Mozilla Corporation. Dkt. No. 33. Plaintiff does not allege any relationship between the newly identified companies and any original defendant, and did not serve the Third Amended Complaint until 2025. Dkt. Nos. 41, 78. Plaintiff has since amended his complaint twice more, dropping claims against Transform SR Brands LLC, Kmart, kmart.com, Sears, sears.com, STL Pro, Inc., and totalhill.com. Dkt. Nos. 52, 71.

**B.     Apple, Google, YouTube, and Mozilla Move to Dismiss**

On June 13, 2025, Google, YouTube, Apple, and Mozilla filed a motion to dismiss the Fifth Amended Complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). Dkt. Nos. 114, 119. Briefing concluded on July 10, with more than 60 pages submitted by Plaintiff. On July 17, 2025, Plaintiff filed a motion for leave to file a sur-reply brief in which he argued that "if venue is deficient, transfer—not dismissal—is warranted to prevent prejudice and promote judicial efficiency." Dkt. Nos. 122, 123. On July 22, 2025, Plaintiff filed a supplement to his opposition. Dkt. No. 126. On December 16, 2025, Plaintiff filed a further "notice" in support

of his arguments against dismissal. Dkt. No. 141. Plaintiff in total submitted over 80 pages of argument on Defendants' motion to dismiss.

**C.     Plaintiff Seeks Transfer Via Mandamus**

Following the parties' briefing on the motion to dismiss, Plaintiff mailed a petition for writ of mandamus to the Third Circuit Court of Appeals, requesting a writ requiring transfer of this action from this Court, premised on specious claims of bias. *In re David Catanzaro*, No. 25-2512, Dkt. No. 2 (3d Cir. Aug. 11, 2025).[2] Plaintiff moved to stay proceedings in this Court pending resolution of the petition (Dkt. No. 128) and the Court granted his motion (Dkt. No. 131).

The Third Circuit determined that it lacked jurisdiction and transferred the case to the Federal Circuit. *In re David Catanzaro*, No. 25-2512, Dkt. No. 21 (3d Cir. Oct. 17, 2025). One month later, the Federal Circuit dismissed the petition. *In re: Catanzaro*, No. 26-102, Dkt. No. 21 (Fed. Cir. Nov. 24, 2025). Plaintiff requested a rehearing *en banc*. *Id.*, Dkt. No. 22 (Fed. Cir. Dec. 15, 2025). The Federal Circuit denied that petition on January 22, 2026. *Id.*, Dkt. No. 23 (Fed. Cir. Jan. 22, 2026).

---

[2] "The Court may take judicial notice of other court proceedings." *SigmaPharm, Inc. v. Mut. Pharm. Co.*, 772 F. Supp. 2d 660, 667 n.41 (E.D. Pa.), *aff'd*, 454 F. App'x 64 (3d Cir. 2011).

**D.     Plaintiff Seeks to Dismiss Defendants That Lack Any Presence in the Western District of Pennsylvania**

On January 20, immediately before filing this motion, Plaintiff voluntarily dismissed Lykart Technologies, LLC and GrowKart LLC.  Dkt. No. 142.  Plaintiff then asked the remaining defendants to stipulate to dismissal of YouTube and Mozilla, but not Apple or Google.  Declaration of Erika H. Warren ¶ 2.  On January 23, 2026, concurrent with his filing of the instant motion, Plaintiff filed a motion to dismiss Mozilla.  Dkt. No. 143.

## STATEMENT OF QUESTIONS INVOLVED

1.     Can and should the Court resolve Defendants' Motion to Dismiss filed on July 13, 2025, Dkt. No. 114, before considering this motion?

2.     Can and should the Court transfer this action to the Western District of Pennsylvania under 28 U.S.C. § 1406(a)?

3.     Can and should the Court transfer this action to the Western District of Pennsylvania under 28 U.S.C. § 1404(a)?

## ARGUMENT

**I.     There is No Dispute That the Court Need Not Consider This Motion Until After its Resolution of Defendants' Motion to Dismiss**

Apple, Google, and YouTube moved to dismiss this action as time-barred under Rule 15, for improper venue, and for failure to state a claim.  Dkt. Nos. 114,

119.  That motion has been fully briefed since July 2025.  Dkt. Nos. 114, 116, 117, 118, 119, 120, 121, 123, 126.

Mr. Catanzaro admits that the present motion overlaps with and depends on the outcome of Apple, Google, and YouTube's pending motion.  Indeed, this motion is styled as one "to Transfer Venue to the Western District of Pennsylvania Pursuant to 28 U.S.C. § 1406(a) and § 1404(a) ***if Venue is Found Improper in the Middle District***."  Dkt. No. 145 ("Mot.") at 1 (emphasis added).  The parties accordingly agree that the Court need only consider this new motion, if at all, following its consideration of the issues raised and fully briefed in Defendants' motion to dismiss, Dkt. No. 119.

Plaintiff's new motion amounts to yet more briefing on the same arguments he presented in opposition to Defendants' motion to dismiss.  The Court's resolution of Defendants' motion to dismiss will resolve the same threshold issues as presented here:  whether Plaintiff has met his burden to establish venue in this District (he has not), whether the interests of justice support transfer in lieu of dismissal (they do not), and whether this action "could have been brought" in the Western District of Pennsylvania (it could not).  Dkt. Nos. 119 § II; 121 § II.

## II. The Court Should Deny Plaintiff's Motion to Transfer Under § 1406(a)

Defendants' motion to dismiss explained that Plaintiff cannot establish venue in this District. Dkt. No. 119. Although Plaintiff previously argued otherwise, the parties now appear to agree that venue is improper in this District, and that the Court accordingly "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." *In re Cray Inc.*, 871 F.3d 1355, 1357 (Fed. Cir. 2017) (quoting 28 U.S.C. § 1406(a)). Plaintiff also previously argued that the Court should not dismiss this action, but instead transfer it to the Western District of Pennsylvania. Dkt. No. 120 at 17-21. Transfer is neither warranted nor proper and the Court should deny this additional motion.

### A. This Action Could Not Have Been Brought in the Western District

Plaintiff's motion relies on the recently-filed requests for dismissal to manufacture a redo of the venue facts in this action. But "[i]n an action with multiple defendants, 'venue and jurisdiction requirements must be met as to each defendant.'" *MOV-ology LLC v. BigCommerce Holdings, Inc.,* No. 22-84, 2022 WL 4286497, at *3 (W.D. Tex. Sept. 16, 2022) (quoting *Magnacoustics Inc. v. Resonance Tech Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997)). "The party moving for transfer bears the burden of proving that the action properly could have been brought in the transferee district in the first instance."

*FG SRC LLC v. Xilinx, Inc.*, No. 20-601, 2021 WL 495614, at *3 (D. Del. Feb. 10, 2021).  Under § 1406(b), "the transferee forum must be one in which . . . both venue and jurisdiction" are proper for each defendant in a multi-defendant litigation.  *Magnacoustics*, 1997 WL 592863, at *1 (citing 17 Moore's Fed. Prac. 3d § 111.12[4][b] at 111-64).

It is undisputed that none of Apple, Google, or YouTube reside in the Western District of Pennsylvania under *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 262 (2017).  Google and YouTube are, and have always been, organized in Delaware and headquartered in California.  Dkt. No. 118 ¶¶ 3-6.  Apple has always been incorporated and headquartered in California.  Dkt. No. 117 ¶¶ 3-4.  And Plaintiff appears to concede this action could not have been brought against Mozilla—which is still a party unless and until the Court grants Plaintiff's motion—in the Western District.

Plaintiff now argues that Defendants can be found in the Western District of Pennsylvania based on his conclusion that "the remaining defendants admit they have established businesses" there.  Dkt. No. 146 ("Br.") at 2.  This is incorrect.  While Google leases office space in Pittsburgh, Pennsylvania, *YouTube does not*.  Dkt. No. 121 § II; *see also* Dkt. No. 118 ¶ 10.  Plaintiff does not and cannot explain how Google's presence in Pittsburgh allegedly confers venue on a different

– 8 –

corporation, YouTube, LLC. Plaintiff is aware that YouTube could not be sued in the Western District, hence his eleventh-hour request to dismiss YouTube—but not Google—from this case. Warren Decl. ¶ 2. Even if it wanted to, the Court could not reward Plaintiff's latest attempt to 'redo' his case by transferring this action to the Western District, because this action could not have been brought there. *See, e.g.*, *Koninklijke KPN N.V. v. Kyocera Corp.*, No. 17-87, 2017 WL 6447873, at *4 (D. Del. Dec. 18, 2017) (granting Rule 12(b)(3) motion for improper venue when venue was proper as to one defendant and improper as to a second defendant).

### B. The Court Should Dismiss This Action Rather Than Permit Further Waste of Judicial Resources

This action should be dismissed, not transferred, regardless of whether the Western District of Pennsylvania is an available venue. Plaintiff argues that transfer is in the interest of justice because "the patent has expired" such that "dismissal would severely prejudice Plaintiff and may foreclose meaningful relief." Br. at 2. Again, Plaintiff has already addressed this argument in voluminous briefing. *Supra* § B.

Plaintiff does not indicate any mistake in bringing suit here, and indeed he made no such mistake: Plaintiff originally filed this lawsuit for patent infringement against *retail companies* in this District, alleging infringement of his patent by their

– 9 –

sale of Orbeez Crushkins Pet toys. Two years later, after the statutory time to recover had elapsed, Plaintiff identified new infringement theories against new, unrelated technology companies. Dkt. No. 33. Even a *pro se* Plaintiff "should be required to do the same prefiling work any other litigant must do," including locating defendants. *Marshall v. GEO Rivers Corr. Inst.*, No. 22-227, 2024 WL 5431987, at *3 (W.D. Pa. Mar. 13, 2024), *R. & R. adopted as modified*, 2025 WL 1017773 (W.D. Pa. Apr. 4, 2025).

"[T]ransfer is not in the interest of justice 'where . . . [it] would be futile because the case would be dismissed even after transfer.'" *Muhammad v. Weis*, No. 08-3616, 2009 WL 2525454, at *6 (E.D. Pa. Aug. 17, 2009) (quoting *Econ. Rsch. Servs., Inc. v. N.W. Corp.*, No. 07-4175, 2007 WL 4557785, at *4 (N.D. Cal. Dec. 21, 2007)). Plaintiff's complaint against the sole remaining defendants suffers from "significant, substantive problems" as set forth in Defendants' motion, "such that transfer of this case to another district court would only 'delay[ ] the inevitable' and not be 'in keeping with the Supreme Court's instruction to the lower federal courts 'to weed out' insubstantial [ ] suits 'expeditiously.'" *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 55 (D.D.C. 2014) (quoting *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997)), *aff'd sub nom. McCain v. Bank of Am. N.A.*, 602 F. App'x 836 (D.C. Cir. 2015); *see also Marshall*, 2024 WL

5431987 at *3 (recommending dismissal of *pro se* complaint, finding "it is not in the interests of justice [under § 1406] to transfer this inadequate complaint with its attendant service problems to another court").

### III. Section 1404 Does Not Apply Where, As Here, Venue is Improper in the Transferor Court

Plaintiff appears to alternatively request transfer under 28 U.S.C. § 1404. Br. §§ III-IV.  Plaintiff's motion fails to establish that the Western District is a clearly more convenient venue for any party or witness, but this issue is moot: Plaintiff has not met his burden to establish proper venue in *this* District, which is a prerequisite to transfer under § 1404.  "Section 1404(a) allows a court *where venue is proper* to transfer a case to a more convenient forum." *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999) (emphasis added).  Because Plaintiff has not and cannot establish that venue is proper in this District, § 1404 transfer is unavailable.  *Stewart v. Boeing Co.*, No. 21-938, 2022 WL 4082113, at *3 (W.D. Pa. Sept. 6, 2022) ("Plaintiff bears the burden of establishing proper venue.") (quoting *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)).

Even if it applied here, Plaintiff has not and cannot meet his burden on § 1404, which would not permit transfer to the Western District.  First, as stated above, "[i]n suits against multiple defendants, transfer is proper only to a district in

– 11 –

which all of them are subject to personal jurisdiction and in which venue is proper for an action against all of them." *In re Samsung Elecs. Co.*, No. 25-129, 2025 WL 1892833, at *2 n.1 (Fed. Cir. July 9, 2025) (quoting 15 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3845 (4th ed. May 2025 Update)). *Supra* § II.A. In any event, Plaintiff's motion is devoid of any facts upon which this Court could find the Western District—even were it available—is the clearly more convenient forum; indeed Plaintiff cursorily addresses only two of the twelve § 1404 factors. This is insufficient. "The burden rests squarely on the party seeking transfer 'to establish that a balancing of proper interests weighs in favor of the transfer.'" *Graphics Props. Holdings Inc. v. Asus Comp. Int'l, Inc.*, 964 F. Supp. 2d 320, 325 (D. Del. 2013) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir.1995)); *see also Spiderplow, Inc. v. Energy*, No. 16-2318, 2016 WL 3869851, at *6 (D.N.J. July 14, 2016) (denying motion to transfer where "Defendant does not analyze the transfer factors" or "provide any meaningful analysis of the facts and relevant ties to" the transferee forum). To the extent Plaintiff requests transfer under § 1404, the Court should also deny the motion on that ground.

## **CONCLUSION**

For the foregoing reasons, Apple, Google, and YouTube respectfully request that the Court deny Plaintiff's Motion to Transfer Venue to the Western District of Pennsylvania Pursuant to 28 U.S.C. § 1406(a) and § 1404(a) if Venue is Found Improper in the Middle District.

Date:  February 6, 2026                               Respectfully submitted,

 s/ Stephen H. Barrett                                  s/ Phillip D. Wolfe
Stephen H. Barrett                                      John V. Gorman
DLA PIPER LLP (US)                                      Phillip D. Wolfe
One Liberty Place                                       2222 Market Street
1650 Market Street, Suite 5000                          Philadelphia, Pennsylvania, 19103
Philadelphia, Pennsylvania, 19103                       +1 (215) 963-5000
+1 (215) 656-3300                                       +1 (215) 963-5001 facsimile
stephen.barrett@us.dlapiper.com                         john.gorman@morganlewis.com
                                                        phillip.wolfe@morganlewis.com

Anna G. Phillips (*pro hac vice* pending)              Erika H. Warren (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX                        Madeline A. Woodall (*pro hac vice*)
PLLC                                                    WARREN LLP
1101 K Street, NW                                       2261 Market Street, No. 606
10th Floor                                              San Francisco, California, 94114
Washington, D.C. 20005                                  +1 (415) 895-2940
+1 (202) 371-2600                                       +1 (415) 895-2964 facsimile
aphillips@sternekessler.com                             22-1754@cases.warrenllp.com

*Counsel for Defendant Apple Inc.*                      *Counsel for Defendants Google LLC and YouTube, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that this 6th day of February 2026, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Transfer Venue to the Western District of Pennsylvania Pursuant to 28 U.S.C. § 1406(a) and § 1404(a) if Venue is Found Improper in the Middle District was served on all counsel of record by ECF and served on plaintiff by email.

                                                     s/ Phillip D. Wolfe
                                                     Phillip D. Wolfe