THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, <br> Plaintiff, <br> v. <br> LYKART TECHNOLOGIES LLC, et al., <br> Defendants. | Case No. 3:22-cv-1754-JFS-PJC <br> Judge Joseph F. Saporito, Jr. <br> Referred to: Phillip J. Caraballo <br><br> JURY TRIAL DEMANDED |

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE (Dkt. 145) AND IN OPPOSITION TO DEFENDANTS' REQUEST TO DENY AS MOOT (Dkt. 151)

FILED
SCRANTON
FEB 18, 2026
PER _____
DEPUTY CLERK

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………….. ii

I.  INTRODUCTION ……………………………………………………………..1

II. THIS CASE IS NOT TIME-BARRED AND AMENDMENTS WERE PROCEDURALLY PROPER………………………………………….. 1

III. PARTY DISMISSALS WERE PROCEDURAL NECESSITY, NOT STRATEGIC MANIPULATION ……………………………………… 2

IV. MANDAMUS DOES NOT CONVERT TRANSFER INTO "BAD FAITH" ……………………………………………………………….. 3

V. DEFENDANTS' "DISMISSAL FIRST / TRANSFER MOOT" FRAME IS WRONG ………………………………………………………….. 3

VI. THIS TRANSFER MOTION IS NOT "REDUNDANT" …….…………… 3

VII. THE WESTERN DISTRICT IS A PROPER FORUM BASED ON DEFENDANTS' OWN ADMISSIONS ………………………………… 4

VIII. DEFENDANTS' "YOUTUBE" ARGUMENT AND PLAINTIFF'S REBUTTAL …………………………………………………………….. 4

IX. TRANSFER IS REQUIRED UNDER § 1406(a) TO PREVENT TERMINAL PREJUDICE …………………………………………….. 5

X. TRANSFER IS IN THE INTEREST OF JUSTICE FOR AN INDEPENDENT INVENTOR ……………………………………..…… 6

XI.    SECTION 1404(a) IS SECONDARY ................................................................ 6

CONCLUSION ................................................................................................................. 7

## TABLE OF AUTHORITIES

*Cases*                                                                                                     **Pages**

*Goldlawr, Inc. v. Heiman*,
   369 U.S. 463 (1962) .............................................................................. 1, 6

*Lafferty v. St. Riel*,
   495 F.3d 72 (3d Cir. 2007) ............................................................................ 3

*Schwilm v. Holbrook*,
   661 F.2d 12 (3d Cir. 1981) ............................................................................ 3

*Statutes & Rules*

28 U.S.C. § 1400(b) ................................................................................... 4-5

28 U.S.C. § 1404(a) ................................................................................. 1, 6-7

28 U.S.C. § 1406(a) .............................................................................. 1,3, 5-7

35 U.S.C. § 286 ......................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) .................................................................................. 6

Fed. R. Civ. P. 15(c)(1)(C) ............................................................................. 2

## I. INTRODUCTION

Defendants ask this Court to do one thing: dismiss first, then declare Plaintiff's transfer motion "moot." This approach misapplies the law. Plaintiff's Motion to Transfer is expressly presented as the Court's proper remedy if venue is found defective in this District, and it exists to prevent the case-ending consequence of dismissal where the patent has expired and refiling is legally foreclosed.

As the Supreme Court held in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962), 28 U.S.C. § 1406(a) was enacted to remove "justice-defeating technicalities" and to ensure that cases are resolved on their merits rather than terminated on procedural grounds. Defendants repeatedly characterize Plaintiff's transfer request as a "redo." It is not. It is a lawful, conventional request for the Court to exercise its authority under § 1406(a) to move the case to the one district in Pennsylvania where Defendants themselves admit they maintain a regular and established place of business: the Western District of Pennsylvania.

## II. THIS CASE IS NOT TIME-BARRED AND AMENDMENTS WERE PROCEDURALLY PROPER

Defendants' "redo" narrative ignores two undisputed facts. First, the original Complaint was filed on November 3, 2022, preserving damages back to November 3, 2016 under **35 U.S.C. § 286**. The '959 patent remained enforceable until

1

December 30, 2016. The final two months fall squarely within the statutory lookback.

Second, "Does 1–50" were pled from inception to preserve claims against then-unidentified actors whose contributory and platform-based roles became clear through investigation. Under **Rule 15(c)(1)(C)**, amendments relate back where they arise from the same transaction—here, the online sale and monetized promotion of the accused products. This is ordinary procedural evolution in complex, multi-entity infringement litigation.

## III. PARTY DISMISSALS WERE PROCEDURAL NECESSITY, NOT STRATEGIC MANIPULATION

Defendants recite a list of dismissed parties without context. Several entities (Kmart, Sears, STL Pro, etc.) were defunct or unserviceable at the time of attempted service. Dismissal was procedural necessity. Similarly, Lykart and GrowKart remained in procedural default for extended periods. Removing dormant or nonviable defendants narrowed the case to the active, solvent entities that actually maintained operational infrastructure during the damages period. Refinement of parties is diligence, not manipulation. All other served, dismissed defendants settled with Plaintiff with the exception of Maya Group, Inc. who went out of business (service unavailable), Spin Master, Ltd who did not carry over any liability after purchasing from Maya Group, and the pending dismissal of Mozilla Corporation.

2

## IV. MANDAMUS DOES NOT CONVERT TRANSFER INTO "BAD FAITH"

Defendants attempt to weaponize the mandamus history. That is legally irrelevant. Mandamus was sought as a lawful procedural remedy during prolonged inaction to ensure the timely progression of case 01768 and preserve Plaintiff's due process rights in both cases. Its denial does not validate Defendants' venue arguments, nor does it bar this Court from exercising its independent authority under **28 U.S.C. § 1406(a).** Transfer and mandamus are separate mechanisms. One does not nullify the other.

## V. DEFENDANTS' "DISMISSAL FIRST / TRANSFER MOOT" FRAME IS WRONG

Defendants assert the Court "need not address" transfer until it resolves Defendants' Motion to Dismiss and then deny transfer as moot. This misapplies the remedial purpose of § 1406(a), which exists to provide transfer in the interest of justice instead of dismissal. When venue is challenged, the Court is permitted to decide the threshold venue remedy. Where dismissal would permanently terminate the action, transfer is favored. See ***Lafferty v. St. Riel***, 495 F.3d 72, 79 (3d Cir. 2007). Furthermore, the Third Circuit has held that where a plaintiff's claims would be barred by the statute of limitations if dismissed, the "interest of justice" strongly favors transfer. ***Schwilm v. Holbrook***, 661 F.2d 12, 16 (3d Cir. 1981).

## VI. THIS TRANSFER MOTION IS NOT "REDUNDANT"

3

Defendants call Plaintiff's motion "duplicative" because transfer was argued in opposition to the motion to dismiss. That is exactly how transfer is commonly presented: as the remedy to avoid dismissal when venue is disputed. The fact that Plaintiff previously argued transfer does not make transfer "redundant." It preserves the issue for decision.

## VII. THE WESTERN DISTRICT IS A PROPER FORUM BASED ON DEFENDANTS' OWN ADMISSIONS

The record contains sworn admissions that Apple maintains regular and established places of business in Pittsburgh (**Dkt. 117 Exhibit A**), and Google and YouTube share office space in Pittsburgh (**Dkt. 118 ¶10 Exhibit B**). The declarations and public record show that these physical footprints existed throughout the relevant damages period. Recent recruitment postings for Engineering and Ads Safety roles tied to the YouTube ecosystem at the Bakery Square facility further confirm that the Western District is the operational hub for the very monetization infrastructure at issue in this case. (See **Exhibit C**, Job Descriptions for Ads, Ad Safety, and Ad Privacy). Once Mozilla is dismissed by this court, the remaining Defendants each maintain a regular and established place of business in the Western District satisfying the requirements of **28 U.S.C. § 1400(b)**.

## VIII. DEFENDANTS' "YOUTUBE" ARGUMENT AND PLAINTIFF'S REBUTTAL

4

Defendants argue that YouTube's presence prevents transfer, while simultaneously weaponizing Plaintiff's prior offer to dismiss YouTube. This position is internally inconsistent. Defendants declined a neutral stipulation and instead directed Plaintiff toward a unilateral dismissal under Rule 41(a)(1)(A)(i), despite their prior appearance and motion practice, an improper maneuver designed to preserve a potential claim for fees and costs at the expense of an efficient and good-faith resolution. (**Exhibit D**, Email from Erika Warren). Defendants cannot now claim YouTube's presence is a barrier to transfer under **28 U.S.C. § 1400(b).** Furthermore, Google and YouTube share a unified engineering and ads-safety infrastructure in Pittsburgh. Defendants' own declarations admit to a shared facility; they cannot reconcile this admission with their claim that YouTube has no presence in the District when their own local recruitment specifically targets the growth of YouTube's business. As stated in **Exhibit E**, Google's Pittsburgh operations "**...help grow businesses of all sizes from small businesses, to large brands, to YouTube creators, with effective advertiser tools...**" This admission, along with the job listings in Exhibit C, confirms that the work performed in this District is inseparable from YouTube's core advertising business—a fact already acknowledged by Defendants in their own declaration.

# IX. TRANSFER IS REQUIRED UNDER § 1406(a) TO PREVENT TERMINAL PREJUDICE

Dismissal here would not be procedural housekeeping. Because the patent has expired and § 286 forecloses refiling, dismissal would permanently terminate the action and result in a total loss of judicial forum. *Goldlawr* makes clear that § 1406(a) exists to prevent justice-defeating technicalities. Defendants' argument regarding futility is a merits argument disguised as venue; whether claims survive Rule 12(b)(6) is for the transferee court to decide.

## X. TRANSFER IS IN THE INTEREST OF JUSTICE FOR AN INDEPENDENT INVENTOR

The "interest of justice" is the core of § 1406(a). Plaintiff is an independent inventor proceeding pro se who has pursued enforcement of his patent rights in good faith for years at substantial personal cost. Because the patent has expired and the damages period is closed, dismissal would operate as a final termination of the action rather than a procedural correction. Transfer is the only remedy that preserves adjudication on the merits in a forum where Defendants themselves admit they maintain a regular and established place of business.

## XI. SECTION 1404(a) IS SECONDARY

Plaintiff presents **§ 1404(a)** only in the alternative. If venue is technically proper but inconvenient, § 1404(a) permits transfer to the more appropriate Pennsylvania forum. Under either statute, transfer to the Western District remains the appropriate remedy.

## CONCLUSION

Defendants seek dismissal as a procedural shortcut that would permanently terminate this action. Section 1406(a) exists to prevent that result. The Western District of Pennsylvania is the district where Defendants admit they operate in this Commonwealth. Transfer preserves adjudication on the merits and fulfills the statute's purpose.

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Transfer Venue to the Western District of Pennsylvania under 28 U.S.C. § 1406(a), or alternatively § 1404(a).

Date February 18, 2026

Respectfully submitted,

David J. Catanzaro
Plaintiff pro se
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-Mail: davidjosephus@aol.com

7