# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DAVID J. CATANZARO, | Case No. 3:22-cv-1754-JFS-PJC |
| Plaintiff, | Judge Joseph F. Saporito, Jr. |
| v. | Referred to: Philip J. Caraballo |
| LYKART TECHNOLOGIES LLC, et al., |  |
| Defendants. | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION AND BRIEF FOR LEAVE TO FILE

## SUPPLEMENTAL EVIDENCE IN SUPPORT OF REPLY BRIEF (DKT. 153)

FILED
SCRANTON
FEB 13 2026
PER _____
DEPUTY CLERK

# TABLE OF AUTHORITIES

*Cases*                                                                                        *Pages*

*In re Cray Inc.,*
  871 F.3d 1355 (Fed. Cir. 2017).................................................................…..…….. 1

*TC Heartland LLC v. Kraft Foods Group Brands LLC,*
  581 U.S. 258 (2017)…………………................................................................…. 1

## *Statutes & Rules*

28 U.S.C. § 1400(b) .................................................................…..…. 1, 4

28 U.S.C. § 1406(a) ..........................................................................…... 1

## *Other Authorities*

Dkt. 63, Exhibit A (Joint Motion Regarding Alphabet) ..................….……….. 2, 3

Dkt. 114 (Defendants' Motion to Dismiss) ...............................…..……… 1

Dkt. 117 (Declaration of Matt Currie) ................................................…..… 1, 2, 4

Dkt. 118 (Declaration of Millicent Cotto)...........…................................… 1, 2, 4

Dkt. 151 (Defendants' Opposition to Transfer) ...........................……..…..1, 3

Dkt. 153, Exhibit D (Email Correspondence regarding YouTube) ........…..…… 3

i

Plaintiff David J. Catanzaro respectfully moves for leave to file supplemental evidence relevant to the arguments raised in Defendants' Opposition **(Dkt. 151)**. Defendants argue that this Court should first rule on their Motion to Dismiss **(Dkt. 114)** before considering a transfer. Defendants have filed formal declarations **(Dkt. 117, 118)** admitting they have no regular and established place of business in the Middle District. Plaintiff relied on these representations, which were not available when this action was filed in 2022, at a time when the proper corporate defendants were not yet clear nor named on the complaint. On the present record, the question of whether venue is 'improper' has now been clarified by Defendants themselves. Therefore, the Court should not delay consideration of transfer. Under 28 U.S.C. § 1406(a), when venue is improper, the court "shall" transfer such case in the interest of justice. Because Defendants have admitted they belong in the Western District, where they maintain substantial, permanent infrastructure, a transfer should occur immediately without the need for a preliminary ruling on dismissal.

While Defendants rely on *TC Heartland* to argue they do not 'reside' in the Western District, they ignore the second prong of 28 U.S.C. § 1400(b). Venue is proper where a defendant has a **'regular and established place of business.'** Under the standards set forth in *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017),

1

the permanent corporate offices and retail locations admitted to by Defendants in **Dkt. 117** and **Dkt. 118** satisfy this requirement.

Again, Defendants' own declarations **(Dkt. 117, 118)** prove that Apple and Google, which share management and infrastructure with YouTube, have maintained a continuous, permanent presence in the Western District since as early as 2005. While Defendants use YouTube's corporate shell to deny venue, their operational reality proves otherwise. Because Defendants have now admitted their lack of presence in the Middle District, this Court should skip the dismissal debate and transfer this case immediately to the Western District in the interest of justice.

1. Defendants contend that transfer is improper due to the non-presence of YouTube LLC in the Western District. However, Plaintiff has supplied evidence in his Reply Brief showing that Google and YouTube operate through shared management and infrastructure in Pittsburgh, as further acknowledged by Defendants' own declaration **(Dkt. 118)**.

2. Notably, the Joint Motion Regarding Alphabet **(Dkt. 63 Exhibit A)** reflects that Defendants previously stipulated to a dismissal of Alphabet Inc. without requesting fees or costs or reserving any right to seek them.

3. Despite YouTube's corporate relationship to Alphabet, Defendants declined a comparable stipulation for YouTube and instead reserved rights

2

to seek fees and costs (See **Exhibit D** to Plaintiff's Reply Brief, **Dkt. 153**). Defendants now rely on YouTube's presence to argue against transfer while maintaining a position that prevents its dismissal. This inconsistency is relevant to the Court's evaluation of Defendants' current position regarding YouTube and potential fees.

4. Furthermore, **Dkt. 63 (Attached as Exhibit A)** reflects that Google and YouTube previously took "no position" on the filing of the Fifth Amended Complaint, and Apple filed no objection. This bears directly on their present characterization of those same amendments as a "waste of judicial resources" **(Dkt. 151 at 10)**. In fact, it was agreed that Alphabet would concede to discovery after their dismissal, as further outlined in **Dkt. 63, Exhibit A,** proving that Google and YouTube clearly contemplated the long-term continuation of this litigation—a fact that directly contradicts their current **mischaracterization** of these proceedings as a **'waste of judicial resources' (Dkt. 151 at 10)."** *(Alphabet Inc. is the parent company of Google LLC and YouTube LLC, and all three entities are represented by the same counsel in this action.)*

5. **This Action Could Have Been Brought in the Western District of Pennsylvania.**

3

While this litigation originally included additional parties, the current posture of the case—following the dismissal of Alphabet and the uncontested motion to dismiss Mozilla, reveals that the Western District was a proper and superior venue from the outset for the primary remaining Defendants Apple, Google and YouTube. Any previous venue concerns regarding dismissed parties are now moot.

Defendants' assertion that this case could not have been brought in the Western District is a **mischaracterization** of the law and the facts. Under 28 U.S.C. § 1400(b), venue is proper where a defendant has a "regular and established place of business."

- **Google and YouTube's Permanent Presence:** Google has maintained a multi-story regional headquarters in Pittsburgh (**Bakery Square**) since 2010—six years prior to the 2016 damages period and twelve years prior to this lawsuit. Furthermore, because **Google LLC** is the legal entity that provides and operates the **YouTube** service, Google's regional headquarters serves as a "regular and established place of business" for both entities. (Evidence in Plaintiffs Reply Brief and declaration Dkt. 118).

- **Apple's Permanent Presence:** Apple's own declarant, Matt Currie, confirms in **Dkt. 117** that Apple maintains a dedicated corporate office in

4

Pittsburgh and operates multiple high-traffic retail locations at **Ross Park Mall, Shadyside (Walnut Street)**, and **South Hills Village**.

- **Long-Term Footprint:** These are not temporary locations; Apple has maintained a corporate research and development presence in Pittsburgh since 2005 (initially at the Collaborative Innovation Center).

Because these "regular and established places of business" existed long before the damages period and the filing of this suit in 2022, venue was proper in the Western District from the very beginning based on the footprint of the remaining Defendants: Apple, Google, and YouTube. Defendants' claim that transfer is a "waste of judicial resources" ignores the fact that their own massive, permanent infrastructure in Pittsburgh makes that forum the most logical and convenient site for this litigation if venue is deemed improper in this district.

**WHEREFORE,** Plaintiff respectfully requests leave to file this supplemental evidence to ensure the Court has a complete and accurate record.

Date February 24, 2026                     Respectfully submitted,

David J. Catanzaro
Plaintiff pro se
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-Mail: davidjosephus@aol.com

5