# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOCKET NO. 3:22—CV—01754

| | |
|---|---|
| **DAVID J. CATANZARO,**<br><br>PLAINTIFF<br><br>V.<br><br>**GOOGLE LLC;**<br>**YOUTUBE.COM; & APPLE INC.,**<br><br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br><br>**JURY TRIAL DEMANDED**<br><br>NO.: 3:22—CV—01754 |

**PLAINTIFF'S OBJECTIONS TO THE JULY 6, 2026 REPORT AND RECOMMENDATION OF HON. PHILLIP CARABALLO, M.D.J., PURSUANT TO FED. R. CIV. P. 72(B)(2)**

# BRIEF OF PLAINTIFF

*FOR THE PLAINTIFF, DAVID J. CATANZARO*:

**ROTHENBERG & CAMPBELL**
BY: RYAN P. CAMPBELL, ESQ. *(PAID: 317838)*
345 WYOMING AVENUE, STE. 210
SCRANTON, PENNSYLVANIA 18503
PH: 570.207.2889  |  FAX: 570.207.3991
EMAIL: RPC@ROTHENBERGCAMPBELL.COM

**COUNSEL FOR PLAINTIFF**

DATE: AUGUST 10, 2026

# TABLE OF CONTENTS

TABLE OF CONTENTS..........................................................................................................i

TABLE OF AUTHORITIES....................................................................................................ii

PRELIMINARY ARGUMENT..................................................................................................1

STANDARD OF REVIEW .....................................................................................................2

ARGUMENT SUPPORTING OBJECTIONS................................................................................5

    A. WHEN LIBERALLY CONSTRUING RULE 15(C) AND ITS APPLICATION TO THE ALLEGATIONS OF FACT IN THE LIVE COMPLAINT AND RESOLVING ALL REASONABLE INFERENCES THEREFROM IN FAVOR OF CATANZARO, THE CLAIMS ARISE OUT OF THE SAME CONDUCT, TRANSACTION, OR OCCURRENCES ASSERTED AGAINST ALL DEFENDANTS NAMED IN THE ORIGINAL COMPLAINT. *(OBJECTIONS 1-6, INCL.)*......................6

    B. WHEN LIBERALLY CONSTRUING RULE 15(C) AND ITS APPLICATION TO THE ALLEGATIONS OF FACT IN THE LIVE COMPLAINT AND RESOLVING ALL REASONABLE INFERENCES THEREFROM IN FAVOR OF CATANZARO, FAIR NOTICE OF THE AMENDED CLAIMS MAY BE IMPUTED UPON REMAINING DEFENDANTS BASED ON A "SHARED INTEREST" THEORY; ALTERNATIVELY, LEAVE TO AMEND SHOULD BE GRANTED TO CONDUCT DISCOVERY. *(OBJECTIONS 1-3; AND 5-8)*......................12

    C. WHEN LIBERALLY CONSTRUING RULE 15(C) AND ITS APPLICATION TO THE ALLEGATIONS OF FACT IN THE LIVE COMPLAINT AND RESOLVING ALL REASONABLE INFERENCES THEREFROM IN FAVOR OF CATANZARO, CATANZARO MADE A MISTAKE IN HIS IDENTIFICATION OF EACH REMAINING DEFENDANT. *(OBJECTIONS 1-3; 5-6; AND 9)*......................17

CONCLUSION......................................................................................................18

CERTIFICATE OF COMPLIANCE............................................................................20

CERTIFICATE OF SERVICE...................................................................................21

# TABLE OF AUTHORITIES

## CASES

Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)..........................................................5, 12

Altenbach v. Link, 2017 U.S. Dist. LEXIS 19753 (M.D. Pa. 2017)......................13, 15

Anza Tech., Inc. v. Mushkin, Inc., 934 F.3d 1359 (Fed. Cir. 2019)......................9-11

Arthur v. Maersk, Inc., 434 F.3d 196 (3d Cir. 2006)........................................................6

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ..........................................................................3

Averill v. Jones, 2019 WL 3804686 (D. Del. 2019)......................................................16

Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147 (1984)......................................12

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ..................................................3

Bensel v. Allied Pilots Ass'n, 387 F.3d 298 (3d Cir. 2004)........................................11

Benussi v. Luzerne Cnty., 2018 U.S. Dist. LEXIS 147438 (M.D. Pa. 2018)..............15

Connelly v. Lane Construction Corp., 809 F.3d 780 (3d Cir. 2016)............................4

Culbreth v. Corll, 2010 U.S. Dist. LEXIS 112753 (E.D. Pa. 2010)............................14

Doe v. Princeton Univ., 30 F.4th 335 (3d Cir. 2022)..............................................3, 18

Dooley v. Wetzel, 957 F.3d 366 (3d Cir. 2020)........................................................5, 12

Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.,
    292 F.3d 1363 (Fed. Cir. 2002)..................................................................9

Fraser v. Pennsylvania State Univ., 654 F. Supp. 3d 443 (M.D. Pa. 2023)............3,4

Garvin v. City of Philadelphia, 354 F.3d 215 (3d Cir. 2003)................................6, 13

Glover v. FDIC, 698 F.3d 139 (3d Cir. 2012)..........................................................9-13

Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002)..............................5, 12

Haines v. Kerner, 404 U.S. 519 (1972)..........................................................................4

In re EMC Corp., 677 F.3d 1351 (Fed. Cir. 2012)..........................................................9

Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010)................................................17

Mayer v. Belichick, 605 F.3d 223 (3d Cir. 2010)............................................................4

Mayle v. Felix, 545 U.S. 644 (2005)..............................................................................10

Meijer, Inc. v. Biovail Corp., 533 F.3d 857 (D.C. Cir. 2008)........................................13

Miller v. Hassinger, 173 Fed. Appx. 948 (3d Cir. 2006)..............................................13

Moore v. Walton, 96 F.4th 616 (3d Cir. 2024)..............................................................16

Morton v. Cosmed Grp., Inc., 2026 U.S. Dist. LEXIS 119728 (W.D. Pa. 2026)....14

Parmelee v. Piazza, 622 F. Supp. 2d 212 (M.D. Pa. 2008)............................................4

Phillips v. Cnty. of Allegheny, 515 F.3d 224 (3d Cir. 2008)........................................3

Richardson v. Superintendent Coal Twp. SCI,
    905 F.3d 750 (3d Cir. 2018)................................................................4
Rivera v. New Castle Cnty. Police Dep't, 515 F.3d 224 (3d Cir. 2025)......3, 4, 7, 17
Robinson v. Adams, 2010 U.S. Dist. LEXIS 78707 (E.D. Pa. 2010)...........................14
Robinson v. SEPTA, 572 F. Supp. 3d 136 (E.D. Pa. 2021)........................................14
Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014)..........................................................4
Smith v. City of Philadelphia, 363 F. Supp. 2d 795 (E.D. Pa. 2005)...........................6
Thomas v. Arn, 474 U.S. 140 (1985)...........................................................................3
United States v. McLaughlin, 607 F. Supp. 3d 522 (M.D. Pa. 2022)...........................3
Walker v. ACAM Transp., Inc., 2024 U.S. Dist. LEXIS 114111 (E.D. Pa. 2024)..14
Warner-Jenkinsonv. Hilton Davis Chemical Co., 520 U.S. 17 (1997)........................6


## STATUTES & RULES

28 U.S.C. § 636(b)(1)................................................................................................2
28 U.S.C. § 220..........................................................................................................6
35 U.S.C. 271...........................................................................................................11
Fed. R. Civ. P. 4..................................................................................................15, 17
Fed. R. Civ. P. 12........................................................................................3, 4, 7, 11, 18
Fed. R. Civ. P. 15.........................................................................3, 4, 6, 7, 10, 12, 15-17

ROTHENBERG & CAMPBELL
RYAN P. CAMPBELL, ESQ. (#317838)
345 WYOMING AVENUE, SUITE 210
SCRANTON, PENNSYLVANIA 18503
PH: 570.207.2889 || FAX: 570.207.3991
EMAIL: RPC@ROTHENBERGCAMPBELL.COM

COUNSEL FOR PLAINTIFF,
DAVID J. CATANZARO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID J. CATANZARO,** | CIVIL ACTION—LAW |
| PLAINTIFF | *(SAPORITO, J.)* |
| V. | *(CARABALLO, M.J.)* |
| **GOOGLE LLC; YOUTUBE.COM; & APPLE INC.,** | **JURY TRIAL DEMANDED** |
| DEFENDANTS | NO.: 3:22—CV—01754 |

## PLAINTIFF'S BRIEF IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. 164)[1]
### PURSUANT TO FED R. CIV. P. 72(B)(2)

### PRELIMINARY ARGUMENT

Plaintiff, David J. Catanzaro, by and through his recently retained counsel, Rothenberg & Campbell *per* Ryan P. Campbell, Esquire *("CATANZARO")* reverentially objects to the Magistrate Judge Caraballo's Report and Recommendation (Doc. 164) (hereinafter, *"R&R"*), recommending this Honorable Court grant the Motion to Dismiss Catanzaro's Fifth Amended Complaint, jointly filed by remaining Defendants, Google LLC *("GOOGLE")*,

---

[1] All abbreviations, definitions and exhibit designations previously defined in the July 6, 2026 Report and Recommendation (Doc. 164) are hereby adopted, restated herein by reference, and shall continue to be utilized in accordance with their respective meanings outlined therein, unless otherwise expressly stated.

1

YouTube.com *("YOUTUBE")*, and Apple Inc. *("APPLE")*, pursuant to Fed. R. Civ. P. 72(b)(2). Catanzaro will highlight herein a patterned *ethos* employed by the learned Magistrate Judge throughout the R&R which collectively amounts to plain error and discretionary abuse. More specifically, the learned Magistrate Judge selectively or incorrectly quotes Catanzaro's earlier pleadings in the R&R, placing those quotations in skewed contexts that improperly narrow the standard of review so that the relation back doctrine would not apply. In doing so, the R&R's inferences of disputed facts and law are not *favorable* to Catanzaro, but instead, *adverse*. The learned Magistrate Judge also narrowly interprets the law, resolving all disputed questions of law in the *moving* parties' favor, again *adverse* to Catanzaro, a *pro se* litigant. These "adverse inferences" cited *infra* and narrow interpretation of the law violate the appropriate standard of review beholden upon all Third Circuit district courts when considering a Rule 12(b)(6) motion involving amendment of an earlier pleading pursuant to Rule 15(c). Ultimately— as will be explained at length herein—the R&R blatantly resolves all factual and legal issues contoured by Catanzaro's pleadings in the light most favorable to the *moving* party. That is improper and manifestly unjust. As such, adoption by the Court of its findings or recommendations regarding Rule 15(c) and the relation back doctrine without amendment would constitute plain error and an abuse of discretion.

## STANDARD OF REVIEW

This Court must conduct a *de novo* review of all portions of the R&R to which were timely and specifically contested. <u>See</u> 28 U.S.C. § 636(b)(1) ("A

2

judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); United States v. McLaughlin, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022) (*same*). Uncontested portions of the R&R should be reviewed for clear error or manifest injustice at a standard determined by the district court. Id. at 530 (*citing* Thomas v. Arn, 474 U.S. 140, 154 (1985)).

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, when a plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fraser v. Pennsylvania State Univ., 654 F. Supp. 3d 443, 453 (M.D. Pa. 2023). Following Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Twombly, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, a district court is obligated to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Rivera v. New Castle Cnty. Police Dep't, 152 F.4th 147, 152 (3d Cir. 2025) (*quoting* Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). This is so even when facts in judicially noticed documents conflict with those in the complaint. Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022).

In deciding a motion to dismiss, district courts in the Third Circuit must follow three steps: (1) take note of the elements the plaintiff must plead to state a

3

claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of all well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. Fraser, 654 F. Supp. 3d at 453 n. 57 (*citing* Connelly v. Lane Construction Corp., 809 F.3d 780, 787 (3d Cir. 2016)). In doing so, courts "must consider only the complaint, exhibits attached to the complaint, matters of public record as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

Although the Third Circuit permits a defendant to raise a statute of limitations defense by Rule 12(b)(6) motion, the bar must be apparent on the face of the complaint to afford a basis for dismissal. Rivera, 152 F.4th at 152 (*quoting* Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)). In the context of a limitations defense raised by Rule 12(b)(6) motion based on the amendment of a party under Fed. R. Civ. P. 15(c), a plaintiff need not establish amendment to a rigorous, trial-level certainty; he need only *plausibly* allege relation back and all disputed factual inferences must be resolved in his favor. See Id. at 150-52.

District courts must liberally construe pleadings drafted by *pro se* litigants and hold them to less stringent standards than pleadings drafted by lawyers. See Richardson v. Superintendent Coal Twp. SCI, 905 F.3d 750, 766 (3d Cir. 2018) (*citing* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); and Parmelee v. Piazza, 622 F. Supp. 2d 212, 223 n. 2 (M.D. Pa. 2008). So long as a *pro se* plaintiff's complaint asserts a "plausibly valid theory" of recovery, it is an abuse of discretion

4

to dismiss the pleading without leave to amend pursuant to Rule 12(b)(6).

Dooley v. Wetzel, 957 F.3d 366, 375 (3d Cir. 2020); see also, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless amendment would be inequitable or futile"); and Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (*same*).

## ARGUMENT SUPPORTING OBJECTIONS

I.    THE R.R. FAILS TO APPLY THE APPROPRIATE STANDARD OF REVIEW IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATING TO APPLICATION OF THE RELATION BACK DOCTRINE TO THE LIVE COMPLAINT, WHICH SHOULD APPLY, REQUIRING ENTRY OF AN ORDER DISMISSING DEFENDANTS' JOINT MOTION TO DISMISS AND REQUIRING EACH TO FILE AN ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT WITHIN TWENTY-ONE (21) DAYS. ALTERNATIVELY, *PRO SE* PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT TO ESTABLISH PROPER NOTICE TO REMAINING DEFENDANTS.

For an amended pleading changing the naming of a defendant filed beyond the applicable statute of limitations[2] to properly relate back to its original pleading, a plaintiff must show: "(1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within [the period for service under Rule 4(m)], "the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew

---

[2]    Plaintiff does not object to the applicable caselaw cited in the R.R. as it relates to the statute of limitations for all patent infringement cases, which is adopted and incorporated herein by reference as if more fully set forth at length.

5

that, but for a mistake concerning his or her identity, he or she would have been made a party to the action." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (*citing* Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003)); see also, Fed. R. Civ. P. 15(c); Smith v. City of Philadelphia, 363 F. Supp. 2d 795, 799 (E.D. Pa. 2005) (*emphasis added*).

A.   **When Liberally Construing Rule 15(c) and its Application to the Allegations of Fact in the Live Complaint and Resolving all Reasonable Inferences therefrom in Favor of Catanzaro, the Claims Arise Out of the Same Conduct, Transaction, or Occurrences Asserted Against all Defendants named in the Original Complaint. *(Objections 1-6, incl.)***

Catanzaro's original complaint seeks declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and civil damages due to Defendants' direct and/or contributory patent infringement related to the '959 patent and the "Orbeez Crush Cruskins Pets product along with other similar assorted product lines after February 2, 2010". (Doc. 1 at ¶¶ 12-19, *incl.*). More specifically, Catanzaro alleges:

> 15. Defendants transacts [sic] business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Defendants have *infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents[3], one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products* that embody and/or practice the patented invention, known as "Orbeez Crush Cruskins Pets" *along with other*

---

[3]   The "doctrine of equivalents" is a means by which a holder of a patent may raise a claim of infringement even though each and every element of the patented invention is not identically present in the allegedly infringing product and is now defined by the "all elements text for equivalence. See Warner-Jenkinson v. Hilton Davis Chemical Co., 520 U.S. 17 (1997).

6

> *similar assorted product lines* sold throughout the enforcement term on the '959 patent.

(Doc. 1 at ¶ 15) *(emphasis added)*.

In that same pleading, Catanzaro asserted that he did "not know the true identities of the fictitious Defendants Does 1 through 50" and reserved his right to seek amendment at a later date. (Id. at ¶ 6). Catanzaro did just that on August 9, 2024, when he filed his third amended complaint, officially identifying Google, YouTube and Apple as named defendants, claiming each "induced others to infringe directly or under the doctrine of willful blindness and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent." (Doc. 33 at ¶¶ 6,7, 13 and 31, *respectively*). Importantly, at that time, Catanzaro had "vested" his rights to sue remaining Defendants Google, YouTube and Apple under the terms of the original complaint and the later inclusion of language to "advertising," "aiding in advertising,' and "aiding in the sale" merely "particularize and amplify" how the original claims for infringement were carried out.

When considering remaining Defendants' motion under Rule 12(b)(6) where Catanzaro attempts to add parties pursuant to Rule 15(c), the learned Magistrate Judge was obligated to liberally construe Catanzaro's live complaint and resolve all possible factual inconsistencies in his favor. See Rivera, 152 F.4th at 152. Reverentially, His Honor failed to apply this specific standard in the R&R; the standard applied in the R&R is more congruent to the standard applied on a motion for summary judgment, rather than one on a motion to dismiss. The R&R

7

repeatedly misrepresents several allegations contained in Catanzaro's original complaint. For example, on page 18, the learned Magistrate Judge states, "[b]ereft from this [live complaint], however, were any facts supporting any specific allegation that the remaining defendants make, use, offer to sell, or sell any of the identified Orbeez products—the core transactions and occurrences advanced in Catanzaro's initial complaint." (Doc. 164 at p. 18). Respectfully, this is not true. Catanzaro's original complaint includes *"other similar assorted product lines"* in addition to the original Orbeez product line; the Court's omission of that important language creates an adverse inference that the '959 patent was somehow tethered solely to the Orbeez product line, which is not what the document states. The R&R's treatment of Catanzaro's pleadings in selectively quoting portions of his earlier filings in an incomplete, misleading and sometimes just-plain-wrong context creates adverse inferences that run afoul of this court's obligation to liberally construe a *pro se* litigant's pleadings, resolving all factual inconsistencies in his favor. The R&R appears to do the opposite—resolving factual inconsistencies in the light most favorable to the *moving* parties. That is plain error, manifestly unjust, an abuse of discretion and is repeated a half-dozen times in the R&R.[4]

---

[4]    The R&R states, "Catanzaro's original complaint alleged that Walmart and Maya Group directly infringed the 959 patent" and "did not advance any allegations specific to the moving defendants." (Doc. 164 at p. 16). But the original complaint identifies moving defendants as John Does and includes allegations of infringement that go beyond "direct" to include infringement "contributorily" and by "inducement". (See Doc. 1 at ¶ 15). On page 7, the R&R quotes Paragraphs 31, 33-34, 36, 41, 49-50 of the Live Complaint in an effort to highlight how these specific allegations against the remaining Defendants were not included in "any of [...] his prior complaints." That, too, is incorrect. (See, e.g., Doc. 1 at ¶ 15 and Doc. 33 at ¶¶ 31, 32 and 34).

8

The R&R continues its practice of selective citation and misrepresentation, this time incompletely quoting In re EMC Corp., 677 F.3d 1351 (Fed. Cir. 2012), to state the apparent standard for patent infringement claims, contending that infringement claims involving the "same patent by independent parties, without more, are not part of the same transaction or occurrence." Id. at 1357. The correct and more complete citation from In re EMC Corp. is:

> [C]laims of infringement of the same patent by independent parties, without more, are not part of the same transaction or occurrence *for purposes of Rules 13 and 14, and are instead "new claims against new parties... not authorized by the joinder rules."*

Id. (*quoting* Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd., 292 F.3d 1363, 1372 (Fed. Cir. 2002)) *(emphasis added)*.

The R&R's understanding of infringement claims remains a narrow, incomplete reading of that particular standard—which applies only to the joinder rules. Rather, the *actual* standard for whether newly alleged claims "relate back" to the date of the original complaint under Rule 15(c) is much more robust; a court must consider the "overlap of parties, the overlap in the accused products, the underlying science and technology, time periods, and any additional factors that might suggest a commonality or lack of commonality between the two sets of claims." Anza Tech., Inc. v. Mushkin, Inc., 934 F.3d 1359, 1369 (Fed. Cir. 2019). Failure to consider all of these factors constitutes an abuse of discretion. Id. New claims will relate back to those alleged in the original pleading under Rule 15(c) when the "time and type" of claims are factually and legally identical. Glover v.

FDIC, 698 F.3d 139, 143 (3d Cir. 2012); see also, Mayle v. Felix, 545 U.S. 644, 657-59 (2005).

It is one thing to say that the live complaint contains insufficient factual specificity necessary for a party to prepare an appropriate defense; it is another thing entirely to state that Catanzaro's original claim is legally insufficient. The former demanding leave to file a more specific pleading; the latter ending his case, with prejudice. The R&R conflates the "insufficiently specific" factual allegations in the original complaint with the live complaint's "legal insufficiency" to the detriment of Catanzaro, a *pro se* litigant. This is improper. The R&R baldly claims, "Catanzaro's position is unsupported; he fails to identify a single case, much less one with a similar fact pattern, that refutes precedent requiring factual overlap and supports his argument that the original claims are part of the same transactions or occurrences now advanced against the remaining defendants." (Doc. 164 at p. 18). Reverentially, that is an incomplete recitation of the appropriate standard. Moreover, Catanzaro doesn't need to cite "one case"—the remaining Defendants do him the courtesy. In Anza Tech., Inc. v. Mushkin, Inc., the Federal Court of Appeals reversed a district court's dismissal of a plaintiff's second amended complaint pursuant to Rule 12(b)(6) motion, expressly holding, "[a]mended claims do not have to be the same as the original claims to relate back. Rather, the claims must arise out of the same conduct, transaction, or occurrence [...] the allegations of the amended complaint must be tethered to the conduct, transactions, or occurrences underlying the original claims." Id. at 1372; see also, Glover, 698 F.3d at 143 (holding that application of Rule 15(c), "unlike joinder of

10

claims or parties [under Rule 20] is not merely an identity of transaction test [and] normally entails a search for a common core of operative facts in the two pleadings").

Concededly, for the live complaint to properly relate back to the original complaint, some "factual overlap" must exist between the two. Id. at 1370-72. Catanzaro does not deny this. Rather, Catanzaro argues that such an overlap exists in that, while the parties themselves are disparate, each of them participated in the wrongful infringement of the'959 patent in the form of these Orbeez Crush Crushkins products and product lines. This is shown repeatedly in each of Catanzaro's successive pleadings; his original, third amended and live complaints collectively articulate a "plausibly valid theory" of recovery, which is the correct standard and benchmark to overcome a Rule 12(b)(6) motion. The language contained in paragraph 15 of Catanzaro's original complaint could plausibly establish threefold liability pursuant to 35 U.S.C. § 271, encompassing claims for patent infringement (§ 271(a)), willful blindness/ inducement of infringement (§271(b), and contributory infringement (§ 271(c)). The live complaint essentially restates Catanzaro's original claim with greater particularity and amplifies the factual circumstances surrounding the pertinent conduct of remaining Defendants under §§ 271(b) and (c); as such, it satisfies the "same conduct, transaction, or occurrences" test under Rule 15(c). See, e.g., Glover, 698 F.3d at 143; and Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). Therefore, adopting the R&R's finding without granting leave to amend would

11

constitute an abuse of discretion. See Dooley, 957 F.3d at 375; Alston, 363 F.3d at 235; and Grayson, 293 F.3d at 108.

To the extent that this Honorable Court agrees with Catanzaro, neither denying the joint Motion to Dismiss, nor granting Catanzaro leave to amend at this stage prejudice Defendants' respective rights to raise a limitations defense. Rather, remaining Defendants can assert same as an affirmative defense and utilize fact discovery to shore up their arguments that Catanzaro's claims are barred by the appropriate statute of limitations, seeking future relief *vis-à-vie* a motion for summary judgment.

**B.    When Liberally Construing Rule 15(c) and its Application to the Allegations of Fact in the Live Complaint and Resolving all Reasonable Inferences therefrom in Favor of Catanzaro, Fair Notice of the Amended Claims May be Imputed Upon Remaining Defendants Based on a "Shared Interest" Theory; Alternatively, Leave to Amend Should be Granted to Conduct Discovery. (*Objections 1-3; and 5-8*)**

"Factual overlap alone is not enough, because the original complaint must have given fair notice of the amended claim to qualify for relation back under Rule 15(c)." Glover, 698 F.3d at 147 (*citing* Mayle, 545 U.S. at 658-59). "'Where the original pleading does not give a defendant 'fair notice of what the plaintiff's [amended] claim is and the grounds upon which it rests,' the purpose of the statute of limitations has not been satisfied it is it 'not an original pleading that [can] be rehabilitated by invoking Rule 15(c).'" Id. at 146 (*quoting* Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n. 3 (1984). Put another way, the underlying question for a Rule 15(c) analysis is 'whether the original complaint

12

adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." Glover, 698 F.3d at 146 (*quoting* Meijer, Inc. v. Biovail Corp., 533 F.3d 857, 866 (D.C. Cir. 2008)).

The "identity of interest" method "generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Garvin, 354 F.3d at 222; see also, Altenbach v. Link, 2017 U.S. Dist. LEXIS 19753, at *6-7 (M.D. Pa. Feb. 13, 2017). Put differently, constructive notice under an "identity of interest" theory hinges on whether the working relationship between the parties sought to be added as defendants and those parties previously named is close enough that notice may reasonably be implied or that they share some nexus of interest sufficient to impute notice. Miller v. Hassinger, 173 Fed. Appx. 948, 956 n.4 (3d Cir. 2006).

In the instant matter, the R.R. *un*favorably interprets the statutory deadline for service on original defendants outlined in Rule 15(c)(1) and unilaterally dismisses *any factual possibility* where constructive notice may be imputed upon remaining Defendants *under any circumstances*. (See Doc. 164 at pp. 19-22). Assuming all well-pled allegations of fact contained in Catanzaro's live complaint are true, constructive notice may be imputed under an "identity of interests" theory. More specifically, Walmart—an original defendant properly served with a copy of the original complaint—shares a significant "nexus of interests" with all remaining Defendants, who each provide Walmart with respective "platforms, search engines, and advertising service" such that imputing constructive notice

13

may be considered. Catanzaro contours this "nexus of interests" in Paragraphs 31-35 and 48-53 of the live complaint. (Doc. 71 at ¶¶ 31-35; and 48-53). <u>See, e.g.</u>, <u>Culbreth v. Corll</u>, 2010 U.S. Dist. LEXIS 112753, at *3 (E.D. Pa., Oct. 22, 2010) (district court imputed constructive notice under an identity of interest theory based on shared nexus of interests and proximity between new defendant and original defendant prior to filing suit); and <u>Robinson v. Adams</u>, 2010 U.S. Dist. LEXIS 78707, at *3 (E.D. Pa. Aug. 4, 2010) (*same*).

Numerous issues of fact remain as to whether Catanzaro's claims are time-barred and therefore, dismissal is premature. Even assuming *ad arguendo* that constructive notice cannot be imputed upon any of the remaining Defendants under Rule 15(c), Catanzaro should still be permitted to perform some discovery to determine whether his claims against Google, YouTube and Apple are respectively barred by the statute of limitations. <u>See, e.g.</u>, <u>Morton v. Cosmed Grp., Inc.</u>, 2026 U.S. Dist. LEXIS 119728, at *11 (W.D. Pa., Mar. 31, 2026) (district court refused to dismiss plaintiff's claims pursuant to Rule 12(b)(6) because "issues of fact remain on whether [plaintiff's] claim is time-barred, and dismissal is premature," and provided plaintiff with time for discovery to determine (a) whether the statute of limitations defense is applicable, and (b) whether relation back should apply); <u>Robinson v. SEPTA</u>, 572 F. Supp. 3d 136, 150 (E.D. Pa. 2021) (granting plaintiffs leave to amend their amended pleading and to conduct some additional discovery regarding when one potential defendant received notice relevant to the relation back doctrine in Rule 15(c) and service under Rule 4(m)); <u>Walker v. ACAM Transp., Inc.</u>, 2024 U.S. Dist. LEXIS

14

114111, at *11 (E.D. Pa., Jun. 28, 2024) (denying an early-onset summary judgment motion based on the parties requiring more time for discovery to determine whether defendant had actual notice of plaintiff's claim under Rule 15(c)); and Benussi v. Luzerne Cnty., 2018 U.S. Dist. LEXIS 147438, at *16-19 (M.D. Pa., Aug. 28, 2018) (dismissing plaintiff's claims without prejudice against new defendants, finding that an amended pleading did not "relate back," but granting leave to amend).

Respectfully, the learned Magistrate Judge misrepresents the notice requirements in Rule 15(c). The R.R. erroneously states that Rule 15(c)(1)(C) "requires that parties brought in by amendment must have received notice of the institution of the action within 90 days following the filing of the original complaint." (Doc. 164 at p. 19). Under the circumstances of this case, that is an incorrect reading of Rule 15(c)(1)(C), which actually requires that such notice be received by the party to be brought in by amendment "within the period provided by Rule 4(m)". Fed. R. Civ. P. 15(c)(1)(C). Rule 4(m) does provide a default, 90-day timeframe from when the complaint is filed within which to serve a defendant, **but also** permits a plaintiff to seek an extension of time for service upon good cause shown. Fed. R. Civ. P. 4(m). That's what happened here; the Court extended Catanzaro's time to effectuate service upon the originally named defendants and he did so. (See Doc. 9).

The learned Magistrate Judge interprets the Rule 4(m) timeframe in Rule 15(c) to apply universally as "90 days," whereas Catanzaro interprets that same timeframe to be specific to his case. Notably, Catanzaro's interpretation is

15

correct. <u>See</u> <u>Moore v. Walton</u>, 96 F.4th 616, 624 (3d Cir. 2024) (*quoting* Fed. R. Civ. P. 15, *advisory committee's note to 1991 amendment*[5]). Three pages later, the R.R. contains another misleading statement of law as it relates to the case, <u>Averill v. Jones</u>, 2019 WL 3804686, at *5 (D. Del., Aug. 13, 2019). The R.R. uses that case to further underscore the standard for imputed constructive notice under Rule 15(c), stating, "before a court can find that a Doe party 'should have known' of a complaint, the complaint must contain 'specific allegations' against the Doe defendant that could impute notice such as through a 'shared attorney' or a party with an 'identity of interest' with the Doe defendant." (Doc. 164 at p. 22). Once again, that is an incorrect and misleading recitation of the legal standard; the <u>Averill</u> case does not require "specific allegations" be cited by a plaintiff to impute constructive notice, yet the R.R. takes the position as argued by remaining Defendants in their Brief. <u>See</u> <u>Averill</u>, *supra*. These are two more examples of how whenever a finding of fact or law is needed, the learned Magistrate Judge appears to select the inference more favorable to the remaining Defendants, rather than to Catanzaro, even if it involves a misstatement of the fact or law. Again, this is improper; if adopted by this Honorable Court, such a holding would constitute reversible error and an abuse of discretion. Instead, this Honorable Court should reject the R.R., find that notice has either been properly imputed or,

---

[5]   "In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, *but also any additional time resulting from any extension ordered by the court pursuant to that rule*, as may be granted, for example, if the defendant is a fugitive from service of the summons." <u>Id</u>. *(emphasis added)*.

16

if not, permit Catanzaro some additional time to file an amended complaint or participate in some discovery.[6]

C.  **When Liberally Construing Rule 15(c) and its Application to the Allegations of Fact in the Live Complaint and Resolving all Reasonable Inferences therefrom in Favor of Catanzaro, Catanzaro Made a Mistake in his Identification of each Remaining Defendant.** (*Objections 1-3; 5-6; and 9*)

It is well-settled that, for purposes of Rule 15, a plaintiff's ignorance of a defendant's identity is a mistake. Rivera, 152 F.4th at 152 (*citing* Singletary, 266 F.3d at 201). Here, it is alleged in paragraph 6 of the original complaint that plaintiff was unaware of the identity of the Doe entities and no verifiable evidence to the contrary has been produced; therefore, Catanzaro's state of mind as it relates to "mistake" is irrelevant. See Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 548-55 (2010) (holding that Rule 15(c)(1)(C)(ii) focuses principally on what the prospective defendant knew or should have known during the Rule 4(m) period). The R&R erroneously attributes Catanzaro's state of mind as the relevant factor. Based on his original pleading, the only question under these circumstances is "whether the remaining, prospective Defendants knew or should have known during the Rule 4(m) period, not what Catanzaro knew." Id. Based solely on the pleadings and the documents attached thereto, that should have been the only inquiry.

---

[6]  For example, Catanzaro's Exhibit "A" regarding Walmart's online advertising strategies could, if assumed true, lead a factfinder to conclude that remaining Defendants received some sort of imputed notice through Walmart.

17

However, yet again, the R&R makes inferences unfavorable to Catanzaro. This time, by misconstruing a statement made in one of his Briefs—that he was aware of the respective identities of the remaining Defendants and "anticipated" their roles in the upcoming litigation—and accepting same as an "admission" that he "knew of the remaining defendants' identities at the time he commenced this action, but affirmatively chose to identify them anonymously." (Doc. 164 at p. 23). Reverentially, that is not what was represented in Catanzaro's Brief but even if true, such a judicially noticed fact remains yet another improper inference made by the learned Magistrate Judge that is adverse to Catanzaro. See Doe, 30 F.4th at 342 (holding that district courts must assume all facts alleged in a plaintiff's complaint as true for purposes of resolving a Rule 12(b)(6) motion). Catanzaro's statement quoted in the R&R could just as easily have been interpreted as "plaintiff was aware how broad the '959 patent was being induced to be infringed based on the vast reaches of each of the remaining Defendants." That would have been a fair extrapolation; but that's not how the R&R has treated Catanzaro. The R.R. should have kept its assumptions limited to Catanzaro's pleadings—including his original complaint, which clearly acknowledged his mistake. Failure to do so constitutes reversible error, requiring the Court to reject the findings of fact and law in the R&R.

## CONCLUSION

For all of the reasons set forth *supra*, Plaintiff, David J. Catanzaro, respectfully requests that this Honorable Court sustain all his objections to the

18

Report and Recommendation of Magistrate Judge Caraballo, reject the findings of fact and conclusions of law stated therein as constituting errors of law and/or abuses of discretion and enter an Order consistent with the recommendations set forth herein.

Respectfully Submitted,

**ROTHENBERG & CAMPBELL**

By: _____

Ryan P. Campbell, Esq. (#317838)
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503
*PH:* 570.207.2889 | *FAX:* 570.207.3991
*EMAIL:* rpc@rothenbergcampbell.com
**COUNSEL FOR PLAINTIFF**

Date: August 10, 2026

19

**ROTHENBERG & CAMPBELL**
RYAN P. CAMPBELL, ESQ. *(#317838)*
345 WYOMING AVENUE, SUITE 210
SCRANTON, PENNSYLVANIA 18503
*PH:* 570.207.2889 || *FAX:* 570.207.3991
*EMAIL:* RPC@ROTHENBERGCAMPBELL.COM

*COUNSEL FOR PLAINTIFF,*
*DAVID J. CATANZARO*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID J. CATANZARO,**<br><br>PLAINTIFF<br><br>V.<br><br>**GOOGLE LLC;**<br>**YOUTUBE.COM; & APPLE INC.,**<br><br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br><br>**JURY TRIAL DEMANDED**<br><br>NO.: 3:22—CV—01754 |

## CERTIFICATE OF COMPLIANCE

I, Ryan P. Campbell, Esquire, on behalf of Plaintiff, do hereby certify that I performed a word-count on the above Brief using Microsoft® Word Version 16.111.3 (2026) and that the above-captioned document contains 4,899 words, excepting captions, salutatory language, signatory lines and Certificates of Compliance and Service, respectively. As such, this filing complies with L.R. 7.8.

Respectfully submitted:

**ROTHENBERG & CAMPBELL**

By: _____

Ryan P. Campbell, Esquire
*COUNSEL FOR PLAINTIFF*

DATE: AUGUST 10, 2026

20

**ROTHENBERG & CAMPBELL**
RYAN P. CAMPBELL, ESQ. *(#317838)*
345 WYOMING AVENUE, SUITE 210
SCRANTON, PENNSYLVANIA 18503
*PH:* 570.207.2889 || *FAX:* 570.207.3991
*EMAIL:* RPC@ROTHENBERGCAMPBELL.COM

*COUNSEL FOR PLAINTIFF,*
*DAVID J. CATANZARO*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO,<br><br>PLAINTIFF<br><br>V.<br><br>GOOGLE LLC;<br>YOUTUBE.COM; & APPLE INC.,<br><br>DEFENDANTS | CIVIL ACTION—LAW<br>(SAPORITO, J.)<br>(CARABALLO, M.J.)<br><br>**JURY TRIAL DEMANDED**<br><br>NO.: 3:22—CV—01754 |

### CERTIFICATE OF SERVICE

I, Ryan P. Campbell, Esquire, on behalf of Plaintiff, do hereby certify that I sent a true and accurate copy of Plaintiff's Objections and Brief in Support thereof in the above-captioned case on this **10th day of August, 2026** to the below named individuals *via* ECF and/or Electronic Mail addressed as follows:

Stephen H. Barrett, Esq.
Stephen.barrett@us.dlapiper.com

Rachael Lamkin, Esq.
Rachael.lamkin@bakerbotts.com

Erika H. Warran, Esq.
22-1754@cases.warrenlex.com
*COUNSEL FOR DEFENDANTS*

John V. Gorman, Esq.
john.gorman@morganlewis.com

Jennifer Berger, Esq.
Jennifer.berger@bakerbotts.com

Madeline A. Woodall, Esq.
22-1754@cases.warrenlex.com
*COUNSEL FOR DEFENDANTS*

Respectfully submitted:

**ROTHENBERG & CAMPBELL**

By: _____
Ryan P. Campbell, Esquire

21