UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID J. CATANZARO,

      Plaintiff,

      v.

GOOGLE LLC, et al.,

      Defendants.

CIVIL ACTION NO. 3:22-CV-1754

(SAPORITO, J.)
(CARABALLO, M.J.)

## ORDER

Now before the court is a report and recommendation of United States Magistrate Judge Phillip J. Caraballo in which he recommends that the defendants' motion to dismiss (Doc. 114) be granted and the plaintiff's motion to transfer venue (Doc. 145) be denied as moot. (Doc. 164).

The *pro se* plaintiff initiated this action on November 3, 2022, against numerous defendants asserting infringement of his expired patent. (Doc. 1). After five amended pleadings and extensive litigation, only three defendants remain: Google LLC ("Google"), YouTube.com ("YouTube"), and Apple Inc. ("Apple"). The current motion before the court is the remaining defendants' motion to dismiss the plaintiff's fifth amended complaint. (Doc. 114). The motion hinges on whether the

plaintiff's asserted claims in his fifth amended complaint relate back to his original pleading as necessary under Rule 15(c) of the Federal Rules of Civil Procedure. Upon review of the record, Judge Caraballo found that the claims and parties asserted in the fifth amended complaint did not, and therefore, recommends that the defendants' motion be granted.

Judge Caraballo noted that under Federal Rule of Civil Procedure 15(c), a claim or an amended party in an action relates back to the original pleading only if a plaintiff can show that: (1) the claim set forth in the amended pleading arose out of the conduct, transaction, or occurrence in the original pleading; (2) within the time period provided in Rule 4(m) for serving the complaint, the party to be brought in by amendment received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew or should have known that, but for a mistake concerning his or her identity, he or she would have been made a party to the action. (Doc. 164) (citing *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003)). Judge Caraballo found that the plaintiff's fifth amended complaint did not satisfy this standard.

First, Judge Caraballo detailed that the allegations featured in the

fifth amended complaint against the remaining defendant did not arise out of the "same conduct, transactions or occurrences asserted against the … defendants in the original complaint." (Doc. 164). Second, Judge Caraballo explained that even if the plaintiff's fifth amended complaint did satisfy that requirement, the plaintiff's fifth amended complaint still did not relate back to the original complaint because the plaintiff's original complaint failed to put the remaining defendants on notice about any potential claims asserted against them, (*Id.*, at 22), and at the time of the commencement of this action, the plaintiff knew of the defendants' identities but affirmatively chose not to identify them in the action. (*Id.*, at 23). Therefore, Judge Caraballo concluded that the plaintiff failed to carry his burden with respect to any of the Rule 15(c) elements, and subsequently, he failed to establish that his claims against the remaining defendants relate back to his original complaint. (*Id.*, at 25). Accordingly, Judge Caraballo recommends dismissal of all remaining claims against the remaining defendants.[1]

---

[1] Judge Caraballo's report and recommendation also concerns the plaintiff's motion to transfer venue. (Doc. 145). Nonetheless, Judge Caraballo's recommendation renders the plaintiff's motion to transfer venue as moot.

The plaintiff filed his objections to Judge Caraballo's report and recommendation on August 10, 2026.[2] (Doc. 170). The plaintiff agrees with Judge Caraballo that for an amended pleading to properly relate back to the original pleading, a plaintiff must show: (1) the claim set forth in the amended pleading arose out of the conduct, transaction, or occurrence in the original pleading; (2) within the time period provided in Rule 4(m) for serving the complaint, the party to be brought in by amendment received notice of the institution of the suit and would not be prejudiced in maintaining a defense, and (3) the party sought to be added knew or should have known that, but for a mistake concerning his or her identity, he or she would have been made a party to the action. (Doc. 164) (citing *Garvin*, 354 F.3d at 22). Nonetheless, the plaintiff objects to Judge Caraballo's report and recommendation generally, arguing that Judge

---

[2] We note that objections to Judge Caraballo's report and recommendation were originally due by July 23, 2026. *See* (Doc. 164). On July 13, 2026, the plaintiff requested an extension of time to file objections to the report and recommendation. (Doc. 166). On July 15, 2026, we granted the plaintiff's request and extended the time to file objections to the report and recommendation to August 8, 2026. (Doc. 167). Despite this extension, the plaintiff filed his objections on August 10, 2026. (Doc. 170). However, the lateness of the objections appears to be caused by the *pro se* plaintiff now being represented by counsel, and as such, the Court will excuse the lateness of objections in this instance and address the merits of those objections.

Caraballo erroneously applied a standard more akin to that of a motion for summary judgment rather than liberally construing the plaintiff's complaint as a *pro se* litigant under a motion to dismiss standard. *See* (170-1, at 11) ("[T]he learned Magistrate Judge was obligated to liberally construe Catanzaro's live complaint and resolve all possible factual inconsistencies in his favor. Reverentially, His Honor failed to apply this specific standard in the R&R, the standard applied in the R&R is more congruent to the standard applied on a motion for summary judgment, rather than one on a motion to dismiss."); (*Id.*, at 12) ("The R&R's treatment of Catanzaro's pleadings … run afoul of this court's obligation to liberally construe a *pro se* litigant's pleadings, resolving all factual inconsistencies in his favor. The R&R appears to do the opposite—resolving factual inconsistencies in the light most favorable to the *moving* parties.") (emphasis included). Moreover, the plaintiff specifically objects to Judge Caraballo's misapplication of the standard of whether the newly alleged claims "relate back" to the date of the original complaint under Rule 15(c), arguing that a proper construction and application of the governing standard establishes that the plaintiff's complaint alleges sufficient factual matter to satisfy that standard. (Doc.

170-1, at 22–23).

Upon review of those objections and the record, however, we find the plaintiff's objections to be unpersuasive. As we noted above, the plaintiff bears the burden to satisfy all elements of Rule 15(c) of the Federal Rules of Civil Procedure that the claims asserted in his fifth amended complaint relate back to his original complaint. Nonetheless, upon review of the record, we find, as Judge Caraballo did, that the plaintiff has failed to at least show "that within the period provided by Rule 4(m) for serving the summons and the complaint, the part[ies] to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits[.]" Fed. R. Civ. P. 15(c)(i). Rule 4(m) explains that "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But the Rule also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, although the plaintiff filed his complaint on November 3, 2022, (Doc. 1), the Court extended the plaintiff's time to effectuate service upon the defendants on or before May

3, 2023. (Doc. 9). Therefore, the plaintiff bears the burden to show that the defendants received such notice of the action that they would not be prejudiced in defending this action on the merits within the time period up until May 3, 2023. We agree with Judge Caraballo that the plaintiff has failed to do so here.

As Judge Caraballo noted, the parties do not dispute that the defendants did not receive actual notice of this action within the requisite period "because they were neither named in the original complaint, nor served with a complaint until two years thereafter." (Doc. 164, at 20); *see also* (*Id.*) ("[T]he parties do not dispute that Apple was served on February 28, 2025, and Google and YouTube on January 28, 2025.") (internal citations omitted). The plaintiff, however, contends that the defendants had constructive notice of this action because "[a]ll current Defendants had access to both the '959 patent and this litigation, as confirmed by publicly available search results and Plaintiff's exhibits." (Doc. 164, at 20) (citing (Doc. 120, at 17)). Specifically, the defendants' "search engines returned the patent, and litigation results appeared with a basic name query." (*Id.*) (citing (Doc. 120, at 11, 14). We agree with Judge Caraballo's categorization that the plaintiff contends the

defendants had constructive notice of infringement because the plaintiff's "patents, alleged infringing products, and existence of this litigation were accessible via use of the Google search engine." (*Id.*, at 20). Moreover, we agree with Judge Caraballo that this argument falls short in proving constructive notice.

"[T]he Third Circuit has recognized two methods by which a court can impute notice under 15(c)(3): the 'shared attorney' method and the 'identity of interest' method." *Averill v. Jones*, No. CV 12-599, 2019 WL 3804686, at *4 (D. Del. Aug. 13, 2019) (citing *Garvin*, 354 F.3d at 222). The plaintiff attempts to impute notice under the latter. "[T]he identity of interest method … generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Garvin*, 354 F.3d at 223. But as Judge Caraballo noted, the original complaint alleged direct patent infringement concerning an article with a "stand in the shape of a pair of feet" against retailers based on their sale of the allegedly infringing products, rather than claims for "induced infringement" and unjust enrichment for the defendants' alleged enabling and facilitation of widespread patent infringement by

third parties, as asserted in the fifth amended complaint. (Doc. 164, at 17, 21) (citing (Doc. 71)). Put differently, the plaintiff asserted different types of claims of infringement against different parties and entities in his fifth amended complaint. Therefore, we agree that "[t]here was no reason for the Moving Defendants to think that patent infringement allegations for the '959 patent, which describes an 'assembly comprising a toothbrush,' would be brought against them." (*Id.*, at 21). To the extent that the plaintiff argues that the public availability of his patent and this action constitute constructive notice, "the fact that information was public does not automatically mean that a plaintiff should be deemed to have constructive knowledge." *Staley v. Gilead Scis., Inc.*, 2021 WL 4972628, at *18 (N.D. Cal. Mar. 12, 2021). Accordingly, we find that the original defendants and the moving parties in this action are not so closely related in their operations that filing suit against the original parties somehow serves to provide notice to the moving parties. We will therefore adopt Judge Caraballo's finding that because the plaintiff has failed to satisfy all necessary rule 15(c) elements, he cannot establish that his claims against the remaining defendants relate back to his initial

complaint.[3]

We conclude that following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested and contested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Caraballo's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.     The report and recommendation of Judge Caraballo (Doc. 164) is **ADOPTED** in its entirety;

2.     The defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 114) is **GRANTED**;

3.     The plaintiff's motion to transfer venue (Doc. 145) is **DENIED**

---

[3] The plaintiff bears the burden in proving all elements, and because the plaintiff has failed to satisfy the requirement under Rule 15(c)(1) of the Federal Rules of Civil Procedure, we need not address the plaintiff's remaining contentions.

**as moot**; and

4.    The Clerk shall close this case.

Dated: August 13, 2026                    *s/Joseph F. Saporito, Jr.*
                                          JOSEPH F. SAPORITO, JR.
                                          United States District Judge