**ROTHENBERG & CAMPBELL**
RYAN P. CAMPBELL, ESQ. *(#317838)*
345 WYOMING AVENUE, SUITE 210
SCRANTON, PENNSYLVANIA 18503
*PH:* 570.207.2889 | | *FAX:* 570.207.3991
*EMAIL:* RPC@ROTHENBERGCAMPBELL.COM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID J. CATANZARO,** PLAINTIFF<br>v.<br>**GOOGLE LLC; YOUTUBE.COM; & APPLE INC.,** DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br>**JURY TRIAL DEMANDED**<br>NO.: 3:22—CV—01754 |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF**
**PURSUANT TO L.R. 83.15**

**AND NOW COMES** Movant, Ryan P. Campbell, Esquire of Rothenberg & Campbell, as counsel for Plaintiff, who hereby respectfully moves for leave of this Honorable Court to withdraw as counsel for Plaintiff, David J. Catanzaro, due to Plaintiff's termination of legal services and, alternatively, an irretrievable breakdown in the attorney-client relationship, averring as follows:

1. On or about August 3, 2026, Plaintiff retained Movant, Ryan P. Campbell, Esquire and his law firm, Rothenberg & Campbell (collectively, ***"COUNSEL"***), to represent him as the named Plaintiff ***("PLAINTIFF-CLIENT")*** in the civil action filed in the United States District Court for the Middle District of Pennsylvania

docketed to David J. Catanzaro v. Google LLC, YouTube.com, and Apple Inc. at number 3:22—CV—01754 (the "***ACTION***").

2. Undersigned Counsel expeditiously became familiar with the voluminous filings on the docket and the prepared, drafted, edited and researched the filings of Objections to the Report and Recommendation of Magistrate Judge Caraballo (Doc. 164) along with a Brief in Support thereof required to be filed with this Honorable Court no later than August 10, 2026.

3. Pursuant to Section VIII of the parties' executed Retainer Agreement, Plaintiff-Client agreed to the following:

> **VIII. CLIENT COOPERATION.** Client agrees to be truthful and to cooperate with Attorney regarding the Legal Services and agrees to keep Attorney reasonably informed of developments and of Client's address and telephone number. Client agrees to make himself reasonably available to Attorney to confer regarding Legal Services. Client further agrees to assist Attorney, if necessary, in connection with the representation by making available necessary personnel, information, documents, and other resources. The Client agrees to abide by counsel's reasonable instruction in connection with the representation.

4. After being retained by Plaintiff-Client, Counsel performed various legal services involving litigating the Action.

5. More particularly, Counsel performed the following specific legal services for Plaintiff-Client including, but not limited to:

a. Communication with Plaintiff-Client and former counsel;

b. Preparation, drafting, editing and filing various court documents on behalf of Plaintiff-Client including: Objections to Magistrate Judge's Report and Recommendation; Brief in Support thereof; Entry of Appearance; and Motion for Reconsideration;

c. Review of various filings on the Docket related to the Action including Trial Court Orders, Opinions, Reports, Recommendations and various pleadings;

d. Communication with respective counsel for all named Defendants of record; and

e. Legal research *via* LexisNexis™.

6. On August 13, 2026, this Honorable Court issued an Order adopting the Report and Recommendation of Magistrate Judge Caraballo and dismissing Plaintiff-Client's Action, with prejudice. (See Doc. 172).

7. After conferencing with Plaintiff-Client on or about August 27, 2026 regarding possibly appealing from said Order dated August 13, 2026 to the Third Circuit Court of Appeals and possibly filing a Motion for Reconsideration, Counsel and Plaintiff-Client arrived at a fundamental disagreement regarding Counsel's representation of Plaintiff-Client and his subsequent cooperation in ensuring preservation of all appellate rights related to the Action.

8. On September 1, 2026, Plaintiff-Client sent an e-mail to Counsel officially terminating all legal representation effective immediately and informing undersigned that Plaintiff-Client wished to represent his legal interests in the

Action *pro se.* A true and correct copy of the September 1, 2026 e-mail is appended hereto and marked as **Exhibit "A"**.

9. That same day undersigned and Plaintiff-Client had a telephone conversation discussing all deadlines related to the Action and amicably agreeing that undersigned should file the instant Motion while instructing undersigned not to take any further steps or file any documents on Plaintiff-Client's behalf.

10. Based on both the September 1, 2026 e-mail and telephone conversation between undersigned Counsel and Plaintiff-Client, it is believed that there exists an irretrievable breakdown in the attorney-client relationship such that Plaintiff-Client no longer wishes to cooperate and/or communicate with undersigned Counsel regarding any legal representing his interests related to the Action.

11. Appellate deadlines regarding the Trial Court's August 13, 2026 Order adopting Magistrate Judge Caraballo's Report and Recommendation are quickly approaching and Plaintiff-Client wishes to represent his own legal interests, *pro se.*

12. Plaintiff-Client's legal position is in direct contradiction to that of Counsel, frustrating undersigned's ability to appropriately represent Plaintiff-Client's legal interests and rendering same impossible.

13. As such, Movant, Ryan P. Campbell, Esquire and the offices of Rothenberg & Campbell have experienced an irretrievable breakdown in the Attorney-Client

relationship with Plaintiff-Client through, which has resulted in irreconcilable differences developing that have made it impossible for Counsel to provide any continued representation in this matter given Plaintiff-Client's termination. (See Exh. "A").

14. The instant Motion is **not** made on the basis of attorneys' fees, no fees are being sought in conjunction with same, and withdrawal can be accomplished without material adverse effect on Plaintiff-Client's interests.

15. Local Rule 83.15 does not permit counsel's appearance to be withdrawn except by leave of court. See L.R. 83.15.

16. Rule 1.16(b) of the Pennsylvania Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client," or when "a client fails to substantially fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." 42 Pa. C.S.A. § 1.16(b); see also, Gerald v. Vehling, 89 A.3d 767 (Pa. Cmwlth. 2014).

17. Given the irretrievable breakdown in the Attorney-Client relationship between Plaintiff-Client and undersigned Counsel, it is respectfully requested by Ryan P. Campbell, Esquire of Rothenberg & Campbell, that this Honorable Court

enter an Order withdrawing, of record, the appearance of Ryan P. Campbell, Esquire and Rothenberg & Campbell on behalf of Plaintiff, David J. Catanzaro, in the above-captioned matter, that said withdrawal can be accomplished without material adverse effect on the interests of Plaintiff-Client where he has intimated a desire to resume representing his legal interests, *pro se* and that any future legal representation by undersigned of Plaintiff-Client would serve "no meaningful purpose."

18. An individual has a statutory right to proceed *pro se*, representing his own personal interests in a civil matter filed in the Federal Courts so long as the party seeking *pro se* representation is legally capable of representing himself. See Murray v. City of Phila., 901 F.3d 169, 171 (3d Cir. 2018) (*citing* 28 U.S.C.S. § 1654).

19. As interests vary widely from case to case, there is no formal multi-factor test that a Third Circuit district court must apply when deciding a motion for attorney withdrawal; rather, an attorney is entitled to withdraw once counsel "demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned." Ohntrup v. Makina ve Kimya Endustrisi Kurumu, 760 F.3d 290, 294-95 (3d Cir. 2014) (*quoting* Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 679 (3d Cir. 1986)).

20. District courts have considered the following relevant in determining whether and to what extent an attorney's request for withdrawal as counsel should be permitted:

a. The reasons why withdrawal is sought;
b. The prejudice withdrawal may cause to other litigants;
c. The harm withdrawal might cause to the administration of justice;
d. The degree to which withdrawal will delay the resolution of the case;
e. Maintaining fairness to litigants;
f. Preserving a court's resources and efficiency; and/or
g. A party's ability to maintain the action.

See Miller v. Native Link Construction, 2019 WL 1277172, at *1-2 (W.D. Pa. 2019); Haines v. Liggett Group, Inc., 814 F. Supp. 414, 423 (D.N.J. 1993).

21. This Motion is not being brought for any improper purpose other than to permit Plaintiff-Client to resume representing his legal interests in the Action as a *pro se* litigant, consistent with his statutory right. See 28 U.S.C.S. § 1654.

22. No interested party will be unfairly prejudiced, nor will the ultimate resolution of the Action be unduly delayed should this Honorable Court grant Counsel's request.

23. Moreover, Plaintiff-Client has represented himself as a *pro se* litigant up until August 10, 2026 and continues to be legally capable to maintain the Action, absent undersigned Counsel's involvlement.

24. As such, Counsel, Ryan P. Campbell, Esquire, respectfully requests leave of court to withdraw as Counsel for Plaintiff-Client in the above-docketed matter and permit Plaintiff to resume representing himself *pro se*.

**WHEREFORE**, Movant Counsel, Ryan P. Campbell, Esquire, respectfully requests that this Honorable Court permit him and his law firm to withdraw as counsel for Plaintiff-Client, David J. Catanzaro, and permitting him to resume representing his own legal interests *pro se*, entering the proposed Order appended hereto.

Respectfully Submitted,
**ROTHENBERG & CAMPBELL**

By: ______________________

Ryan P. Campbell, Esq. (#317838)
345 Wyoming Ave., Ste. 210
Scranton, Pennsylvania 18503
*PH:* 570.207.2889 | *FAX:* 570.207.3991
*EMAIL:* rpc@rothenbergcampbell.com
***COUNSEL AND MOVANT***

Date: September 1, 2026

**Subject:** Termination of Representation and Resumption of Pro Se Status
**Date:** Tuesday, September 1, 2026 at 1:09:42 PM Eastern Daylight Time
**From:** davidjosephus@aol.com <davidjosephus@aol.com>
**To:** Ryan Campbell <rpc@Rothenbergcampbell.com>

Dear Ryan:

Thank you for representing my interests in the lawsuit. While I have appreciated your legal guidance, I have decided to take a separate route than the one we discussed. Therefore, I am terminating your representation effective immediately. Please send to me an itemized invoice and file whatever you need to file so that I can resume representing myself.

Respectfully,
David

EXHIBIT
tabbies
A

**ROTHENBERG & CAMPBELL**
RYAN P. CAMPBELL, ESQ. *(#317838)*
345 WYOMING AVENUE, SUITE 210
SCRANTON, PENNSYLVANIA 18503
*PH:* 570.207.2889 | | *FAX:* 570.207.3991
*EMAIL:* RPC@ROTHENBERGCAMPBELL.COM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID J. CATANZARO,**<br>PLAINTIFF<br>V.<br>**GOOGLE LLC; YOUTUBE.COM; & APPLE INC.,**<br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br>**JURY TRIAL DEMANDED**<br>NO.: 3:22—CV—01754 |

**CERTIFICATE OF CONCURRENCE & NONCURRENCE**

I, Ryan P. Campbell, Esquire, individually and on behalf of Rothenberg & Campbell, do hereby certify that I communicated with Plaintiff, David J. Catanzaro on September 1, 2026 and that he concurs and consents to the instant Motion for Leave to Withdraw as Counsel, joining in the relief requested. As to the remaining counsel for the various respective parties of record, undersigned has not yet had the opportunity to communicate their respective positions given the tight timeframe and so hereby assumes that they do not concur in same.

Respectfully submitted:
**ROTHENBERG & CAMPBELL**

By: ______________________
Ryan P. Campbell, Esquire

DATE: SEPTEMBER 1, 2026

**ROTHENBERG & CAMPBELL**
RYAN P. CAMPBELL, ESQ. *(#317838)*
345 WYOMING AVENUE, SUITE 210
SCRANTON, PENNSYLVANIA 18503
*PH:* 570.207.2889 || *FAX:* 570.207.3991
*EMAIL:* RPC@ROTHENBERGCAMPBELL.COM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID J. CATANZARO,**<br>PLAINTIFF<br>V.<br>**GOOGLE LLC;**<br>**YOUTUBE.COM; & APPLE INC.,**<br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br>**JURY TRIAL DEMANDED**<br>NO.: 3:22—CV—01754 |

## CERTIFICATE OF SERVICE

I, Ryan P. Campbell, Esquire, do hereby certify that I sent a true and accurate copy of his *Motion for Leave to Withdraw as Counsel* for Plaintiff in the above-captioned case on this **1st day of Septmeber, 2026** to the below named individuals *via* ECF and/or Electronic Mail addressed as follows:

Stephen H. Barrett, Esq.
Stephen.barrett@us.dlapiper.com

Rachael Lamkin, Esq.
Rachael.lamkin@bakerbotts.com

Erika H. Warran, Esq.
22-1754@cases.warrenlex.com
***COUNSEL FOR DEFENDANTS***

John V. Gorman, Esq.
john.gorman@morganlewis.com

Jennifer Berger, Esq.
Jennifer.berger@bakerbotts.com

Madeline A. Woodall, Esq.
22-1754@cases.warrenlex.com
***COUNSEL FOR DEFENDANTS***

Respectfully submitted:
**ROTHENBERG & CAMPBELL**

By: ______________________
Ryan P. Campbell, Esquire

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID J. CATANZARO,**<br>PLAINTIFF<br>V.<br>**GOOGLE LLC; YOUTUBE.COM; & APPLE INC.,**<br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br>**JURY TRIAL DEMANDED**<br>NO.: 3:22—CV—01754 |

**ORDER**

**AND NOW**, this ______ **DAY OF SEPTEMBER 2026**, upon consideration of the *Motion for Leave to Withdraw as Counsel for Plaintiff* pursuant to L.R. 83.15, filed by Movant, Rothenberg & Campbell and Ryan P. Campbell, Esquire, and any other filings of record as reflected by the docket, it is hereby **ORDERED** and **DECREED** that the relief requested in said Motion is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND DECREED** that Rothenberg & Campbell and Ryan P. Campbell, Esquire, are hereby **WITHDRAWN** as counsel of record for Plaintiff, David J. Catanzaro, who shall resume representing his legal interests, *pro se*. The Clerk is hereby instructed to mark the docket accordingly.

***IT IS SO ORDERED.***

**BY THE COURT:**

______________________________, J.
HON. JOSEPH F. SAPORITO, JR.