**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID J. CATANZARO,**<br><br>PLAINTIFF<br><br>V.<br><br>**GOOGLE LLC;**<br>**YOUTUBE.COM; & APPLE INC.,**<br><br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br><br>**JURY TRIAL DEMANDED**<br><br>NO.: 3:22—CV—01754 |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR, ALTERNATIVELY, FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), OR ALTERNATIVELY, FED. R. CIV. P. 60(b)(1)**

Plaintiff David J. Catanzaro respectfully moves this Court to alter or amend its August 13, 2026 Order and judgment (Doc. 172), pursuant to Federal Rule of Civil Procedure 59(e), or alternatively for relief under Rule 60(b)(1).

In support, Plaintiff states:

1. The Court dismissed Plaintiff's claims against Google LLC, YouTube.com, and Apple Inc. based upon its determination that Plaintiff failed to satisfy the notice requirements of Rule 15(c).

FILED
SCRANTON
SEP 08 2026
PER ________
DEPUTY CLERK

2. In reaching that determination, the Court considered matters outside the pleadings and made an affirmative factual finding concerning the parties' operational relationships, without converting the Rule 12(b)(6) motion pursuant to Rule 12(d) or providing an opportunity for appropriate factual development.
3. The Court also characterized the Original Complaint as asserting direct infringement "rather than claims for 'induced infringement,'" although the Original Complaint expressly alleged induced infringement, contributory infringement, and knowing active inducement under 35 U.S.C. § 271(b).
4. Plaintiff's August 10, 2026 supporting brief also expressly identified Objections Exhibit A concerning Walmart's relationship with the remaining Defendants. Counsel inadvertently omitted the exhibit from the filing. Plaintiff submits that exhibit with the separately filed supporting brief and alternatively seeks relief under Rule 60(b)(1).
5. These errors were material because Rule 15(c) supplied the dispositive basis for dismissal, while the Court expressly declined to reach Plaintiff's remaining contentions and denied Plaintiff's pending Motion to Transfer Venue (Doc. 145) only as moot.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(a) grant this Motion;

(b) vacate or alter the August 13, 2026 judgment;

(c) reconsider the Rule 15(c) notice determination under the proper procedural standard;

(d) restore Plaintiff's Motion to Transfer Venue (Doc. 145) for consideration before further merits proceedings; and

(e) grant such other relief as the Court deems just and appropriate.

Plaintiff relies upon the separately filed Brief in Support and accompanying exhibits.

Respectfully Submitted,

Date September 4, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## Certificate of Concurrence

Pursuant to Local Rule 7.1, Plaintiff sought concurrence from Defendants regarding this Motion. As of the time of filing, no response has been received, and concurrence has not been obtained.

Date: September 4, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David Catanzaro, do hereby certify that I sent a true and accurate copy of Plaintiff's Motion to Alter or Amend Judgment or, Alternatively, for Relief from Judgment, and Proposed Order in the above-captioned case on this 4th day of September, 2026 via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

Date September 4, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com