# EXHIBIT B

FILED
SCRANTON
SEP 08 2026
PER ____________
DEPUTY CLERK

> president of Gilead's commercial operations, admitted that in 2004 Gilead 'didn't bring TAF through development because at that time we were launching Truvada, launching Atripla." KPH Compl. ¶ 200 (emphasis added).

Although Defendants' position on constructive knowledge certainly has appeal, the fact that information was public does not automatically mean that a plaintiff should be deemed to have constructive knowledge. *Cf. Conmar*, 858 F.2d at 505 (acknowledging that, "'when the claim is one of concealment and the very facts allegedly concealed are available in public records, the argument that the plaintiffs should, as a matter of law, be held to constructive knowledge of their cause of action is much stronger'"). As Plaintiffs note, equitable tolling is generally a fact intensive inquiry. *See In re Cal. Bail Bond Antitrust Litig.*, No. 19-cv-00717-JST, 2020 U.S. Dist. LEXIS 92836, at *59 (N.D. Cal. Apr. 13, 2020) (noting that, "because resolving tolling disputes is a fact-intensive process, statute of limitations defenses 'may not be raised by motion to dismiss' unless they include 'no disputed issues of fact'"). At this early juncture, the Court is not in a position to say how well publicized, *e.g.*, the No-Generics Restraints were or how well publicized the *AHF* lawsuit was. Thus, the Court cannot hold that it would be impossible for Plaintiffs to show they cannot be charged with knowledge of the alleged anticompetitive conduct well before the limitations period. *Cf. Conmar*, 858 F.3d at 503 (acknowledging that information was mentioned in a few news articles but "[c]ases refusing to toll the statute of limitations for fraudulent concealment have required more to find *as a matter of law* that sufficient facts were available to put the plaintiff on notice of his or her claims") (emphasis added).

On the other hand, the Court does find implausible Plaintiffs' claim that they could not could not have discovered the anticompetitive conduct at issue "until on or about May 14, 2019," KPH Compl. ¶ 418, which is the date that the *Staley* plaintiffs (the indirect purchasers) filed the lead case (*i.e.*, No. C-19-2573 EMC). In order for the *Staley* plaintiffs to file their suit on May 14, 2019, they had to have been on inquiry notice earlier. Plaintiffs have not explained why the same would not be true for themselves. Moreover, Plaintiffs cannot rest on conclusory allegations that they could not have known of the anticompetitive conduct until the *Staley* plaintiffs filed suit. *See Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) (stating that



United States District Court
Northern District of California