**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID J. CATANZARO,**<br><br>PLAINTIFF<br>v.<br><br>**GOOGLE LLC;**<br>**YOUTUBE.COM; & APPLE INC.,**<br><br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br><br>**JURY TRIAL DEMANDED**<br><br>No.: 3:22—CV—01754 |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT OR, ALTERNATIVELY, FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), OR ALTERNATIVELY, FED. R. CIV. P. 60(b)(1)**

FILED
SCRANTON
SEP 08 2026
PER ____ DEPUTY CLERK

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

TABLE OF STATUTES AND RULES .......... iii

PROCEDURAL HISTORY .......... 1

STATEMENT OF FACTS .......... 1

STATEMENT OF QUESTIONS INVOLVED .......... 2

I. INTRODUCTION .......... 2

II. STANDARD .......... 4

III. THE RULE 15(c) NOTICE DETERMINATION RELIED UPON EXTRA-PLEADING MATERIAL WITHOUT THE CONVERSION REQUIRED BY RULE 12(d) .......... 5

IV. THE OMITTED OBJECTIONS EXHIBIT A DIRECTLY BEARS UPON THE FACTUAL RELATIONSHIP THE COURT RESOLVED AGAINST PLAINTIFF .......... 9

V. THE COURT'S NOTICE DETERMINATION ALSO RESTED UPON A MATERIAL MISCHARACTERIZATION OF THE ORIGINAL COMPLAINT .......... 12

VI. THESE ERRORS WERE MATERIAL TO THE DISPOSITIVE BASIS OF THE JUDGMENT .......... 17

VII. RELIEF REQUESTED .......... 19

## TABLE OF AUTHORITIES

*Bensel v. Allied Pilots Ass'n*,

387 F.3d 298 (3d Cir. 2004) .......................................................... 14

*Catanzaro v. AliExpress*,

No. 3:22-cv-01768 (M.D. Pa.) .......................................................... 15

*In re Asbestos Products Liability Litigation (No. VI)*,

822 F.3d 125 (3d Cir. 2016) .......................................................... 8

*Kedra v. Schroeter*,

876 F.3d 424 (3d Cir. 2017) .......................................................... 14

*Lazaridis v. Wehmer*,

591 F.3d 666 (3d Cir. 2010) .......................................................... 4

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,

176 F.3d 669 (3d Cir. 1999) .......................................................... 4

*Phillips v. AWH Corp.*,

415 F.3d 1303 (Fed. Cir. 2005) (en banc) .......................................... 17

*Rivera v. New Castle County Police Department*,

152 F.4th 147 (3d Cir. 2025) .......................................................... 9, 19

*Schmidt v. Skolas*,

770 F.3d 241 (3d Cir. 2014) .......................................................... 9

*Staley v. Gilead Sciences, Inc.*,

2021 WL 4972628 (N.D. Cal. Mar. 12, 2021) ........................................... 7

**TABLE OF STATUTES AND RULES**

**Statutes**

35 U.S.C. § 271(b) ........................................................... 1, 4, 13, 14, 16

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 4(m) ........................................................................ 10, 11

Fed. R. Civ. P. 12(b)(6) .................................................. 1, 3, 5, 8, 9, 12, 14

Fed. R. Civ. P. 12(d) ............................................................... 2, 5, 8, 20

Fed. R. Civ. P. 15(c) .......................................1, 2, 4, 5, 7, 9, 10, 14, 18, 19

Fed. R. Civ. P. 15(c)(1)(C)(i) ..................................................... 2, 10, 18

Fed. R. Civ. P. 56 ........................................................................ 2, 8, 20

Fed. R. Civ. P. 56(d) ........................................................................... 20

Fed. R. Civ. P. 59(e) ................................................................... 2, 4, 19

Fed. R. Civ. P. 60(b)(1) ........................................................... 2, 4, 5, 20

## PROCEDURAL HISTORY

Plaintiff commenced this action on November 3, 2022. (Doc. 1). The Fifth Amended Complaint became the operative pleading. (Doc. 71). The remaining Defendants moved to dismiss under Rule 12(b)(6). (Doc. 114). Plaintiff moved to transfer venue. (Doc. 145). The Magistrate Judge issued the Report and Recommendation ("R&R") (Doc. 164), recommending dismissal and denial of the transfer motion as moot. Plaintiff filed objections. (Doc. 170). On August 13, 2026, the Court adopted the R&R in its entirety, granted the motion to dismiss, denied the transfer motion as moot, and closed the case. (Doc. 172).

## STATEMENT OF FACTS

The Original Complaint reserved amendment upon discovery of the identities of fictitious defendants and expressly alleged induced infringement, contributory infringement, and knowing active inducement under 35 U.S.C. § 271(b). (Doc. 1 ¶¶ 6, 15, 18). The later pleadings particularized the alleged mechanisms of indirect infringement. (Doc. 33 ¶¶ 31–34). In resolving Rule 15(c) notice, the August 13 Order discussed Plaintiff's reliance on publicly available search results and exhibits and found that the original defendants and moving parties were "not so closely related in their operations" that notice could be imputed. (Doc. 172 at 7–9). Plaintiff's August 10 supporting brief also identified a Walmart exhibit bearing on imputed notice, but counsel inadvertently failed to attach it.

## STATEMENT OF QUESTIONS INVOLVED

1. Whether Rule 59(e) relief is warranted where the Rule 15(c)(1)(C)(i) notice determination involved extra-pleading material and an operational-relationship finding without Rule 12(d)/Rule 56 treatment.
2. Whether reconsideration is warranted where the August 13 Order characterized the Original Complaint as asserting direct infringement "rather than claims for 'induced infringement,'" although Doc. 1 expressly pleaded induced and contributory infringement.
3. Whether the omitted Objections Exhibit A warrants alternative Rule 60(b)(1) relief, and whether vacatur requires restoration of the transfer motion while permitting separate treatment of any genuinely new systemic allegations.

## I. INTRODUCTION

Plaintiff respectfully requests that the Court alter or amend its August 13, 2026 judgment pursuant to Federal Rule of Civil Procedure 59(e), or alternatively grant relief under Rule 60(b)(1).

This motion does not merely repeat Plaintiff's objections to the Report and Recommendation ("R&R") (Doc. 164). It identifies clear procedural and factual errors bearing directly upon the dispositive Rule 15(c)(1)(C)(i) notice determination.

First, although Defendants moved under Rule 12(b)(6), both the R&R and the August 13 Order evaluated Plaintiff's notice position by reference to matters outside the pleadings, including Plaintiff's publicly available search results and exhibits, and then determined that those materials were insufficient to prove constructive notice. The R&R expressly excluded Document 120-1, but did not similarly exclude the separately docketed factual exhibits at Documents 120-2 through 120-13. When addressing notice, the R&R expressly described Plaintiff's position as supported by "publicly available search results and Plaintiff's exhibits." The District Court repeated that description, stated that Plaintiff's argument "falls short in proving constructive notice," and made the affirmative factual determination that the original Defendants and moving Defendants "are not so closely related in their operations" that notice could be imputed.

Second, Plaintiff's August 10, 2026 supporting brief expressly identified an additional exhibit ("Objections Exhibit A") concerning Walmart's relationship with the remaining Defendants and stated that it could support an inference of imputed notice through Walmart. Through counsel's inadvertence, that exhibit was not physically attached. Three days later, the Court made the precise factual determination to which the exhibit was directed: that the parties were not sufficiently closely related in their operations for notice to be imputed.

Third, the August 13 Order reached that notice determination in material part by describing the Original Complaint as asserting direct retail infringement "rather than claims for 'induced infringement.'" That premise is contradicted by the Original Complaint itself, which expressly alleged induced infringement, contributory infringement, and knowing active inducement under 35 U.S.C. § 271(b).

These errors directly affected the dispositive Rule 15(c) notice determination and warrant alteration or amendment of the judgment.

## II. STANDARD

A Rule 59(e) motion permits alteration or amendment of a judgment where there has been an intervening change in controlling law, previously unavailable evidence, or a need to correct clear error of law or fact or prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Plaintiff principally invokes the third ground: correction of clear legal and factual error and prevention of manifest injustice. The Third Circuit continues to apply that standard.

Rule 60(b)(1) alternatively permits relief from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." Plaintiff invokes Rule

60(b)(1) only to the extent necessary to address counsel's inadvertent omission of an exhibit expressly identified in Plaintiff's pre-judgment supporting brief.

**III. THE RULE 15(c) NOTICE DETERMINATION RELIED UPON EXTRA-PLEADING MATERIAL WITHOUT THE CONVERSION REQUIRED BY RULE 12(d)**

The motion resolved by the Court was a Rule 12(b)(6) motion. The R&R nevertheless evaluated Plaintiff's Rule 15(c) notice theory through materials outside the pleadings. Plaintiff raised this precise procedural concern in his objections, expressly arguing that the R&R employed a standard more appropriate to summary judgment, resolved factual inconsistencies in Defendants' favor, and prematurely resolved fact-dependent Rule 15(c) issues without discovery. The present motion identifies Rule 12(d) as the procedural consequence of the Court's subsequent decision to reject that objection while evaluating the extra-pleading material and making an affirmative operational-relationship finding.

The distinction is apparent from the R&R itself. On page 9, the R&R expressly excluded Plaintiff's separately filed 27-page rebuttal at Document 120-1 because the Magistrate Judge concluded that it exceeded the authorized page limitation. The R&R did not similarly exclude Plaintiff's separately docketed factual exhibits at Documents 120-2 through 120-13.

When the R&R later addressed the dispositive notice question, it specifically recounted Plaintiff's contention that the remaining Defendants had constructive notice because:

"[A]ll current Defendants had access to both the '959 patent and this litigation, as confirmed by publicly available search results and Plaintiff's exhibits."

The R&R then evaluated that position and concluded that Plaintiff failed to establish actual or constructive notice.

The District Court repeated the same evidentiary analysis. Significantly, Plaintiff's filed brief expressly argued that "the standard applied in the R&R is more congruent to the standard applied on a motion for summary judgment, rather than one on a motion to dismiss" (Doc. 170-1 at 11, second full paragraph), and immediately thereafter stated that "The R&R appears to do the opposite—resolving factual inconsistencies in the light most favorable to the moving parties." (Id. at 12, first full paragraph). [1]

Nevertheless, after stating that it had reviewed Plaintiff's objections "and the record," the Court again recounted Plaintiff's reliance upon publicly available search results and "Plaintiff's exhibits," and held:

"[W]e agree with Judge Caraballo that this argument falls short in proving constructive notice."

The Court then went beyond determining what allegations appeared on the face of a pleading and made an affirmative determination concerning the parties' actual operational relationship:

"Accordingly, we find that the original defendants and the moving parties in this action are not so closely related in their operations that filing suit against the original parties somehow serves to provide notice to the moving parties."

The authority cited immediately before that finding does not support resolving the operational-relationship issue against Plaintiff. Doc. 172 at 9 relied upon *Staley v. Gilead Sciences, Inc.*, 2021 WL 4972628, at **18 (N.D. Cal. Mar. 12, 2021)* (relevant page attached as Exhibit B), for the proposition that "the fact that information was public does not automatically mean that a plaintiff should be deemed to have constructive knowledge." But *Staley* was not a Rule 15(c) notice case and did not address whether notice to one defendant may be imputed to another through sufficiently related business operations. It addressed constructive knowledge in a statute-of-limitations context and treated the significance of publicly available information as a fact-intensive inquiry. Thus, *Staley* does not support the Court's ensuing conclusion that Walmart and the moving Defendants

[1] Unless otherwise noted, page citations to docketed filings refer to the ECF-stamped pagination appearing in the docket header.

were insufficiently related for notice to be imputed; that separate factual question required consideration of the parties' actual operational relationships and, at minimum, factual development rather than resolution against Plaintiff on a Rule 12(b)(6) record.

Rule 12(d) provides that when matters outside the pleadings are presented and not excluded on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56," and all parties must receive a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d).

The Third Circuit has applied this requirement directly. In *In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 133–35 (3d Cir. 2016), the court held that reliance upon facts outside the complaint constituted procedural error under Rule 12(b)(6), and reiterated that when outside matters are considered, Rule 12(d) requires treatment of the motion under Rule 56. The Third Circuit vacated where the district court resolved a factual relationship using material outside the pleading without properly applying the required procedure and standard. Id. at 134–35.

No Rule 12(d) conversion occurred here. Plaintiff received no notice that Defendants' Rule 12(b)(6) motion was being converted to summary judgment and no opportunity for discovery concerning the facts upon which the notice determination depended, including the nature of Defendants' operational

relationships, contractual communications, account-management channels, internal routing procedures, or transmission of notice.

Nor could judicial notice of publicly available materials authorize the Court to resolve disputed factual inferences against Plaintiff. *Rivera v. New Castle County Police Department*, 152 F.4th 147 (3d Cir. 2025), confirms that disputed factual matters bearing upon Rule 15(c) and limitations may not be resolved adversely to a plaintiff at the Rule 12(b)(6) stage. The Third Circuit held that the district court improperly resolved a factual dispute in granting a Rule 12(b)(6) limitations dismissal and reiterated that, unless the limitations bar is apparent on the face of the complaint, it cannot support dismissal under Rule 12(b)(6). Id. at 152-53; see also *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Accordingly, the dispositive notice determination cannot stand under the procedure employed.

**IV. THE OMITTED OBJECTIONS EXHIBIT A DIRECTLY BEARS UPON THE FACTUAL RELATIONSHIP THE COURT RESOLVED AGAINST PLAINTIFF**

A separate but closely related issue concerns the additional Objections Exhibit A expressly identified in Plaintiff's August 10 supporting brief.

Counsel specifically stated in footnote 6:

"For example, Catanzaro's Exhibit 'A' regarding Walmart's online advertising strategies could, if assumed true, lead a factfinder to conclude that remaining Defendants received some sort of imputed notice through Walmart."

Thus, the existence, subject matter, and purpose of this exhibit were expressly identified to the Court before judgment. The physical document was inadvertently omitted from counsel's filing. Only three days after counsel filed Plaintiff's objections and supporting brief, the District Court entered its final ruling. Counsel therefore had only an extremely limited opportunity to identify and cure the inadvertent omission by filing the referenced Objections Exhibit A before judgment was entered.

The attached Objections Exhibit A is Walmart's January 24, 2022 publication describing its conversational-shopping operations. Walmart states that it "developed external partnerships with Apple and Google," "led several product pilots" using "both the Siri and Google Assistant platforms," and that "[v]oice shopping is now available on both platforms."

The timing makes Objections Exhibit A especially relevant to the Rule 15(c)(1)(C)(i) notice inquiry. The August 13 Order itself recognized that the Court had extended the Rule 4(m) period through May 3, 2023. Doc. 172 at 6–7. Walmart was served on April 18, 2023, within that extended period. Thus, Objections Exhibit A identifies a potential notice channel through an original Defendant that

had already been formally served during the operative Rule 4(m) period; whether notice actually traveled through that channel turns on nonpublic communications and routing evidence that has never been developed.

Plaintiff does not contend that this exhibit, standing alone, conclusively proves that Google or Apple received notice of this litigation. That was not counsel's original representation. Counsel expressly stated only that the evidence could permit a factfinder to infer imputed notice through Walmart, an original defendant.

Its significance is instead that it supplies concrete evidence of an existing commercial and technological relationship bearing directly upon the factual issue the Court resolved adversely to Plaintiff.

Only three days after counsel expressly identified that evidence, the Court found that the original Defendants and moving Defendants were **"not so closely related in their operations"** that commencement of the action against the original Defendants could provide notice to the moving Defendants.

The precise character of those relationships—including any contractual notification provisions, legal-notice procedures, account-management communications, internal routing mechanisms, and communications concerning the accused products or this action—is not publicly available and has never been the subject of discovery.

Accordingly, the inadvertently omitted Objections Exhibit A reinforces why the Court's operational-relationship determination involved a factual question that could not properly be resolved against Plaintiff on the existing Rule 12(b)(6) record.

## V. THE COURT'S NOTICE DETERMINATION ALSO RESTED UPON A MATERIAL MISCHARACTERIZATION OF THE ORIGINAL COMPLAINT

The procedural error was materially compounded by an incorrect factual premise concerning Plaintiff's Original Complaint.

In explaining why an identity of interest did not exist, the August 13 Order stated that the Original Complaint alleged infringement against retailers based upon their direct sales of the accused products "rather than claims for 'induced infringement'" asserted against the remaining Defendants in the Fifth Amended Complaint.

The Court then stated that Plaintiff had asserted "different types of claims of infringement against different parties and entities" and relied upon that perceived difference in concluding that there was "no reason" for the moving Defendants to believe the '959-patent allegations would be brought against them.

The Original Complaint itself establishes otherwise. It expressly pleaded unidentified defendants and reserved amendment upon discovery of their identities:

**Doc. 1 at 2–3, ¶ 6:**

"Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend the complaint to add said defendants upon discovery of their identities."

The Original Complaint then expressly alleged inducement and contributory infringement:

**Doc. 1 at 4, ¶ 15:**

"Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent."

It separately alleged knowing and active inducement under § 271(b):

**Doc. 1 at 4, ¶ 18:**

"Upon information and belief, Defendant has also infringed claims 1, 4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b)."

The Third Amended Complaint (Doc. 33) and Fifth Amended Complaint (Doc. 71) did not introduce inducement or contributory infringement as new types of patent-infringement claims. They repeated and particularized the same indirect-infringement theories already pleaded in Doc. 1, while adding factual allegations concerning how the subsequently identified Defendants allegedly participated in that infringement. Allegations that Defendants engaged in "advertising," "aiding in

advertising," "offering for sale," and "aiding in the sale" describe the mechanisms by which Plaintiff alleged that those Defendants induced or contributed to infringement; they do not transform the previously pleaded inducement and contributory-infringement theories into new causes of action. See Doc. 33 ¶¶ 31–34. Likewise, allegations of willful blindness further particularize the knowledge component of Plaintiff's § 271(b) inducement theory. Thus, even if the Fifth Amended Complaint added broader systemic allegations extending beyond the '959 patent, those allegations could be addressed separately without extinguishing the '959-patent inducement and contributory-infringement claims expressly pleaded in Doc. 1.

The Third Circuit's pleading and relation-back principles reinforce this distinction. In *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), the court explained that amendments which restate an original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct fall within Rule 15(c), and that the inquiry searches for a "common core of operative facts" between the pleadings. Likewise, *Kedra v. Schroeter*, 876 F.3d 424, 441 (3d Cir. 2017), instructs that, on a Rule 12(b)(6) motion, the complaint must be considered "in its entirety" and "as a whole," rather than by isolating individual allegations. Here, the later allegations particularized how Defendants

allegedly carried out the inducement and contributory infringement already pleaded in Doc. 1; they did not erase or transform those original claims.

The Court could have declined relation back, dismissed, or severed whatever genuinely new systemic claims it believed were first asserted in the Fifth Amended Complaint. What it could not properly do was treat those later-added allegations as though inducement itself were new, and on that premise dismiss with prejudice the entire action, including the '959-patent inducement and contributory-infringement theories expressly pleaded in Doc. 1.

Counsel specifically brought this discrepancy to the Court's attention in the objections. The August 10 supporting brief explained that the Original Complaint did not merely allege direct infringement but expressly included contributory infringement and inducement.

This is therefore not simply a disagreement concerning how broadly the Original Complaint should be interpreted. The pleading literally contains induced- and contributory-infringement allegations.

The manifest nature of this factual error is further corroborated by Magistrate Judge Caraballo's treatment of materially identical pleading language in Plaintiff's related action, *Catanzaro v. AliExpress*, No. 3:22-cv-01768. In that action, the R&R expressly quoted the allegation that "Defendants have infringed, induced others to infringe, and/or contributorily infringed" the '959 patent, Doc. 155 at 9,

and separately quoted the allegation that Defendants "knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b)," id. at 10. **(relevant pages attached as Exhibit C).** The Original Complaint here contains the same material allegations. Doc. 155 is not offered as independent legal precedent, but as corroboration that the pleading language at issue expressly alleges inducement and contributory infringement. The characterization in Doc. 172 that the Original Complaint alleged direct infringement "rather than claims for 'induced infringement'" therefore cannot be reconciled with the actual text of Doc. 1. **The same court treated materially identical pleading language one way in the AliExpress case and the opposite way in this case, and that inconsistency affected the dispositive reasoning.**

The error was material because the Court used the supposed distinction between an original direct-retailer case and later induced-infringement claims as part of its reasoning for finding that the parties lacked a sufficiently close relationship for notice to be imputed.

Once the Original Complaint is read according to its actual allegations, the premise underlying that portion of the notice determination changes substantially. Plaintiff alleged indirect infringement from the inception of the action and expressly named Does 1 through 50, stating that Plaintiff did "not know the true identities" of those defendants but reserved the right to amend the complaint "upon discovery of their

identities." Doc. 1 ¶ 6. Thus, the Original Complaint itself contemplated later identification of additional defendants while already alleging inducement and contributory infringement of the same '959 patent.

The Magistrate Judge in his R&R, along with the August 13 Order, also materially mischaracterized the scope of the '959 patent itself. Doc. 172 at 9 describes the '959 patent as one "which describes an 'assembly comprising a toothbrush'." But none of the eight claims of the '959 patent recites or requires a toothbrush. The claims instead recite an "article assembly" and an "article," without limiting the claimed article to a toothbrush. The toothbrush appears in the patent's abstract and specification, including the Background and Summary of the Invention, but not as a limitation in any of the eight claims. See *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13, 1323 (Fed. Cir. 2005) (en banc). This distinction matters because the Court expressly relied upon that narrowed characterization in concluding that there was "no reason" for the moving Defendants to anticipate that the '959-patent allegations would be asserted against them.

## VI. THESE ERRORS WERE MATERIAL TO THE DISPOSITIVE BASIS OF THE JUDGMENT

These errors directly affected the dispositive basis of the judgment.

The August 13 Order expressly states that the pending motion **"hinges on whether"** the claims in the Fifth Amended Complaint relate back under Rule 15(c).

After reviewing Plaintiff's objections, the District Court selected notice under Rule 15(c)(1)(C)(i) as the dispositive issue and concluded that Plaintiff had failed to establish it.

The Court then expressly stated that, because Plaintiff had failed to satisfy that Rule 15(c) requirement, it **"need not address the plaintiff's remaining contentions."**

Thus, the improper treatment of extra-pleading evidence, the adverse factual determination concerning the parties' operational relationship, and the mischaracterization of the Original Complaint all bear directly upon the ground upon which judgment was entered.

Even assuming that certain broader systemic allegations first appearing in the Fifth Amended Complaint constituted new matter that did not relate back, that conclusion could not justify dismissal with prejudice of the entire action. The '959-patent inducement and contributory-infringement theories were expressly pleaded in Doc. 1 and continued in the later pleadings. Any genuinely new allegations could have been addressed separately; they did not provide a basis to extinguish the timely pleaded indirect-infringement claims along with them.

The Third Circuit's decision in *Rivera* is particularly instructive. There, the district court dismissed on Rule 15(c)/limitations grounds, denied reconsideration, and the Court of Appeals vacated because the wrong Rule 15(c) analysis and resolution of disputed factual inferences infected the dismissal. Reconsideration is therefore appropriate before appellate proceedings are necessary.

**VII. RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion pursuant to Rule 59(e), alter or amend the August 13, 2026 judgment, vacate the dismissal of Plaintiff's claims against Google LLC, YouTube.com, and Apple Inc., and reconsider the Rule 15(c) notice determination under the proper procedural standard.

Plaintiff further requests that the Court vacate the portion of the August 13, 2026 Order denying Plaintiff's Motion to Transfer Venue (Doc. 145) as moot. Because that disposition resulted from the dismissal challenged here, alteration or vacatur of the judgment removes the basis upon which the transfer motion was declared moot. Plaintiff therefore requests that the transfer motion be restored and decided before any further merits proceedings or factual development.

Alternatively, to the extent the Court concludes that any broader systemic allegations first appearing in the Fifth Amended Complaint do not relate back, Plaintiff respectfully requests that those allegations be addressed separately and

that the judgment be amended so that dismissal does not extend to the '959-patent inducement and contributory-infringement claims expressly pleaded in Doc. 1 and continued in the later pleadings. Those timely pleaded claims should not be extinguished merely because the Fifth Amended Complaint also contained broader allegations that the Court may determine do not relate back.

Because it is apparent from the R&R and the August 13 Order that the Court considered matters outside the pleadings in resolving notice, identity of interest, or the parties' operational relationships, Plaintiff respectfully requests that the Court vacate the judgment and proceed in accordance with Rule 12(d), with the procedural protections applicable under Rule 56, including Rule 56(d), and an appropriate opportunity for factual development concerning those matters.

Plaintiff further requests that the Court accept the attached **Objections Exhibit A,** which counsel expressly identified in Plaintiff's August 10, 2026 supporting brief but inadvertently failed to attach, and consider that exhibit in connection with the factual relationship the Court resolved in its August 13 Order.

Alternatively, Plaintiff requests relief under Rule 60(b)(1) based upon counsel's inadvertent omission of the expressly identified Objections Exhibit A.

Respectfully Submitted,

Date: September 4, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

Pursuant to M.D. Pa. L.R. 7.8(b)(2), I certify that this brief contains 4,513 words, as calculated by the word-processing system used to prepare it, and does not exceed the 5,000-word limit.

Respectfully submitted,

DAVID J. CATANZARO
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I, David Catanzaro, do hereby certify that I sent a true and accurate copy of Plaintiff's Brief in Support of Motion to Alter or Amend Judgment or, Alternatively, for Relief from Judgment, Objections Exhibit A, Exhibit B and Exhibit C in the above-captioned case on this 4th day of September, 2026 via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

Date: September 4, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com