IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. CATANZARO, | : | Civil Case No. 3:22-CV-01754-JFS-DFB |
| | : | (Judge Joseph F. Saporito Jr.) |
| Plaintiff | : | (Referred to Judge Phillip J. Caraballo) |
| | : | |
| v. | : | |
| | : | |
| LYKART TECHNOLOGIES LLC, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT OR, ALTERNATIVELY, FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), OR ALTERNATIVELY, FED. R. CIV. P. 60(b)(1)**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. Magistrate Judge Caraballo Issues a Report and Recommendation to Grant Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 15(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Plaintiff, Briefly Represented By Counsel, Objects to the Report and Recommendation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C. The Court Adopts the Report and Recommendation . . . . . . . . . . . . . . 2

D. Plaintiff's Counsel Withdraws His Representation and Plaintiff Files the Present Motion *Pro Se* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF QUESTIONS INVOLVED . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. Plaintiff Offers No Viable Ground for Relief Under Rule 59(e) . . . . . 4

A. Plaintiff Identifies No Clear Error of Law or Fact, and Instead Reargues His Objections to the Report and Recommendation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. Plaintiff Identifies No Intervening Change in Controlling Law or Previously Unavailable Evidence . . . . . . . . . . . . . . . . 11

II. Plaintiff Fails to Present Any Viable Ground for Relief Under Rule 60(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

*Cases* **Pages**

*Adkins v. Wetzel*,
No. 13-3652, 2014 WL 4088482 (E.D. Pa. Aug. 18, 2014) . . . . . . . . . . . . . 13-14

*Anza Tech., Inc. v. Mushkin, Inc.*,
934 F.3d 1359 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Averill v. Jones*,
No. 12-599, 2019 WL 3804686 (D. Del. Aug. 13, 2019) . . . . . . . . . . . . . . 14-15

*Ballard v. Williams*,
No. 10-1456, 2012 WL 4435118 (M.D. Pa. Sept. 24, 2012) . . . . . . . . . . . . . . . . 8

*Bohus v. Beloff*,
950 F.2d 919 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Catanzaro v. AliExpress*,
No. 22-1768, 2026 WL 2687506 (M.D. Pa. July 24, 2026) . . . . . . . . . . . . . 2, 10

*Cavalli v. Port of $ale, Inc.*,
No. 12-9, 2013 WL 1686700 (D.V.I. Apr. 18, 2013) . . . . . . . . . . . . . . . . . . . . 14

*Coombs v. DiGuglielmo*,
No. 4-1841, 2019 WL 13423771 (E.D. Pa. Apr. 2, 2019) . . . . . . . . . . . . . . . . . 12

*D'Angio v. Borough of Nescopeck*,
56 F. Supp. 2d 502 (M.D. Pa. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Flexuspine, Inc. v. Globus Med., Inc.*,
879 F.3d 1369 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hawes v. Mahalley*,
No. 17-5316, 2020 WL 1508267 (E.D. Pa. Mar. 30, 2020) . . . . . . . . . . . . . 13-14

## TABLE OF AUTHORITIES
*(continued)*


*Cases* **Pages**

*Hutchinson v. United States*,
No. 6-173, 2014 WL 2450868 (M.D. Pa. June 2, 2014) . . . . . . . . . . . . . . . . . . . 12

*Ibarra v. W.Q.S. U. Radio Broad. Org.*,
218 F. App'x 169 (3d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*ISPEC, Inc. v. Tex R.L. Indus., Inc.*,
No. 12-4339, 2014 WL 4162858 (D.N.J. Aug. 20, 2014) . . . . . . . . . . . . . . . . . .13

*Jackson v. Comm'r NJSP*,
No. 00-4875, 2005 WL 3542465 (D.N.J. Dec. 27, 2005) . . . . . . . . . . . . . . . . . . 8

*Lakeland Bank v. Sun-Re Cheese Corp.*,
No. 22-1076, 2024 WL 4536455 (M.D. Pa. Oct. 21, 2024) . . . . . . . . . . . . . . .5-6

*Lampon-Paz v. United States*,
No. 22-239, 2023 WL 2946125 (D.N.J. Apr. 14, 2023) . . . . . . . . . . . . . . . . . . 12

*Lazaridis v. Wehmer*,
591 F.3d 666 (3d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4-5

*McClain v. Hoover*,
No. 21-992, 2026 WL 2280636 (M.D. Pa. Aug. 7, 2026) . . . . . . . . 4-7, 9, 11, 12

*Ogden v. Keystone Residence*,
226 F. Supp. 2d 588 (M.D. Pa. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Piotrowski v. Federman & Phelan, LLP*,
No. 5-1455, 2005 WL 3504103 (M.D. Pa. Dec. 21, 2005) . . . . . . . . . . . . . . . . . 6

*Robinson v. Krueger*,
No. 16-103, 2016 U.S. Dist. LEXIS 170331 (M.D. Pa. 2016) . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES
*(continued)*

*Cases* **Pages**

*Roland v. Gensamer*,
No. 20-144, 2022 WL 3921013 (W.D. Pa. Aug. 31, 2022) . . . . . . . . . . . . . . . . . . 7

*Sgagias v. Newberry Twp. Police Dep't*,
No. 24-1632, 2026 WL 1165782 (M.D. Pa. Apr. 29, 2026) . . . . . . . . . . . . . . . . . 6

*Umoja Erectors, LLC v. D.A. Nolt, Inc.*,
No. 20-5046, 2024 WL 3635669 (E.D. Pa. July 16, 2024) . . . . . . . . . . . . . . . . 5-6

*Williams v. Pittsburgh*,
32 F. Supp. 2d 236 (W.D. Pa. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*York Int'l Corp. v. Liberty Mut. Ins. Co.*,
140 F. Supp. 3d 357 (M.D. Pa. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Statutes & Rules*

Fed. R. Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Civ. P. 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Civ. P. 60(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Other Authorities*

15 Charles A. Wright & Arthur R. Miller,
Fed. Prac. & Proc. Juris. § 1499 (4th ed. May 2025 Update) . . . . . . . . . . . . . . 14

Defendants Google LLC ("Google"), YouTube, LLC ("YouTube"), and Apple Inc. ("Apple") (collectively, "Defendants") respectfully submit their Opposition to Plaintiff's Motion to Alter or Amend Judgment or, Alternatively, for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e), or Alternatively, Fed. R. Civ. P. 60(b)(1), Dkt. Nos. 175, 176.

## INTRODUCTION

Although Plaintiff's motion purports to seek relief under Rules 59(e) and 60(b)(1), Plaintiff fails to identify any material error of law or fact that would justify altering or amending the Court's decision granting Defendants' motion to dismiss. Instead, Plaintiff's motion rehashes arguments previously rejected by the Court. Although Plaintiff emphasizes a "new" public document, he admits that this doubly belated exhibit could not save his claims from dismissal, even if the Court entertained it at this late hour. Plaintiff offers no valid basis to disturb the Court's ruling, and the Court should deny Plaintiff's motion in its entirety.

## PROCEDURAL BACKGROUND

The Court's Order adopting the report and recommendation of Magistrate Judge Caraballo sets forth the lengthy procedural background of this action. Dkt. No. 172; *see* Docket No. 164. For the sake of brevity, Defendants recite only the procedural background relevant to the instant motion.

### A. Magistrate Judge Caraballo Issues a Report and Recommendation to Grant Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 15(c)

On July 6, 2026, Magistrate Judge Caraballo issued a report and recommendation that this Court grant Defendants' motion to dismiss. Dkt. No. 164. On July 24, Magistrate Judge Caraballo also issued a report and recommendation that this Court deny Plaintiff's motion for default judgment against parties to his related action. *Catanzaro v. AliExpress*, No. 22-1768, 2026 WL 2687506 (M.D. Pa. July 24, 2026).

### B. Plaintiff, Briefly Represented By Counsel, Objects to the Report and Recommendation

On August 10, 2026, attorney Ryan Campbell entered a notice of appearance on behalf of the Plaintiff and filed objections to Magistrate Judge Caraballo's report and recommendation. Dkt. Nos. 170, 171.

### C. The Court Adopts the Report and Recommendation

On August 13, 2026, the Court issued its order adopting Magistrate Judge Caraballo's report and recommendation, granting defendants' motion to dismiss, denying Plaintiff's motion to transfer as moot, and ordering the Clerk to close the case. Dkt. No. 172. The Clerk closed the case later that same day.

### D. Plaintiff's Counsel Withdraws His Representation and Plaintiff Files the Present Motion *Pro Se*

On September 2, 2026, Plaintiff's counsel Mr. Campbell filed a motion to withdraw on the basis that Plaintiff and Mr. Campbell "arrived at a fundamental disagreement regarding . . . [the] preservation of all appellate rights related to the Action" and that Plaintiff's "legal position is in direct contradiction to that of Counsel[.]" *See* Dkt. No. 173 ¶¶ 7, 12. On September 8, Mr. Catanzaro filed the present Motion. Dkt. Nos. 175, 176.

## STATEMENT OF QUESTIONS INVOLVED

1. Has Plaintiff met his burden under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's Order of August 13, 2026, granting Defendants' motion to dismiss?

2. Has Plaintiff met his burden under Federal Rule of Civil Procedure 60(b)(1) such that he should be relieved from the Court's Order of August 13, 2026, granting Defendants' motion to dismiss?

## ARGUMENT

Plaintiff presents no basis on which the Court could grant extraordinary relief under Rule 59(e) or 60(b)(1), and instead seeks to relitigate arguments that he has pressed in more than 60 pages of briefing, not including his appellate filings,

since Defendants filed their motion to dismiss over one year ago.[1] The only "new" information Plaintiff puts forth is a single exhibit, a 2022 internet article his briefly appearing attorney omitted from a filing. But Plaintiff never raised this exhibit prior to the Court issuing its report and recommendation. Plaintiff does not suggest this public document, dated January 24, 2022, was unavailable during any point in over one year of briefing. Plaintiff moreover appears to concede that this document, had the Court considered it, would not matter: a commercial relationship between an original Defendant and Google, YouTube, or Apple would be insufficient to meet the notice prong of the 15(c) analysis as a matter of law. And in any event, Plaintiff would still have failed to meet his burden on the other two prongs, requiring dismissal. Plaintiff points to no clear error or previously unavailable fact or law warranting the relief Plaintiff seeks. No further pages, public or otherwise, could save this beleaguered action from demise.

## I. Plaintiff Offers No Viable Ground for Relief Under Rule 59(e)

A motion under Rule 59(e) of the Federal Rules of Civil Procedure "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or

---

[1] Plaintiff has submitted over 70 pages of argument concerning the issues raised in this duplicative motion, excluding his 27-page "exhibit" containing further legal arguments. *See* Dkt. Nos. 120, 123, 146, 153, 162.

to prevent manifest injustice." *McClain v. Hoover*, No. 21-992-JFS, 2026 WL 2280636, at *1 (M.D. Pa. Aug. 7, 2026) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).[2] "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999). Rule 59(e) motions are "not to be used as a means to reargue matters already argued and disposed," *McClain*, 2026 WL 2280636, at *1 (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)), and "may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *McClain*, 2026 WL 2280636, at *1 (quoting *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 361 (M.D. Pa. 2015)).

### A. Plaintiff Identifies No Clear Error of Law or Fact, and Instead Reargues His Objections to the Report and Recommendation

There is no clear error here. Indeed, Plaintiff admits that the Court has already considered and rejected the arguments in his Motion.[3] A "motion to alter judgment should only address factual and legal matters that the Court may have

[2] The Federal Circuit "applies regional circuit law," here the Third Circuit, "to review the denial of a Rule 59(e) motion to alter or amend a judgment." *Flexuspine, Inc. v. Globus Med., Inc.*, 879 F.3d 1369, 1375 (Fed. Cir. 2018).

[3] Plaintiff's brief contains a run-of-the-mill reconsideration motion with a Rule 59 caption. Because his motion is really one for reconsideration of an order, and merely reargues issues considered and decided, it is also untimely under Local Rule 7.10.

overlooked," because it "is inappropriate to use a Rule 59(e) motion to 'reargue issues that the court has already considered and decided,'" *Lakeland Bank v. Sun-Re Cheese Corp.*, No. 22-1076, 2024 WL 4536455, at *2, *4 (M.D. Pa. Oct. 21, 2024) (quoting *Umoja Erectors, LLC v. D.A. Nolt, Inc.*, No. 20-5046, 2024 WL 3635669, at *1 (E.D. Pa. July 16, 2024)). A Rule 59(e) motion "is not properly grounded in a request for a district court to rethink a decision it has rightly or wrongly made." *McClain*, 2026 WL 2280636, at *2 (citing *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998)); *see also Sgagias v. Newberry Twp. Police Dep't*, No. 24-1632, 2026 WL 1165782, at *3 (M.D. Pa. Apr. 29, 2026). Courts in this District routinely deny motions under 59(e) which "reargue a matter that the court has already disposed of." *Piotrowski v. Federman & Phelan, LLP*, No. 05-1455, 2005 WL 3504103, at *2 (M.D. Pa. Dec. 21, 2005); *e.g.*, *Robinson v. Krueger*, No. 16-103, 2016 U.S. Dist. LEXIS 170331, at *1 (M.D. Pa. 2016).

Plaintiff argues that the Court improperly considered his exhibits in opposition to Defendants' motion, while "exclud[ing] Plaintiff's separately filed 27-page rebuttal" because "it exceeded the authorized page limitation." Mot. at 5. But Plaintiff admits and indeed emphasizes that "plaintiff raised this precise procedural concern in his objections, expressly arguing that the R&R employed a standard more appropriate to summary judgment" which the Court expressly

considered in its order adopting the report and recommendation. *Id.* The Court explained that

> [P]laintiff objects to Judge Caraballo's report and recommendation generally, arguing that Judge Caraballo erroneously applied a standard more akin to that of a motion for summary judgment rather than liberally construing the plaintiff's complaint as a *pro se* litigant under a motion to dismiss standard.

Dkt. No. 172 at 4-5. This Court correctly explained, as did Judge Caraballo, that Plaintiff bears the burden to satisfy all elements of Rule 15(c), and thus "the burden to show that the defendants received such notice of the action." *Id.* at 6-7. Reviewing Plaintiff's showing, the Court found that "plaintiff has failed to do so here." *Id.* at 7. The Court thus did not "overlook" this argument; it found Plaintiff's argument unpersuasive. *See id.*; *see also* Dkt. No. 164 at 22; *McClain*, 2026 WL 2280636, at *2. The Court's consideration of Plaintiff's showing was both necessary and proper to the 15(c) analysis; "under Rule 15(c), a district court may consider relevant extrinsic evidence and is not confined to examination of just the pleadings themselves." *Roland v. Gensamer*, No. 20-144, 2022 WL 3921013, at *4 (W.D. Pa. Aug. 31, 2022). And the only "materials outside of the pleadings" relevant to Rule 15 were Plaintiff's own exhibits. Although Plaintiff briefly argues that the Court erred by not granting him discovery concerning his Rule 15 arguments, no discovery could cure Plaintiff's pleadings, which do not allege any

"substantially identical" interest between defendants and any original defendant. To the extent Plaintiff ever requested discovery into any issue relevant to Rule 15, the Court was well within its discretion to deny it insofar as it "would not advance Plaintiff's argument." *Jackson v. Comm'r NJSP*, No. 00-4875, 2005 WL 3542465, at *12 (D.N.J. Dec. 27, 2005); *see also Ballard v. Williams*, No. 10-1456, 2012 WL 4435118, at *6 (M.D. Pa. Sept. 24, 2012).

Next, Plaintiff repeats his Doe arguments (Mot. at 12-17), which he raised throughout multiple rounds of briefing. For example, Plaintiff's opposition to Defendants' motion to dismiss argued that

> [P]laintiff included Does 1-50 in the original 2022 complaint to preserve the right to later identify unnamed actors involved in selling, distributing, or promoting infringing Orbeez Crush products—particularly platforms and search engines, whose roles became clearer through ongoing investigation.

Dkt. No. 120 at 3-4; *see also id.* at 13 ("[P]laintiff included Does 1-50 in the original complaint, a recognized practice used to preserve claims where the underlying conduct is known but the responsible entities are not yet identifiable."). Plaintiff's reply in support of his motion to transfer includes the same argument:

> 'Does 1-50' were pled from inception to preserve claims against then-unidentified actors whose contributory and platform-based roles became clear through investigation. Under Rule 15(c)(1)(C), amendments relate back where they arise from the same transaction—here, the online sale and monetized promotion of the accused products. This is ordinary procedural evolution in complex, multi-entity infringement litigation.

Dkt. No. 153 at 2. The Court did not "overlook" this argument, but properly and expressly rejected it, finding that "the allegations in the live complaint against the remaining defendants do not arise out of the same conduct, transactions or occurrences asserted against the Doe defendants in the original complaint." Dkt. No. 164 at 19; *see id.* at 13-19; *McClain*, 2026 WL 2280636, at *2.

Plaintiff next attempts to reargue that the Court "mischaracterize[d]" the scope of the expired patent in suit, which Plaintiff argues does not "limit[] the claimed article to a toothbrush." Mot. at 17. To the extent any claim limitation is relevant to relation back analysis—which it is not—Plaintiff already raised this gripe in prior filings. Dkt. No. 120 at 5; Dkt. No. 123 at 4; Dkt. No. 165 at 4. And the Court expressly addressed it, using the precise description Plaintiff prefers. Dkt. No. 172 at 8 ("As Judge Caraballo noted, the original complaint alleged direct patent infringement concerning an article with a 'stand in the shape of a pair of feet' against retailers based on their sale of the allegedly infringing products.").

Finally, Plaintiff's motion relies heavily on the argument that the Court's dismissal order focused on his direct infringement claims and not his boilerplate inducement or contributory infringement allegations. *See* Mot. at 8, 16, 19-20. Again, Plaintiff unsuccessfully argued this point in multiple rounds of briefing. Plaintiff's opposition to Defendants' motion to dismiss repeatedly urged that "[t]he

original Complaint alleged inducement and contributory infringement by unnamed parties (Does 1-50), tied to the same products and conduct later attributed to Google, [YouTube], Apple, and Mozilla." Dkt. No. 120 at 1; *see also id*. at 6, 9, 11, 25, 29, 32, 35, 37. Again, the Court did not "overlook" but expressly considered and rejected Plaintiff's argument: "[T]he original complaint alleged *direct* patent infringement concerning an article with a 'stand in the shape of a pair of feet' against retailers based on their sale of the allegedly infringing products, rather than claims for '*induced* infringement' and *unjust enrichment* for the defendants' alleged enabling and facilitation of widespread patent infringement by third parties, as asserted in the fifth amended complaint." Dkt. No. 172 at 8-9 (emphasis added); *see also* Dkt. No. 164 at 21-22.[4] As the Court correctly found,

[4] Plaintiff also briefly argues that Judge Caraballo treated "materially identical pleading language" concerning induced infringement in this action and in his parallel action No. 22-1768 inconsistently. Mot. at 15. Plaintiff is incorrect. In the parallel action, Judge Caraballo held that Plaintiff's indirect infringement claims failed to state a claim against Defendants AnyPromo, Inc. or DHGate. In particular, Judge Caraballo explained that the complaint in that action advanced only "generalized allegations against the various defendants" and "fall short of stating an actionable claim for relief, as they fail to specify the means by which each defaulting defendant allegedly infringed the 959 patent." *Catanzaro v. AliExpress*, 2026 WL 2687506, at *3-4; *see* Dkt. No. 155 at 4; Dkt. No. 164 at 7-11. Plaintiff now appears to agree that his indirect infringement allegations are mere boilerplate, arguing that they are "materially identical" to his allegations against different parties in the parallel action and in the Fifth Amended Complaint in this action. Mot. at 15.

In this action, Judge Caraballo considered the allegations in Plaintiff's Third, Fourth and Fifth Amended Complaints not for their sufficiency, but for their lack of

Plaintiff failed to meet his burden under 15(c)(1)(B), including that "the plaintiff asserted different types of claims of infringement against different parties and entities in his fifth amended complaint." Dkt. No. 172 at 9; *see also McClain*, 2026 WL 2280636, at *2.

### B. Plaintiff Identifies No Intervening Change in Controlling Law or Previously Unavailable Evidence

Plaintiff's motion does not argue or address either of the first two grounds under 59(e) concerning intervening law or previously unavailable evidence. *See generally* Mot.; *id*. at 4 (noting that the motion "principally invokes the third ground" for relief under Rule 59(e)). Although Plaintiff argues that his attorney inadvertently failed to attach an exhibit referenced in his objections to Judge Caraballo's report and recommendation, Plaintiff does not and cannot argue that the exhibit, containing a public website, was previously unavailable. In any event,

---

connection to the original complaint against retail defendants. Dkt. No. 164 at 17-18 (identifying "dissimilarities between his pleading instruments"). As Judge Caraballo correctly found, the original complaint alleged direct infringement by Walmart and Maya group for sale of Orbeez Cruskin Pets. *See id.* at 16. "By contrast, the third amended complaint, which named the moving Defendants for the first time, included general allegations against all Defendants that they 'induced others to infringe directly or under the doctrine of willful blindness . . .'" *Id*. Nowhere did Judge Caraballo conclude or even suggest that these new allegations against new Defendants were sufficient. Instead, consistent with his order in the parallel action, Judge Caraballo expressly noted that "[n]one of those general allegations, however, detailed the specific conduct charged against the remaining defendants, or linked them to the specific transactions and occurrences advanced against Walmart and Maya Group in the original complaint." *Id*. at 17.

Rule 59(e) "may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *McClain*, 2026 WL 2280636, at *1. The Court need not resolve any of the other grounds to alter or amend judgment under Rule 59(e), as Plaintiff fails to address them.

## II. Plaintiff Fails to Present Any Viable Ground for Relief Under Rule 60(b)(1)

Plaintiff's alternative arguments under Rule 60(b)(1) similarly fail. "Rule 60(b)(1) provides that 'the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.'" *Hutchinson v. United States*, No. 06-173, 2014 WL 2450868, at *2 (M.D. Pa. June 2, 2014) (alteration in original) (quoting Fed. R. Civ. P. 60(b)(1)). This is "'a heavy burden'" and motions under Fed. R. Civ. P. 60(b) "require the alleged circumstance warranting relief to be material to the outcome of the proceedings." *Lampon-Paz v. United States*, No. 22-239, 2023 WL 2946125, at *3 n.5 (D.N.J. Apr. 14, 2023) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)); *see also Coombs v. DiGuglielmo*, No. 04-1841, 2019 WL 13423771, at *3 (E.D. Pa. Apr. 2, 2019) ("[w]here a petitioner argues a mistake under Rule 60(b)(1), that mistake must be 'of substantive nature,' rather than a clerical error.") (citation omitted)).

Plaintiff rests his 60(b)(1) arguments on a single allegation: that his briefly appearing counsel referred to an exhibit in Plaintiff's objections to the Court's report and recommendation, filed August 10, but inadvertently failed to attach that exhibit to the brief. Mot. at 9-12.[5] Plaintiff argues that the missing exhibit represents "evidence of an existing commercial and technological relationship" between Defendants and original-defendant Walmart that "could permit a factfinder to infer imputed notice through Walmart." Mot. at 10-11 (paraphrasing his prior brief, Docket No. 170). Although Plaintiff complains that the Court considered his timely filed exhibits in support of the same argument (Mot. at 5-9), he argues that this belated addition is "*especially* relevant to the Rule 15(c)(1)(C)(i) notice inquiry." *Id*. at 10 (emphasis added).

Plaintiff's arguments lack merit. First, had Plaintiff's counsel appended the exhibit in question, the Court would and should have ignored it. "[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

[5] Although Plaintiff relies on Rule 60 only relating to the omission by his attorney, the Court also need not consider reargument of issues it previously decided on a Rule 60 motion any more than on Rule 59. It is "'surely no abuse of discretion for the court to reject arguments that it had already considered and rejected' on a motion brought under Rule 60(b)." *ISPEC, Inc. v. Tex R.L. Indus., Inc*., No. 12-4339, 2014 WL 4162858, at *3 (D.N.J. Aug. 20, 2014) (quoting *Ibarra v. W.Q.S. U. Radio Broad. Org*., 218 F. App'x 169, 171 (3d Cir. 2007)).

*Hawes v. Mahalley*, No. 17-5316, 2020 WL 1508267, at *10 (E.D. Pa. Mar. 30, 2020) (quoting *Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014)). Plaintiff does not explain why he did not submit this publicly available document before the report and recommendation issued or suggest it was unavailable; instead he emphasizes the document's 2022 date. *See* Mot. at 10. Second, even if the Court had timely received and considered the exhibit, Plaintiff admits it evidences only "an existing commercial and technological relationship" between an original defendant and Google or Apple. *Id.* at 11. But to establish constructive notice under Rule 15, a Plaintiff must show an "identity of interest," not a "commercial and technological relationship." An "identity of interest" can be found only where parties' interests are "substantially identical," such as a parent and a wholly owned subsidiary, or related corporations whose operations suggest they are the same enterprise. Wright & Miller, Fed. Prac. & Proc. § 1499. A "general 'business relationship' between defendants" is insufficient. *Cavalli v. Port of $ale, Inc.*, No. 12-9, 2013 WL 1686700, at *3 (D.V.I. Apr. 18, 2013) (quoting Wright & Miller, Fed. Prac. & Proc. § 1499)*; see also Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1371 (Fed. Cir. 2019). As the Court correctly held, the original complaint lacks any allegations to support the required "'identity of

interest' with the Doe defendant." Dkt. No. 164 at 21-22 (quoting *Averill v. Jones*, 2019 WL 3804686, at *5 (D. Del. Aug. 13, 2019)).

Finally, even had Plaintiff timely submitted the exhibit, which he did not, and even if the Court had erroneously concluded the exhibit sufficed to impute notice under 15(c)(3), it nevertheless *would not have altered the outcome of this action*. As Judge Caraballo correctly explained, "Catanzaro must demonstrate all three of those [Rule 15] criteria; the failure to show even one renders the relation back doctrine inapplicable and the operative complaint untimely." Dkt. No. 164 at 11-12. Plaintiff does not suggest the omitted exhibit would support any of his arguments under Rule 15(c)(1)(A) or (B). Because the Court found that "Catanzaro fails to carry his burden with respect to *any* of the relevant Rule 15(c) elements," *id*. at 25, his belated exhibit simply could not have saved the complaint from dismissal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion under Federal Rules of Civil Procedure 59(e) and 60(b)(1).

Date: September 22, 2026

Respectfully submitted,

*s/ Stephen H. Barrett*
Stephen H. Barrett (PA 313709)
DLA PIPER LLP (US)

*s/ Phillip D. Wolfe*
John V. Gorman (PA 80631)
Phillip D. Wolfe (PA 328916)

One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania, 19103
+1 (215) 656-3300
stephen.barrett@us.dlapiper.com

Anna G. Phillips (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1101 K Street, NW
10th Floor
Washington, D.C. 20005
+1 (202) 371-2600
aphillips@sternekessler.com

*Counsel for Defendant Apple Inc.*

MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, Pennsylvania, 19103
+1 (215) 963-5000
+1 (215) 963-5001 facsimile
john.gorman@morganlewis.com
phillip.wolfe@morganlewis.com

Erika H. Warren (*pro hac vice*)
Madeline A. Woodall (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
22-1754@cases.warrenllp.com

*Counsel for Defendants Google LLC and YouTube, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this 22nd day of September 2026, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Alter or Amend Judgment or, Alternatively, for Relief from Judgment Pursuant to Fed. R. Civ. P. 59(e), or Alternatively, Fed. R. Civ. P. 60(b)(1) was served on all counsel of record by ECF and served on plaintiff by email.

*s/ Phillip D. Wolfe*
Phillip D. Wolfe