FILED
SCRANTON
OCT 05 2026
PER
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID J. CATANZARO,**<br><br>PLAINTIFF<br><br>V.<br><br>**GOOGLE LLC;**<br>**YOUTUBE.COM; & APPLE INC.,**<br><br>DEFENDANTS | CIVIL ACTION—LAW<br>*(SAPORITO, J.)*<br>*(CARABALLO, M.J.)*<br><br>**JURY TRIAL DEMANDED**<br><br>NO.: 3:22—CV—01754 |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION UNDER FED. R. CIV. P. 59(e) OR, ALTERNATIVELY, 60(b)(1)**

In the R&R (Doc. 164) and Final Order (Doc. 172), this Court adopted mischaracterizations advanced by Defendants that conflict with the plain record and governing law. Those errors warrant correction under Rule 59(e). The resulting Rule 15(c) determination rests on clear errors of law and fact. This Court now has a final opportunity to correct the record before appellate review.

This action has already been remanded once by an appellate court, which vacated the prior dismissal and held that the District Court abused its discretion in its consideration of Plaintiff's motion. *Catanzaro v. Does 1 Through 50*, No. 24-1247, Doc. 9 at 3–4 (3d Cir. July 12, 2024). Plaintiff submits that the present rulings likewise must be measured against the governing law and actual record.

Defendants assert that Plaintiff "fails to identify any material error of law or fact" and merely "rehashes arguments previously rejected by the Court." Opp. at 1. Plaintiff instead identifies specific errors in the Court's Rule 15(c) analysis, not merely disagreement with the result.

Defendants' Local Rule 7.10 timeliness argument also conflicts with the Rule's express text: "This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59." Plaintiff's September 8 motion seeks relief from the August 13 judgment and was filed within Rule 59(e)'s 28-day period.

The Federal Circuit reviews application of Rule 15(c)'s relation-back doctrine de novo and underlying disputed factual findings for clear error. *Anza Technology, Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1367–68 (Fed. Cir. 2019).

The R&R concluded that Plaintiff failed each Rule 15(c) requirement and that the Fifth Amended Complaint did not relate back. Doc. 164 at 25 & n.6. It also expressly declined to reach Defendants' merits contentions. Id. Judge Saporito stated that the motion "hinges on whether" the claims relate back, independently rejected notice, declined to address Plaintiff's remaining contentions, and adopted the R&R in its entirety. Doc. 172 at 1–2, 6–10 & n.3. The judgment therefore rests on Rule 15(c), which must be measured against what the Original Complaint actually pleaded—not Defendants' characterization of it. Plaintiff accordingly

addresses all three Rule 15(c) requirements below, with notice and the procedure used to decide it central to the requested relief.

At the pleading stage, the Court could not choose between competing factual characterizations or draw reasonable inferences against Plaintiff. The complaint must be construed in Plaintiff's favor, with its well-pleaded allegations accepted as true. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

In the Rule 15(c) context, *Rivera v. New Castle County Police Department*, 152 F.4th 147, 150–53 (3d Cir. 2025), vacated a dismissal where the district court applied the wrong relation-back standard and resolved factual questions adversely to the plaintiff at the pleading stage. Plaintiff invokes that pleading-stage standard, not *Rivera*'s distinct notice facts.

With Respect to the Three Prongs of Federal Rule of Civil Procedure 15(c):

**1. Same Conduct, Transaction, or Occurrence Prong**

Did the Court err in treating the inducement and contributory-infringement claims against the remaining Defendants as new or different claims for Rule 15(c) purposes, despite those forms of infringement having been expressly pleaded in the Original Complaint?

**Answer: Yes.**

Inducement and contributory infringement were expressly pleaded in the Original Complaint, Doc. 1 at p. 4, ¶15, which alleges that Defendants "induced others to

infringe, and/or contributorily infringed," and again at p. 4, ¶18, which alleges that Defendants "knowingly and actively induc[ed] others to infringe" under 35 U.S.C. § 271(b). Those same claims remain expressly pleaded in the Fifth Amended Complaint, Doc. 71 at p. 6, ¶28 and p. 7, ¶30, with separate counts for Contributory Infringement at p. 7 and Inducement of Infringement at p. 9.

The R&R treated the later allegations as an "evolving, expanding, and novel" theory of liability and concluded that they did not arise from the same conduct, transactions, or occurrences. Doc. 164 at 19. The Final Order adopted the R&R in its entirety and, in independently addressing notice, described the Original Complaint as asserting direct infringement "rather than claims for 'induced infringement.'" Doc. 172 at 8–10. That characterization omits material allegations in Doc. 1.

Defendants now do not dispute that the Original Complaint contained inducement and contributory-infringement allegations; instead, they attempt to preserve the same result by calling those allegations "boilerplate." <u>But a dismissive label cannot erase what was pleaded. And describing pleading language as "materially identical" does not make it legally deficient.</u>

The Original Complaint had to be read as a whole, not by isolating its direct-infringement allegations against the named retailers while disregarding its allegations against Does 1–50 and its express allegations of inducement and

contributory infringement. See *Kedra v. Schroeter*, 876 F.3d 424, 441 (3d Cir. 2017). Read in its entirety and in Plaintiff's favor, Doc. 1 alleged the same '959 patent, the same accused Orbeez Crush Crushkins product family, unidentified Doe defendants, and indirect infringement from the outset.

The fact that the later-named Defendants were technology companies does not make the claims different. They could have been manufacturers, retailers, service providers, or any other type of business; what matters is the conduct alleged. Plaintiff alleged that Google, YouTube, and Apple participated in the same infringement through indexing, promotion, advertising, and facilitating access to the accused products, conduct supporting the already-pleaded inducement and contributory-infringement claims. Defendants' characterization of those claims as fundamentally different because they were later asserted against technology companies does not change what Doc. 1 actually pleaded.

Defendants' status as technology companies does not place their alleged conduct beyond patent law. Plaintiff alleged inducement and contributory infringement, not that Defendants manufactured the patented article; the article's physical form therefore does not, by itself, explain why they had "no reason" to anticipate these claims.

Relation back requires factual overlap, not identical claim wording. *Anza Technology, Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1369–72 (Fed. Cir. 2019). The

inquiry therefore must address the factual connection between the pleadings, not rest on treating the Original Complaint as direct-infringement-only.

Nor should Plaintiff be penalized for later providing broader allegations concerning Defendants' systemic practices, knowledge, and willful blindness. Those allegations supplied additional context concerning how Defendants allegedly facilitated infringement, including infringement involving other patents; they did not displace the subject of this action. This case remained directed to infringement of the '959 patent involving the accused Orbeez Crush Crushkins product family. Accordingly, any new systemic matter does not itself establish that the continued, product-specific indirect-infringement claims fail the same-occurrence requirement.

Plaintiff submitted exhibits concerning the accused products' existence, promotion, and commercialization during 2016, including archived webpages and later search results displaying historical product content. Exhibit A (Doc. 120-2) contains an archived June 2016 Target listing; Exhibit B (Doc. 120-3) contains Google search results displaying YouTube promotional videos identified as dating to 2016; and Exhibits C, G, and H provide additional material concerning the products' availability and commercialization. The Fifth Amended Complaint identifies the remaining Defendants' alleged roles: Google, YouTube, and Apple allegedly enabled users to search for, advertise, and promote infringing products, Doc. 71

¶31; YouTube allegedly facilitated influencer promotion, id. ¶33; and Apple allegedly facilitated infringement through Safari's use of Google as its default search engine, id. ¶34. Together, the product-related exhibits and defendant-specific allegations support Plaintiff's position that the later-named Defendants' alleged conduct concerns the same '959 patent and accused Orbeez product line already at issue in the Original Complaint.

The inconsistency is especially apparent when compared with Magistrate Judge Caraballo's ruling in Plaintiff's parallel AliExpress action. There, when confronted with materially similar collective infringement language, the Court stated that it could not determine whether the allegations against each defendant were based on "manufacture, sale, inducement, or another form of infringement," expressly recognizing that the pleading encompassed multiple forms of infringement. *Catanzaro v. AliExpress*, No. 3:22-cv-01768, Doc. 155 at 12. Here, however, materially similar pleading language was characterized as direct infringement "rather than claims for induced infringement." Plaintiff offers that comparison to confirm what the language alleges, not to contend that the parallel ruling independently established the sufficiency of the claims here. The Rule 15(c) analysis must proceed from the allegations in Doc. 1, not Defendants' characterization of them.

As relevant to Rule 15(c), the Fifth Amended Complaint did not introduce inducement or contributory infringement as new claims. It continued, refined, and particularized those same infringement claims already pleaded in the Original Complaint.

**2. Notice and No Prejudice Prong**

Did the Court err in deciding there was no timely notice?

**Answer: Yes.**

The Court did consider materials outside the pleadings in resolving Rule 15(c) notice. But even if it did not, that would not cure the underlying error. The relation-back analysis rests in material part upon the premise that the Original Complaint asserted direct infringement rather than inducement and contributory infringement. But Doc. 1 ¶¶15 and 18 expressly pleaded inducement and contributory infringement from the inception of this action. That erroneous premise bears directly on both the Court's same-occurrence analysis and its notice reasoning, including its conclusion that there was "no reason" for the Moving Defendants to anticipate the claims later asserted against them.

The proper notice inquiry therefore had to consider the Original Complaint's indirect-infringement allegations and whether Defendants received actual or imputed notice within the extended Rule 4(m) period ending May 3, 2023. Doc. 172 at 6–7. Formal service is not the only means of notice. *Singletary v.*

*Pennsylvania Department of Corrections*, 266 F.3d 186, 195–200 (3d Cir. 2001), establishes that Rule 15(c) notice may be imputed through recognized shared-attorney or identity-of-interest relationships.

The R&R quoted Plaintiff's contention that constructive notice was confirmed by "publicly available search results and Plaintiff's exhibits." Doc. 164 at 20. The Final Order recounted that Defendants' search engines returned the patent and litigation results, rejected that showing as insufficient, and then found that the original Defendants and moving parties were "not so closely related in their operations" to impute notice. Doc. 172 at 7–9. Thus, the Court did more than merely acknowledge Plaintiff's argument; <u>it addressed the extra-pleading factual showing and then resolved the operational-relationship issue against Plaintiff.</u> The litigation-search screenshots in Exhibits I and K were not attached to or expressly identified in the Fifth Amended Complaint and were submitted later as supporting evidence, including concerning notice; they were not documents on which Plaintiff's pleaded infringement claims were based. See *Schmidt v. Skolas*, 770 F.3d 241, 249–50 (3d Cir. 2014). Their public accessibility did not, by itself, make those private search-output screenshots part of the permissible Rule 12(b)(6) record or permit disputed factual inferences concerning notice and operational relationships to be resolved against Plaintiff. Plaintiff submits that the Court thereby relied on extra-pleading factual material to resolve the disputed

operational-relationship question. That reliance required Rule 56 treatment and a reasonable opportunity to present pertinent material under Rule 12(d). *In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 133–35 (3d Cir. 2016).

Defendants' reliance on *Roland v. Gensamer*, No. 3:20-144, 2022 WL 3921013 (W.D. Pa. Aug. 31, 2022), is misplaced. *Roland* involved a Rule 15 motion for leave to amend after factual development, not a Rule 12(b)(6) dismissal, and it declined to consider outside documents offered to support Rule 12(b)(6) futility. Thus, *Roland*'s statement that relevant extrinsic evidence may inform Rule 15(c) does not eliminate Rule 12(d)'s protections when outside factual material supplies the basis for dismissal.

Plaintiff specifically requested factual development of notice in his objections. Doc. 170, Objection 8; Doc. 170-1 at 14–17. Defendants cannot justify denying that opportunity by assuming the very factual conclusion Plaintiff sought discovery to test—whether the parties' relationships and communications supplied timely Rule 15(c) notice. *Miller v. Hassinger*, 173 F. App'x 948, 956 (3d Cir. 2006), likewise vacated a denial of amendment where the plaintiff lacked sufficient discovery concerning notice.

Defendants also misstate Plaintiff's position concerning Objections Exhibit A. The exhibit identifies Walmart's shopping-platform relationships with Google and

Apple and a potential notice channel through an original defendant. Doc. 176 at 10–12. Plaintiff offered it not to establish imputed notice as a matter of law, but to show why the Court could not conclude without factual development that no qualifying operational relationship or notice channel existed. Whether those relationships were sufficiently close to permit imputed notice depended upon nonpublic facts and communications that were never developed.

The Rule 12(d) error was not harmless. Rule 15(c) notice was independently dispositive, and the Court resolved disputed factual inferences concerning notice and the parties' operational relationships against Plaintiff without affording him a reasonable opportunity for factual development. Plaintiff was denied the opportunity to develop evidence concerning actual or imputed notice, communications, legal-notice procedures, routing, and operational relationships—the very factual issues on which dismissal turned. *In re Asbestos* recognizes that lack of Rule 12(d) conversion notice may be harmless absent prejudice; here, Plaintiff identifies prejudice in the lost opportunity to develop the dispositive notice-related evidence described above.

Similarly, *Rivera v. New Castle County Police Department*, 152 F.4th 147, 152–53 (3d Cir. 2025), held that a Rule 12(b)(6) limitations dismissal was improper where the district court drew an adverse factual inference against the plaintiff rather than the favorable inference required at the pleading stage.

The Court could not resolve Defendants' knowledge merely by accepting Defendants' characterization of what they knew or reasonably could have anticipated. Defendants' internal communications, notice-routing systems, platform records, and relevant operational information are uniquely within their possession. Whether they received actual or imputed notice within the Rule 4(m) period presents a fact-dependent inquiry that could not properly be resolved against Plaintiff merely because Defendants denied or minimized such notice. Plaintiff seeks factual development of that inquiry, not a presumption of notice based on public availability.

Finally, Plaintiff invokes Rule 59(e) to correct clear legal and factual error, not on the ground of newly discovered evidence. Rule 60(b)(1) is invoked separately because Plaintiff's then-counsel inadvertently failed to attach Exhibit A, which had been expressly identified before judgment. Doc. 170-1 at 17 n.6; Doc. 176 at 9–12. The omission matters because the exhibit addresses the operational relationship the Court found insufficient. That Exhibit A does not independently resolve every Rule 15(c) requirement does not answer Plaintiff's separate challenges to the other adopted grounds.

**3. The "Mistake Concerning Identity" Prong**

Did the Court err in concluding that there was no mistake concerning identity by treating Plaintiff's awareness of Defendants' existence as a fully informed decision not to name them? (R&R at 22–25; Final Order at 3.)

**Answer: Yes.**

The R&R concluded that "Catanzaro's own admission confirms the absence of mistaken identity," and that Plaintiff knew the remaining Defendants' identities when the action began but "affirmatively chose to identify them anonymously." The Final Order recounted that conclusion and adopted the R&R in its entirety. <u>That characterization does not fairly reflect Plaintiff's position.</u> Doc. 1 ¶6 alleged that Plaintiff did not know the Doe defendants' true identities. Plaintiff explained that his 2016 searches through Google, Yahoo, and Mozilla formed part of the factual basis for the Original Complaint, but that he did not yet know that Mozilla operated Firefox, that Apple's default search engine was Google, or whether Google and/or Alphabet was the proper entity to name. Doc. 120 at 4. He distinguished awareness of public-facing services from knowledge of the proper corporate defendants and their operational roles in the already-pleaded indirect-infringement claims.

More importantly, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548–49 (2010), holds that Rule 15(c)(1)(C)(ii) "<u>asks what the prospective defendant knew or</u>

should have known," not simply what the plaintiff knew when filing. *Krupski* rejects conflating knowledge of a party's existence with absence of mistake. *Rivera v. New Castle County Police Department*, 152 F.4th 147, 153–54 (3d Cir. 2025), likewise held that "focusing on Rivera's knowledge was improper" and explained that knowledge of a defendant's existence does not necessarily foreclose a mistake concerning that defendant's proper role. Those standards govern application of the earlier *Garvin* decision relied upon in the R&R. Plaintiff's awareness that Google, YouTube, and Apple existed did not establish a fully informed decision to exclude them. He did not know which legal entities were proper defendants or what operational roles connected them to the already-pleaded indirect-infringement claims and Doe defendants. That misunderstanding concerning the proper entities and their roles was the mistake: Plaintiff knew the companies existed, but did not understand that they were the proper parties connected to the conduct already alleged. His awareness of their existence therefore did not eliminate a mistake within the meaning of Rule 15(c)(1)(C)(ii). Although Plaintiff's knowledge may bear on whether a mistake occurred, the Rule 15(c)(1)(C)(ii) inquiry ultimately focuses on what each prospective defendant knew or should have known, within the Rule 4(m) period, about Plaintiff's failure to identify it. That inquiry is especially significant here because Google, YouTube, and Apple are among the world's most technologically sophisticated companies

and possess internal systems, records, and operational information unavailable to Plaintiff. Their ability to know their own roles and litigation-related information far exceeded Plaintiff's ability to discover those facts without access to Defendants' internal information.

Defendants repeatedly use dismissive labels—"rehash[ed]," "boilerplate," "gripe," "beleaguered action," and "demise"—and assert that Plaintiff "appears to concede" and "appears to agree," which he adamantly denies. **Rhetoric does not substitute for governing law, the pleadings, or the proper legal standards.**

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion under Rule 59(e), or alternatively Rule 60(b)(1), vacate or amend the judgment, and reconsider Rule 15(c) under the proper legal and procedural standards. Because the Court considered outside factual material, Plaintiff requests Rule 12(d)/Rule 56 treatment and a reasonable opportunity for limited factual development of timely notice and the relevant operational relationships.

Respectfully Submitted,

Date: October 5, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I, David Catanzaro, do hereby certify that on October 5, 2026, I sent a true and accurate copy of Plaintiff's Reply in Support of His Motion Under Fed. R. Civ. P. 59(e) or, Alternatively, 60(b)(1), via email, in accordance with the parties' agreement for reciprocal email service, to all counsel of record on the docket.

Date: October 5, 2026

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com