# Attachment 2

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3283

---

RODNEY MILLER,

Appellant

v.

KENNETH HASSINGER,
Corporal, Pennsylvania State Police;
NICHOLAS BLOSCHICHAK;
TRP. CURTIS WHITMOYER;
SGT. BARRY STAUB;
DIST. JUST. THOMAS CARR;
PAUL DEAN;
D.A. MICHAEL GEORGE

---

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-01520)
District Judge: Honorable Malcolm Muir

---

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2006

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed: April 6, 2006 )

# OPINION

PER CURIAM

Rodney Miller appeals the June 13, 2005 order of the District Court granting summary judgment in favor of defendant Kenneth Hassinger and denying his motion to amend his complaint to add four new defendants. Miller also appeals the District Court's order striking his motion to compel discovery from the defendants. For the reasons set forth below, we will affirm in part and vacate in part and remand for further proceedings.

On August 28, 2002, Miller filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania. As relevant to this appeal, Miller alleged that he owned property located at 1030 Goldenville Road in Butler Township, Adams County, Pennsylvania. Miller further claimed that on or about January 9, 2001, defendant Hassinger, a Pennsylvania State Police corporal, applied for warrants to search 1024 & 1030B Goldenville Road. According to Miller, after the police officers searched the properties named in the warrant and questioned the targets of their investigation, they forcefully entered his property at 1030A Goldenville Road, causing damage to a door and door frame in the process. Miller alleged that the warrantless entry violated his civil and constitutional rights, and requested relief in the form of compensatory and punitive damages, attorney's fees, and costs. The District Court sua sponte dismissed his complaint prior to service, and on July 23, 2004, this Court vacated

the dismissal with respect to the claims forming the basis of this appeal, and remanded for further factual development.

Following remand and service of the complaint, Hassinger filed an answer on November 4, 2004, and then moved for summary judgment on February 18, 2005. Hassinger argued that summary judgment was proper because the search of Miller's property was conducted pursuant to a properly-issued and fully-supported warrant and that, accordingly, there was no Fourth Amendment violation. Hassinger further argued, with respect to Miller's claim of property damage, that the Court of Common Pleas of Adams County had already entered an order directing the subject of the search warrant, Vincent Nowak, to pay restitution to Miller for the cost of the repairs. Even if the Adams County order were not accorded full faith and credit, Hassinger argued, because Miller did not allege that Hassinger personally broke down the door, and because, according to Hassinger's statement of material facts, he did not enter the house until after the warrant had been executed, he could not be held personally liable for the damage.

In support of his motion, Hassinger submitted a declaration and a statement of material facts. In his declaration, Hassinger stated: "The search warrants on the premises at 1024 and 1030 were executed on January 9, 2001. When I arrived at the location, other troopers had already made entry into the addresses." Hassinger makes no mention of the entry into 1030A Goldenville Road, which address it cannot be disputed neither of the warrants referred to. The statement of material facts cites only to the complaint, the

answer, and Hassinger's declaration, and similarly does not address the circumstances surrounding the search of 1030A Goldenville Road.

Miller opposed the entry of summary judgment, arguing that the search of 1030A Goldenville Road was clearly unconstitutional, given the explicit language of the warrant describing the location to be searched as follows:

> 1030B Goldenville Road, Butler Twp., Adams County, PA. Residence is a single story white ranch home, brown shingled roof with detached one story grey metal outbuilding. This building is a multi-family structure. 1030B is the portion of the home on the right side when facing the front.

According to Miller, 1030A was a separate apartment located on the left side of the structure, which had no connection to the subject of the warrants issued for 1024 Goldenville Road, where Vincent Nowak resided, and 1030B Goldenville Road, where Nowak's step-daughter lived. Furthermore, Miller alleged that the police had already gained entry to and searched 1024 & 1030B Goldenville Road prior to entering 1030A. Miller further stated that at the time of the entry, 1030A was owned by Miller and leased to Michael and Bonnie Martinez, who were in no way involved in the incidents underlying the warrants. Miller argued that his Fourth, Fifth and Fourteenth Amendment rights were violated by defendants' entry into 1030A, that there remained genuine disputes of material fact as to who entered the apartment and when, and that summary judgment was not appropriate. Rather, he contended that the Court should order discovery regarding the search of 1030A Goldenville Road.

In reply, Hassinger maintained that, because Miller was neither searched nor

prosecuted for any violation of Pennsylvania law, he did not have standing to claim a constitutional injury or "to pursue a claim related to the legality of the execution of the warrant."

In its decision, the District Court first addressed Miller's standing to bring this action. The Court relied on Heck v. Humphrey, 512 U.S. 477 (1994), stating:

> A decision in this case that plaintiff is entitled to damages would imply that Vincent Nowak's conviction resulted partially from evidence obtained during the unlawful execution of the search warrant at 1030A and 1030B Goldenville Road. Because there has been no prior adjudication pertaining to the validity of the search warrant and Mr. Nowak's conviction has not been overturned, Heck bars an action for damages stemming from plaintiff's claim of "unlawful entry".

The Court went on to say that, even if Heck were not applicable, Miller was without standing to pursue a Fourth Amendment claim, as he conceded that the apartment in question had been leased to Michael and Bonnie Martinez. With respect to Hassinger, the Court concluded that it was "undisputed that other police officer[s] entered the residence prior to Hassinger arriving," and therefore that no jury could reasonably find that Hassinger entered the residence in violation of Miller's Fourth Amendment rights. With respect to Miller's due process claim based on his efforts to recover for damage done to his property during the search of apartment 1030A, the Court held that the order entered by the Court of Common Pleas of Adams County precluded Miller from recovering damages from Hassinger. The Court therefore granted summary judgment in favor of Hassinger.

Miller timely appealed from the Court's June 13, 2005 order granting summary judgment in favor of Hassinger and denying his motion to join four new defendants to the action.[1] Miller also appeals the Court's order striking his motion to compel discovery from the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291.

**A. Summary Judgment**

We first address the District Court's grant of summary judgment in favor of Hassinger. We review a district court's grant of summary judgment de novo, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion for summary judgment. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-movant's allegations are to be taken as true, and when they conflict with those of the movant, the former must receive the benefit of the doubt. Valhal Corp. v. Sullivan

[1] On July 23, 2004, this Court affirmed the District Court's dismissal of District Justice Thomas Carr from the action. On January 18, 2005, the District Court dismissed defendants Paul Dean and Michael George. Miller does not refer to the January 18th order in his notice of appeal or his informal brief. On June 13, 2005, the District Court dismissed defendant State Troopers Nicholas Bloschichak, Barry Staub and Curtis Whitmoyer based on Miller's failure to allege any personal involvement by any of these defendants in connection with the 2001 search. Miller does not refer to the dismissal of these defendants in his informal brief. Accordingly, we do not address any of his claims regarding these defendants.

Assocs., 44 F.3d 195, 200 (3d Cir.1995).

The Fourth Amendment guards against unlawful searches and seizures.[2] We agree with the District Court that Miller's claim of an unconstitutional search is without merit, given his lack of a privacy interest in the apartment. Minnesota v. Carter, 525 U.S. 83, 88 (1998) (individual must demonstrate a reasonable expectation of privacy in place searched in order to state claim for Fourth Amendment violation). By Miller's own admission, the apartment had been leased to Bonnie and Michael Martinez. Miller does not allege that he had access to the apartment, that he stayed in it, or that he maintained personal items there. Thus, Miller has set forth no basis from which a reasonable factfinder could conclude that Miller had a privacy interest in the apartment that was violated by the search.

However, our inquiry does not end there, as Miller has alleged facts sufficient to state a claim of an unlawful seizure. The Supreme Court has defined a seizure as a "'meaningful interference with an individual's possessory interests with that property.'" Soldal v. Cook County, Illinois, 506 U.S. 56, 61 (1992) (quoting U.S. v. Jacobsen, 466 U.S. 109, 113 (1984)). Thus, if Miller can demonstrate such an interference, he can prevail on this claim despite the absence of a claim that his privacy or liberty interests

---

[2] The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

were also infringed by this conduct. See id. at 62 ("[O]ur cases unmistakably hold that the Amendment protects property as well as privacy."). While Hassinger has attempted to skirt this issue in his brief by arguing that the warrant was supported by probable cause, it is plain from the face of the warrant issued in connection with the 2001 search – the validity of which Miller has at no time attempted to dispute – that it permitted only the search of 1030B Goldenville Road. The warrant specifically described the premises in question as: "a single story white ranch home, brown shingled roof with detached one story grey metal outbuilding. This building is a multi-family structure. 1030B is the portion of the home on the right side when facing the front." Despite this specific description of the location to be searched, officers nonetheless forcibly entered 1030A Goldenville Road, resulting in damage in the amount of $550.

In Bonds v. Cox, 20 F.3d 697 (6th Cir. 1994), the Sixth Circuit considered facts similar to the case at bar. The plaintiff, Kathy Bonds, owned a home in which she no longer resided. Pursuant to a valid search warrant, police officers entered the residence, conducted a search and discovered a marijuana pipe and other drug paraphernalia. Bonds sued the officers for gross negligence in executing the warrant, citing over $20,000 worth of damage to her house resulting from the search. The Sixth Circuit held that Bonds did not have standing to contest the search due to her inability to establish a reasonable expectation of privacy in the residence, but that she could establish that the officers had "seized" her property within the meaning of the Fourth Amendment while conducting the

search. Applying the standard for a seizure articulated by the Supreme Court in Soldal, the Court held that "[t]he damage to Bonds' house, which included broken doors, mutilated vinyl siding, a cracked commode, holes in walls, broken dishes, and trampled personal belongings, clearly rises to the level of a 'meaningful interference' with her possessory interests." Id. at 702. The Sixth Circuit went on to address whether the Fourth Amendment was the proper vehicle under which to address Bonds' claim of property damage, or whether the claim was more properly cognizable under the due process clause. The court concluded that, under Soldal, such distinctions were no longer valid and that the claim could arise under both the Fourth Amendment and the due process clause. Id. at 702; see also Soldal, 506 U.S. at 70 ("Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands."); Brown v. Muhlenberg Twp., 269 F.3d 205, 209, 213 (3d Cir. 2001) (analyzing claim for loss of property as both Fourth Amendment and procedural due process violation).

For the reasons articulated above, we conclude that Miller does have standing to raise a Fourth Amendment claim for the unconstitutional seizure of his property. Miller alleges that Hassinger may be held liable in his supervisory capacity for damage to Miller's door even if he did not personally cause the damage. We disagree. To prevail on this claim against Hassinger, Miller must demonstrate personal involvement by Hassinger in damaging his property. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)

(liability under section 1983 may not be based on a theory of respondeat superior). On remand, Miller will have to demonstrate a material issue of fact as to whether Hassinger caused the damage to Miller's door. Because we remand for consideration of Miller's motion to compel, as well as further development of Miller's Fourth Amendment claim, the parties will have an opportunity to develop the record on this issue.[3]

Miller has also advanced a due process claim against Hassinger based on the forcible entry into 1030A Goldenville Road and the resulting damage to his property. In our April 16, 2004 order, we specifically remanded for consideration of this issue. As we explained: "Because the record is not yet developed, we cannot say that such a claim would fail under the Parratt/Hudson doctrine because the state has provided an adequate post-deprivation remedy." On remand, the District Court concluded that any further relief would be barred by the Adams County order. However, the Court failed to assess whether the restitution order, which was secured against an individual who is not a party to this action, and which, according to the record, has not yet been fully satisfied, constitutes an "adequate post-deprivation remedy" as defined by Parratt v. Taylor, 451 U.S. 527 (1981), and Hudson v. Palmer, 468 U.S. 517 (1984). We therefore will vacate

---

[3] We note that, while Hassinger has argued that it is undisputed that the entry into and search of 1030A Goldenville Road took place prior to his arrival on the scene, his own discovery response belies this assertion. On March 7, 2005, in response to an interrogatory propounded by Miller, Hassinger indicated that he was one of the "troopers involved in the entry and search of the premises." We trust that, on remand, the District Court will consider this statement, as well as any other relevant assertions in the record, in assessing any renewed motions for summary judgment.

the District Court's order to the extent it granted summary judgment to Hassinger on this claim and remand for further consideration.

**B. Motion to Compel**

The record provides us with some indication of the discovery which has taken place in this lawsuit thus far. Upon reinstatement of his complaint, Miller immediately sought discovery of "any and all documents, affidavits, search warrants and such filed, used to search the premises at 1030 and 1030B Goldenville Rd., Gettysburg, Pa., Adams County on or about January 9, 2001." The District Court dismissed this request as premature and instructed Miller to serve all future discovery requests on counsel for defendants. On November 15, 2004, Miller served interrogatories on defendants, presumably requesting the same information as described above. In the record is a two-page response dated November 29, 2004 in which Hassinger stated that he could not recall the names of the officers who entered Miller's property but that the names of the officers involved should be listed on the search warrant. In fact, the only name on the warrant is Hassinger's. In addition, Miller requested that Hassinger produce police reports related to the searches in question, which Hassinger objected to on grounds of "relevance, unlikelihood to lead to the production of admissible evidence, and privilege as established by the Criminal History Records Information Act, Pa. Cons. Stat. §§ 9101 *et seq*." It does not appear that these objections were ever resolved.

On December 17, 2004, approximately five months after reinstatement of his

complaint, Miller filed a motion to compel, seeking "any and all relevant documents in regard to entry and search of 1030 or 1030A Goldenville Road, Gettysburg on or about January 9, 2001. Evidence that would cite persons, time and tools used to gain entry as well as any other pertinent information to this case." The District Court struck Miller's motion to compel from the record for failure to seek leave of the Court before filing the motion, citing Local Rule 5.4 in support of this ruling. Local Civil Rule 5.4(b) provides: "Interrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the court."

Typically, the management of discovery is committed to the sound discretion of the district court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir.1987). We therefore review the order of a district court relating to discovery for abuse of discretion. Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 778 (3d Cir. 2000). Here, the District Court struck Miller's motion to compel without acting on it, citing Local Rule 5.4 as support. However, this rule applies to the filing of requests for and responses to discovery, not motions to compel discovery as provided for by Rule 37(a) of the Federal Rules of Civil Procedure. The District Court's failure to act on this motion in the first instance constitutes an abuse of discretion. See Ray v. Robinson, 640 F.2d 474, 478 (3d Cir. 1981). We therefore will vacate the District Court's order striking Miller's

motion to compel.

### C. Motion for Joinder

On March 14, 2005, Miller filed what he termed a motion for joinder, requesting permission of the Court to add four additional state troopers as defendants. In the brief filed in support of his motion, Miller indicated that the names of these four state troopers were disclosed to him in a recent response to a discovery request. Presumably, he is referring to Hassinger's March 7, 2005 discovery response indicating that "the troopers involved in the entry and search of premises included Kenneth Hassinger, Todd Rudy, James Borza, T.E. Pinkerton, and John Brumbagh." As noted by defendant, while the motion was captioned under Rule 19 of the Federal Rules of Civil Procedure, it was more properly analyzed under Rule 15, which governs the amendment of pleadings. Relying on Rule 15(c), the District Court denied the motion in its June 13, 2005 order based on Miller's inability to "meet the necessary requirements of Fed. R. Civ. P. 15(c)(3) to permit an amendment."

We review the District Court's decision denying Miller's motion to amend his complaint for abuse of discretion. Garvin v. City of Philadelphia, 354 F.3d 215, 219 (3d Cir. 2003).

Rule 15(c) governs the relation back of a complaint adding new parties. In pertinent part, it provides:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when . . .

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

This Court carefully examined the requirements of Rule 15(c) in Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186 (3d Cir. 2001), and Garvin v. City of Philadelphia, 354 F.3d 215 (3d Cir. 2003). As we have explained, the rule requires that three conditions be met in order for an amended complaint seeking to substitute newly named defendants to relate back to the original complaint for statute of limitations purposes. Singletary, 266 F.3d at 194. These conditions are: (1) that the claim against the newly named defendants arose out of the same conduct, transaction, or occurrence set forth in the original complaint, (2) that within the 120-day period for service of the summons and complaint, the newly named party have received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits, and (3) that within that same time period of time, the newly named party must have known, or should have known, that "but for a mistake," he or she would have been named as a defendant in the first place. See id.

We have further held that the notice required by Rule 15(c) can be actual or

constructive. Where a plaintiff chooses to rely on constructive notice to satisfy the requirements of Rule 15(c)(3), he or she can demonstrate such notice either through the shared attorney method or the identity of interest method. See id. at 196-200; Garvin, 354 F.3d at 223-227. The shared attorney method requires that a plaintiff demonstrate that there was "some communication or relationship" between the attorney for the named defendants and the parties sought to be added as defendants prior to the expiration of the 120-day period for service of the summons and complaint. See id. at 196-97; Garvin, 354 F.3d at 225. The identity of interest method requires the plaintiff to demonstrate that the circumstances surrounding the filing of the lawsuit permit the inference the notice was actually received by the parties sought to be added as defendants during the relevant time period.[4] See id. at 197-200; Garvin, 354 F.3d at 227. Based on the record presently before us, it does not appear that Appellant had a sufficient opportunity to conduct discovery on the issue of notice. We therefore conclude that it was an abuse of discretion

[4] While we held in Singletary and Garvin that "a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes," the inquiry in those cases differed from the inquiry in the instant case. In Singletary and Garvin, the question was whether non-management employees could be imputed to have received notice from their employers, which had been named as defendants (in Singletary, the Pennsylvania Department of Corrections, and in Garvin, the City of Philadelphia). In the instant case, the inquiry is whether the circumstances permit the inference that the troopers received notice of the pendency of the lawsuit from Trooper Hassinger, a Unit Supervisor for Troop H Tactical Narcotic Team. The relationship between Hassinger and the troopers sought to be added is not clear at the present time, and thus we cannot say, based on the record before us, whether such an inference would be reasonable. We trust that, on remand, the District Court will thoroughly explore these and other relevant issues.

to deny the motion and, accordingly, will vacate the District Court's order denying Miller's motion to amend the complaint.[5]

Based on the foregoing, the District Court's order granting summary judgment will be affirmed with respect to the Fourth Amendment search claim but otherwise vacated. The District Court's orders striking Appellant's motion to compel and motion to amend his complaint will be vacated. Appellee's motion to strike Appellant's informal brief is denied.[6]

---

[5] We think it relevant to note here that, in contrast to the appellant in Garvin, who delayed in filing her lawsuit, in seeking discovery regarding the proper defendants, and in attempting to amend her complaint, Appellant has acted as diligently as could be expected under the circumstances. Appellant filed his original complaint only five months after the incident in questions occurred, well within the statute of limitations. As already discussed, on December 17, 2004, Miller filed a motion to compel discovery from Hassinger. Notably, this motion was filed within the 120-day period for service of the summons and complaint, and had it been promptly acted upon, might have allowed Appellant sufficient time to provide the newly-discovered state troopers with notice of his intent to name them as defendants in this action. In addition, in his opposition to defendant's motion for summary judgment, Appellant notified the Court of his problems in obtaining discovery from defendant on this subject, explaining: "Defendant Hassinger and his attorney have withheld requested discovery information in regard to paperwork held by the defendant that would name the participants of the illegal search."

[6] On October 7, 2005, Miller filed an informal brief with this Court which purported to be signed by an "authorized Representative on behalf of Rodney Miller, © Ens legis." Appellee moved to strike Appellant's brief for failure to comply with Federal Rule of Appellate Procedure 32(d), arguing that it was unclear whether Appellant continued to be a proper litigant before this Court. Miller filed a response indicating that the signature on his informal brief was in fact his. In light of the foregoing, the motion to strike is denied.