# Attachment 3

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 24-1247

---

DAVID J. CATANZARO,
Appellant

v.

DOES 1 THROUGH 50; WALMART, INC.;
WALMART.COM

---

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3:22-cv-01754)
District Judge: Honorable Malachy E. Mannion

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2024

---

Before: KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: July 12, 2024)

---

OPINION*

---

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant David Catanzaro, proceeding pro se, appeals from the District Court's dismissal of his civil action for failure to identify Doe defendants 1 through 50. For the reasons that follow, we will vacate the order of the District Court and remand for further proceedings.

Catanzaro's operative second amended complaint asserted claims for patent infringement against Walmart, Inc., Walmart.com, and Does 1-50. On August 2, 2023, Catanzaro filed a Stipulation of Dismissal "dismiss[ing] with prejudice all claims asserted in this action by Plaintiff as against Walmart, Inc. and Walmart.com." D.Ct. ECF No. 23 at 1. The stipulation indicated that it would "in no way affect Plaintiff's claims against Defendants Does 1 through 50." Id. Walmart, Inc. and Walmart.com were terminated as parties and, on August 10, 2023, the District Court ordered Catanzaro to identify Does 1-50 within thirty (30) days. Catanzaro was warned that failure to do so would result in dismissal of the action. See D.Ct. ECF No. 24 at 1.

Catanzaro did not respond within the allotted time frame. Instead, on September 14, 2023, he filed a "Motion for Reconsideration," in which he indicated that he did not receive the District Court's August 10 order through the mail and only learned of it on September 13, 2023, when viewing the case docket online. See D.Ct. ECF No. 25 at 1. Based upon his failure to receive timely notice of the order, Catanzaro asked the court to terminate or vacate the August 10 order and allow him thirty days "to identify Does 1-50, and to amend the complaint to add said defendants." Id. at 3.

Almost four months later, the District Court denied the motion and dismissed the case. It noted that Catanzaro "failed to file a brief in support of his motion pursuant to the provisions of [Local Rule] 7.5, which itself mandates dismissal of the motion." D.Ct. ECF No. 26 at 1. It further noted that, despite Catanzaro's request for additional time and his assertion that he did not receive the District Court's August 10 order, he still, as of the date of the dismissal, failed to file anything identifying the Doe defendants. Id. at 1-2. Catanzaro appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for abuse of discretion "a district court's application and interpretation of its own local rules." Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613 (3d Cir. 2018). Catanzaro argues, inter alia, that the District Court abused its discretion by denying his motion without consideration for his pro se status.

We agree that the District Court abused its discretion in its consideration of Catanzaro's motion. While pro se litigants "must abide by the same rules that apply to all other litigants," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013), their filings should be construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and based upon substance rather than label or title, see Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989). Here, while Catanzaro titled his motion as one for

[1] Although the District Court did not indicate whether its dismissal of the Doe defendants was with or without prejudice, a without prejudice dismissal nevertheless constitutes a "final" decision under § 1291 where the statute of limitations would prevent refiling. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987).

reconsideration, it is more properly construed as a motion for an extension of time. As the District Court's own standing order in pro se cases makes clear, such motions do not require a brief "if the reasons for the request are fully stated in the motion." D.Ct. ECF No. 4 at 1. Accordingly, it was an abuse of discretion for the District Court to deny Catanzaro's motion on the grounds that he failed to include a separate brief. We further conclude that it was an abuse of discretion to deny Catanzaro's motion because he failed to file anything identifying the Doe defendants while he waited on the District Court to rule on his motion. Catanzaro should not be penalized for waiting on the Court's consideration of his extension request to determine whether such a filing would be both permissible and timely.

Accordingly, we will vacate the District Court's order denying Catanzaro's motion and dismissing the case. We will remand for the District Court to consider, in the first instance, whether Catanzaro's motion, properly construed as a motion for an extension of time, should be granted. See Fed. R. Civ. P. 6(b).